# EXHIBIT

# 1

EX - DUARTE JAQUEZ - 000115



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

*MARIA ALEJANDRA RAMOS DURAN, CONSTITUTIONAL RIGHTS COURT JUDGE FOR THE JUDICIAL DISTRICT MORELOS, HEREBY ATTESTS AND CERTIFIES THAT WITHIN CRIMINAL CASE 3041/2019, OPENED AGAINST CESAR HORACIO DUARTE JAQUEZ FOR THE CRIMES OF AGGRAVATED EMBEZZLEMENT AND CONSPIRACY, COMMITTED TO THE DETRIMENT OF THE GOVERNMENT OF THE STATE OF CHIHUAHUA, THE FOLLOWING DECISION WAS ISSUED:*

### ISSUANCE OF AN ARREST WARRANT:

**CHIHUAHUA, CHIHUAHUA, OCTOBER 8, 2019.**

At 11:05 of this date, there was received official letter FGE-FECC-SMB-151/2019, signed by the agent of the Public Prosecutor, Silvia Madrid Bustillos. Thereby, there was requested the issuance of an arrest warrant against **CESAR HORACIO DUARTE JAQUEZ** for the crimes of **EMBEZZLEMENT AND CONSPIRACY, BOTH AGGRAVATED**, and committed to the harm of the GOVERNMENT OF THE STATE OF CHIHUAHUA, within criminal case **3041/2019,** and:

### W H E R E A S :

**FIRST.** The Political Constitution of the United Mexican States, in its article 16, third paragraph, textually provides that: "An arrest warrant may only be issued by a Judicial Authority, and only if there is a prior accusation or complaint of conduct defined by Law as a crime, punished with imprisonment, and there is information proving the commission of the conduct and the probability that the accused committed said conduct or participated in its commission". On the other hand, from section III of article 141 of the National Code of Criminal Procedure, there is stated that, added to the requirements mentioned above, the arrest warrant shall be issued when there exists the need for caution.

From the provisions mentioned above, compliance with five requirements must be met:

1. Existence of a complaint or accusation;
2. Proof of existence of a conduct criminally defined as a crime;
3. Consequent penalization of the crime with imprisonment;



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

4. Probability that the accused person committed the crime or participated in the commission thereof;

5. Risk of a procedural delay or lateness.

**SECOND.** The first item in the preceding whereas is met, inasmuch as Gregorio Daniel Morales Luevano and Karla Guadalupe Godoy Ortiz, both public officials assigned to the Secretary of Public Administration for the Government of the State of Chihuahua, filed a written accusation before the Public Prosecutor on November 22, 2018 for conduct that took place from 2011 to 2014 pursuant to the provisions of articles 222 and 223 of the National Code of Criminal Procedure, *a contrario sensu* of the provisions of article 98 of the Criminal Code, which establishes the crimes prosecuted by means of a complaint, inasmuch as the crimes subject matter of this analysis are not therein included.

**THIRD.** As for the second requirement mentioned in the first whereas, due to reasons of method and by virtue of the abundant evidentiary material, in the first section hereof there shall be analyzed the criminal definition of the crimes for which the arrest warrant is being requested; the second section shall contain the context and common aspects of each administrative procedure defined as fraudulent by the Office of the Prosecutor; the third section shall contain their peculiarities and the fourth and fifth sections shall contain conclusions related to the correspondence of the conducts defined in the law as the crimes of EMBEZZLEMENT AND CONSPIRACY, both and respectively AGGRAVATED, and the sixth section shall include the protection of the identity of some of the witnesses.

I.   **AS FOR THE CRIMINAL DEFINITION OF THE CRIMES CHARGED**, there is asserted that the conduct lies on the deviation of public funds, patrimony of the State of Chihuahua in the amount of $96,685,253.80 (ninety-six million six hundred eighty-five thousand two hundred fifty-three pesos, 80/100, Mexican currency) withdrawn between 2011 and 2014 from diverse accounts of the Secretary of Finance of the Government of the State of Chihuahua by means of 11 fraudulent administrative proceedings in which there were made 17 payments to Union Ganadera Regional Division del Norte and Financiera Division del Norte, S.A. de C.V. SOFOM ENR, through which CESAR HORACIO DUARTE JAQUEZ obtained an unlawful benefit.

The Public Prosecutor weighed the conduct and found they defined the crimes of **EMBEZZLEMENT AND CONSPIRACY, BOTH AGGRAVATED,** pursuant to the provisions of articles 270, first paragraph, section I, and second paragraph, as well as article 246 related to article 248 (*T.N. All of the Criminal Code for the State of Chihuahua*), first paragraph, which is committed by:

EX - DUARTE JAQUEZ - 000117



FGR

FISCALÍA GENERAL
DE LA REPÚBLICA

1.    The former crime, whoever, acting in his capacity as public official, deviates money received due to their position in an amount that exceeds five hundred times the minimum wage.

Such definition derives in the following notes:

a. The capacity of the perpetrator as a public official;
b. An action of deviating money from its purpose after having received it due to their duties, and
c. The amount deviated that exceeds the equivalent to five hundred times the minimum wage.

2.    The latter crime, whoever is permanently part of an association or gang formed by three or more persons engaged in the perpetration of crimes, taking advantage of the means granted by their capacity as public official derived from the exercise of the duties they have been entrusted. The distinctive elements of this definition are:

a. The perpetrator is permanently a member of a gang or association[1] formed by three or more persons;
b. The gang or association is engaged in the perpetration of crimes, and
c. To reach their criminal undertaking, the gang or association takes advantage of their capacity as public official derived from the exercise of their duties.

## II. CONTEXT AND COMMON ASPECTS OF THE CONDUCT DEFINED AS A CRIME:

On November 22, 2018, Gregorio Daniel Morales Luevano and Karla Guadalupe Godoy Ortiz, acting in their capacity as public officials assigned to the Secretary of Public Oversight for the Government of the State of Chihuahua filed an accusation before the Public Prosecutor derived from a review in the accounting of the GOVERNMENT OF THE STATE OF CHIHUAHUA by the SECRETARY OF THE TREASURY. Multiple payments worth millions were identified during 2011, 2012, 2013 and 2014, which were granted to UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA and/or UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, as well as FINANCIERA DIVISION DEL NORTE, S.A. de C.V., SOFOM, E.N.R.; both according

---

[1] Group of the persons associated for a common purpose and, if applicable, a legal entity thereby formed. [Translation from the definition provided by the] Royal Spanish Academy, https://dle.rae.es/?id=424gSON, consulted on October 2, 2019.



FGR

FISCALÍA GENERAL
DE LA REPÚBLICA

to their articles of incorporation, directly linked to CESAR HORACIO DUARTE JAQUEZ, who was the State Governor in the term 2010-2016.

They added that the diversion of funds detected is in the amount of $96,685,253.80 (ninety-six million six hundred eighty-five thousand two hundred fifty-three pesos, 80/100, Mexican currency), of which $64,685,253.80 (sixty-four million six hundred eighty-five thousand two hundred fifty-three pesos, 80/100, Mexican currency) were delivered to UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE, and the remaining $32,000,000.00 (thirty-two million pesos, 00/100, Mexican currency) to FINANCIERA DIVISION DEL NORTE, S.A. de C.V., SOFOM, E.N.R., thus involving the Secretary of the Treasury and the Secretary of Rural Development.

Also, they stated that in order to subtract the funds, economic/financial support agreements were established as well as a loan agreement with interest (loan) which payments show multiple irregularities, such as unfinished papers, inconsistencies on dates, concepts and amounts; violation to legal procedures for granting subsidy (economic/financial support) and contracting. Added to that, there is no evidence related to the allocation of the funds.

<u>The statement of the persons filing the accusation is clear; this is, their content is understood; furthermore, it is well structured and there is plenty of detail making it veracious. Thence, if there is taken into account that for every statement to be granted evidentiary weight, said statement must be believable and corroborated, the first end has been met; thus, we shall herefrom focus on analyzing whether the remaining evidentiary material in question supports the above.</u>

A. As for the capacity as public official required in the criminal definition of embezzlement and the aggravating circumstance of conspiracy mentioned by the persons filing the complaint, it is of public and evident knowledge that CESAR HORACIO DUARTE JAQUEZ had the capacity as Constitutional Governor for the State of Chihuahua; therefore, there is not required for it to be demonstrated; however, it might be of interest to state that decree 1136-2010 XI P.E., whereby he was declared elected for the term between October 4, 2010 to October 3, 2016, was published in the State Official Gazette on Wednesday, August 11, 2010.

B. As for the link existing between CESAR HORACIO DUARTE JAQUEZ, and the legal entity UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE and FINANCIERA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, E.N.R., according to the statement of the persons filing the accusation, this is met as follows:

FGR

FISCALÍA GENERAL
DE LA REPÚBLICA

1. In regard to UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE, there is the certified copy of public instrument number 6494, volume 138, attested on December 02, 2005 by Enrique Aguilar Perez, Notary Public No. 18 for this Judicial District Morelos, State of Chihuahua. Thereby, there was formalized the Minute of the Meeting whereby Union Ganadera Regional Division del Norte del Estado de Chihuahua, in which he appears as a partner (and a member of the Board of Directors), was incorporated.

2. In relation to FINANCIERA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, E.N.R., there is the certified copy of public instrument number 14130, dated November 30, 2007 by Jose Sergio Miller Mata, Notary Public No. 5 of Hidalgo del Parral, State of Chihuahua, whereby there was attested that Cesar Humberto Javalera Leal and Cesar Horacio Duarte Jaquez, the latter on his own right and acting in his capacity as Chairman of Union Ganadera Regional del Norte, appeared voluntarily to incorporate a corporation denominated Financiera de la Division del Norte, S.A. de C.V. SOFOM, E.N.R., which corporate capital was comprised by 6000 shares of which 5900 correspond to Cesar Horacio Duarte Jaquez, 50 to Union Ganadera Regional Division del Norte, represented by its Chairman, Cesar Horacio Duarte Jaquez, and 50 to Cesar Humberto Jalavera Leal; thence, the firstly mentioned person was appointed as the chairman of the Board of Directors.

C. As for their modus operandi, the following investigation information must be highlighted:

1. The interview dated December 8, 2018 by the person identified with code 56RT65PW7 who, assisted by their defense counsel, knowledgeable of their rights, explained that in 1999 they began to be linked to CESAR DUARTE when the latter was the leader of the C.N.C. (NATIONAL FARMERS CONFEDERATION) in the State of Chihuahua and the deponent was the Regional Director of Banco de Mexico FIRA, with seat in Monterrey, Nuevo Leon. That in 2000, when DUARTE was a federal representative for the first time, he designed and developed a political project linked to the agriculture and livestock sector and to the C.N.C., allegedly aimed at promoting growth of the small-scale livestock producers that were not part of livestock groups; however, his real purpose was to obtain political projection.

That in late 2005, CESAR DUARTE registered UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, comprised by more than 50 local associations throughout the State; however, DUARTE was always in control because apart from being the founder thereof, he was the Chairman of the Board of Directors and operated the union through CARLOS GERARDO HERMOSILLO

FGR

FISCALÍA GENERAL
DE LA REPÚBLICA

ARTEGA, who was like a son for him, given that he protected the latter since he was 16 or 18 years, after his father passed away.

That UNION GANADERA REGIONAL DIVISION DEL NORTE was useful for DUARTE to become again a Federal Representative, reach the Chairmanship of the General Committee in the Congress of the Union and then the Administration of the Government of the State of Chihuahua. It was then that he incorporated HERMOSILLO to different positions of his cabinet so as to assist him on deviating state funds. Among such positions were General Director of the State Trust for the Promotion of Productive Activities in the State of Chihuahua (FIDEAPECH), General Administration Director of the Secretary of the Treasury of the Government of the State, and Director of the Central Board of Water Services of the State of Chihuahua, to then armor him by means of exemption through a federal representation.

That with his advice, DUARTE created FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM E.N.R. as a political tool aimed at obtaining financing. His Board of Directors was formed by CESAR HORACIO DUARTE JAQUEZ as the chairman and CARLOS GERARDO HERMOSILLO ARTEGA as the treasurer while the deponent advised him on his activities. That even when benefits were announced for more than eight thousand small-scale producers, the only person who obtained those was DUARTE, who was in control of both corporations.

That on October 9, 2012, Duarte appointed him as Secretary of the Treasury of the Government of the State of Chihuahua, position he held until October 4, 2016 and he became knowledgeable that Duarte formed a three-level structure to make deviation. The first one was composed by the heads of State Secretary Offices of and like posts; the second level was made up by General Directors, Directors and Department Chiefs who responded to instructions regarding the operation of public funds to be deviated and the third level, comprised by employees that mostly belonged to prior administrations.

That the funds were deviated in different forms; one of them was through granting subsidies, economic support, credits or loan agreements to corporations over which CESAR DUARTE had power and full control, as in the case of UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA and FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V., SOFOM, E.N.R. for which a disbursement of funds was carried out on one of the concepts mentioned above and in favor of the bank accounts of such corporations, same which were managed by CESAR DUARTE himself, his accountant GUADALUPE MEDINA ARAGON, and/or CARLOS HERMOSILLO. For these to be

justified, there was presented a request and a simple receipt and at times there was presented a contract or agreement through which the payment obligation was generated. However, said documents were not sufficient to justify the disbursement of the funds inasmuch as their allocation could not be proved, added to the fact that they were generally delivered after the disbursement was made, situation that he knows for a fact because he came to sign them in order to give them a legal appearance, as in the case of the San Marcos Fair in 2013.

That the request specified: a) the amount and concept of the subsidy, economic support, credit or loan agreement requested, and b) a brief and weak explanation on the justification purpose or cause thereof. In the receipt, there was solely specified that the representative of the beneficiary would receive the amount requested for a specific concept. The requests and receipts were generally signed by CARLOS GERARDO HERMOSILLO ARTEAGA, even when he was already working for the Government of the State, and he even signed some agreements or contracts related to those procedures as REPRESENTATIVE OF THE GOVERNMENT OF THE STATE and, at the same time, REPRESENTATIVE OF THE LEGAL ENTITY THAT WOULD BE THE BENEFICIARY; however, before the existing and evident conflict of interest, further agreements or contracts signed with the aforesaid legal entities were no longer signed by CARLOS HERMOSILLO, but by persons who did not belong to the public administration but were close to CESAR DUARTE, such as his accountant GUADALUPE MEDINA ARAGON, PEDRO BACA GOMEZ, and SARAHI MARTINEZ.

That since there was no documentation serving as proof of the funds that had been deviated, such as authentic invoices, photographs, item lists with names, signatures and identification, there was decided to charge the expenditure to the account named CUENTA DEUDORA even when this was solely allocated for emergency cases, such as droughts, floods, snowfalls, etc., in which the funds were to be used to immediately deal with the emergency, and in a short notice, the documentary proof was presented with authentic invoices.

That after the 2016 elections for the State Administration, Duarte expressed his concern and called part of the members of his cabinet to instruct all the members of the central government structure and state-controlled bodies to urgently document every public expenditure he, either directly or through a Secretary or Director had deviated and proof whereof did not exist or was partly documented. Therefrom, meetings were held on a weekly basis to justify the funds of the account named CUENTA DEUDORA, which showed an evident deviation of the allocation contracted in amounts close to five hundred million pesos that mostly corresponded to

**FGR**

FISCALÍA GENERAL
DE LA REPÚBLICA

the MINISTRY OF RURAL DEVELOPMENT, amount that notably increased during the period in which CARLOS HERMOSILLO was appointed General Director of Administration in the Secretary of the Treasury. That JESUS ESPARZA, acting in his capacity as the State Superior Auditor was in charge of purging observations and findings related to irregularities in order to assure approval of the corresponding public account[2].

That the funds deviated in favor of CESAR DUARTE were transferred to different allocations, such as urban and rustic properties; this is, land plots and cattle ranches and sites to develop walnut plantations, acquiring cattle and machinery, and developing buildings in his own cattle-breeding sites. That among the real estate properties he purchased with State funds is Rancho Santa Rita, located in the Municipality of Camargo in the State; as well as land lots annexed to Rancho El Saucito, located in the Municipality of Balleza, which had a family origin and then was lost derived from economic problems.

2. There was also taken the statement of N52S1-6FDX37M/2017 who, assisted by their defense counsel, knowledgeable of their rights, stated that he was a high-level public official for the Government of the State of Chihuahua during the 2010-2016 administration, reason why he knows that the structure headed by the former governor, engaged in taking advantage of the state public funds for their own benefit, was comprised by State Secretaries such as Javier Garfio Pacheco, Pedro Hernandez Flores, Marcelo Gonzalez Tachiquin, among others, who were assisted by General Directors and Department Chiefs strategically assigned by the former governor to be in charge of instructing their subordinates who, due to their seniority in their position, knew the process and provided illicit acts with "formality".

The deponent described the key operators of CESAR DUARTE, among whom there stand out Carlos Hermosillo Arteaga as the closest member who assumed the position as head of FIDEAPECH (Trust for the Promotion of Productive Activities in the State of Chihuahua), of the General Division of Administration of the Secretary of the Treasury and of the Central Board of Water Services of the State of Chihuahua; Gerardo Villegas Madriles, nephew in-law of the former governor, who held the head office of the General Division of Administration of the Secretary of the Treasury from 2013 to 2016; Sergio Medina and Antonio Tarin, who worked for the Procurement Division of the Secretary of the Treasury and Manuel Bremer, who was part of the Secretary of Rural Development.

---

[2] This aspect was also noted by FE54HD7SHJW/2019 and Guillermina Hernandez Vazquez.

That in early 2013, the State Executive Branch enacted an austerity decree, published in the State Official Gazette No. 2 on January 5, 2013; it was renewed on the following years and therefrom, all purchases, bids, supplies and other proceedings related to the centralized public administration and to the centralized and state-owned administration, were concentrated in the General Division of Administration. Heads of the General Division of Administration, firstly Carlos Hermosillo Arteaga and then Gerardo Villegas Madriles, decided, in joint coordination with the former governor, on the allocation of suppliers, overpricing, goods or services that did not exist or partly complied with stipulated specifications and requirements. Collection thereof was made through external operators and the delivery of funds in cash was transferred and delivered to the former governor CESAR HORACIO DUARTE JAQUEZ.

3. On their concerning part, KA5P23/2019, assisted by their defense counsel and knowledgeable of their rights, stated to have acted as Secretary of Finance and Administration under the supervision of JOSE REYES BAEZA, and in 2010, the elected governor asked him to continue covering that position for two more years.

That derived from his duties he knew that payments were made in an irregular way to UNION GANADERA DIVISION DEL NORTE due to the interest of former governor DUARTE.

That upon drafting the 2011 projects of the Income Law and the Expenditure Law, governor DUARTE did not fully agree therewith because he told the deponent that the budget assigned for rural matters was too low in spite of the fact that it was an imperative subject; therefore, he requested to increase such budget to 1160 million pesos and thus was approved by the Local Congress.

That DUARTE told him that as soon as the Secretary of Rural Development, OCTAVIO LEGARRETA GUERRERO requested expenditure for a rural matter, this should be processed immediately because that would have implied that he, previously and directly had authorized it; this information was subsequently confirmed by LEGARRETA.

That at different times, OCTAVIO LEGARRETA, Secretary of Rural Development and CARLOS HERMOSILLO, Director of FIDEAPECH presented projects aimed at delivering funds to UNION GANADERA DE LA DIVISION DEL NORTE then represented by CARLOS HERMOSILLO and subsequently by PEDRO BACA GOMEZ and those were approved under the instruction of CESAR DUARTE.

FGR

FISCALÍA GENERAL
DE LA REPÚBLICA

Since he refused to authorize diverse projects at the closing of 2011, CESAR DUARTE protested because he had not signed approval thereof; then he appointed him on January 09, 2012 at his office and the deponent processed his resignation.

4.  There are also the interviews of 5M4GYUH19A/2019, FE54HD7SHJW/2019, Luis Jesus Ruiz Palma, 67HD6JA9K2S/2018, Guillermina Hernandez Vazquez, Joaquin Francisco Hernandez Vega and Ricardo Jorge Molina Seañez; the first, second and fourth interviews were taken in the presence of their respective defense counsels, and knowledgeable of the rights conferred to them, they stated as follows: the first deponent said that from 2010 to 2014 he held the position as Director General of Public Investment Programs of the Secretary of the Treasury, to which he resigned derived from the different irregularities he found; the second deponent stated that he worked as Chief of the Programming and Payment Control Department, division that, derived from an organic restructure that took place in 2014, became the Division for Programming and Payment Control and Financial Investment Follow-Up of which he was the director, being in charge of three chief departments; the third deponent was the Director General of Expenditures until February 12, 2012, when the then Secretary of the Treasury, JOSE LUIS GARCIA MAYAGOITIA, under instructions of the then Governor, CESAR HORACIO DUARTE JAQUEZ requested his resignation, then RAFAEL ARTEAGA MALDONADO took his position; the fourth witness worked in the Secretary of the Treasury of the Government of the State from 2014 to October 2016 as Director of Expenditure of the Secretary of the Treasury; the fifth witness said that in 2010 he was in charge of the Federal Resources Liaison and Follow-up Coordination and from March 2014 the deponent acted as Director of Investment Programs; the sixth witness acted as treasurer of the Secretary of the Treasury during the tenure of CESAR DUARTE and the seventh, to date, works as Chief of Financial Investment Follow-Up of State Programs, assigned to the General Division of Investment Programs under the Secretary of the Treasury.

They all coincided that during the administration of DUARTE JAQUEZ, CARLOS GERARDO HERMOSILLO ARTEAGA acted as the Director of the State Trust for the Promotion of Productive Activities in the State of Chihuahua (FIDEAPECH), General Administration Director of the Secretary of the Treasury of the Government of the State, and Chairman of the Central Board of Water Services of the State of Chihuahua; also, he supported him in the candidateship for him to become a Federal Representative.

**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

That in spite HERMOSILLO ARTEGA did not have a hierarchic or functional relationship with other public officials, inasmuch as he worked for a short term in the Secretary of the Treasury, he provided instructions within its structure because he was known as a person worth the trust of CESAR DUARTE, so when he requested or pressed for a process to be carried out [sic].

That it became a recurring practice that the money allocated to social programs of the Secretary of Rural Development to benefit small and medium-sized producers would be made available through fictitious support or subsidy in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE and SOCIEDAD FINANCIERA DE OBJETO MULTIPLE FINANCIERA DE LA DIVISION DEL NORTE. The first witness remarked that some of the projects were authorized by HERMOSILLO and thereafter, since the legal representatives of the Secretary of the Treasury and the Secretary of Rural Development noted the evident conflict of interests, those began to be signed by third parties.

That CARLOS HERMOSILLO pressed to obtain the release of funds in favor of the aforementioned corporations; he requested them as urgent and processing thereof was made in a term shorter than the ordinary, out of normativity and without any proof whatsoever.

The mechanism to release public funds out of normativity and the procedures established in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE and FINANCIERA DIVISION DEL NORTE consisted in registering them in an account named CUENTA DEUDORA, because it was only necessary to have the request and a receipt issued by the beneficiary, because the account was essentially used for emergency cases in which it was imperative to release the funds and deliver them to the beneficiary to face the contingency without any waste of time, whereas the executing party was committed to deliver the documentation proving application of the funds as soon as practicable, no later than the closing of the tax year.

That the subsidies and support granted to UNION GANADERA REGIONAL DIVISION DEL NORTE and to FINANCIERA DE LA DIVISION DEL NORTE came from the Secretary of Rural Development, ratified by its Head, OCTAVIO LEGARRETA at the request of CARLOS GERARDO HERMOSILLO, acting as the intermediary of CESAR DUARTE[3].

---

[3] From the aforementioned witnesses, the only one who did not mention the pressure exerted by CARLOS HERMOSILLO was Ricardo Jorge Molina Seañez; however, he stated that it was exerted by ALEJANDRO GOMEZ, who worked for the Secretary of Rural Development.

FGR

FISCALÍA GENERAL
DE LA REPÚBLICA

5. On another note, Susana Patricia Tamez Aguilera, Brenda Haydee Lopez Bolaños and Jorge Salazar Lopez stated to have worked for the Secretary of Rural Development during the time frame herein analyzed respectively as Chief of the Legal Division, Secretary the Internal Control Division and Chief of the Department of Administration.

The first witness stated that she was in charge of drafting contracts, and towards the end of 2010 or the beginning of 2011 she was requested to draft contracts and agreements with Union Ganadera Division del Norte. That initially she commented that such task was not possible due to a conflict of interest, because the Governor of the State, CESAR HORACIO DUARTE JAQUEZ appeared both, as legal representative and as member of its board of directors. Thereafter, she was sent a power of attorney in the name of CARLOS GERARDO HERMOSILLO ARTEAGA to "disguise" the evident conflict of interest, because HERMOSILLO was known as a person who was very close to DUARTE. Then another representative appeared. That her line supervisor told her that the orders came from the Director of Agriculture and Livestock Promotion, ROBERTO DITTRICH and those had to be swiftly complied because the name of CESAR DUARTE was involved.

That the procedures were not properly carried out because at the end of the tenure, the General Director of Administration asked her to come with him to the Secretary of the Treasury where they met with JESUS OLIVAS and a person surnamed TALAMANTES, because there was found that no supporting documentation was available, such as a beneficiary list, contracts, signatures of the participating parties. That in such year there were made contracts to justify expenditure made in previous years with expenditure dates provided by the Secretary of the Treasury.

The second witness stated that he [sic] administered the budget of the Secretary and when she began to work therein, she found that *diverse creditors* was charged more than two hundred million pesos, without the corresponding proof, in relation to corporate years 2012, 2013 and early 2014. That at the beginning of 2015 she attended a meeting also attended by the Secretary of the Treasury, RAMON HERRERA; the Secretary of Rural Development, LEONEL DE LA ROSA; LUIS CARLOS TALAMANTES, ROBERTO DITTRICH from Agriculture and Livestock Promotion; MEZQUITIC from payment control; JESUS OLIVAS from the Division of Expenditure. That the Secretary of the Treasury demanded that LEONEL DE LA ROSA prove the indebtedness, but he refused to do that stating that the task corresponded to OCTAVIO LEGARRETA, who was Secretary of Rural Development at the time the funds were requested.

That the documentation required was proof of contracts, bids, invoices and others, and it was he [sic] who gathered the documents, but he does not know for a fact that the product was actually delivered to the beneficiaries or if the service was provided.

The last witness stated that apart from secretarial duties, she is in charge of processing diverse documents in the system that is linked to the Secretary of the Treasury. That from 2012 to 2015 there were irregular situations derived from the lack of technical files that justified project approval and their subsequent payment approval and the files were made after the resource had been delivered; all this was done at the instruction of their line superiors, specifically the Secretary of Rural Development, position occupied by OCTAVIO LEGARRETA GUERRERO from 2010-2014 and then by LEONEL DE LA ROSA. That the disbursement of the funds was charged to the account named CUENTA DEUDORA without supporting documents or a relation of beneficiaries, as there was the right proceeding. That in 2016 they were ordered to prove all the pending debts from 2012 to 2015.

The aforementioned interviews are trustworthy, because each of their deponents worked for the Secretaries subject matter of this analysis at least in a term during which these took place; therefore, derived from their respective positions it becomes evident that they knew how the State public funds were managed. Furthermore, they technically described the procedures followed to authorize disbursements and explained the reason why they assure that those were made notably irregularly. There must be noted as well that those who might be charged with responsibility were explained about this circumstance and they waived to their right to remain silent being technically assisted and fully informed of their rights; it is worthy of note that to a great extent, they refrained from providing arguments or explanations tending to evading their own responsibility, inasmuch as they make clear that they were aware of the illicitness of the conduct in which they participated and their participation coincides with the assertions of other witnesses in such a manner that those are corroborated and therefore deemed appropriate to confirm the *modus operandi* related in their statements.

## III.  ADMINISTRATIVE PROCEDURES

In regard to each of them, there is transcribed the way in which they were described by the prosecutor, followed by the investigations derived from them.

FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

A. **Granting of economic support under agreement number 352/2011 for the supposed "acquisition of equipment necessary for beef cattle artificial insemination in support of the affiliated producers", through the Secretary of the Treasury and the Secretary of Rural Development and justify the disbursement of $582,965.80 (five hundred eighty-two thousand nine hundred sixty-five pesos, 80/100, Mexican currency) on June 17, 2011, by means of check number 011876 charged to account number           900-5 of Santander Mexico, S.A. in the name of the Secretary of the Treasury of the Government of the State of Chihuahua, credited to account number           4800 of HSBC Mexico, S.A. in the name of Union Ganadera Regional Division del Norte.**

1. KA5P23/2019 related that in early June 2011, OCTAVIO LEGARRETA and CARLOS HERMOSILLO, Director of FIDEAPECH presented an investment project which aim was animal breeding through economical support to UNION GANADERA DIVISION DEL NORTE for the acquisition of equipment for beef cattle artificial insemination; therefore, RAFAEL MATA, Director of Public Investment Programs was authorized, by means of a delegatory agreement, to issue the budgetary allocation request and therefore, he signed the corresponding support agreement in representation of the Secretary. That they ignore whether the project was true or not.

2. On the other hand, SM4GYUH19A/2019 stated that on June 01, 2011, acting in his capacity as General Director of Investment Programs, authorized the budget allocation to the Secretary of Rural Development, affecting the State Budget in the amount of $582,965.80 (five hundred eighty-two thousand nine hundred sixty-five pesos, 80/100, Mexican currency) allegedly to a production subsidy. That he signed in use of the powers granted to himself at the instruction of the then Secretary of the Treasury, CRISTIAN RODALLEGAS, knowing that the funds would not be for the thirty beneficiaries stipulated therein, but for the then governor, because it was the way through which he subtracted state funds.

That CARLOS HERMOSILLO, being the Director of FIDEAPECH, called him to urgently process a budgetary allocation request that was about to be sent to the Secretary of Rural Development with whichever element available; thence, processing thereof was made out of the stipulated procedure and normativity. It did not contain the technical file to justify its conferral and the budget allocation was immediately authorized over health or education programs, in spite of the fact that the latter had been previously scheduled and attention thereto was a priority.

Thereafter, the deponent was placed at sight the following documents and the signatures appearing therein were acknowledged as his own.

a. Bugetary Allocation Request No. 2011-INE-A-0299 dated June 01, 2011, addressed to OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, in relation to the STATE NORMAL INVESTMENT PROGRAM in the amount of $582,966.00 (five hundred eighty-two thousand nine hundred sixty-six pesos, 00/100, Mexican currency) under the concept of PROMOTION OF PRODUCTION AND PRODUCTIVITY,



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

SUBSIDY TO PRODUCTION THROUGH SPECIAL PROGRAMS-CAPITAL EXPENDITURE.

b. Two documents attached to the abovementioned, denominated "complementary information" and "technical attachment".

c. Certified copy of Economic Support Agreement number 352/2011 dated June 01, 2011, signed by and between the Government of the State of Chihuahua (by means of the Secretary of the Treasury and the Secretary of Rural Development) and by Union Ganadera Regional Division del Norte del Estado de Chihuahua, aimed at granting economic support for the acquisition of equipment for beef cattle artificial insemination in support of the affiliated producers.

3. Added to the documents 5M4GYUH19A/2019 was placed at sight, the following must be highlighted since they corroborate delivery of the product:

a. Invoice number 3008, dated June 01, 2011, issued by Union Ganadera Regional Division del Norte de Estado de Chihuahua, RFC UGR-051202-HB3 to the Government of the State of Chihuahua in the amount of $582,965.80 (five hundred eighty-two thousand nine hundred sixty-five pesos, 80/100, Mexican currency), under the concept of economic agreement 352/2011, issued on the same date, for the acquisition of equipment for beef cattle artificial insemination in support of the affiliated producers.

b. Official letter number SDR-DPP-085/2011 dated June 08, 2011, signed by Roberto Dittrich Nevarez, Director of Agriculture and Livestock Promotion of the Secretary of Rural Development, whereby they requested to Ramon Horacio Prieto Avelar, Chief of the Administrative Services Department, release of funds for the acquisition of equipment for beef cattle artificial insemination in the amount of $582,965.80 (five hundred eighty-two thousand nine hundred sixty-five pesos, 80/100, Mexican currency) and contains a request –handwritten– to issue the check in favor of Union Ganadera Regional Division del Norte de Estado de Chihuahua.

c. Check policy and receipt of check number 011876, dated June 16, 2011 related to account number )00-5 of the banking institution Santander, S.A. which holder is the Government of the State of Chihuahua; therefrom, there is noted that on June 20 of that year, check 011876 was paid under the concept of "check payment other institutions 0210359 RFC UGR051202HB3".

d. Account statement from June 1 to June 30, 2011, related to account number )00-5 of the banking institution Santander, S.A., holder of which is the Government of the State of Chihuahua; therefrom, there is noted that on June 20 of that year, check number 011876 was paid under the concept "payment check other institutions 0210359 RFC UGR051202HB3".

e. Incorporation in the Federal Taxpayer Registry of the corporation Union Ganadera Regional Division del Norte de Estado de Chihuahua (which began to operate on December 2, 2005) RFC: 2HB3 with



*associations, organizations and chamber of producers, merchants and service providers* as their corporate activity.

There are at least ten more documents, some of them bearing attachments; however, they are not deemed transcendental and therefore, do not bear evidentiary weight, since even when they illustrate the context of the transactions, it is deemed not necessary for them to be taken as true; furthermore, they do not contain contradiction that might favor the accused individual; therefore, their study is disregarded as there shall be done upon analyzing the subsequent events.

4.  The diversion of funds was corroborated with the Technical Financial-Accounting Report dated May 09, 2019 rendered by Yoshiki Karina Fong Najera, Director assigned to the Secretary of Public Oversight, whereby she concluded that from account          9005 of Banco Santander Mexico, S.A. in the name of the Secretary or me i reasury of the Government of the State of Chihuahua, on June 17, 2011 there was made a payment in the amount of $582,965.80 (five hundred eighty-two thousand nine hundred sixty-five pesos, 80/100, Mexican currency) by means of check number 011876 that was deposited to account          4800 of HSBC Mexico, S.A. in the name of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA –from which the only person authorized to withdraw funds from November 4, 2010 to February 20, 2015 was CARLOS GERARDO HERMOSILLO ARTEAGA–; based on the pertinent account statements she was able to determine that their allocation was the following:



In that way there may be concluded that most of the funds ended up in the account of PAVIMENTOS Y SERVICIOS DE PARRAL, S.A. DE C.V., which corporate activity is construction and major shareholder is BERTHA OLGA GOMEZ FONG and RICARDO DUARTE JAQUEZ, respective wife and brother of CESAR HORACIO DUARTE JAQUEZ, according to the technical report issued by the UNIT OF INFORMATION AND CRIMINAL ANALYSIS OF THE OFFICE OF THE PROSECUTOR GENERAL OF THE STATE OF CHIHUAHUA by means of official letter FGE-FECC-UIAD-003-2019. These funds in turn were allocated to private payments of Ms. GOMEZ



FISCALÍA GENERAL
DE LA REPÚBLICA

FONG, such as the payment of her personal credit card American Express Company (Mexico), S.A. under the name of BERTHA OLGA GOMEZ FONG. The abovementioned information is corroborated with the technical report issued by the UNIT OF INFORMATION AND CRIMINAL ANALYSIS OF THE OFFICE OF THE PROSECUTOR GENERAL OF THE STATE OF CHIHUAHUA under official letter name FGE-FECC-UIAD-004/2019.

Thus, on the one hand, the beneficiary, in the framework of the request for economic support, presented the "Training Program for Artificial Insemination of Beef Cattle" that states that there would be 23 benefitted municipalities, 800 trained cattle producers and 2483 animals inseminated; but on the other hand, the truth is that the route of the money makes clear that such objectives were simulated; this is so, that Agustin Jaime Ramirez Licon, Maximiliano Marquez Rivera and Salomon Rodriguez Villanueva, members of the cattle association of the Municipality of Rosales, Chihuahua, formed by an estimated number of 70 members; Manuel Castillo Arzate, resident of Aldama; Pablo Rodriguez Flores; Enrique Alvarado Moreno, member of the Ejido San Isidro, formed by 54 ejido members; Manuel Ramirez Vazquez and Juventino Peña Armendariz, members of Ejido El Charco, formed by an estimated number of 70 persons; Mario Fierro Tarango and Fernando Tarango Mendoza, members of the Ejido Estacion Ojo Laguna, and Jose Heriberto Aguilar Murga and David Olivas Aguilar from Ejido Francisco I. Madero, stated that they became members of the Union Ganadera Regional Division del Norte since they were offered different types of support; however, they never received it.

Consequently, from the background antecedently mentioned there may be asserted that there were obtained funds from the public treasury by simulating a program for the benefit of cattle breeders, but as there was analyzed the route of the funds, there was found that their final allocation was the account of a legal entity which major shareholders are the wife and brother of the former governor. Up to this procedural stage, the above information is sufficient to prove how public funds were obtained by means of the simulation of a subsidy (program for supporting cattle breeders) taking advantage the position he had as a public official –governor–. The amount in question exceeds the equivalent to five hundred times the minimum daily wage, because at the time the conduct took place it was $56.70 (fifty-six pesos, 70/100, Mexican currency).

**B. Economic support itemized as public work number 6800685, for an alleged "subsidy for the Acquisition of beef heifer", by means of the Secretary of the Treasury and the Secretary of Rural Development and justify the disbursement of public funds by means of the payment of $9,210,000.00 (nine million two hundred ten thousand pesos, 00/100, Mexican currency) by means of check number 015278 and the payment of $2,790,000.00 (two million seven hundred ninety thousand pesos, 00/100, Mexican currency) by means of check number 01577 dated October 04, 2011; in both cases, debited to account number**



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

**900-5 from Santander Mexico, S.A. in the name of the Secretary of the Treasury of the Government of the State of Chihuahua and credited to account number          7741 of Santander Mexico, S.A. in the name of Financiera de la Division del Norte, S.A. de C.V., SOFOM ENR.**

1. KASP23/2019 stated that in the month of September 2011, CARLOS HERMOSILLO and OCTAVIO LEGARRETA presented an Agreement within the Framework of Coordination for the Development of the Program for the Acquisition of beef heifer in the State of Chihuahua in the amount of $12,000.00 (twelve million pesos) [sic] debited to the Secretary of Rural Development. In relation to that, he signed the disbursement of the funds in favor of the CATTLE UNIONS DIVISION DEL NORTE AND REGIONAL DE CHIHUAHUA under the instructions of former governor CESAR DUARTE by means of OCTAVIO LEGARRETA.

   That the funds must have been canalized to the Secretary of Rural Development; this, in turn should have delivered it to UNION GANADERA DE LA DIVISION DEL NORTE and UNION GANADERA REGIONAL DE CHIHUAHUA, which should have allocated the funds to the producers accredited as beneficiaries, but instead, the executors canalized the funds directly to FINANCIERA DE LA DIVISION DEL NORTE (SOFOM) by means of the General Division of Expenditure, then in charge of JESUS RUIZ PALMA; this omitted and altered the regular processing thereof, because if the funds had been legitimately delivered, delivery to a third party would have not been feasible, inasmuch as the latter would not be in charge –according to the agreement– of its application.

2. 5M4GYUH19A72019 related that CARLOS HERMOSILLO, on behalf of CESAR DUARTE, requested them an urgent processing that was authorized with the consent of the then Secretary of the Treasury, CRISTIAN RODALLEGAS, in favor of FINANCIERA DE LA DIVISION DEL NORTE, whereby there was pretended that a subsidy for the acquisition of beef heifer aimed at repopulating the State herds and benefitting 1333 persons was being processed.

   That actions out of the customary proceeding were carried out because the request was prompted in spite of the fact that there were critical procedures previously scheduled; the disbursement was charged to the account named CUENTA DEUDORA because of the lack of the necessary documents to prove the disbursement of the funds, which was incorrect because it was not an urgent case derived from contingency.

   That thereafter, an agreement to approve disbursement of $12,000,000.00 (twelve million pesos, 00/100, Mexican currency) was signed under the concept of subsidy to the account of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, E.N.R.; however, it was UNION GANADERA REGIONAL DE



LA DIVISION DEL NORTE AND UNION GANADERA REGIONAL DE CHIHUAHUA who signed the contract; this in turn defined an irregular proceeding because no justification for the deposit to be made to a different person was provided.

That the corresponding documentation states that the 4000 files of the alleged beneficiaries were reviewed; however, this was not carried out and the deponent was never placed at sight such files.

Thereafter, the deponent was placed at sight the following and the signatures appearing therein were acknowledged as their own:

a. Letter of approval number 2011-INE-A-0543 dated September 27, 2011, addressed to OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, related to the STATE NORMAL INVESTMENT PROGRAM, with an investment of $60,000,000.00 (sixty million pesos, 00/100, Mexican currency), 50% whereof was charged to the State under the concept of PRIME PRODUCTION SUPPORT SUBSIDY TO PRODUCTION FOR SPECIAL PROGRAMS – CAPITAL EXPENDITURE.

b. Two documents attached to the preceding, denominated "Complementary Information" and "technical attachment".

c. Letter of approval number 2011-INE-C-0052, dated November 15, 2011, addressed to OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, related to the STATE NORMAL INVESTMENT PROGRAM, whereby there was approved cancellation of $36,000,000.00 (thirty-six million pesos, 00/100, Mexican currency) under the concept PRIME PRODUCTION SUPPORT SUBSIDY TO PRODUCTION FOR SPECIAL PROGRAMS – CAPITAL EXPENDITURE in modification to letter 2011-INE-A-0543 dated September 27, 2011.

d. Two documents attached to the preceding, denominated "Complementary Information" and "technical attachment".

e. Minute of the Meeting of the Committee for Regulation and Follow-Up of the State Program for the acquisition of beef heifer, comprised by two pages and held on September 27, 2011 at the premises of the Secretary of Rural Development for the State of Chihuahua.

3. Added to the documents acknowledged by the second witness, the disbursement of the funds is corroborated by the following:

a. "Agreement Coordination Framework for the Development of the Program for the Acquisition of Beef Heifer in the State of Chihuahua", dated September 13, 2011, signed by the Government of the State of Chihuahua through the Secretary of the Treasury and the Secretary of Rural Development (respectively represented by CRISTIAN RODALLEGAS HINOJOSA and OCTAVIO LEGARRETA GUERRERO), Nacional



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

Financiera, S.N.C. and Institucion de Banca de Desarrollo acting as the Trustee of the State Trust for the Promotion of Productive Activities in the State of Chihuahua (FIDEAPECH) (both represented by CARLOS GERARDO HERMOSILLO ARTEAGA respectively acting in his capacity as representative and General Director) as well as Union Ganadera Regional de Chihuahua, represented by Pedro Ruben Ferreiro Maiz, Jose Refugio Olivas Navarrete and Jorge Kosturakis Garcia, Chairman, Secretary and Treasurer, and UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, by means of Pedro Roberto Baca Gomez, acting in his capacity as legal representative, whereby there was recorded the objective of coordination of the parties in support of the State cattle producers for the acquisition of a certain number of heifers by means of State subsidies and financed payments. As well as their "operation rules". [sic]

b. Action Concretization Agreement dated September 14, 2011 signed between the Secretary of the Treasury and the Secretary of Rural Development and UNION GANADERA REGIONAL DE LA DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA by means of Pedro Roberto Baca Gomez, its legal representative. And another document signed on the same date by representatives of the Secretaries with the chairman, secretary and treasurer of UNION GANADERA REGIONAL DE CHIHUAHUA (Pedro Ruben Ferreiro Maiz, Jose Regugio Olivas Navarrete and Jorge Kosturakis Garcia).

c. Minute of the Meeting of the Committee for Regulation and Follow-Up of the State Program for the acquisition of beef heifer, held on September 27, 2011 at the premises of the Secretary of Rural Development for the State of Chihuahua.

d. Official letter without number, dated September 28, 2011, signed by CARLOS GERARDO HERMOSILLO ARTEAGA, Chairman of the Board of Directors of UNION GANADERA REGIONAL DE LA DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, addressed to OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, whereby there is requested the deposit of the subsidy in the amount of $9,210,000.00 (nine million two hundred ten thousand pesos, 00/100, Mexican currency) in the account of Financiera de la Division del Norte, S.A. de C.V. SOFOM E.N.R. of Banco Santander, interbanking code 7419.

e. Official letter without number, dated September 28, 2011, signed by Pedro Ruben Ferreiro Maiz, Jose Refugio Olivas Navarrete and Jorge Kosturakis in their respective capacity as Chairman, Secretary and Treasurer of Union Ganadera Regional de Chihuahua, addressed to OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, whereby they requested



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

the deposit of the subsidy in the amount of $2,790,000.00 (two million seven hundred ninety thousand pesos, 00/100, Mexican currency) and stated that, since the financing thereof would be in charge of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, E.N.R., the subsidy should be deposited by the latter, in Banco Santander, with interbanking code                7419.

f.  Document issued by UNION GANADERA REGIONAL DE CHIHUAHUA consisting in the list of final beneficiaries of the funds, which contains a total number of 63 persons individualized by name and municipality as beneficiaries of the funds.

g.  Official letters SDR-DPP-578/2011 and SDR-DPP-579/2011, dated September 19, 2011, signed by Ramon Leonel Casas Dominguez, Director or Rural Planning, whereby he requested to RAFAEL MATA MARQUEZ, General Director of Public Investment Programs, the release of $9,210,000.00 (nine million two hundred ten thousand pesos, 00/100, Mexican currency) and $2,790,000.00 (two million seven hundred ninety thousand pesos, 00/100, Mexican currency); therein, there is stated the allocation account and the information summarized in preceding paragraphs.

h.  Sole payment request, work investment, State normal investment, dated October 04, 2011, I.N.E. 05324-2011, folio 45480, payment application; therein the Secretary of Rural Development appears as the executing party; FINANCIERA DIVISION DEL NORTE, S.A. DE C.V. appears as the beneficiary, approval number 2011-INE-A-0543 in the amount of $9,210,000.00 (nine million two hundred ten thousand pesos, 00/100, Mexican currency) and a second request made on the same date, I.N.E. 05235-2011, folio 45482, with identity of executing party, beneficiary and approval number in the amount of $2,790,000.00 (two million seven hundred ninety thousand pesos, 00/100, Mexican currency).

i.  Check policies; the former with number 0015278 dated October 01, 2011 issued by the Secretary of Finance and Administration of Public Works under the concept INE-05235/1 in favor of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, E.N.R. in the amount of $2,790,000.00 (two million seven hundred ninety thousand pesos, 00/100, Mexican currency).

j.  Receipt of checks 015278 and 015277 of account          900-5 of Banco Santander, S.A. dated October 04, 2011 in favor of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, E.N.R., in the above specified amounts.

k.  Deposit slips dated October 04, 2011 whereby there is stated that the check deposits were made into account          3774 in the name of



FINANCIERA DE LA DIVISION DEL NORTE, S.A. in the aforementioned amounts.

l. Account statement of the period from October 01 to 31, 2011 of account 900-5 of Banco Santander, S.A. which holder is the Government of the State of Chihuahua, whereby there is noted that on October 04, 2011 there was made the payment of checks 0015278 and 0015277 under the concept of check payment deposit to account, the former in the amount of $9,210,000.00 (nine million two hundred ten thousand pesos, 00/100, Mexican currency) and the latter in the amount of $2,790,000.00 (two million seven hundred ninety thousand pesos, 00/100, Mexican currency).

m. Simple receipts, both dated October 05, 2011 signed by CARLOS GERARDO HERMOSILLO ARTEAGA and Pedro Miguel Ferreiro Maiz, acting as respective chairmen of UNION GANADERA REGIONAL DIVISION DEL NORTE and Union Ganadera Regional Chihuahua; the former in the largest amount and the latter in the lowest one, by virtue of the concept stated in the agreement.

n. Simple receipts, both dated November 30, 2011, signed by CARLOS GERARDO HERMOSILLO ARTEAGA, this time acting in his capacity as legal representative of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, E.N.R., whereby there is stated that there were received, from the State Government, the amounts of $9,210,000.00 (nine million two hundred ten thousand pesos, 00/100, Mexican currency) and $2,790,000.00 (two million seven hundred ninety thousand pesos, 00/100, Mexican currency), corresponding to public work itemized with number 6800685, for the purposes stated in the agreement –already summarized in section B.1–.

o. Two sole payment requests: public work investment, State normal investment, dated August 27, 2012, I.N.E. 05234-1-2011, folio 47774, virtual application; through the former request, there is stated that the executing party is the Secretary of Rural Development and the beneficiary thereof is FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. with approval number 2011-INE-A-0543 in the amount of $9,210,000.00 (nine million two hundred ten thousand pesos, 00/100, Mexican currency), and the latter, issued on the same date, states: I.N.E. 05235-1-2011, folio 47617 with the same executing party and beneficiary, same approval number –2011-INE-A-0543– in the amount of $2,790,000.00 (two million seven hundred ninety thousand pesos, 00/100, Mexican currency).

4. The diversion of the funds is corroborated with the Technical Financial-Accounting Report dated May 09, 2019, issued by Yoshi Karina Fong Najera, Director assigned to the Secretary of Public Oversight, whereby she concluded that two check payments were made on October 04, 2011; one by means of No. 015278 in the amount of $9,210,000.00 (nine million two hundred ten



thousand pesos, 00/100, Mexican currency) and another with number 015277 in the amount of $2,790,000.00 (two million seven hundred ninety thousand pesos, 00/100, Mexican currency) corresponding to account number 9005 of Banco Santander (Mexico), S.A. in the name of the Secretary of the Treasury of the Government of the State of Chihuahua, same which were deposited to account No.          7741 of Banco Santander in the name of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, E.N.R. -in which only CARLOS GERARDO HERMOSILLO ARTEAGA was authorized to withdraw funds since August 19, 2008. They had the following allocation:



As there may be noted, most funds were delivered through check to Akala, which, according to the account statements obtained by the Office of the Prosecutor, was managed by CARLOS HERMOSILLO or at least he appeared as the holder. Thereafter, the funds were transferred to a trust of the banking institution denominated Banorte, in which CESAR HORACIO DUARTE JAQUEZ and BERTHA OLGA GOMEZ FONG appear as holders, whereas the remaining part of the funds were directly to SOFOM investments and thereafter to "Finca Integral", which may be related to the corporation "Finca Ingenieria Integral, S.A. de C.V.", which partners are CESAR HUMBERTO JAVALERA LEAL and RAUL ENRIQUE JALAVERA LEAL, as stated in their articles of incorporation and who, according to the statement of BONIFACIO CARRASCO, acted as witnesses in the sale of Rancho Santa Rita, added to the fact that the former of them appears in the capacity as partner within the articles of incorporation of "FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. , which shares were then transferred to CARLOS HERMOSILLO.

It is worthy of note that there is a document issued by UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA whereby there are listed 267 final beneficiaries of the funds, individualized by number



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

and municipality. However, as there was seen when section A.4 was analyzed, diverse members of the UNION denied to have received any type of support, which does not only coincide with the route of the funds, but also with Official Letters SDR-J-1045/2018 and SDR-J-1046, both dated August 15, 2018, whereby Emilio Castillejos Martinez, Chief of the Legal Division of the Secretary of Rural Development, in response to official letters SFP-1554-2018 and SFP-1556-2018 of the Secretary of Public Oversight informed that, after a thorough search carried out at the Secretary of Rural Development there was concluded that there does not exist documentation and/or information proving that UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA and Union Ganadera Regional de Chihuahua used the economic support for the fulfillment of the purpose established in the agreement, this added to the lack of: (a) ratification of the list of beneficiaries and suppliers, (b) documentation related to the proof of social impact of the program; (c) records of delivery and reception signed by the beneficiaries; (d) the intermediating body and the Secretary; (e) information related to quarterly reports of schedule, budget and financial progress of the program, and (f) quarterly follow-up of the Committee for Regulation and Follow-Up on the progress in the fulfillment of the purpose.

From the information above, there was evident (a) the delivery of the State funds by means of irregular processing, since as there was coincidentally stated by KA5P23/2019 and 5M4GYUH19A/2019, the documents necessary to approve the program were not available; (b) the funds were not allocated to the program for which they were authorized, thus causing a detriment to the State patrimony, and (c) DUARTE JAQUEZ took advantage of his public official position to obtain a benefit since, derived from the traceability report, there is noted that the money was allocated to an account registered in his name and that of his wife, BERTHA GOMEZ, but not the acquisition of beef heifer aimed at repopulating the State herds and benefitting 1333 persons, understanding that the amount obtained largely exceeds the equivalent to five hundred times the minimum daily wage in force at the time the conduct took place, which was $56.70 (fifty-six pesos, 70/100, Mexican currency).

B. Economic support with public work number 6800685, for an alleged "subsidy for the Acquisition of beef heifer", by means of the Secretary of the Treasury and the Secretary of Rural Development and justify the disbursement of public funds by means of the payment of $9,210,000.00 (nine million two hundred ten thousand pesos, 00/100, Mexican currency) by means of check number 015278 and the payment of $2,790,000.00 (two million seven hundred ninety thousand pesos, 00/100, Mexican currency) by means of check number 01577 dated October 04, 2011; in both cases, debited to account number          900-5 from Santander Mexico, S.A. in the name of the Secretary of the Treasury of the Government of the State of Chihuahua and credited to account number          7741 of Santander Mexico, S.A. in the name of Financiera de la Division del Norte, S.A. de C.V., SOFOM ENR.



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

1. KASP23/2019 stated that in the month of September 2011, CARLOS HERMOSILLO and OCTAVIO LEGARRETA presented an Agreement within the Framework of Coordination for the Development of the Program for the Acquisition of beef heifer in the State of Chihuahua in the amount of $12,000.00 (twelve million pesos) [sic] debited to the Secretary of Rural Development. In relation to that, he signed the disbursement of the funds in favor of the CATTLE UNIONS DIVISION DEL NORTE AND REGIONAL DE CHIHUAHUA under the instructions of former governor CESAR DUARTE by means of OCTAVIO LEGARRETA.

C. **Economic support with public work itemized with number 6800685, for an alleged "subsidy for the Acquisition of beef heifer", by means of the Secretary of the Treasury and the Secretary of Rural Development and make the payment dated January 10, 2012, in the amount of $12,000,000.00 (twelve million pesos, 00/100, Mexican currency) appear as lawful through check number 016465 charged to account number      900-5 from Santander Mexico, S.A. in the name of the Secretary of the Treasury of the Government of the State of Chihuahua and debited to account number       7741 of Santander Mexico, S.A. in the name of Financiera de la Division del Norte, S.A. de C.V., SOFOM ENR.**

1. KASP23/2019 stated that in the month of September 2011, CARLOS HERMOSILLO and OCTAVIO LEGARRETA presented the Agreement for the Acquisition of beef heifer signed by the latter, acting in the capacity as Secretary of Rural Development, by the representatives of UNION GANADERA DE CHIHUAHUA and UNION GANADERA DE LA DIVISION DEL NORTE and by CARLOS HERMOSILLO, acting as the legal representative and General Director of FIDEAPECH. That there was noted that CARLOS HERMOSILLO did not sign any more on behalf of UNION GANADERA DE LA DIVISION DEL NORTE, as in the other agreements, but PEDRO BACA GOMEZ. That he signed since there was a direct instruction of governor DUARTE. The deponent stated to have authorized the disbursement of the funds on behalf of the Secretary of the Treasury, but OCTAVIO LEGARRETA, who was in charge of the Secretary of Rural Development, was entrusted to have the funds be delivered to the CATTLE UNIONS [sic] and the producers who were beneficiaries thereof, but then he was informed that the funds were allocated to FINANCIERA DIVISION DEL NORTE, which is an irregular proceeding.

2. 5M4GYUH19A/2019 before the ministerial authority, and in relation to the conduct subject matter of this investigation, stated that since October 4, 2010 to March 2014, he acted as General Director of Public Investment Programs of the Secretary of the Treasury of the State of Chihuahua, and derived from that, he became knowledgeable of irregularities in the management of funds of the state



FISCALÍA GENERAL
DE LA REPÚBLICA

treasury, because through the practice of these administrative acts or agreements carried out outside the established normativity and ordinary proceedings, funds were released to directly benefit the then governor CESAR HORACIO DUARTE JAQUEZ. The above, in fulfillment of the instructions given by the latter either directly or indirectly, by taking advantage of his position by virtue of which public officials comprising the top-level structure, carried out the necessary processing to simulate operations and then justify their allocation.

Added to the preceding, the deponent was placed at sight the certified copy of the Minutes of the Meeting of the Committee for Regulation and Follow-Up of the State Program for the acquisition of beef heifer, dated September 27, 2011, whereby there was approved delivery thereof under the concept of subsidy in the amount of $12,000,000.00 (twelve million pesos, 00/100, Mexican currency) to the account of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, E.N.R., in the capacity as financing corporation, even when the Government of the State was the entity with whom Union Ganadera Regional de la Division del Norte and Union Ganadera Regional de Chihuahua signed the agreement for such purposes. Due to that, the deponent asserted that it was an evident irregularity because the funds should have been deposited to one of the cattle unions because those were the alleged beneficiaries according to the contents of the agreement; therefore, there was no genuine justification for the funds to be deposited to a third party. The deponent added that in the meeting, the 4000 files of the members were not reviewed as there was stipulated; as a matter of fact, those were never placed at their sight; however, ELOY SOTO PAYAN commented to those who were present at the meeting alluded that an evaluation of said files had been made to verify the eligibility requirements and therefore, the program should be approved.

3. As for the third fact, there were attached:
a. The agreement Coordination Framework for the Development of the Program for the Acquisition of beef heifer in the State of Chihuahua, dated September 13, 2011, signed by the Government of the State of Chihuahua, through the Secretary of the Treasury and the Secretary of Rural Development, represented by their then respective acting heads, CRISTIAN RODALLEGAS HINOJOSA and OCTAVIO LEGARRETA GUERRERO; Nacional Financiera, S.N.C. Institucion de Banca de Desarrollo acting as the trustee of the State Trust for the Promotion of Productive Activities in the State of Chihuahua (FIDEAPECH), both represented by CARLOS GERARDO HERMOSILLO ARTEAGE, acting in his respective capacity as legal representative and General Director; UNION GANADERA REGIONAL DE CHIHUAHUA, represented by Pedro Ruben Ferreiro Maiz, among others, and UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA through PEDRO ROBERTO BACA GOMEZ in his capacity as legal representative. As there was stated in section B hereof, the objective



proposed was coordination of the parties in support of the State cattle producers for the acquisition of a certain number of heifers by means of State subsidies and financed payments. As well as their "operation rules". [sic]

b.  Two agreements captioned Action Concretization Agreement respectively executed UNION GANADERA REGIONAL DE LA DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA and with UNION GANADERA REGIONAL DE CHIHUAHUA, both dated September 14, 2011 through their directors and legal representatives.

c.  Minute of the Meeting of the Committee for Regulation and Follow-Up of the State Program for the acquisition of beef heifer, held on September 27, 2011 at the premises of the Secretary of Rural Development for the State of Chihuahua, which agenda states, among other matters, that the Stockbreeding Director of the State presented before the committee the requests made by UNION GANADERA REGIONAL DIVISION DEL NORTE and UNION GANADERA REGIONAL DE CHIHUAHUA, through their representatives, in regard to the subsidy for $12,000,000.00 (twelve million pesos, 00/100, Mexican currency), deposited to the account of "Financiera de la Division del Norte, S.A. DE C.V. SOFOM" –financing corporation of the program–. There was also added a list of individualized final beneficiaries.

d.  Official letter number 2011-INE-A-0543, dated September 27, 2011 containing the State Normal Investment Program, technical attachment [sic], signed by RAFAEL MATA MARQUEZ, General Director of Investment Programs, whereby there is established that the executing party shall be the Secretary of Rural Development, public work number 6800685, Work: 02 support to livestock producers, subsidy for the acquisition of beef heifer, date of commencement and conclusion: 2011. Total Cost: 60,000, cattel head units 20,000, beneficiaries; 1,333, factual progress (%) 31/12/2011:100.

e.  Official letter SDR-DPP-643/2011 dated December 02, 2011, signed in the absence of Ramon Leonel Casas Dominguez, Director of Rural Planning, whereby RAFAEL MATA MARQUEZ, General Director of Public Investment Programs, in regard to public work 6800685, "Subsidy for the acquisition of beef heifer aimed at repopulating the herds of the State of Chihuahua" was requested funds to be allocated to UNION GANADERA REGIONAL DE CHIHUAHUA and UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA in the amount of $12,000,000.00 (twelve million pesos, 00/100, Mexican currency), according to the letter of approval number 2011-INE-A-0543 dated September 27, 2011 (described in the preceding paragraph).

f.  Simple receipt dated December 02, 2011, signed by Roberto Dittrich Nevarez, Director of Agriculture and Livestock Promotion, whereby there is recorded that he received from the State Government the amount of $12,000,000.00 (twelve million pesos, 00/100, Mexican currency) for the concept of subsity to UNION



GANADERA REGIONAL DE CHIHUAHUA and UNION GANADERA REGIONAL DIVISION DEL NORTE OF THE STATE OF CHIHUAHUA.

g. Simple receipt dated December 07, 2011, signed by CARLOS GERARDO HERMOSILLO ARTEAGA acting in his capacity as General Director of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, E.N.R. in regard to the total amount of the authorized subsidy.

h. Check policy number 0016465 dated January 09, 2012, issued by the Secretary of Finance and Administration of Public Works, under concept INE-07550/1 in favor of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, E.N.R. in the amount of $12,000,000.00 (twelve million pesos, 00/100, Mexican currency).

i. Check receipt number 0016465 of account             900-5 of Banco Santander, S.A. dated January 09, 2012 in favor of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, E.N.R. in the amount of $12,000,000.00 (twelve million pesos, 00/100, Mexican currency) with a legible signature "Sarahi Martinez".

j. Account statement of the period between January 01 to January 31, 2012 of account             900-5, Banco Santander, S.A., which holder is the Government of the State of Chihuahua; thereby, there is stated that on January 10, 2012 check 0016465 was charged under the concept payment check account deposit, in the amount of $12,000,000.00 (twelve million pesos, 00/100, Mexican currency).

k. Official letter number DJ-433/2018, dated August 16, 2018, signed by Abril Portillo de la Fuente, Legal Director of the Secretary of the Treasury who, in response to official letter SFP-1551-2018 of the Secretary of Public Oversight informed that regarding the documentation and information proving the economic support granted for it to be allocated to the stipulated purposes, and after the corresponding divisions made the corresponding review, there was found that no documentation related to the fulfillment of the purpose of the agreement is therein contained and her report is supported with the diverse official letters in turn remitted by personnel assigned to the Divisions of the Secretary of the Treasury –Mario Alonso Garcia Duran, Director of Public Investment Programs; David Ramirez Delgado, Director of Budget; Mario Alberto Sanchez Garcia, Director of Programming, Payment Control and Financial Investment Follow-Up, and Jorge Luis Issa Calderon, Administrative and Services Coordinator–.

l. Official letter number SDR-J-1044/2018, dated August15, 2018, signed by Emilio Castillejos Martinez, Chief of the Legal Division of the Secretary of Rural Development who, in response to official letter number SFP-1555-2018 of the Secretary of Public Oversight informed that, after carrying out a thorough search in the entity where he works, there is concluded that there do not exist documentation and documentation whereby UNION GANADERA REGIONAL

FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA and/or UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA and UNION GANADERA REGIONAL DE CHIHUAHUA proved that the economic support these received was used for the purpose stipulated in the agreement. There was emphasized the absence of ratification of the list of beneficiaries and suppliers, (b) documentation proving the social impact of the program, (c) records supporting delivery and reception (that must be signed by the beneficiaries, intermediary body and the Secretary), (d) information related to quarterly reports of the schedule, budget and financial progress of the program, and (e) quarterly follow-up of the Committee for Regulation and Follow-Up on the in the fulfillment of the purpose (as there was highlighted the irregular operation defined in section B).

4. As for the allocation of the money, there is the Technical Financial-Accounting Report dated May 09, 2019 rendered by Yoshi Karina Fong Najera, Director assigned to the Secretary of Public Oversight, whereby she concluded that on January 10,2012, by means of check No. 016465 from account        9005 of Banco Santander Mexico, S.A. in the name of the Secretary of the Treasury of the Government of the State of Chihuahua, there was made a payment in the amount of $12,000,000.00 (twelve million pesos. 00/100, Mexican currency) that was deposited to account No.        7741 of Banco Santander (Mexico), S.A. in the name of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM ENR, that was allocated as follows:



From the material obtained and cited above by the investigative body, there is noted that there existed an expenditure of $12,000,000.00 (twelve million pesos, 00/100, Mexican currency) obtained from the public treasury as a subsidy for the acquisition of beef heifer in support of an estimated number of 4,000 stockbreeders; however, as there is stated by the deponents, the proceeding was out of the ordinary, because the money was deposited to a legal entity that was not a party in the agreement and was headed by DUARTE JAQUEZ, as there has been explained. Furthermore, Emilio Castillejos Martinez, Chief of the Legal Department of the Secretary of Rural Development, by means of official letter SDR-J-1044/2018, dated August 15, 2018, stated that there is no documentation or information proving that the economic support was used for the purpose stipulated in the contract; added to the Technical Financial-Accounting Report, dated May 09, 2019 rendered by Yoshi Karina

Fong Najera, Director assigned to the Secretary of Public Oversight, there was proved that the funds were deviated from the purpose for which it was authorized and directly benefited the former state governor who took advantage of his position (since, according to the statement of the two witnesses protected for the purposes hereof, it was he who directly ordered authorization and processing of the proceedings). Lastly, the amount stated exceeds the equivalent to five hundred times the minimum daily wage in force at the time the conduct took place, meeting thus, the aggravating circumstance contained in the last paragraph of article 270 of the Criminal Code for the State of Chihuahua.

**D.** **Loan agreement with interest number 887/2011 signed by and between the Government of the State of Chihuahua and that Union for an alleged "loan to the Union for work capital, purchase of cattle for the production of beef" through the Secretary of the Treasury and the Secretary of Rural Development to consequently justify the disbursement of $5,000,000.00 (five million pesos, 00/100, Mexican currency) by means of check number      765-1 of Santander Mexico, S.A. in the name of the Secretary of the Treasury of the Government of the State of Chihuahua in favor of account number      4800 of HSBC Mexico, S.A. in the name of Union Ganadera Regional Division del Norte.**

1. KA5P23/2019 related that, in early November 2011, the Director of Agriculture and Livestock Promotion, ROBERTO DITTRICH NEVAREZ, on behalf of the Secretary of Rural Development, OCTAVIO LEGARRETA, who was in Mexico City, and other persons, visited him and requested financial support through a loan agreement with interest in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE, represented by PEDRO BACA, in the amount of $5,000,000.00 (five million pesos 00/100 Mexican currency) under the concept of work capital and cattle purchase. The contract was signed without knowing whether it was authentic or not.

2. 5M4GUYUH19A/2019 expressed that in 2011 he signed an alleged loan for $5,000,000.00 (five million pesos 00/100 Mexican currency) destined to support the UNION GANADERA REGIONAL DIVISION DEL NORTE to purchase cattle, since CRISTIAN RODALLEGAS instructed him in said regard. ROBERTO DITTRICH instructed him to authorized the loan, since CESAR HORACIO DUARTE JAQUEZ was requesting it by way of CARLOS GERARDO HERMOSILLO, and so they did, although he appeared as representative and therefore there was a conflict of interests.

   Then, he was placed at sight the following documents and he acknowledged the signature therein as his:

a. Records of the First Meeting with the Operational Technical Committee for tax year 2011 of the State Program for the Development of Agriculture and Livestock, Agroindustry and Forestry Producers "PRODAAF" for its abbreviation in Spanish, performed in the city of Chihuahua, Chihuahua, on November 6, 2011, at 11:00 hours in the Meetings Room of the Secretary of Rural Development.

FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

b. Technical Certificate of the PRODAAF Program, with the following data: Company/organization: Union Ganadera Regional Division del Norte. Project: Financing for bovine cattle purchase. Participants: Secretary of the Treasury and the Secretary of Rural Development: Amount $5,000,000.00 (five million pesos 00/100 Mexican currency). Producers benefitted 6000. Comments: The supporting amount will be used for the consolidated purchase of cattle, and granting an added value by the transformation in final product.

3. Statement rendered by Sergio Emigdio Prieto Gamboa, dated December 17, 2018, who stated having worked for the Secretary of Rural Development of the Department of Technical Advisory to Producers, from March 2011 until October 2016. Said Department is dependent of the Division for Agriculture and Livestock Development, which head was ROBERTO DITTRICH NEVAREZ, while OCTAVIO LEGARRETA GUERRERO worked as Secretary and then LEONEL DE LA ROSA CARRERA. Regarding this fact, he stated having attended a meeting of the Operational Technical Committee of the State Development Program for Agriculture, Livestock, Agroindustrial and Forestry Producers "PRODAAF", in which was agreed to pass the $5,00,000.00 (five million pesos 00/100 Mexican currency) loan in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE, to purchase cattle, but in the Secretary of Rural Development there was publicly known that the purpose of the loan was not met nor it was paid. ROBERTO DITTRIC NEVAREZ instructed the loan to be approved, and there was known that it was processed by CARLOS GERARDO HERMOSILO ARTEAGA, in his capacity as Chairman of the Board of Directors of the cited Union Ganadera, and that he was very close to the then governor CESAR HORACIO DUARTE JAQUEZ. Therefore, it approval was incorrect, furthermore that said program was aimed at supporting producers of the social area that preferably were not deemed subject to loan in other banks or financial institutions, what was stated to his boss ROBERTO DITTRICH, however he told him those were boss's instructions, referring to CESAR DUARTE.

During his interview, he was placed at sight a copy of the Minutes of the First Meeting of the Operational Technical Committee for the 2011 tax year State Program for the Development of Agriculture, Livestock, Agroindustrial and Forestry Producers "PRODAAF", held in the city of Chihuahua, Chihuahua, on November 9, 2011, at 11:00 hours in the Meetings Room of the Secretary of Rural Development. He acknowledged said document as the document by way of which the $5,000,000.00 (five million pesos 00/100 Mexican currency) loan was agreed in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE to purchase cattle, as instructed by ROBERTO DITTRICH NEVAREZ.

4. Regarding this fact, various additional documents are available, such as:
   a. Official letter ATP-273/2011, dated October 20, 2011, signed by ROBERTO DITTRICH NEVAREZ, Director of Agriculture and Livestock Development, by means of which he requested CRISTIAN RODALLEGAS HINOJOSA, Secretary of the Treasury, his authorization for the operation



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

of the State Development Program for Agriculture, Livestock, Agroindustrial and Forestry Producers "PRODAAF".

b. Written document signed by PEDRO BACA GOMEZ, on November 4, 2011, in his capacity as representative of UNION GANADERA REGIONAL DIVISION DEL NORTE, by way of which he requested OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, work capital financing in the amount of $5,000,000.00 (five million pesos 00/100 Mexican currency) for different breed cattle purchase, destined to meat production in the State.

c. Minutes 001/2011, dated November 9, 2011, of the first Meeting of the Operational Technical Committee of the State Program for the Development of Agriculture and Livestock, Agroindustrial and Forestry Producers "PRODAAF", in which the granting of financing for the purchase of bovine cattle was approved (working capital) for UNION GANADERA REGIONAL DIVISION DEL NORTE, in the amount of $5,00.000.00 (five million pesos 00/100 Mexican currency) at an 18-months term, signed by Roberto Dittrich Nevaez, in his capacity as Chairman of the Committee and Sergio Prieto Gamboa in his capacity as Member, both public officials representing the Secretary of Rural Development; RAFAEL MATA MARQUEZ in his capacity as secretary of the committee, Pedro Rafael Avila Cota as Member, from the Ministry of the Treasury.

d. Technical certificate of the PRODAAF containing: Company/organization: Union Ganadera Regional Division del Norte. Project: Financing for bovine cattle purchase. Participants: Secretary of the Treasury and the Secretary of Rural Development: Amount $5,000,000.00 (five million pesos 00/100 Mexican currency). 6000 producers benefitted. Comments: The supporting amount will be used for the consolidated purchase of cattle [...].

e. Mutual agreement with interest number 887/2011, dated November 14, 2011, entered into by and between the Government of the State of Chihuahua, by means of the Secretary of the Treasury, represented by its head CRISTIAN RODALLEGAS HINOJOSA, with the participation of the Secretary of Rural Development, represented by ROBERTO DITTRICH NEVAREZ, in his capacity as Director of Agriculture and Livestock Development, and by the legal entity denominated UNION GANADERA REGIONAL DIVISION DEL NORTE, through its representative PEDRO BACA GOMEZ. Instrument in which clauses was established its purpose would be the purchase of cattle, meat production and the obligation to a single payment, on June 30, 2013.

f. Uncertified receipt dated December 13, 2011, signed by PEDRO ROBERTO BACA GOMEZ, Representative of UNION GANADERA REGIONAL DIVISION DEL NORTE OF THE STATE OF CHIHUAHUA, from which is inferred that he received from the State Government, through the Ministry of the Treasury, a check in the amount of $5,000,000.00 (five million pesos 00/100 Mexican currency), for the concept of support to UNION GANADERA REGIONAL DIVISION DEL NORTE, in relation to



mutual agreement with interest 887/2011. The promissory note with the same date, signed by PEDRO ROBERTO BACA GOMEZ, in favor of the Secretary of the Treasury of the State of Chihuahua in the amount and under the terms already described.

g.  Official letter ATP-006/2012, dated January 6, 2012, signed by ROBERTO DITTRICH NEVAREZ, Director of Agricultural and Livestock Development, by way of which CRISTIAN RODALLEGAS HINOJOSA, Secretary of the Treasury is requested to provide the check in the name of UNION GANADERA REGIONAL DIVISION DEL NORTE, charged to account 765-1, in the amount of $5,000,000.00 (five million pesos 00/100 Mexican currency) to fulfill the mutual agreement with interest 887/2018.

h.  Official letter number T-006/2012, dated January 6, 2012, signed by Francisco Hernandez Vega, treasurer of the Secretary of the Treasury, in which he requested Miguel Angel Mezquitic Aguirre, then Chief of the Payments Programming and Control Department, drafting the corresponding check in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE OF THE STATE OF CHIHUAHUA, in response to the mutual agreement with interest cited above, charged to account 765-1 of Banco Santander in the name of "State Government, Secretary of the Treasury, Financing to Producers, Secretary of Rural Development".

i.  Check number 0000047, dated January 6, 2012, of Banco Santander S.A., from account 765-1 in the name of "GOB. EDO. CHIH, SFA FINANCIAMIENTO PRODUCTO RES SRIA DESAR", in the amount of $5,000,000.00 (five million pesos 00/100 Mexican currency), in favor of GEN. UNION GANADERA REGIONAL DIV. DEL NTE. DEL EDO. DE CHIHUAHUA.

j.  Bank statement for the period January 1 to 31, 2012, in relation to account 765-1 from banking institution Santander S.A., whose holder is "Gob Edo Chih Secretaria de Hacienda Fin Productores Sria Des"; from which is inferred that on January 10, 2012, check 0000047 was charged under the concept "check payment other institutions 0210359, RFC UGR051202HB3", in the amount of $5,000,000.00 (five million pesos 00/100 Mexican currency).

k.  Official letter number SDR-J-1059/2018, dated August 16, 2018, signed by Emilio Castillejos Martinez, head of the Legal Division of the Secretary of Rural Development, whom in response to official letter number SFP-1516-2018, issued by the Secretary of Public Oversight, reported that after a thorough search performed in the Secretary he works for, is concluded that there is no documentation and/or information proving that UNION GANADERA REGIONAL DIVISION DEL NORTE OF THE STATE OF CHIHUAHUA used the economic support for the purpose established in the mutual agreement with interest number 88/2011.

l.  In the same line, official letter number DJ-438/2018, dated August 16, 2018, signed by Abril Portillo de la Fuente, Legal Director of the Secretary



of the Treasury was attached. Who in response to official letter number SFP-1525-2018 of the Secretary of Public Oversight informed there is no documentation nor information proving that the mutual agreement with interest cited above was destined to the purposes it was destined to, and supported his response in different official letters that were also issued by Mario Alonso Garcia Duran, Director of Investment Programs of the Secretary of the Treasury; Mario Alberto Sanchez Garcia, Payment Programing and Control and Investment Financial Follow-up of the Secretary of the Treasury, and Jorge Luis Issa Calderon, Administrative Coordinator and of Services of the Secretary of the Treasury.

5. The deviation of funds is proven by the Technical, Financial-Accounting Report dated May 9, 2019, of Yoshi Karina Fong Najera, Director assigned to the Secretary of Public Oversight, which concluded that from account 7651 of Banco Santander Mexico, S.A. in the name of the Secretary of the Treasury of the State of Chihuahua, on January 9, 2012, a payment was performed in the amount of $5,000,000.00 (five million pesos 00/100 Mexican currency), through check number 0000047, which was deposited into account 4800 of HSBC Mexico, S.A. in the name of the UNION GANADERA REGIONAL DIVISION DEL NORTE OF THE STATE OF CHIHUAHUA; CARLOS GERARDO HERMOSILLO ARTEAGA being the sole person authorized to dispose of its funds, from November 4, 2010 until February 20, 2015, which destination, according to the corresponding financial statements was as follows:





**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

This description is congruent with the piece of evidence marked with number 19, seized on September 14, 2017, in compliance with the constitutional search warrant, consisting of a bank statement of UNION GANADERA REGIONAL DIVISION DEL NORTE, in relation to January 2012, since it reveals that after the problem check was deposited, an asset purchase was performed, followed by payments to RAUL YAÑEZ BUSTILLOS, Nueces la Esperanza and Akala, as proven below:

UNION GANADERA REGIONAL DIV. NORTE

Account No.          4800 HSBC

| DATE | CONCEPT | CHECK No. | AMOUNT | DEPOSIT | BALANCE |
|---|---|---|---|---|---|
| | Prior Balance | | | | $46,027.28 |
| 05 Jan 2012 | Check | 289 | $25,000.00 | | $21,027.28 |
| 09 Jan 2012 | Deposit GOB EDO | | | $5,000,000.00 | $5,021,027.28 |
| 10 Jan 2012 | Deposit GOB EDO | | | $16,000,000.0 0 | $21,021,027.28 |
| 16 Jan 2012 | Check | 290 | $390,000.00 | | $20,631,027.28 |
| 16 Jan 2012 | Invoices PROAL DE | 291 | $41,220.00 | | $20,589,807.28 |
| 16 Jan 2012 | Invoices PROAL DE | 292 | $111,317.00 | | $20,478,490.28 |
| 16 Jan 2012 | Provider of alfalfa de Delicias | 293 | $84,999.00 | | $20,393,491.28 |
| 16 Jan 2012 | Provider of alfalfa de Delicias | 294 | $40,547.50 | | $20,352,943.78 |
| 16 Jan 2012 | Check | 295 | $25,6000.00 | | $20,327,943.78 |
| 17 Jan 2012 | Securities purchase | | $19,999,997.25 | | $327,946.53 |
| 17 Jan 2012 | Securities sale | | | $1,500,011.10 | $1,827,957.63 |
| 18 Jan 2012 | Raul Yañez B | 476 | $561,340.00 | | $1,266,617.63 |
| 20 Jan 2012 | Securities sale | | | $28,645.73 | $1,295,263.36 |
| 20 Jan 2012 | Securities sale | | | $2,971,371.88 | $4,266,635.24 |
| 23 Jan 2012 | Nueces La Esperanza | 477 | $3,000,000.00 | | $1,265,635.24 |
| 24 Jan 2012 | Check | 478 | $20,000.00 | | $1,246,635.24 |
| 25 Jan 2012 | Akala | 479 | $1,000,000.00 | | $245,635.24 |
| 25 Jan 2012 | Securities purchase | | | $7,200,006.64 | $7,446,641.88 |
| 25 Jan 2012 | Deposit GOB. EDO. | | | $10,000,000.00 | $17,446,641.88 |

Furthermore, the background provided by the office of the prosecutor general include the interview to RAUL BUSTILLOS, who denied having carried any business with the State Government; however, he accepted his friendship with CESAR DUARTE JARQUEZ [sic] and that he even gave him horses. He also stated having



**FGR**

FISCALÍA GENERAL
DE LA REPÚBLICA

sold cattle to SERVANDO PORTILLO and CARLOS HERMOSILLO, and he also contacted CESAR DUARTE through his brother CRESCENCIANO DUARTE, with JUAN BOSCO OCHOA GODO for the purchase-sale of the ranch "La Soledad". In the investigation was included the information obtained from JUAN RUBEN BARRIO GARZA, regarding that he was administrator of the company Nueces la Esperanza S.A. de C.V. and that in 2012 he sold to UNION GANADERA DIVISION DEL NORTE, whose representative at that moment was CARLOS HERMOSILLO, the property located at calle 120, colonia Esperanza, for an amount of $3,000,000.00 (three million pesos 00/100 Mexican currency). There stands out that the amount referred coincides with the amount established in the account statement mentioned in preceding lines.

Finally, regarding Akala, as it has been observed, it is closely related to CARLOS HERMOSILLO. From the foregoing, there is inferred that CESAR DUARTE, taking advantage of his public position, through simulated and irregular procedures, he deviated public funds from their purpose, achieving an unlawful economical increase of his patrimony. Such assertion is supported by the statement of SERGIO PRIETO, who expressed the irregularities in the authorization of the loan, since it was known to have been requested by the former governor DUARTE, and that in the organization he worked for it was known that the funds would not be destined to support cattle breeders. Such information is proven by 5M4GYUH19A/2019. Therefrom, both statements turn credible, due to their coincides with all the witnesses, such as due to their duties, they had the possibility to directly know, as proven, with Record 00/2011 in which appears SERGIO PRIETO's signature.

In the knowledge that the amount of the funds deviated, largely exceeds the mount established in article 270 of the Criminal Code, due to the reasons already exposed.

**E. _Granting economical support under agreement number 991/2011 for an alleged "payment of indemnity to producers transporting their unproductive cattle to the place where animals are sacrificed", through the Secretary of the Treasury and the Secretary of Rural Development, and justify thereby the deviation of public money by means of payment dated January 10, 2012 for $16,000,000.00 (sixteen million pesos 00/100 Mexican currency), through check number 016464, payment dated January 25, 2012 for $10,000,000.00 (ten million pesos 00/100 Mexican currency) by way of check number 017104, and the payment of March 15, 2012 for $10,000,000.00 (ten million pesos 00/100 Mexican currency). through check number 016781. All three cases charged to account number         9005 of Banco Santander Mexico S.A. in the name of Ministry of the Treasury of the Government of the State of Chihuahua; deposited into account number         1800 of HSBC Mexico S.A., in the name of Union Ganadera Regional Division Del Norte._**

1. KA5P23/2019 narrated that by late November 2011, CARLOS HERMOSILLO, Director of subsidiary FIDEAPECH, OCTAVIO LEGARRETA and ROBERTO



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

DITTRICH, among other officials, who explained an alleged project to implement with the SECRETARY OF RURAL DEVELOPMENT and the UNION GANADERA REGIONAL DIVISION DEL NORTE, for $36,000,000.00 (thirty-six million pesos 00/100 Mexican currency), aimed at indemnifying producers who should transfer their unproductive cattle to a place for animals to be sacrificed, and thereby, rescue cattle quite deteriorated due to the extended drought, and hence avoid endemic disease and support small producers who could not sustain their animals feed to avoid their total loss. He questioned the project since it meant an important load for the State, and insisted in the way of recovering the economical effort, since they did not express any excuse for that public money to be a lost fund. He was informed that the logistics and operation of the program would be through the UNION GANADERA DE LA DIVISION DEL NORTE, under the framework of the support agreement, with alleged justification that the Secretary of Rural Development did not have sufficient operational capacity nor public staff. At the end of the meeting they agreed drafting the analyses for the corresponding technical file, and when appropriate, obtaining the allocation of funds. Days later, CARLOS HERMOSILLO and OCTAVIO LEGARRETA presented the economic support agreement through which the State Government would pay $36,000,000.00 (thirty-six million pesos 00/100 Mexican currency) to the UNION GANADERA DIVISION DEL NORTE, for the concept of payment of indemnity to producers who should transfer their unproductive cattle to a place for animals to be sacrificed, but upon observing, he realized the irregularities such as CARLOS HERMOSILLO ARTEAGA being legal representative of UNION GANADERA REGIONAL DEL NORTE, and therefore, beneficiary of the support, reason for which he did not sign. The subsequent day he reported such irregularity to the then governor, who told him that indeed he had assigned CARLOS HERMOSILLO as provisional person in charge of UNION GANADERA, and textually he told him: "GO AHEAD, HE IS JUST THE PROVISIONAL PERSON IN CHARGE." Approximately the first week of December 2011, CARLOS HERMOSILLO appeared in his office to gather his signature.

2.  5M4GYUH19A/2019 stated that CESAR DUARTE, through CARLOS HERMOSILLO, pressured to speed up the paperwork directed to deviate $36,000,000.00 (thirty-six million pesos 00/100 Mexican currency) from the state treasury to the patrimony of the UNION GANADERA REGIONSL DIVISION DEL NORTE, allegedly to indemnify the producers who would transfer their unproductive cattle to a place for animals to be sacrificed. Since there was no supporting documentation, the Secretary of the Treasury, CHRISTIAN RODALLEGAS, immediately gave his consent to authorize the budgetary allocation and on that same day, the corresponding official communication was signed. It remained under the caption CUENTA DEUDORA, since it had no proving documentation.

The work was originally itemized as economic support for UNION GANADERA REGIONAL OF CHIHUAHUA, for indemnity payment of producers transferring their unproductive cattle to a place for animals to be sacrificed. However, later it was changed to: economic support for UNION GANADERA REGIONAL DIVISION DEL NORTE OF THE STATE OF CHIHUAHUA for indemnity payment of producers

EX - DUARTE JAQUEZ - 000153



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

transferring their unproductive cattle to a place for animals to be sacrificed. This since the beneficiary was modified claiming that it had been wrongly registered due to a mistake.

Then, he was placed at sight the following documents and he acknowledged as his the signature there appearing.

**a.** Official letter 2011-INE-A-0789, dated December 22, 2011, addressed to OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, in relation to the STATE ORDINARY PROGRAM, through which $36,000,000.00 (thirty-six million pesos 00/100 Mexican currency) were approved for the concept of SUPPORT TO PRIMARY PRODUCTION, SUBSIDIES TO PRODUCTION FOR SPECIAL-CAPITAL EXPENDITURE PROGRAMS.

**b.** Two attachments to the preceding official letter, titled "*Informacion Complementaria*" and "*Anexo Tecnico*".

**c.** Approval number 2011-INE-MD-0065, dated December 30, 2011, addressed to OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, regarding the STATE ORDINARY INVESTMENT PROGRAM 2013, in which the DATA MODIFICATION is registered.

**d.** Two attachments to official latter 2011-INE-MD-0065 titled "*Anexo de oficio de modificacion de datos*" and "*Informacion Complementaria*".

**3.** In addition to the foregoing:

a. Financial support agreement number 991/2011, dated December 1, 2011, executed by the Government of the States of Chihuahua, through the Secretary of the Treasury and the Secretary of Rural Development, represented by their heads CRISTIAN RODALLEGAS HINOJOSA and OCTAVIO LEGARRETA GUERRERO, respectively, and by UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, represented hereby by CARLOS GERARDO HERMOSILLO ARTEAGA, in his capacity as Acting Chairman of the Board of Directors, which purpose consisted in granting a "financial support" to the latter, in the amount of $36,000,000.00 (thirty-six million pesos 00/100 Mexican currency), which would be provided periodically and according to the budgetary availability, exclusively aimed at the indemnity payment of producers transferring their unproductive cattle to a place for animals to be sacrificed.

b. Approval official letter number 2011-INE-A-0789, dated December 22, 2011, signed by RAFAEL MATA MARQUEZ, General Director of Public Investment Programs, by means of which he informs OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, that the investment of $36,000,000.00 (thirty-six million pesos 00/100 Mexican currency) is approved. Such document has a technical attachment also signed by MATA MARQUEZ, in which the Secretary of Rural Development is established as executory authority, itemized as public work number 6800728; work itemized as 02 "support to livestock producers, economic



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

support to Union Ganadera Regional Division del Norte, for herd sacrifice diminish", initiation and termination date: 2011, with a total cost of: $36,000.00 (sic), 70,000 heads of cattle and 4,337 beneficiaries.

c.   Official letter number SDR-DPP-713/2011, dated December 29, 2011, signed by Ramon Leonel Casas Dominguez, Director of Rural Planning, through which he requests RAFAEL MATA MARQUEZ, General Director of Public Investment Programs, that in relation to public work itemized as number 6800728, to deviate funds for $36,000,000.00 (thirty-six million pesos 00/100 Mexican currency), according to approval official letter, and to issue a check in the name of *Secretaria de Desarrollo Rural* (Rural Development Secretary).

d.   Uncertified receipt dated December 29, 2011, signed by Ramon Leonel Casas Dominguez, Director of Rural Planning, in which is stated that $36,000,000.00 (thirty-six million pesos 00/100 Mexican currency) were received from the Government State, corresponding to public work itemized as number 6800728, for the referred concept.

e.   Payment sole request from the Secretary of the Treasury, with I.N.E. 00001-2012, folio number 49802, dated January 9, 2012, payment application, stating as processing entity the Secretary of Rural Development, UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA (taxpayer's registry number (RFC.)           2HB3) as beneficiary, in the amount of $36,000,000.00 (thirty-six million pesos 00/100 Mexican currency).

f.   Uncertified receipt dated January 9, 2012, signed by CARLOS GERARDO HERMOSILLO ARTEAGA, chairman of UNION GANADERA REGIONAL DIVISION DEL NORTE, stating that he received from the State Government the amount of $36,000,000.00 (thirty-six million pesos 00/100 Mexican currency) corresponding to public work itemized as number 6800728 for the multicited concept.

g.   Check voucher number 0016464, dated January 9, 2012, issued by the Secretary of Finance and Public Work Administration, under the concept of INE-00001/J, in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, for $16,000,000.00 (sixteen million pesos 00/100 Mexican currency). Likewise, the receipt of said check, account           900-5, of Banking Institution Santander S.A., dated January 9, 2012, in favor of UNION GANADERA, with acknowledgement receipt signature of Sarahi Martinez.

h.   Check voucher number 0016781, dated January 25, 2012, issued by the Secretary of Finance and Public Work Administration, under the concept of INE-000001/J in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, in the amount of $10,000,000.00 (ten million pesos 00/100 Mexican currency), as well as the corresponding receipt of account           900-5, of Banking institution Santander S.A., of the same date, in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO , in the



**FGR**

FISCALÍA GENERAL
DE LA REPÚBLICA

amount of $10,000,000.00 (ten million pesos 00/100 Mexican currency), with acknowledgement receipt signature of Sarahi Martinez.

**i.**  Account statement of the period from January 1 to 31, 2012, regarding account 900-5, of Banking institution Santander S.A., which holder is the Government of the State of Chihuahua, Secretary of the Treasury. Document from which is derived that on January 11, 2012, check 0016464 was collected under the concept of check payment other institutions 0210359, RFC      2HB3, in the amount of $16,000,000.00 (sixteen million pesos 00/100 Mexican currency); and on January 26, 2012, from document 0016781 under the concept of check payment other institutions 0210359 RFC      2HB3, for $10,000,000.00 (ten million pesos 00/100 Mexican currency).

**j.**  Check voucher number 0017104, account      900-5 of Banking institution Santander S.A., dated February 22, 2012, issued by the Secretary of Finance and Work Administration, under the concept of INE-00001/J, in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, for $10,000,000.00 (ten million pesos 00/100 Mexican currency), with its receipt.

**k.**  Account statement of the period from March 1 to 31, 2012, account      900-5 of Banking institution Santander S.A., which holder is the Government of the State of Chihuahua, Secretary of the Treasury, from which is derived that on March 16, 2012, check 0017104 was cashed, under the concept of check payment other institutions 0210359 RFC      2HB3, for $10,000,000.00 (ten million pesos 00/100 Mexican currency).

**l.**  Official letter number SDR-DPP-194/2012, dated April 26, 2012, singed in the absence of Ramon Leonel Casas Dominguez, Director of Rural Planning of the Secretary of Rural Development, by means of which RAFAEL MATA MARQUEZ, General Director of Public Investment Programs is informed that in relation to public work itemized as 6800728, proving documentation is remitted in original and copy for $26,985,500.00 (twenty-six million, nine hundred fifty-eight thousand, five hundred pesos 00/100 Mexican currency), pending to prove $9,041,500.00 (nine million forty-one thousand, five hundred pesos 00/100 Mexican currency).

**m.**  List of beneficiaries in which 23 livestock associations are identified per municipality and supporting amount of $26,985,500.00 (twenty-six million, nine hundred fifty-eight thousand, five hundred pesos 00/100 Mexican currency); as well as the list of beneficiaries with each person's name, municipality, location, number of cattle heads, supporting amount and each one's signature.

**n.**  Official letter SDR-DPP-416/2012, dated October 17, 2012, signed by Ramon Leonel Casas Dominguez, Director of Rural Planning of the Secretary of Rural Development, by means of which RAFAEL MATA MARQUEZ, General Director of Public Investment Programs is informed that in relation to public work itemized as 6800728, proving documentation is remitted in original and copy for

EX - DUARTE JAQUEZ - 000156



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

$9,041,500.00 (nine million forty-one thousand, five hundred pesos 00/100 Mexican currency). Likewise, I relation to the beneficiaries, with the name of the person, municipality location, number of cattle heads, supporting amount and each beneficiary's signature, for the amount missing to be proven, this means $9,041,500.00 (nine million forty-one thousand, five hundred pesos 00/100 Mexican currency).

o.  Payment sole request, work investment, state ordinary investment with folio number 60816, I.N.E. 0001-1-2013, dated June 26, 2013, remote application issued by the Secretary of the Treasury, stating the Secretary of Rural Development as the processing entity, and UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA as the beneficiary, for $36,000,000.00 (thirty-six million pesos 00/100 Mexican currency), for the concept of economic support to the Union Ganadera Regional Division Del Norte

p.  Regionalization of Payment Sole Request, Division of Public Investment Programs, dated July 17, 2013, issued by the General Division of Public Investment Programs, under folio number 60816 and I.N.E. 00001-1, 2011-INE-0789, 6800728, for the concept of economic support to Union Ganadera Regional Division del Norte, which establishes 28 municipalities, along with the respective account and a total amount of $36,000,000.00 (thirty-six million pesos 00/100 Mexican currency).

q.  Documentation provided by UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA during the hiring process: documentation review to approve itemized work, no review date nor signature; budget for administration work which establishes 70,000 (seventy-thousand) heads of unproductive cattle to be sacrificed, among others.

r.  Official letter number SDR-J-1001/2018, dated August 8, 2018, signed by Emlio Castillejos Martinez, Head of the Judicial Department of the Secretary of Rural Development, who in response to official letter SFP-1437-2018, of the Secretary of Public Oversight, informs that regarding the financial support Agreement number 991/2011, in said Secretary was located a list of "alleged beneficiaries". However, from the documentation included in the files, no receipt, identification, domicile or feature to identify the beneficiaries is observed, since there solely appear the persons' names, municipality, location and amount. Neither there is any request from UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA making reference to the list of beneficiaries to which the support is assigned, nor operation rules for the execution of benefits. Thereby is concluded that after an exhaustive search performed in the Secretary of Rural Development, there is no documentation and/or information through which the UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA proved that the economic support was used for the purpose established in the agreement.

s.   On that same sense, there is official letter number DJ-424/2018, dated August 15, 2018, signed by Abril Portillo de la Fuente, Judicial Director of the Secretary of the Treasury, by means of which she informed that there is no documentation related to the fulfillment of the purpose of the agreement, and supported the assertion with official letters which at the same time were signed by staff of the same entity, such as: Mario Alonso Garcia Duran, Director of Investment Programs; David Ramirez Delgado, Budget Director; Mario Alberto Sanchez Garcia, Programming Director, Payment Control and Investment Financial Follow-up, and Jorge Luis Issa Calderon, Administrative Coordinator and of Services, all of the Secretary of the Treasury.

4. The deviation of resources is proven with the Technical Financial-Accounting Report dated May 9, 2019, signed by Yoshi Karina Fong Najera, Director assigned to the Secretary of Public Oversight, through which it was determined that through account 9005 of Banco Santander (Mexico), S.A., in the name of the Secretary of the Treasury of the State of Chihuahua, three payments were performed on January 10 and 25, 2012, as well as on March 15, 2012 in the amounts of $16,000,000.00 (sixteen million pesos 00/100 Mexican currency) and $10,000,000.00 (ten million pesos 00/100 Mexican currency) by way of checks No. 016464, 017104 and 016781 respectively, which were deposited into account No.        4800 of HSBC Mexico, S.A., in the name of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA; CARLOS GERARDO HERMOSILLO ARTEAGA was the only person authorized to dispose funds from November 4, 2010 until February 20, 2015, which were used as follows:





From the foregoing, there is inferred that (a) $151,164.00 (one hundred fifty-one thousand, one hundred sixty-four pesos 00/100 Mexican currency) were deposited in favor of PAVIMENTOS Y SERVICIOS DE PARRAL, S.A. DE C.V., the company from which, as it has been stated in this document, BERTHA OLGA GOMEZ FONG is majority shareholder, according to technical report issued by the UNIT OF INFORMATION AND CRIMINAL ANALYSIS OF THE OFFICE OF THE PROSECUTOR GENERAL OF THE STATE OF CHIHUAHUA, by way of official letter No. FGE-FECC-UIAD-003/2019; (b) $6,000,000.00 (six million pesos 00/100 Mexican currency) by means of check No. 705, were deposited into account          0723 of Akala, S.A. de C.V. S.F.P., CARLOS GERAARDO HERMOSILLO being the holder and, (c) $20,000,000 (twenty million pesos 00/100 Mexican Currency) to trust No.    4743 of Banco Mercantil del Norte, S.A., in the name of CESAR HORACIO DUARTE JAQUEZ and BERTHA OLGA GOMEZ FONG.

Thus, it is proven that taking advantage of his position, the former governor obtained public funds and deviated them from the corporate purpose for which they should have been destined, and by making it appear as an "*indemnity payment to producers transferring their unproductive cattle* to a place for animals to be sacrificed". This was proven by the absence of documents proving that such purpose was fulfilled,

FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

according to official letter 424/2018 of Abril Portillo de la Fuente, Judicial Director of the Secretary of the Treasury, which also supports the information provided by various employees of the same entity, already mentioned lines above.-

There is emphasized that the amount for which an accusation was submitted in this specific act exceeds five hundred times the minimum daily wage, due to the foregoing. Thus, the fact falls into the aggravating circumstance stipulated in article 270 of the Criminal Code.

F. *__Granting the economic support established in agreement number 305/2012, for the alleged "purchase of 116 (one hundred sixteen) pieces of equipment for artificial insemination aimed at increasing the cattle genetics quality", through the Secretary of the Treasury and the Secretary of Rural Development, and justifying the $2,692,288.00 (two million six hundred ninety-two thousand, two hundred eighty-eight pesos 00/100 Mexican currency), by way of payment dated April 25, 2012, through check number 017910, charged to account number       9005 of Santander Mexico S.A., in the name of the Secretary of the Treasury of the Government of the State of Chihuahua, and deposit into account number       4800 of HSBC Mexico S.A., in the name of Union Ganadera Regional Division del Norte__*.

1. 56RT65PW7 stated that by mid-2013, CESAR DUARTE requested OCTAVIO LEGARRETA and him to perform some paperwork to prove and withdraw from the *CUENTA DEUDORA* more than two and a half million of pesos that had been delivered in 2012 to UNION GANADERA REGIONAL DIVISION DEL NORTE, for the concept of economic support so producers of said UNION would acquire artificial insemination thermos. In 2015 said economic support, which should have been reviewed by staff of the Programming Division, Payment Control and Financial Follow-up, under the command of MIGUEL ANGEL MEZQUITIC, was proven. The final beneficiaries did not receive the funds, since there was not informed that it actually happened, although at book value it was proven. Then, he was placed at sight the following documents in which he accepted his signature appeared:

   a. Proving official letter *Deudores* 2014-INE13-CD-0003, dated April 8, 2014, signed by JAIME RAMON HERRERA CORRAL, Minister of Finance and Public Credit, addressed to OCTAVIO LEGARETA GUERRERO, Secretary of Rural Development, in relation to the 2013 STATE ORDINARY INVESTMENT PROGRAM, in the amount of $2,692,288.00 (two million six hundred ninety-two two hundred and eighty-eight pesos 00/100 Mexican currency).

   b. Proving official letter 2014-INE13-MD-0003, dated May 14, 2014, signed by JAIME RAMON HERRERA CORRAL, Secretary of Finance and Public Credit, by means of which he informs OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development the amendment of budgetary accounts affecting official letter 2014-INE13-MD-0003, dated April 8, 2014.

2. 5M4GYUH19A/2019 stated that CARLOS HERMOSILLO phoned him to inform that as instructed by the then governor CESAR DUARTE, it was urgent for him to authorize

the budgetary allocation that days before had been remitted by the Secretary of Rural Development, even when no technical file integrated was available. He talked about that with JOSE LUIS GARCIA MAYAGOITIA, then Minister of Finance and Public Credit and he authorized it. Since he was in charge of the Division, he gave response to the request although there were more important procedures.

That this expenditure was charged to the account *DEUDORES DIVERSOS* (VARIOUS DEBTORS), although there was no contingence, because there was no proving documentation. That subsequently proving document was sent to withdraw it from the *cuenta deudores*; however, since it was not suffice, it was not applied. Then, CARLOS GERARDO HERMOSILLO ARTEGA [sic] requested him to unregister him from the account denominated *cuenta deudores*.

In that same act, they were placed at sight the following documents, which he acknowledged as related to the procedure described:

a. Approval official letter 2012-INE12-A-0306, dated April 17, 2012, addressed to OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, by means of which, in relation to the 2012 STATE ORDINARY INVESTMENT PROGRAM, in the amount of $2,692,288.00 (two million six hundred ninety-two two hundred and eighty-eight pesos 00/100 Mexican currency), for the concept of SUPPORT TO PRIMARY PRODUCTION, SUBSIDIES TO PRODUCTION (capital expenditure).

b. Certified copy of attachments to official letter 2012-INE12-A-0306, titled "Informacion Complementaria" and "Anexo Técnico".

3. There is also emphasized the ministerial interview of the person individualized as NI37SC94WQ/2019, dated January 28, 2019, since he stated to know RUTH SARAHI MARTINEZ MARISCAL, while they were studying professional degrees, whom upon finishing them, returned to Parral. In 2011, the latter called him and invited him to work for her company "GENERA PROYECTOS AGROINDUSTRIALES E INMOBILIARIOS, S.A. DE C.V.", which was incorporated by her husband CARLOS RAFAEL ENCINAS. Said business had its corporate domicile at periferico Ortiz Mena and Deza y Ulloa, as the UNION GANADERA REGIONAL DIVISION DEL NORTE and FINANCIERA DIVISION DEL NORTE, SOFOM. During some time he dedicated to draft estimates for various projects which Sarahi used to tell him they were to get funds from the State Government, while she used to carry out the administrative subjects related to the UNION GANADERA and the FINANCIERA, which were owned by CESAR DUARTE JAQUEZ, and which were operated by his right hand, acting as his representative, CARLOS HERMOSILLO.

In this act, articles of incorporation were delivered, along with registration in the Public Registry of Property and Commerce, curriculum and Federal Taxpayer's Registry of "GENERA PROYECTOS AGROINDUSTRIALES E INMOBILIARIOS, S.A. DE C.V." which are comprised of 14 pages. He explained that SARAHI herself remitted such documentation by means of electronic mail dated May 27, 2011.

EX - DUARTE JAQUEZ - 000161



4. <u>With the Technical Financial-Accounting Report dated May 9, 2019, signed by Yoshi Karina Fong Najera, Director assigned to the Secretary of Public Oversight, there is stated that through account No.     9005 of Banco Santander (Mexico), S.A., in the name of Secretary of the Treasury of the State of Chihuahua, April 25, 2012, a payment was performed through check No. 017910 for $2,692,288.00 (two million six hundred ninety-two thousand, two hundred eighty-two pesos 00/100 Mexican currency) into account     4800 of HSBC Mexico, S.A. in the name of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA. The only person authorized to dispose its resources was GERARDO HERMOSILLO ARTEAGA since November 4, 2010 up to February 20, 2015, and the destination was as follows:</u>



Regarding Valles Baca Hermosa, it calls the attention that according to its articles of incorporation dated February 24, 2007, one of the shareholders is MANUEL VALLES BACA, who according to the statement rendered by SOLEDAD BACA VAZQUEZ and KARLA MERCEDES DURAN BACA, he was the person who appeared as owner in the sale of the property of his grandson and son, respectively. However, the deal was performed with CARLOS HERMOSILLO, allegedly to be acquired by the State Government. Furthermore, the second witness signed the receipt of the corresponding payment in the facilities of FINANCIERA DIVISION DEL NORTE, and that he knows that VALLES BACA is friend and straw man of CESAR DUARTE.

The foregoing according to the deed of ranch "El Milagro", since it is in the name of VALLES BACA HERMANOS, notwithstanding that DIANA ALEJANDRA RENTERIA ORTIZ stated having worked in UNION GANADERA REGIONAL DIVISION DEL NORTE, which used to move cattle to certain ranches, "El Saucito" and "El Milagro" among them. The later was owned by CESAR HORACIO DUARTE JAQUEZ, what was confirmed by <u>PYRTEJ/2018 and JESUS MANUEL LUNA HERNANDEZ</u>, who stated that they know it



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

for a fact; the former because he worked in GANADERA EL SAUCITO BALLEZA, SOCIEDAD DE PRODUCCION RURAL, and also owned by CESAR HORACIO DUARTE JAQUEZ, and the latter because he was his private secretary. Such capacity is inferred from the search warrant fulfilled on April 4, 2017, at the domicile located at calle Tecolotes y San Patricio, no number, of Colonia Esmeralda in the city of Hidalgo del Parral, Chihuahua, owned by the former governor CESAR HORACIO DUARTE JAQUEZ, according to registration in the Public Property Registry of the State of Chihuahua, to which cadaster code 051-006-002 of the municipality of Hidalgo del Parral, Chihuahua, corresponds. Therein were found documents related to the maintenance expenditures of the ranches "El Saucito" and "El Milagro".

In relation to the company General Proyectos Agroindustriales, there is very important the statement rendered by NI37SC94WQ/2019, who in addition to disclosing the information he knows for a fact, due to the contact he had with SARAHI MARTINEZ, direct collaborator of DUARTE JAQUEZ regarding administrative aspects of the UNION and the multicited Financiera, he supported his statement by delivering documents related to Genera Proyectos Agroindustriales.

There does not go unnoticed that the different destinations stated, this means: (a) Genera Proyectos Agroindustriales, (b) Lactogen, S.A. de C.V. and (c) Tecnologia Genetica, due to their corporate name, they may pretend a relation with the activity of the artificial insemination; however, MARIO FIERRO TARANGO, whereas he stated that in 2012 they were offered some support consisting in jars for insemination and training regarding de activity, they never received such jars. The foregoing in addition to the fact that JOSUE DIAZ HOLGUIN stated having worked in ranches owned by CESAR DUARTE; therefore, he knows he had initiated in artificial insemination of his cattle, what leads to conclude that if in a certain moment an investment was performed to apply such methodology, that was not in social benefit, but for whom acquired the technology.

Thus, the amount of money withdrew from the public account was deviated to the purposes of the State, since it was used to benefit the staff of the former president and his intimates. The amount exceeds five hundred times the minimum daily wage, according to what is stipulated in article 270, last paragraph of the Criminal Code for the State of Chihuahua. Reason for which in particular, with the information provided, the fact is proven for the purpose of this decision.

**G. _Economic support granting under agreement number 376/2012, for the alleged "purchase of food for bovine cattle", through the Secretary of the Treasury and the Secretary of Rural Development, and justify the expenditure of $10,000,000.00 (ten million pesos 00/100 Mexican currency), through payment of July 12, 2012, by way of check number 018552, charged to account number      9005 of Santander Mexico S.A. in the name of Secretary of the Treasury of the state of Chihuahua, deposited into account number      4800 of HSBC Mexico S.A. in the name of Union Ganadera Regional Division del Norte._**

1. 5M4GYUH19A/2019 narrated that a budgetary allocation was authorized to the Secretary of Rural Development to transfer the amount of $80,000,000.00 (eight

EX - DUARTE JAQUEZ - 000163



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

million pesos 00/100 Mexican currency), in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, of which $20,000,000.00 (twenty million pesos 00/100 Mexican currency), correspond to Direct State account. The withdrawal of the funds was performed simulating subsidies in production, benefiting 5614 producers who allegedly would receive food for cattle.

Days before releasing the funds, CARLOS HERMOSILLO requested to accelerate the procedure, and since the proving documentation was not available, the then Minister of Finance and Public Credit, JOSE LUIS GARCIA MAYAGOITIA, upon knowing that it was CESAR DUARTE's instruction, immediately validated the authorization by signing. Therefore, the procedure was performed out of the procedure and the regulations established.

Due to his position it was known that in case of subsidies and support granted to the UNION GANADERA REGIONAL DIVISION DEL NORTE and the FINANCIERA DE LA DIVISION DEL NORTE, they had to be authorized without being viable, without the necessary requirements and sometimes, without the proper integration of the technical files. They were improperly authorized, and sometimes they were charged to capital expenditure, and other times to debtor's account, although there was no emergency.

Likewise, there were placed at sight various documents related to the process described, and were acknowledged as those with which the fund was withdrew, being as follows:

a. Approving official letter 2012-INE12-A-0391, dated May 24, 2012, addressed to OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, signed by JOSE LUIS GARCIA MAYAGOITIA, Secretary of the Treasury, by means of which, in relation to the 2012 STATE ORDINARY INVESTMENT PROGRAM, a $80,000,000.00 (eight million pesos 00/100 Mexican currency) investment was approved for the concept of SUPPORT TO PRIMARY PRODUCTION, SUBSIDIES TO PRODUCTION (capital expenditure).
The Stated that said official letter corresponds to one of the irregular procedures performed as instructed by CESAR DUARTE, through CARLOS HERMOSILLO, to improperly grant economic support to UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, since said association was directed by the cited former state governor. Therefore, the funds entered directly to their patrimony, and to conceal it, to justify it, he stated as beneficiaries the members producers that allegedly would receive food for their cattle. Days before issuing the official letter, CARLOS HERMOSILLO requested on the phone to accelerate the procedure and since there was no proving documentation necessary, he informed the then Secretary of the Treasury, JOSE LUIS GARCIA MAYAGOITIA, whom upon knowing it was governor CESAR DUARTE's instruction, immediately signed the official letter; thus the procedure was performed without following the procedure and regulations already established.



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

b. Two attachments to official letter 2012-INE12-A-0391, corresponding to "Informacion Complementaria" (Complementary Informaiton) and "Anexo Tecnico" (Technical Attachment).

c. Cancellation official letter number 2012-INE12-C-0323, dated December 31, 2012, addressed to OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, in which is established that in relation to the 2012 STATE ORDINARY INVESTMENT PROGRAM, cancellation is approved of funds in the amount of $60,000,000.00 (sixty million pesos 00/100 Mexican currency) for the concept of SUPPORT TO PRIMARY PRODUCTION amending official letter 2012-INE12-A-0391, dated December 31, 2012.

d. Two documents attached to official letter 2012-INE12-C-0323 titled "Informacion Complementaria" (Complementary Informaiton) and "Anexo Tecnico" (Technical Attachment).

e. Additional official letter number 2012-INE12-AM-0134, dated December 31, 2012, addressed to OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, in which is established that in relation to the 2012 STATE ORDINARY INVESTMENT PROGRAM, cancellation is approved of funds in the amount of $60,000,000.00 (sixty million pesos 00/100 Mexican currency) for the concept of SUPPORT TO PRIMARY PRODUCTION amending official letter 2012-INE12-AM-0391.

f. Two attachments to official letter 2012-INE12-AM-0391, under the titles "Informacion Complementaria" (Complementary Information) and "Anexo Tecnico" (Technical Attachment), under official letter 2012-INE12-AM-0134, also comprised of one page.

2. In relation to this project, there is a list of the documents that were attached to the accusation:

a. Economic support agreement number 376/2012, dated May 25, 2012, entered into by and between the Government of the State of Chihuahua through the Secretary of the Treasury, JOSE LUIS GARCIA MAYAGOITIA, the participation of the Secretary of Rural Development, represented by ROBERTO DITTRICH in his capacity as Director of Livestock Development, and UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA represented by PEDRO BACA GOMEZ, aimed at granting $10,000,000.00 (ten million pesos 00/100 Mexican currency), to diminish among its members and/or producers, the costs for cattle food

b. Uncertified receipt dated May 31, 2012, signed by PEDRO BACA GOMEZ in his capacity as representative of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, which establishes having received the amount declared, corresponding to public work itemized as 6800793, for the purpose specified therein.



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

c.  Official letter number SDR-DPP-241/2012, dated June 5, 2012, signed by ROBERTO DITTRICH NEVAREZ, Director of Agriculture and Livestock Development of the Secretary of Rural Development, whereby he requests Ramon Horacio Prieto Avelar, Head of the Department of Administrative Services, to issue a check in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, in the amount of $10,000,000.00 (ten million pesos 00/100 Mexican currency), in relation to public work itemized as 6800793, according to approving official letter number 2012-INE12-AM-0134, dated May 24, 2012.

d.  Payment sole request folio number 52908, dated June 18, 2012, issued by the General Director of Public Investment Programs of the Secretary of Rural Development, UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA as beneficiary, for $10,000,000.00 (ten million pesos 00/100 Mexican currency), with public work itemization: economic support to producers for concentrated food manufacture.

e.  Check voucher number 0018552, dated July 11, 2012, issued by the Secretary of Finance and Public Work Administration, in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO, for $10,000,000.00 (ten million pesos 00/100 Mexican currency). And receipt thereof from account 900-5 of Banking Institution Santander S.A.

f.  Account statement of the period from July 1 to 31, 2012 of account 900-5 of Banking Institution Santander S.A. which holder is GOB EDO CHIH SECRETARIA DE HACIENDA OBRA PUBLICA, from which is inferred that on July 13, 2012, check 0018552 was cashed under the concept pago cheque otras intituciones 0210359 RFC          2HB3, for $10,000,000.00 (ten million pesos 00/100 Mexican currency).

g.  Documents provided by Union Ganadera Regional Division del Norte del Estado de Chihuahua, during the hiring procedure in question: documentation review to approve the work, without signature nor review date; a quotation for work in which is established that the state contribution will be for $20,000,000.00 (twenty million pesos 00/100 Mexican currency), among others.

h.  Official letter number SDR-J-1037/2018, dated August 15, 2018, signed by Emilio Castillejos Martinez, Chief of the Legal Division of the Secretary of Rural Development, and as a result there was inferred that there is no documentation and/or information by means of which Union Ganadera Regional Division del Norte del Estado de Chihuahua proved the economic support used for the purpose established in the agreement.

i.  Official letter number DJ-428/2018, dated August 15, 2018, signed by Abril Portillo de la Fuente, Legal Director of the Secretary of Public Finance, that from the response's to the request addressed to natural areas to participate in the process to grant economic support 376/2012, Mario Alonso Garcia Duran, Director of Investment Programs; David Ramirez Delgado; Mario Alberto



Sanchez Garcia, Director of Programming, Payment Control and Follow-up, and Jorge Luis Issa Calderon, Administrative Coordinator and of Services, is known that there is no documentation related to the fulfillment of the agreement purpose.

3. With the Technical Financial-Accounting Report, dated May 9, 2019, signed by Yoshi Karina Fong Najera, Director assigned to the Secretary of Public Oversight, there may be determined that from account No.        9005 of Banco Santander S.A. (Mexico), S.A., in the name of Secretary of the Treasury of the State of Chihuahua, on July 12, 2012, there was performed a payment through check No. 018552 for $10,000,000.00 (ten million pesos 00/100 Mexican currency) to account        4800 of HSBC Mexico, S.A. in the name of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA; the sole person authorized to dispose it funds was CARLOS GERARDO HERMOSILLO ARTEAGA, from November 4, 2010, until February 20, 2015, which obtained the following destination:



Regarding Valles Baca Hermanos, as it has been stated in the preceding paragraph, he is closely related to CESAR HORACIO DUARTE JAQUEZ, since the ranch "El Milagro" is registered under said legal entity's name, notwithstanding that the former governor appeared as the owner.

In relation to FRANCISCO JAVIER DIAZ BATREZ, RFC        7J82, the situation is further irregular since the Tax Service Administration points him out as EFOS (Company which Invoices Simulated Transactions), according to the publication in the Daily Official Gazette of the Federation, dated October 9, 2018. https://dof.gob.mx/nota_detalle.php?codigo=5540451&fecha=09/2018.

From the analysis report, there may also be inferred that on August 13, 2012, a payment for $3,987 500.00 (three million, nine hundred eighty-seven, five hundred



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

pesos 00/100 Mexican currency) by means of check number 000666, charged to account number      4800 of HSBC Mexico, S.A., in the name of UNION GANADERA REGIONAL DIVISION DEL NORTE, in favor of Grupama S.A. de C.V., with RFC      52R7; company, which according to the investigation, is engaged in retail commerce of fertilizers, pesticides and sowing seeds, but not in cattle food sale.

Finally, regarding PROMOTORA GANADERA DEL REAL S.A. DE C.V., the Public Prosecutor informed through the report drafted by Susana Iveth Guillen Ibarra, Mayra Caro Gonzalez, Alma Nayeli Alarcon Chavez, Jose Daniel Madrid Hernandez and Isaac Miguel Arocha Mena, agents of investigation of the State Investigation Agency of the Office of the Prosecutor General of the State, who obtained the interview of JUAN RUBEN BARRIO AGUIRRE, who reported to have been shareholder of the legal entity PROMOTORA GANADERA DEL REAL, which in 2012 sold to UNION GANADERA DIVISION DEL NORTE, through its chairman CARLOS HERMOSILLO, a ranch that worked as place where animals are sacrificed and that for the payment, specifically $2,000,000.00 (two million pesos 00/100 Mexican currency), was deposited into the account of the cited legal entity.

From the data described above, there is observed the withdrawal from the public treasury, $10,000,000.00 (ten million pesos 00/100 Mexica currency), authorized by way of agreement 376/2012, aimed at supporting the members of the UNION in the acquisition of food for bovine cattle. However, from the Financial-Accounting Technical Report described above, as well as from official letter DJ-428/2018, is known that the money was not destined to the purpose it had been authorized for, it was deviated from its purpose as instructed directly by CESAR DUARTE, who took advantage of the public position he had.

Finally, the amount in question exceeds, by far, the amount referred to in the last paragraph of article 270 of the Criminal Code; therefore, elements are met to prove the fact analyzed for the purposes of this document.

**H. _There was simulated the acquisition by the Government of the State of Chihuahua of an urban property located at calle Guillermo Prieto No. 4, intersection with calle Mercedes in Hidalgo del Parral, Chihuahua, through the Secretary of the Treasury, and the Real Property Committee, and to justify the disbursement of $8,000,000.00 (eight million pesos 00/100 Mexican currency), on September 25, 2012, through bank transfer charged to account number        3637 of Santander Mexico S.A. in the name of the Secretary of the Treasury of the Government of the State of Chihuahua, and with deposit into bank account number        3360 of Banco Mercantil del Norte S.A., in the name of Financiera de la Division del Norte S.A. de C.V. SOFOM ENR._**

1. 56RT65PW7 stated that days before beginning to work for the Secretary of the Treasury, which means that in September 2012, CESAR DUARTE performed the deviation of state funds operated by CARLOS HERMOSILLO, consisting in the disbursement of funds in the amount of $8,000,000.00 (eight million pesos 00/100



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

Mexican currency) through the Secretary of the Treasury, which was directly deposited into one of the bank accounts of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, ENR, managed by the then governor CESAR HORACIO DURANE, JAQUEZ, allegedly justified by the acquisition of a property in Hidalgo del Parral, Chihuahua, to construct the small square in front of Palacio de Alvarado. That was acknowledged because there were serious problems in the liquidity and availability of the funds in the tax year 2012, upon which a regularization was necessary through an alleged proving of the *CUENTA DEUDORES*, which was used as an intermediary of *FINANCIERA DE LA DIVISION DEL NORTE*, through the payment triangulation. That in 2014, as instructed by CESAR DUARTE and upon the pressure from CARLOS HERMOSILLO, a supporting official letter was issued to take said registration from the *CUENTA DEUDORA*, what was unlawful because the sole real support to justify the deviation of funds is to execute the deed of the property in the name of the State Government, and it does not exist.

a. Supporting document Deudores 2014-INE12-CD-0003, dated October 30, 2014, signed by JAIME RAMON HERRERA CORRAL, Secretary of the Treasury. Thereby, he informs GERARDO VILLEGAS MADRILES, General Director of Administration of the Secretary of the Treasury, that regarding the 2012 STATE ORDINARY INVESTMENT PROGRAM, the amount of $13,600,000.00 (thirteen million six hundred pesos 00/100 Mexican currency) was approved to be proven.

2. The movement under analysis is grounded on the following documents:

a. Certified copy of the administrative documentation related to the purchase by the Government of the State of Chihuahua, of the urban property located at Guillermo Prieto 4 intersection with calle Mercaderes, in Hidalgo del Parral, Chihuahua, for which the amount paid is $8,000,000.00 (eight million pesos 00/100 Mexican currency), to FINANCIERA DE LA DIVISION DEL NORTE S.A. DE C.V. SOFOM ENR. Such instrument was obtained by way of official letter CPI/61/2018, dated August 14, 2018, signed by Julio Cesar Javalera Javalera, Technical Real Estate Committee. Additionally, by means of official letter DJ-420-2018, dated August 15, 2018, signed by Abril Portillo de la Fuente, Legal Director of the Secretary of the Treasury.

b. Records of the Sixth Ordinary Meeting of the Real Estate Technical Committee dated August 4, 2011, comprised by Graciela Ortiz Gonzales as General Secretary of Government and Chairwoman of the Committee, Javier Garfio Pacheco, among other officials, in which they issued a favorable opinion to purchase eleven properties in the city of Hidalgo del Parral, aimed at supplementing the historic and cultural space of the Palacio de Alvarado, which is purchased in a global amount of $21,720,000.00.

c. Project of the records of the minutes without number or date, in which, Fernando Ulloa Rodríguez, Consuelo Garcia Chavez (sole and absolute heir) and Luz Maria Torres Garcia (intestate successor executor of the assets of Andres Torres Felix),



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

hereinafter the sellers, represented by their representative Antonio Rascon Herrera; and by the Free and Sovereign Government of Chihuahua, hereinafter the purchaser, represented by CESAR HORACIO DUARTE JAQUEZ, Mario Trevizo Salazar and JAIME RAMON HERRERA CORRAL, appear before Notary Public number 4 so as to execute the purchase-sale contract regarding the urban property marked with number 4 in Calle Guillermo Prieto, intersection with calle Mercaderes (previously Maclovio Herrera) in Hidalgo del Parral, in the amount of $8,000,000.00 (eight million pesos 00/100 Mexican currency).

d. Official letter number SH-DSA-FR-501/2012, dated September 25, 2012, by means of which Maria Beatriz Torrecillas Fitsh, Chief of the Department of Administrative Services of the Secretary of the Treasury, requested Rafael Arteaga Maldonado, General Director of Expenditures, in relation to the purchase of the real property in Hidalgo del Parral (owned by Consuelo Garcia Chavez and Luz Maria Torres Garcia), the issuance of payment in favor of FINANCIERA DIVISION DEL NORTE S.A. DE C.V., in the amount of $8,000,000.00 (eight million pesos 00/100 Mexican currency), charged to *CUENTA DEUDORA* of that organization 1123100003 1320000000001 000000 00.

e. Uncertified receipt dated September 25, 2012, signed by CARLOS GERARDO HERMOSILLO ARTEAGA, in the amount of $8,000,000.00 (eight million pesos 00/100 Mexican currency), for the concept of expenditures to be proven for the purchase of the property to FINANCIERA DIVISION DEL NORTE S.A. DE C.V.

f. Receipt of the operation dated September 25, 2012. from which is acknowledged transference from account number 3637 into account 3603, in the amount of $8,000,000.00 (eight million pesos 00/100 Mexican currency).

g. Account statement of the period from September 1 to 30, 2012, from account 863-7 from Santander S.A., which holder is established as "GOB EDO CHIH SECRETARIA DE HACIENDA OBRA PUBLICA", from which is acknowledged that on September 25, 2012, a SPEI/TEF transfer official letter 13752012CC.355491 REF 000000 was performed in the amount of $8,000,000.00 (eight million pesos 00/100 Mexican currency).

h. Official letter number SH DSA RF 227/2012, dated June 26, 2013, issued by Maria Beatriz Torrecillas Fitch, Head of the Department of Administrative Services, by way of which the Chief of the State Property Register, Nestor Ramirez Ponce, is requested to promptly remit that department a copy of the deed document projects of various properties, the one at hand among them, owned by Consuelo Garcia Chavez and Luz Maria Torres Garcia. In relation to the foregoing is official letter 1163/2014, dated October 30, 2014, signed by Edgar Aragon Garcia, Head of the State Property Register, addressed to MIGUEL ANGEL MEZQUITIC AGUIRRE, Head of Payment Control of the Secretary of the Treasury, in which is established that aimed at withdrawing from *cuenta deudora*, an uncertified copy of the deed



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

document projects of various properties purchased by the State Government, among which is that in which Consuelo Garcia Chavez appears as seller.

i. Request of sole payment dated November 18, 2014, remotely applied, issued by the Secretary of the Treasury, in which the Secretary of the Treasury appears as executory organization, with approval date: 2014-INE-CD-0003, in an amount of $8,000,000.00 (eight million pesos 00/ Mexican currency) work concept; purchase of historic downtown property.

3.      With the Technical, Financial-Accounting Report dated May 9, 2019, of Yoshi Karina Fong Najera. Director assigned to the Secretary of Public Oversight is inferred that account No.         8637 of Banco Santander (Mexico), S.A. in the name of the Secretary of the Treasury of the Government of the State of Chihuahua, on September 25, 2012, a payment was performed for $8,000,000.00 (eight million pesos 00/100 Mexican currency) into account No.         8360 of Banco Mercantil del Norte, S.A. in the name of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM ENR., in relation to which CESAR HORACIO DUARTE JAQUEZ was the only person authorized to dispose the resources of the account from April 16, 2008, which had the following destination:



From the foregoing is derived that the funds were destined to an investment of FINANCIERA DE LA DIVISION DEL NORTE, which once released ended up, even in a higher amount, to the account of Akala, S.A. de C.V.S.F.P., which, as it has been acknowledged, and therefore its repetition is omitted, its holder was CARLOS GERARDO HERMOSILLO ARTEAGA. Therefrom also was withdrew an amount much more superior than Trust No.      4743 of Banco Mercantil del Nort, S.A. in the name of CESAR HORACIO DUARTE JAQUEZ and BERTHA OLGA GOMEZ FONG. Thereby was proved that the public funds were not destined to the construction of a small square in front of Palacio de Alvarado, as justified to obtain the funds from the state treasury, what was settled due to DUARTE JAQUEZ's position. The amount exceeds much more five hundred minimum daily wages referred to in article 270 of the Criminal Code.



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

*I.* *Economic support granting under numbers 384/2013 and 0426/2013, to allegedly "bear costs to transfer exhibition cattle to San Marcos in the State of Aguascalientes Fair", through the Secretary of the Treasury and the Secretary of Rural Development, and justifying the exit of public money through a payment dated April 1, 2013, for $250,000.00 (two hundred and fifty thousand pesos 00/100 Mexican currency) through check number 1257178, and dated October 18, 2013 for $60,000.00 (sixty thousand pesos 00/100 Mexican currency), by way of check number 1261771. Both cases charged to account number        1179 of BBVA Bancomer S.A. in the name of Secretary of the Treasury of the Government of the State of Chihuahua, to be deposited into account number        !800 of HSBC Mexico S.A. in the name of Union Ganadera Regional Division del Norte.*

1. The witness identified as 56RT65PW7, in relation to this fact stated to remember a deviation of resources in the amount of $60,000.00 (sixty thousand pesos 00/100 Mexican currency), occurred in 2013, as instructed by the former governor CESAR DUARTE. The deviation was performed through UNION GANADERAL REGIONAL DIVISION DEL NORTE, since the amount was deposited into one of the bank accounts of the said legal entity, under the justification that UNION GANADERA would participate in San Marcos Fair, exposing local cattle; this means the State of Chihuahua. The alleged agreement specified as purpose a transfer or conduction of cattle selected for the exposition held in the city of Aguascalientes, between April and May 2013. He asserted to have knowledge because one time CARLOS HERMOSILLO appeared in his office to request, as instructed by CESAR DUARTE, to carry out the necessary paper work so as to deposit immediately to UNION GANADERA, the amount of $60,000 (sixty thousand pesos 00/100 Mexican currency), and since there was no documentation to justify such expenditure, solely an uncertified receipt establishing the money was being received, to be registered in the CUENTA DEUDORA. He stated that months later, the then Secretary of Rural Development, OCTAVIO LEGARRETA, requested his signature in an agreement, of previous date, aimed at justifying the expenditure of the amount cited.

He stated that the Secretary of Rural Development of the State of Chihuahua, responsible for the organization of the State Cattle Exposition, days before the San Marcos Fair (2013) was held, requested more than five hundred thousand pesos to justify various expenditures. However, for the case at hand, I assert that support was requested for $250,000.00 (two hundred and fifty pesos 00/100 Mexican currency), the UNION GANADERA REGIONAL DIVISION DEL NORTE would cover its cattle transfer expenditures for the exposition, as well as of the staff that would take care and manage it. Such request was submitted by the Secretary of Rural Development and authorized, for said purpose, by the Secretary of the Treasury. Therefore, the funds were disposed by early April 2013, this means 15 days before the even initiated. With that purpose, the Secretary of Rural Development submitted before the Secretary of the Treasury, an agreement for the tax year, for the $250,000.00 (two hundred fifty thousand pesos 00/100 Mexican currency) requested by UNION GANADERA REGIONAL DIVISION DEL NORTE, in which terms and conditions were established.



The deponent affirmed that the receipts of the UNION GANADERA had been signed by PEDRO BACA, but who pressured to dispose the funds were OCTAVIO LEGARRETA, then Secretary of Rural Development, and CARLOS HERMOSILLO, then Director of General Administration.

Upon being placed at sight the documents described herein below, he acknowledged his signature in them, and he stated to have signed them as instructed by CESAR DUARTE:

a. Agreement for economic support No. 384/2013, dated March 26, 2013, entered into by and between the Government of the State of Chihuahua –by the Secretary of the Treasury, represented by JAIME RAMON HERRERA CORRAL, with the participation of the Secretary of Rural Development, represented by OCTAVIO LEGARRETA GUERRERO, and by staff of the legal entity denominated UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, represented by PEDRO BACA GOMEZ. Therein the government committed to grant economic support to UNION GANADERA, which purpose was defraying expenditures to transport exhibition cattle to San Marcos Fair in the State of Aguascalientes, in the amount of $252,000.00 (two thousand and fifty pesos 00/100 Mexican currency).

b. Agreement for economic support 426/2013, dated March 26, 2013, among the same persons of the preceding agreement, which as purposes establishes the support to the UNION for its expenditures of cattle transportation to the San Marcos Fair, in the state of Aguascalientes, in the amount of $60,000.00 (sixty thousand pesos 00/100 Mexican currency).

In said regard, the deponent explained that although both agreements have the same date, as stated above, it was not that way, because agreement 426/2013 was drafted subsequently to justify the amount contained therein, and established that it is proven because the agreement numbers are not subsequent. He stated that regarding agreement 426/2013, the corresponding amount was withdrawn until October of that same year, this means after concluding the event for which it had been authorized.

2. In addition to the foregoing, the investigative body, in its request, attached the following essential documentation for it analysis:

a. Official letter number SDR-SA-122/2013, dated March 22, 2013, signed by OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, by means of which he requested RAMON HERRERA CORRAL, Secretary of the Treasury, an additional budgetary allocation in the amount of $564,649.70 (five hundred sixty-four thousand, six hundred and forty-nine pesos 70/100 Mexican currency), for the expenditures caused due to the participation of the Ministry in the San Marcos Fair to be held from April 19 to 12 [sic] 2013 in the city of Aguascalientes (lodging, food, transfers, etc.).



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

b. Receipt dated March 27, 2013, signed by Pedro Baca Gomez, as representative of the UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, which is attested to have received from the State Government, the mount of $250,000.00 (two hundred and fifty thousand pesos 00/100 Mexican currency), so as to defray expenditures related to the exhibition of cattle in the San Marcos Fair.

c. Document identified as "INTERFAZ SIGOS – SFI, ANTICIPO" with folio number CP-A8725/2013 dated April 1, 2013 signed by Oscar Rene Leos Rodriguez in which it is detailed: Type of advance payment: Supplier. Beneficiary: 29675- Union Ganadera Regional Division del Norte del Estado de Chihuahua. Advance payment number 48-622. Organic Unit 1480000000000- Secretary of Rural Development. Concept: Participation of the SDR in San Marcos Fair from April 19 to May 12, 2013 in Aguascalientes. Into account     0001, Advance payment to suppliers in the amount of $250,000.00 (two hundred fifty thousand pesos 00/100 Mexican Currency).

d. Check policy number 1257178 dated April 1, 2013 identified as CPA-8725/12 in which UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA appears as beneficiary in the amount of $250,000.00 (two hundred fifty thousand pesos 00/100 Mexican Currency); as well as a receipt from the banking institution BBVA Bancomer, account number     1179 received with signature of Sarahi Martinez M.

e. Statement of account issued by the banking institution BBVA Bancomer S.A. regarding account number     1179 whose holder appears as GOB EDO CHIH SECRETARIA DE HACIENDA of the period from April 1 to 30, 2013 in which it is disclosed that on April 2, 2013, there was made a charge of check number 1257178 under the concept of "RFC deposit account     2HB3", in the amount of $250,000.00 (two hundred fifty thousand pesos 00/100 Mexican Currency).

f. Two documents denominated "Request and Subsidy Receipt" dated April 15, 2013, requesting agency: Secretary of Rural Development, organic requesting unit: Department of Administrative Services and as beneficiary PEDRO BACA GOMEZ. Payment receipt in the amount of $250,000.00 (two hundred fifty thousand 00/100 Mexican Currency) and another of $60,000.00 (sixty thousand pesos 00/100 Mexican Currency) on the concept of support to cover freight expenses, personnel responsible for taking care, food, cattle shelter, travel and moving expenses, amongst others. Both documents contain the signatures of Ramon Horacio Prieto Avelar and Pedro Baca Gomez.

g. Receipt dated April 16, 2013 signed by PEDRO BACA GOMEZ, representative of UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA who stated to have received the amount of $60,000.00 (sixty



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

thousand pesos 00/100 Mexican Currency) under the concept of additional support to pay the expense multicited along this section.

**h.** Check policy number 1261771 dated April 30, 2013 identified as CPA-8909/12 in which UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA appears as beneficiary in the amount of $60,000.00 (sixty thousand pesos 00/100 Mexican Currency).

**i.** Statement of account issued by the banking institution BBVA Bancomer S.A. regarding account number         1179 whose holder appears as GOB EDO CHIH SECRETARIA DE HACIENDA of the period from October 1 to 30, 2013 in which it is disclosed that on October 21, 2013, there was made a charge of check number 1261771 under the concept of "RFC deposit account         2HB3, in the amount of $60,000.00 (sixty thousand pesos 00/100 Mexican Currency).

**j.** Official letter number SDR-J-1060/2018 dated August 16, 2018 signed by Emilio Castillejos Martinez, Chief of the Legal Department of the Secretary of Rural Development by means of which he informs the Secretary of Public Oversight that through an exhaustive research in the agency, it was obtained as a result that there is no documentation or information in which UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA proved that the economic support was used for the purpose provided in the agreement.

**k.** Official letters number DJ-440/2018 and DJ-441/2018, both dated August 17, 2018 signed by Abril Portillo de la Fuente, Legal Director of the Secretary of the Treasury, by means of which she informs the Secretary of Public Oversight that once the natural intervention areas were requested, it was concluded that there is no documentation regarding the compliance of the agreement purpose in relation to the economic supports number 384/2013 and 0426/2013 based on the official letters remitted in turn by Mario Alonso Garcia Duran, Investment Program Director; David Ramirez Delgado, Budget Director; Mario Alberto Sanchez Garcia, Programming, Payment Control and Investment Financial Follow up; and Jorge Luis Issa Calderon, Administrative and Service Coordinator, all of them of the Secretary of the Treasury.

**3.** Regarding the use of the fund, there is found the Technical Financial Accounting Report dated May 9, 2019 signed by Yoshi Karina Fong Najera, Director assigned to the Secretary of Public Oversight. Said report discloses that on April 1, 2013, a payment was made by way of check number 1257178 coming from BBVA Bancomer S.A. account number         1179 in the name of Secretary of the Treasury, Government of the State of Chihuahua in the amount of $250,000.00 (two hundred fifty thousand pesos 00/100 Mexican Currency) and that on October 18, 2013 another one was made with check number 1261771 in the amount of $60,000.00 (sixty thousand pesos 00/100 Mexican Currency). The latter into the HSBS Mexico, S.A. account         4800 on the name of UNION GANADERA REGIONAL



DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA- being CARLOS GUERRERO HERMOSILLO ARTEAGA the only authorized person to withdraw its funds from November 4, 2010 which had the following use:



From the foregoing, it is concluded that a great amount of the funds was used to pay an American Express credit card. Additionally, another amount of money not less important was allocated to the company "Bando, S.A. de C.V." which is linked to CESAR HORACIO DUARTE JAQUEZ, since during the execution of the search warrant carried out in the domicile registered on his name –located on Tecolotes and San Patricio street, without number, colonia Esmeralda, Municipality of Hidalgo de Parral, Chihuahua-, evidence was found (marked with number 11), consisting of a copy of records of a meeting, sale orders, clients list and a check book. All of the foregoing corresponding to said company. Furthermore, on the first of the documents, GILBERTO GONZELEZ DUARTE appears as partner, and according to the statements of Mauro, Bonifacio, Josefina, Luz and Margarita, all last named Carrasco Garcia, they sold the rural land lot "Santa Rita" made up by the land lots Santa Rita, El Cuervo, San Juan and Galemes to CARLOS HERMOSILLO who said to be representative or director of a SOFOM (Multiple Purpose Financial Corporation) and of the UNION GANADERA REGIONAL DIVISION DEL NORTE. However, the public instrument appeared in the name of Gilberto Gonzalez Duarte, and as we saw, according to the employees of DUARTE's rural land lots, the ranch "Santa Rita" is property of the latter.

**J. _Simulated to carry out the administrative proceeding of economic support granting under the number 995/2013 for an alleged "execution of beef cattle repopulation in the State" by way of the Secretary of the Treasury and the Secretary of Rural Development and justify the payment dated October 18, 2013_**



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

*__in the amount of $4,600,000.00 (four million six hundred thousand pesos 00/100__*
*__Mexican Currency) through check number 021937 charged to Santander Mexico__*
*__S.A. account number          9005 in the name of Secretary of the Treasury of__*
*__the Government of the State of Chihuahua with a deposit into HSBC Mexico,__*
*__S.A. account number          4800 in the name of Union Ganadera Regional__*
*__Division del Norte.__*

1.  Regarding this fact, the witness identified as 56RT65PW7 informed the
    investigative authority that the ex-governor CESAR DUARTE, amongst others,
    deviated $4,600,000.00 (four million six hundred thousand pesos 00/100 Mexican
    Currency) by simulating a program that the Secretary of Rural Development would
    implement to supposedly benefit small producers of the State and which terms
    were established through agreement signed by the Secretary of Rural
    Development, the Secretary of the Treasury and UNION GANADERA REGIONAL
    DIVISION DEL NORTE as beneficiary. They claimed that in order to carry out the
    foregoing, it was requested authorization to use a fund exercised in the state 2013
    productivity subsidy program up to an amount of $4,600,000.00 (four million six
    hundred thousand pesos 00/100 Mexican Currency) for the purchase of beef
    heifers. Since no documentation proving the delivery of funds was presented, it
    was registered in the *CUENTA DEUDORA* since 2013 and to regularize it and
    prevent to be detected by the new administration which was about to begin in
    2016, a new approval official letter was issued so that the Secretary of Rural
    Development integrated and presented in said tax year a series of documents that
    supposedly would prove the delivery of economic support to small producers of
    the aforementioned UNION GANADERA, such as unofficial receipts. However,
    these are not sufficient to prove the delivery, because it is necessary to present
    invoices of the cattle acquired, the register with full name, identification of the
    producers who received the heifers, number of cattle heads received, transport
    bill, sanitary tests, etcetera.

    The witness stated that the person who participated in this deviation, by
    instruction of CESAR DUARTE, was the then Secretary of Rural Development,
    OCTAVIO LEGARRETA because the personnel under his command was in
    charge of elaborating and processing all the necessary documentation to simulate
    the support such as official letters, receipts, records and agreements. The elater
    seeking to conceal the deviation of funds.

    Regarding the information provided, the investigative authority placed at the
    sight of the deponent the following documents:

a.  Approval Official letter number 2013-INE13-A-0528 dated September 20, 2013
    signed by JAIME RAMON HERRERA CORRAL, Secretary of the Treasury by
    means of which he informs OCTAVIO LEGARRETA GUERRERO, Secretary of
    Rural Development regarding the STATE ORDINARY INVESTMENT



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

PROGRAM 2013 that according to the applicable guidelines, the ADDITIONAL budget was approved in the amount of $4,600,000.00 (FOUR MILLION SIX HUNDRED THOUSAND PESOS 00/100 MEXICAN CURRENCY).

The deponent stated that the document contains their signature and explained that it was elaborated to withdraw the funds budgeted in what is known as INE, this is, State Ordinary Investment Program which is considered in the expenditure law. They stated that although the official letter is dated September 20, 2013, in fact it was issued until 2014. Their statement is supported by the diverse received seals form the Secretary of rural Development. The deponent added that said document is part of the irregular proceeding carried out to conceal the deviation of funds carried out by CESAR DUARTE. The program with which was intended to justify the funds –in benefit of the state producers- never took place and the alleged beneficiaries did not receive the funds, this is why there is no evidence of said delivery.

b. Approval Official letter number 2016-PESP13-A-0005 dated August 4, 2016 signed by JAIME RAMON HERRERA CORRAL, Secretary of the Treasury by means of which he informs Leonel de la Rosa, Secretary of Rural Development regarding the STATE 2013 PRODUCTIVITY SUBSIDY PROGRAM and the applicable program guidelines, state funds were approved in the amount of $4,600,000.00 (FOUR MILLION SIX HUNDRED THOUSAND PESOS 00/100 MEXICAN CURRENCY).

Regarding said document, the deponent stated that their signature appears therein by instruction of CESAR DUARTE. They explained that said document is a budgetary approval which is part of the irregular proceeding to conceal the deviation of funds made through the simulation of a program to purchase beef heifers in the State. Program which was elaborated to add or update official letter issued in 2013 in order to prove the expense or investment made in 2013 which was actually not proven and in accounting terms, it was recorded as a debtor liability for three years. In other words, the exit of money took place in previous years, and due to the high number unproven funds in the *cuenta deudora,* it was later intended to be justified. The deponent stated that in this form it was proven with the received seal from the Secretary of Rural Development on August 4, 2016.

c. Economic support agreement number 995/2013 dated October 20, 2013 signed by and between the Government of the State of Chihuahua –through the Secretary of the Treasury, represented by JAIME RAMON HERRERA CORRAL with the participation of the Secretary of Rural Development, represented by OCTAVIO LEGARRETA GUERRERO- and as the other the legal entity UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, legally represented by PEDRO BACA GOMEZ. In said



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

agreement, the Government binds itself to grant an economic support to the UNION GANADERA in the amount of $4,600,000.00 (FOUR MILLION SIX HUNDRED THOUSAND PESOS 00/100 MEXICAN CURRENCY) to be allocated in the execution of the beef cattle repopulation in the state.

The witness affirmed to know the document since it has their signature. They explained that in order to make the deviation carried out by CESAR DUARTE when he was governor appear as legal, intending to justify the delivery of the funds into account of UNION GANADERA REGIONAL DIVISION DEL NORTE which was part of its direct assets. The latter with the argument that the payment was justified with the obligation contained in said agreement and whose objective was to benefit the small producers of the State that were part of said union.

2. Diverse relevant documents are attached to the accusation, amongst which the following stand out:

a. Official letter SDR-PP-575-290/2014 dated September 27, 2013 signed by OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, by means of which he requests JAIME RAMON HERRERA CORRAL, Secretary of the Treasury, that regarding the 2013 State Ordinary Investment Program, an authorization in the amount of $9,200,000.00 (nine million two hundred thousand pesos 00/100 Mexican Currency) of which $4,600,000.00 (four million six hundred thousand pesos 00/100 Mexican Currency) corresponded to the state contribution and $4,600,000.00 (four million six hundred thousand pesos 00/100 Mexican Currency) to the beneficiaries, in kind, under the concept of "economic support" to the UNION GANADERA REGIONAL DIVISION DEL NORTE for the beef cattle repopulation.

b. Receipt dated October 17, 2013 signed by PEDRO ROBERTO BACA GOMEZ, legal representative of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA in the amount of $4,600,000.00 (four million six hundred thousand pesos 00/100 Mexican Currency) for the concept established in the agreement number 995/2013.

c. Check policy 0021937 issued by the Secretary of the Treasury and Public Works dated October 18, 2013 under number INE-05353/J where in UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA appears as beneficiary in the amount of $4,600,000.00 (four million six hundred thousand pesos 00/100 Mexican Currency) as well as check receipt from banking institution Santander of account        9005 signed as received by Diana Alejandra Renteria Ruiz.



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

d.   Account of statement of the period from October 1 to 31, 2013 of account number          900-5, from the banking institution Santander, S.A., whose holder is "GOB EDO CHIH SECRETARIA DE HACIENDA" where it is observed on October 21, 2013 a charge related to check 0021937 under the concept of "check payment other banking institutions" in the amount of $4,600,000.00 (four million six hundred thousand pesos 00/100 Mexican Currency).

e.   Additional information to approval official letter number 2016-PESP13-A-005 dated August 4, 2016 signed by RAFAEL MATA MARQUEZ, General Director of Investment Programs, work 6801525, concept: economic support to Union Ganadera Regional Division del Norte for the acquisition of 1,150 beef heifers, as part of the beef cattle repopulation in the State. The contribution of the State Government corresponds to 50% of the total cost, equivalent to $4,600,000.00 (four million six hundred thousand pesos 00/100 Mexican Currency).

f.   Payment sole request, work investment, state ordinary investment dated August 17, 2016, I.N.E.-05353-1/13, folio number 18, virtual application, in which the Secretary of Rural Development appears as processing entity and UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA as beneficiary; as well as an approval official letter 2016-PESP13-A-005 in the amount of $4,600,000.00 (four million six hundred thousand pesos 00/100 Mexican Currency).

g.   Document denominated "List of Heifer Beneficiaries 2013, municipality of Balleza, Chihuahua" without date, in which it is established a total of 93 beneficiaries individualized per name, total amount, contribution of the State Government, contribution through credit and number of heifers.

h.   Official letter number SRD-J-1043/2018 dated August 15, 2018 signed by Emilio Castillejos Martinez, Chief of the Legal Department of the Secretary of Rural Development by means of which he informs the Secretary of Public Oversight that through an exhaustive research in the agency, it was obtained as a result that there is no documentation or information in which the UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA proved that the economic support was used for the purpose provided in the agreement.

i.   Official letter number DJ-429/2018 dated August 15, 2018 signed by Abril Portillo de la Fuente, Legal Director of the Secretary of the Treasury, by means of which she informs the Secretary of Public Oversight that once the natural intervention areas were requested, it was concluded that there is no documentation regarding the compliance of the agreement purpose in relation to the economic supports number 0995/2013. Said information is based on the information remitted in turn through official letter by Mario Alonso Garcia Duran, Investment Program Director; David Ramirez Delgado, Budget Director; Mario Alberto



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

Sanchez Garcia, Programming, Payment Control and Investment Financial Follow up; and Jorge Luis Issa Calderon, Administrative and Service Coordinator, all of them of the Secretary of the Treasury of the State of Chihuahua.

3. Regarding the use of the fund related to the Economic Support Agreement number 0995/2013, there is found the Technical Financial Accounting Report dated May 9, 2019 signed by Yoshi Karina Fong Najera, Director assigned to the Secretary of Public Oversight which establishes, in its relevant part, that from account number          9005 of Banco Santander (Mexico), S.A., in the name of the Secretary of the Treasury of the Government of the State of Chihuahua, on October 18, 2013, a payment was made through check number 0021937 in the amount of $4,600,000.00 (four million six hundred thousand pesos 00/100 Mexican Currency) to account          4800 of HSBC Mexico, S.A. in the name of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA which had the following destination:



From the information presented, it is concluded that there was a money withdrawal from the state treasury in the amount of $4,600,000.00 (four million six hundred thousand pesos 00/100 Mexican Currency) that supposedly would be used



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

to support stockbreeders to acquire beef heifers, however, as stated by witness 56RT65PW7, the funds were obtained since 2013 without the documentation that proved neither its purpose nor its compliance. However, in 2016, the administration under the command of DUARTE JAQUEZ, intended to justify the foregoing with an official letter issued three years later (approval official letter number 2016-PESP13-A-005, dated August 4, 2016 signed by RAFAEL MATA MARQUEZ). Information that results believable because the statement of the witness is supported by the documents included since they are signed by the deponent, and by virtue of the position they held, it is evident that they had the possibility to access to them.

**K. _Simulated to carry out the administrative proceeding of economic support granting for an alleged "support to purchase oats, beans and corn for agriculture producers of the aforementioned union" by way of the Secretary of the Treasury and the Secretary of Rural Development and justify the exit of $5,500,000.00 (five million five hundred thousand pesos 00/100 Mexican Currency) on November 28, 2014 made through wire transfer charged to Santander Mexico S.A. account number        8637 in the name of the Secretary of the Treasury of the Government of the State of Chihuahua with a deposit into HSBC Mexico, S.A. account number        4800 in the name of Union Ganadera Regional Division del Norte._**

1. Regarding this fact, information was obtained from protected witness 56RT65PW7 who stated that by the end of November, 2014, the Administration General Division, in said time under the command of GERARDO VILLEGAS MADRILES, unlawfully requested a subsidy in the amount of $5,500,000.00 (five million five hundred thousand pesos 00/100 Mexican Currency) to the detriment of the Secretary of Rural Development budget so that it be delivered to UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, whose founding partner and chairman of the Board of Directors was CESAR HORACIO DUARTE JAQUEZ, with full control over the administration and assets , same which was the Governor of the State.

The witness stated that said subsidy was requested and fully paid with funds of the state treasury by direct instruction of CESAR DUARTE to cover his personal expenses. The witness had knowledge of the preceding because days before the payment was made, in a meeting of the then Government House –located on Zarco Avenue of this city- DUARTE told them that he needed money because it was urgent that he paid some personal expenses and he wanted to obtain the funds taking advantage of the State treasury which had certain liquidity derived from the restructuring and stock-market issue of the previous year, foreseeing that said liquidity may be more complex in 2015 due to the deficit that has been carried away from previous years. In those days, the governor instruct them to shortly attend to any payment request in the name of UNION GANADERA REGIONAL



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

DIVISION DEL NORTE as well as of FINANCIERA DE LA DIVISION DEL NORTE or any of its companies. The witness was told that GERARDO VILLEGAS was entrusted to look for the easiest mechanism to justify the budgetary entry which allow the immediate exit of the money. He ordered the deponent to help to speed up the payment of a subsidy request of UNION GANADERA REGIONAL DIVISION DEL NORTE that GERARDO VILLEGAS would process because he had urgent personal expenses to cover. Some days later, personnel of the Secretary of which was the holder, received various documents signed by GERARDO VILLEGAS, the then Administration General Director, and by ADRIAN DOZAL DOZAL, the then Head of Administrative Coordination by means of which they requested a subsidy payment for $5,500,000.00 (five million five hundred thousand pesos 00/100 Mexican Currency) in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE as a support for producers to purchase corn and other grains. ADRIAN DOZAL told the then Chief of the Payment Programming and Control Department that it was urgent to pay the subsidy on the same day, but the problem was that to justify the latter they only presented a receipt signed by the representative of the aforementioned UNION GANADERA and furthermore, the Administration General Division needed that the subsidy was charged to the budget of the Secretary of Rural Development without existing at least a written authorization from said Secretary to justify the detriment. Due to this, the deponent instructed to make the payment because it was authorized by the governor CESAR HORACIO DUARTE JAQUEZ, and they added that CARLOS GERARDO HERMOSILLO ARTEAGA put pressure on them so that the fund was released immediately.

2.  Ministerial statement of Oscar Rene Leos Rodriguez dated August 22, 2018, who said to be employee of the Secretary of the Treasury of the Government of the State of Chihuahua from October 2005 to date. Since 2011 he was Administrative Supervisor of the Payment Control Area (until 2015 it was named Payment Programming and Control Department). He also stated that by the end of 2014, it was attended a subsidy payment request process for more than five million pesos for Union Ganadera Regional Division del Norte as a support for the purchase of grains such as corn and beans. Said payment was authorized although it was an irregular proceeding (there was no documentation supporting the payment issuance, the payment request was made by the Administrative and Service Coordination of the Secretary of the Treasury and not by the Secretary of Rural Development) which his direct boss, MIGUEL ANGEL MEZQUITIC AGUIRRE, instructed him to process and validate the payment requests of the subsidy for the UNION GANADERA because it was a matter authorized by GERARDO VILLEGAS MADRILES, Administration General Director of the Secretary of the Treasury.



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

3.  It was obtained the statement of Sandra Luz Esparza Dominguez dated August 21, 2018 who coincided with the statement rendered by the preceding witness. In its relevant part, she stated that she worked in the Government of the State of Chihuahua from 1985 to 2016 as administrative and personal assistant specialized in the payment control area of the Secretary of the Treasury, due to said duties, by the end of 2014 she drafted two or three PC (Payment Control) documents of subsidy payment request for the acquisition of corn and other grains for producers of the UNION GANADERA REGIONAL DIVISION DEL NORTE for a total amount of $5,500,000.00 (five million five hundred thousand pesos 00/100 Mexican Currency). Upon checking the requests she realized that the only documents attached were the detail of the payment receipt, the budgetary allocation, as well as an unofficial receipt and the subsidy request of the Union Ganadera, both signed by their representatives. According to her experience, said documents are not sufficient to prove the exit of the subsidy funds because they are important amounts of money that must have been supported by a contact and a list of beneficiaries. Even though it was an irregular proceeding, she drafted the PC by instruction of her supervisor, Oscar Leos, additionally there was the authorization of the accounting area and the other areas involved. Furthermore, during her ministerial statement, she had at sight the following documents: a. Document with the legend "INTERFAZ SIGOS-SFI" dated November 28, 2014 folio number CP-S-27151/2014, payment receipt detail number: 32-3153, concept "Support to Acquire Oat for Agriculture Producers of Union Ganadera Regional General Division", total amount to be paid: $1,500,000.00 (one million five hundred thousand pesos 00/100 Mexican Currency). b. Document with the legend "INTERFAZ SIGOS-SFI" dated November 28, 2014 folio number CP-S-27152/2014, payment receipt detail number: 32-3152, concept "Support to Acquire Bean for Agriculture Producers of Union Ganadera Regional General Division", total amount to be paid: $1,500,000.00 (one million five hundred thousand pesos 00/100 Mexican Currency). c. a third document with the legend "INTERFAZ SIGOS-SFI" dated November 28, 2014 folio number CP-S-27153/2014, payment receipt detail number: 32-3154, concept "Support to Acquire Corn for Agriculture Producers of Union Ganadera Regional General Division", total amount to be paid: $2,500,000.00 (two million five hundred thousand pesos 00/100 Mexican Currency). She recognized each of the documents as those which derived from the irregular proceeding she referred to in her statement. Likewise, she stated to have drafted them by instruction of her superior.

4.  Ministerial statement of Lydia Isela Menchaca Baca, dated October 5, 2018 who substantially stated the following: that she has been working for 13 years in the Resident Coordination Department of the Secretary of Rural Development of the State of Chihuahua, within her duties is to aid the social support programs to be

EX - DUARTE JAQUEZ - 000184



FISCALÍA GENERAL
DE LA REPÚBLICA

delivered in field which are implemented by the Secretary of Rural Development. She is the link between the Resident Coordination and the workmates "Field Residents" distributed in diverse Municipalities of the States. Amongst the "Field Residents'" duties it is to visit the places to verify that the works are carried out and the state produce support programs are executed. She stated diverse support programs or subsidies for field producers, such as the SUBSIDIZED SEEDS PROGRAM (INE State Ordinary Investment). She explained that it was an in kind support granted by the Government of the State by way of the Secretary of Rural Development and consisted on giving seeds to the agriculture or cattle producers so that they fed their cattle or sowed them. The seeds were delivered in kind and they may be sorghum, oat, bean, yellow, white, hybrid and/or creole corn, and occasionally cracked or rolled corn. The latter was requested to the Secretary of Rural Development and considering the demand of the producer and the availability of the funds of the Secretary of the Treasury, the delivery of the seed was programed on a specific date, time and place (which generally was on a warehouse of the Government House). The programed delivery was notified to the regional producers by way of the Government House, the *Ejido* Supervisor or through the Local broadcaster. The delivery was made to the producers found in the place and who presented the following requisites: copy of voter's card in force, CURP, certificate of land holding, property deed of land lot or lease contract. A form named "NOMINA" was filled in containing the headings of municipality and local origin of the producer, name of beneficiary producer, kilograms and type of seed delivered, as well as the amount of its equivalent in money and the producer's signature. Said "NOMINA" was also called LIST OF BENEFICIARY PRODUCERS or BENEFICIARY LIST. During the time she has worked in said office, she has no knowledge that seeds were delivered to producers by the Government of the State without following the proceeding stated; furthermore, it was never recorded a "NOMINA", LIST OF BENEFICIARY PRODUCERS or BENEFICIARY ROSTER regarding a subsidy or economic support of seeds for $5,500,000.00 (five million five hundred thousand pesos 00/100 Mexican Currency) requested in 2014 by UNION GANADERA REGIONAL DIVISION DEL NORTE. Should the latter had happened, she would have known because she was the one who prepared the document, due to which she had knowledge of all seed subsidies delivered by the Government of the State because the verification of the subsidy delivery is made through the Resident Coordination.

5.   In order to support the complaint, the complainants presented as attachments a series of documents that were provided in turn by the legal divisions of the Secretary of the Treasury and the Secretary of Rural Development which are summarized hereinbelow:

a. Official letters number UGRDN11/2014, UGRDN12/2014 and UGRDN13/2014, all of them dated November 20, 2014 signed by PEDRO

EX - DUARTE JAQUEZ - 000185

ROBERTO BACA GOMEZ, Chairman of the Board of Directors and Representative of UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA by means of which he requests from Leonel Carrera, Secretary of Rural Development to obtain respectively $1,500,000.00 (one million five hundred thousand pesos 00/100 Mexican Currency) as a subsidy to acquire bean, $2,500,000.00 (two million five hundred thousand pesos 00/100 Mexican Currency) as a subsidy to acquire corn, and $1,500,000.00 (one million five hundred thousand pesos 00/100 Mexican Currency) to acquire oat.

b. Official letters number DP-2350/2014, DP-2348/2014, DP-2349/2014 dated November 26, 2014 signed by JAIME RAMON HERRERA CORRAL, Secretary of the Treasury, by means of which he informs OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development, that the subsidy to acquire bean, corn and oat had been authorized within a specific entry of the Secretary of Rural Development.

c. Official letters number CP-32-3152/27/11/2014, 32-3079/2014, CP-32-3154/27/11/2014, 32-3081/2014, 32-3153/27/11/2014 and 32-3080/2014 of the "Government of the State", all of them dated November 27, 2014 in which the amounts and the purpose for granting the subsidies (support for agriculture producers of the Union Ganadera Regional General to acquire bean, corn and oat) are reiterated.

d. Three unofficial receipts signed by PEDRO ROBERTO BACA GOMEZ, representative of the UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO, all of them dated November 27, 2014 in which he states to have received from the Government of the State the amount of $1,500,000.00 (one million five hundred thousand pesos 00/100 Mexican Currency), $2,500,000.00 (two million five hundred thousand pesos 00/100 Mexican Currency) and $1,500,000.00 (one million five hundred thousand pesos 00/100 Mexican Currency). The latter receipts corresponding to the subsidies to acquire bean, corn and oat, respectively. This as economic support for the producers associated to the Union Ganadera Regional Division del Norte del Estado de Chihuahua.

e. Wire transfer number 07778280 dated November 28, 2014 indicating           363-7 as origin account and                    3006 as destination account; UNION GANADERA REGIONAL DIVISION DEL NORTE as beneficiary, under the concept of "support to acquire oat" for an amount of $5,500,000.00 (five million five hundred thousand pesos 00/100 Mexican Currency).

**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

f. Document denominated "INTERAZ SIGOS –SFI" with folio numbers CP-S-27151/2014, CP-S-27152/2014, CP-S-27153/2014, all of them dated November 28, 2014 in which it is specified concepts and amounts of the subsidies referred in the previous paragraphs as support for agriculture producers of the Union Ganadera.

g. Account of statement for the period of November 1 to 30, 2014 of account 363-7 of the banking institution Santander, S.A. and whose holder is "GOB EDO CHIH SECRETARIA DE HACIENDA CAST". In this document it can be seen that on November 28, 2014, a payment was made under the concept of SPEI/TEF wire transfer "to acquire Oat" in the amount of $5,500,000.00 (five million five hundred thousand pesos 00/100 Mexican Currency).

h. Official letter number SDR-J-1058/2018 dated August 16, 2018 signed by Emilio Castillejos Martinez, Chief of Legal Department of the Secretary of Rural Development by means of which he informs the Ministry of the Oversight that there is no approval or budgetary allocation or any legal instrument that regulates the economic support granted. Therefore, it is concluded that there is no documentation and information with which Union Ganadera Regional Division Del Norte del Estado de Chihuahua proves the economic support used for the purpose provided in the document SIGOS-SFI.

The deviation of funds is supported with the Technical Financial Accounting Report dated May 9, 2019 signed by Yoshi Karina Fong Najera, Director assigned to the Secretary of Public Oversight in which it is indicated that from account number 8637 of Banco Santander (Mexico), S.A., in the name of the Secretary of the Treasury of the Government of the State of Chihuahua, it was made a payment on November 28, 2014 through wire transfer in the amount of $5,500,000.00 (five million five hundred thousand pesos 00/100 Mexican Currency) into the account number 4800 of HSBC Mexico, S.A. in the name of the UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA –being CARLOS GERARDO HERMOSILLO ARTEAGA the only authorized to withdraw said funds, from November 4, 2010 to February 20, 2015- which had the following destination:





FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

The path of the fund is clear, the UNION GANADERA transferred it complete to FINANCIERA DE LA DIVISION DEL NORTE, this in turn transfer it to the personal account of CESAR HORACIO DUARTE JAQUEZ who use it in its majority to pay taxes, and not to fulfill the program which would provide support to agriculture producers to purchase oat, bean and corn. Subsidy that, according to Oscar Rene Leos Rodriguez and Sandra Luz Esparza Dominguez who coincided when stated, had a series of irregularities from which it is disclosed that it was only simulated to achieve the granting of the funds, since they realized about it due to the positions they held in such moment and because they elaborated documents related to this fact by instruction of their superiors. Additionally, the second mentioned had broad experience in the process given to this type of subsidies and detailed the irregularities she observed. Said information is corroborated by Lydia Isela Menchaca Baca who said to have participated for 13 years in the field support programs and who broadly detailed which was the proceeding to follow to deliver subsidies. She stated that there are always records later and previous to the delivery, the beneficiaries are requested a series of documents that are also kept to prove the delivery, however, as it was disclosed from official letter SDR:J-1058/2018, there is no information of the appropriate regulation of the program, which is supported by the statement of Menchaca Baca regarding the fact that the subsidy for $5,000,000.00 (five million pesos 00/100 Mexican Currency) was never delivered; knowing the foregoing due to her duties.

Consequently, from the information presented, there is sufficient evidence of the public funds deviation that ended up in the personal account of the ex-governor DUARTE JAQUEZ, who taking advantage of the position he held, instructed both, the simulation of the program as well as its approval. The latter by way of irregular proceedings, and finally he deviated the funds withdrawn, funds that overpass the amount of money provided for in article 270 of the Criminal Code of the State, therefore, said legal predicate is materialized.

## IV.    REGARDING THE CRIME OF EMBEZZLEMENT, AGGRAVATED.

Regarding the elements contained in the criminal definition of embezzlement provided for by article 270 (I) of the Criminal Code, it is important to state that the crime of embezzlement is committed by whoever "uses or deviates from their purpose: money; securities; real properties or any other objects if they received them due to their position".

The Dictionary of the Royal Spanish Academy stablishes in relation to the expression "use" the following definitions[T.N.]: a. Place, put something in order and

---

[T.N.] The translation of these terms was made pursuant to the original definition provided by the Royal Spanish Academy and may not coincide with the definition in English for the same terms and the purposes hereof.



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

convenient situation; b. Deliberate, determine, instruct what must be done; c. Prepare (prevent); d. <u>Draw on someone or something, possess it or utilize it as owned</u>, and e. Exercise ownership powers on something, sale or encumber it instead of abiding by possessing and enjoyment of it. And regarding the second term "deviate": a. Divert (<u>set aside, distract, distance</u>); b. Divert (entertain), c. Distract the attention of someone from its purpose applied or that must apply; d. Distract someone from a virtuous and honest life and e. Embezzle[4] funds, defraud.

In such conditions, the undersigned considers that the typical expression deviate, without violating the principle of strict legality that rules the criminal matters, considers both misappropriation[5] as well as unlawful use of public funds. In this regard, it is important to add that it was worth mentioning that the criminal definition in question does not compete with the principle of strict legality provided that when the charges are formulated, the factual circumstances attributed to the perpetrator are specifically established; this is: if the conduct was of misappropriation and, consequently, unlawful enrichment or if the action implied to unlawfully make use of public funds (such as to use funds allocated to house construction in the construction of a dam) without unlawful enrichment.

There are two sources, one of binding legal precedent nature which leads to understand conclusively, that the expression of deviate, in criminal law, implies unlawful misappropriation.

The First Room of the Supreme Court of Justice of the Nation, in binding legal precedent 27/99[6] analyzed the crime of embezzlement contained in article 223 (I) of the Federal Criminal Code, provision according to which said crime is committed by "all public official that due to their position receives in administration, deposit or for any other reason, money, assets, properties or any other thing belonging to the State, a decentralized body or a particular and deviates them for their personal use or of a third party." it concluded that "it has similarity with breach of trust, since the previous possession of the object in this crime makes possible the unlawful use of the same, in this manner, the perpetrator of both crimes carries out the action of deviating from their purpose, the assets under their custody, administration or under their autonomous use power or authority due to other reason similar to the aforementioned. Consequently, it can be stated that in both embezzlement and breach of trust, the perpetrator has the possession of the assets, not in the sense of civil law, but in the immediate relation with them. Possession in embezzlement consists not only on the autonomous capacity of material use of the object but also on the legal power of the same although the material possession of it does not exist."

---

[5] As it was highlighted, de definition number 5 of *divert*, implies embezzle, and this expression is considered by the Royal Spanish Academy as misappropriation or allocation of public treasury to another use different from that of its purpose
[6] Found in the Weekly Judicial Bulletin of the Federation and its Gazette under registry number 194043



It may be noted that the First Room emphasizes that the deviation, in the context of embezzlement, implies unlawful misappropriation, since misappropriation is the essential verb of the crime of breach of trust.

Jimenez Huerta, in his work Mexican Criminal Law, Volume XX, Sixth Edition, thinks that "*Deviates, in its criminal definition, means all as misappropriation. It can be said that the Code regarding this crime has used a euphemism instead of a categorical term. However, its criminal definition does not accept misunderstandings since it implies fund misappropriation*".

Having done the previous specifications, and analyzed the investigation background, it is possible to consider the legal definition of article 270 of the Criminal Code is materialized, this is, "whoever in their capacity as public official, deviates money for an amount exceeding five hundred times the minimum wage, and whoever has received it due to their position", of which, as mentioned in the first part of his decision, it is necessary to prove:

**a.**     The capacity of public official of the perpetrator;

**b.**     An action of deviating from its purpose, the money that has been received due to their position, and

**c.**     That the money deviated exceeds the amount equivalent to five hundred times the minimum wage.

Now then, regarding the first of the elements, the analysis of each of the eleven administrative proceedings made in the preceding section, allows to conclude that during all the time in which they materialized, the appointment of the state executive was exercised by CESAR HORACIO DUARTE JAQUEZ. Public and obvious fact that is also supported by decree 1136-2010 XI P.E. by means of which he was declared elected for the period from October 4, 2010 to October 3, 2016, published on the Official Gazette of the State on Wednesday, August 11, 2010. Period during which the deviation of funds took place making up the crime of embezzlement due to which the prosecution authority has presented the request that resulted in this decision.

In relation to the second element to analyze, it was stated that said proceedings –as stated by diverse witnesses, amongst which stand out: KA5P23/2019, 5M4GYUH14A/2016, 56RT65PW7, NI37SC94WQ/2019, Lydia Isela Menchaca Baca, Sergio Emigdio Prieto Gamboa, Sandra Luz Esparza Dominguez- were no more than simulations in order to justify the exit of important amounts of money from the public treasury, since it was pretended that they would be used to provide support, mainly to field producers –stockbreeders and farmers- pertaining to the UNION GANADERA DE LA DIVISION DEL NORTE and/or UNION GANADERA REGIONAL DE CHIHUAHUA- which was represented from October 2005 to October 2010 by DUARTE JAQUEZ and



FGR

FISCALÍA GENERAL
DE LA REPÚBLICA

later by CARLOS HERMOSILLO, main collaborator of the ex-governor –however, the latter was not executed, but the funds were withdrawn.

As it was noted, in some proceedings, documents were attached trying to justify the approval of support programs, however, the deponents that had technical knowledge, coincided to state that said documents were not sufficient to obtain the authorization, so it occurred due to the direct or indirect instruction of DUARTE JAQUEZ, instructions which were not questioned due to his position.

Now then, regarding the destination of funds, the investigation background allows to validly conclude that the amount withdrawn was used to pay personal expenses of CESAR DUARTE JAQUEZ and persons close to him, especially through deposits into the accounts of UNION GANADERA DE LA DIVISION DEL NORTE and/or UNION GANADERA REGIONAL DE CHIHUAHUA, of FINANCIERA DE LA DIVISION DEL NORTE, S.A. DE C.V. SOFOM E.N.R. that were later allocated in the trust that he shared with his wife BERTHA GOMEZ FONG, in the legal entity Akala under the instruction of CARLOS HERMOSILLO amongst others, which were detailed in the Technical Financial Accounting Report dated May 9, 2019 signed by Yoshi Karina Fong Najera, Director assigned to the Secretary of Public Oversight, and which were specified upon analyzing each program. Information which neither is singular nor isolated because it is supported by the statements of account –some requested by the Government of the State regarding the payments made by the Secretary of the Treasury on the date of the facts in question, others obtained in the execution of diverse search warrants, some directly requested by the Ministry of Finance derived from an audit carried to the UNION GANADERA DE LA DIVISION DEL NORTE (being Guadalupe Siqueiros Tarango the Chairman of the Board of Directors)-. With these statements of account it is evidenced that the funds obtained were deviated and used for the personal benefit of the then head of the state executive branch. The foregoing is linked with the statements rendered by Agustin Jaime Ramirez Lico, Maximiliano Marquez Rivera, Salomon Rodriguez Villanueva, Manuel Castillo Arzate, Pablo Rodriguez Flores, Enrique Alvarado Moreno, Manuel Ramirez Vazquez, Juventino Peña Armendariz, Mario Fierro Tarango, Fernando Tarango Mendoza, Jose Heriberto Aguilar Murga and David Olivas Aguilar, all of them members of the UNION GANADERA REGIONAL DIVISION DEL NORTE. The latter persons coincided to state that even though they were promised to obtain benefits if they joined said union, said situation was never concreted.

Likewise, it stands out the statement of the deponent Menchaca Baca, who denied the support delivery to farmers and stockbreeders, according to the diverse official letters signed by Emilio Castillejos Martinez, Chief of the Legal Department of the Secretary of Rural Development and Abril Portillo de la Fuente, Legal Director of the Secretary of the Treasury regarding the lack of documents proving the fulfillment of the programs, subsidies, and agreements of the proceedings analyzed.



Finally, of the eleven programs analyzed, it is disclosed an affectation to the public treasury of $96,685,253.80 (ninety six million six hundred eighty five thousand two hundred fifty three pesos 80/100 Mexican Currency). Amount that overpasses the five hundred times the minimum wage. Thus, it is materialized the aggravating circumstance described in the last paragraph of article 270 of the Criminal Code of the State. In such way that the evidence analyzed freely and logically as provided by article 20, section A (II) of the Political Constitution of the United Mexican States and related articles 259 and 359 of the National Code of Criminal Procedure, allow to consider as true the fact that Law establishes as the crime of EMBEZZLEMENT, AGGRAVATED.

### V. REGARDING THE CRIME OF CONSPIRACY, AGGRAVATED.

Finally, the investigation background weight carried out by this court is effective to prove, with the standard of evidence provided for in article 16 of the General Constitution of the Republic and article 141 of the National Code of Criminal Procedure –which also served as a base for the preceding conclusion-, the criminal conduct of CONSPIRACY.

Said conclusion is obtained from interrelating freely and logically (on the terms of article 265 of the National Code of Criminal Procedure) multiple evidentiary means that have been proven and which are presented hereinbelow:

1.  That CESAR HORACIO DUARTE JAQUEZ incorporated, as majority shareholder: **a.** Union Ganadera Regional General Division del Norte, before Notary Public number 18, of the municipality of Morelos in December 2005, and, **b.** Financiera Division del Norte, Sociedad Anonima de Capital Variable, SOFOM, E.N.R. before Notary Public number 5, of the municipality of Hidalgo del Parral in November 2007.

2.  That the witness KA5P23/2019 stated: **a.** That they held the position of Secretary of Finance and Administration of the Government of the State during the first two years of CESAR HORACIO DUARTE JAQUEZ's administration. **b.** That the then Governor, when beginning his administration, told them that the proceedings that eventually were requested by OCTAVIO LEGARRETA GUERRERO, Secretary of Rural Development must be processed immediately. **c.** That CESAR DUARTE processed that the budget assigned to the field increased one thousand one hundred sixty million pesos in 2011 (during the first year of government). **d.** That due to the duties they performed, they realized about irregular payments made to the Union Ganadera General Division del Norte represented by Carlos Hermosillo. And **e.** That in diverse occasions, CARLOS HERMOSILLO, who was also Director of the State Trust for the Development of Productive Activities in the State of Chihuahua and OCTAVIO LEGARRETA GUERRERO, Secretary of Rural



Development, presented them various projects whose funds were allocated in the UNION GANADERA DIVISION DEL NORTE.

3.  That witness 56RT65PW7 stated that: **a.** They were Secretary of the Treasury of the Government of the State from October 9, 2012 to October 4, 2016. **b.** CESAR HORACIO DUARTE JAQUEZ organized a structure to repeatedly perpetrate deviations of funds. Said structure was made up by three levels: the first, integrated by the heads of the State Secretaries and their equivalents; the second, by general directors, directors, chiefs of department, who followed the instructions of carrying out the deviation of public funds; and the third, made up by employees of former administrations and whose purpose is to preserve the technical and bureaucratic operation for attending the society. And. **c.** That there are various forms to deviate funds, being one of them the granting of subsidies, economic supports, loans to the legal entities over which DUARTE JAQUEZ had control, such as Union Ganadera Regional General Division del Norte del Estado de Chihuahua and Financiera Division del Norte, Sociedad Anonima de Capital Variable, SOFOM, E.N.R.

4.  That the deponent 5M4GYUH19A/2019 stated: that from 2010 to March 2014, they held the position of General Director of Public Investment Programs of the Secretary of the Treasury. During said time, it became common that the budget of the Secretary of Rural Development was allocated through fictitious economic 0supports or subsidies to the UNION GANADERA REGIONAL DIVISION DEL NORTE and FINANCIERA DIVISION DEL NORTE, SOFOM, whose main partner was CESAR HORACIO DUARTE JAQUEZ. That the funds withdrawn to be injected to said legal entities were registered in the *cuenta deudora* because this account was usually used for emergencies, in this manner, in order to withdraw the funds, it was only necessary, initially, a request and a receipt from the beneficiary. And,

5.  As it has been highlighted: **a.** from 2011 to 2014, eleven deviations criminally defined as embezzlement were perpetrated. **b.** The public fund subject of these criminal deviations was injected to the legal entities controlled by CESAR HORACIO DUARTE JAQUEZ in his capacity as majority shareholder, this is: UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE AND FINANCIERA DIVISION DEL NORTE, SOCIEDAD ANONIMA DE CAPITAL VARIABLE, SOFOM, E.N.R. And, **c.** In the processing of the deviations, more than three perpetrators participated that, due to the number of events (eleven) and because so it was expressly and unequivocally stated by the witnesses identified with the codes KA5P23/2019 and 56RT65PW7, they constituted in a criminal group that due to the time indicated, permanently engaged in unlawfully deviate amounts of public funds, specially: CESAR HORACIO DUARTE JAQUEZ, CARLOS GERARDO HERMOSILLO ARTEAGA, witnesses, the first

**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

Secretary of Finance and Administration and the second, Secretary of the Treasury, respectively, as well as OCTAVIO LEGARRETA, Secretary of Rural Development.

**VI.** In another line of thought, this judge considers relevant to state some **issues regarding the witness identity protection** requested by the Office of the State General Prosecutor:

**A.** Pursuant to article 367 of the Code of Criminal Procedure (applicable, for the same reason, to the investigation stage), the jurisdictional body, in a reasonable time, may order the special measures aimed at protecting the physical and psychological integrity of the witness and of their relatives, which may be renewed as many times as necessary, without affecting the applicable law.

**B.** In this case, based on the risk evaluation reports rendered by the Office of the State General Prosecutor (Reliable since they were rendered by public officials in the exercise of their powers, which leads to understand that they are persons with no interest in the matter and who are technically prepared to issue the conclusions they obtained), it was determine to safeguard the identity of the witnesses instructed for the witnesses identified with the following codes: 56RT65PW7, KA5P23/2019, 5M4GYUH19/2019, FE54HD7SHJW/2019, 67HD6JA9K2S/2018, NI37SC94WQ/2019, PYRTEJ/2018 and N52S1-6FDX37M/2017.

Regarding the foregoing, it is important to state:

**1.** That the resolution of identity protection is exclusively translated into the prohibition to disclose, in hearings and public documents, the personal information of the witnesses whose identity has been reserved. In such manner that this resolution does not absolutely constitute any restriction to the right to defense of Cesar Horacio Duarte Jaquez, who, as the same Prosecutor documented in its arrest warrant request, may access to the sealed envelope delivered by the investigative authority of this Court and which contains the identification information of the aforementioned witnesses.

**2.** That the weight of the evidentiary means that has been carried out, disclosed that the perpetrators of the criminal conducts subject of this resolution, made up a government corruption network which operated, in what is relevant, from 2011 to 2014. And that the unlawful enrichment obtained amounts to approximately one hundred million pesos. Situation which reveals a considerable economic capacity, sufficient to conclude that the identity precautionary measure is logical. Because it is important to emphasize, it is not illogical to think that whoever that formed part of a sophisticated corruption network (since their most important perpetrators were mostly members of the government) and has an economic support, will try to unlawfully coerce the witnesses that states against them. It is important to



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

remember that, as incentive of unlawful coercion, in addition to this process and the corporal punishment eventually applicable, there are nineteen more arrest warrants against CESAR HORACIO DUARTE JAQUEZ, as it is noted in the technical report drafted by Juan Carlos Valdes Lujan, Gabriela Flores Burrola and Jose Luis Lujan Carrera. This is reliable investigation background because it was rendered by public officials in the exercise of their duties. The foregoing, without information disclosing the opposite, suggests that they are persons who do not have interest in the matter and therefore, they acted with veracity regarding the information they provided.

To sum up, the scope of the identity protection (which only implies the obligation to not disclose personal information of the witnesses in hearings and public documents) this because the Office of the State General Prosecutor did not request to reserve the investigation, that the information provided regarding the witnesses in relation to revealing who they are, and that it expressly stated in its protection request that the identity protection does not constitute any restriction to the defense right of CESAR HORACIO DUARTE JAQUEZ, who eventually, in case of any doubt, may have access to the sealed envelope containing the name of the persons who stated against him and which was delivered to this jurisdictional body with the arrest warrant request referred to in this decision, and which shall not transcend to third parties in order to prevent them of any risk or danger.

**FOURTH.** Regarding the third of the requirements detailed in the first whereas, consisting on the proportionality of the arrest warrant regarding the penalty which, without prejudging, may be imposed, it turns out that the crime of EMBEZZLEMENT, AGGRAVATED, even considering it regarding only one fact, necessarily needs imprisonment penalty of four to twelve years according to article 270 of the Criminal Code of the State, and the crime of CONSPIRACY, AGGRAVATED from nine months to nine years of imprisonment penalty, pursuant to article 248 of the same code; which arithmetical calculation makes from eight years to four years ten months fifteen days, respectively.

The foregoing, also implies that the facts are not prescribed, especially considering that article 111 (I) of the code referred to in the preceding paragraph, states that "*the right to punish regarding the crimes being prosecuted ex officio shall run out [...] in a term equal to the mathematical average of the imprisonment penalty, including the modalities of the crime committed, but in no case shall it be less than three years. This rule shall apply if the imprisonment penalty is stipulated jointly or alternately with another penalty*". Furthermore, article 107 of the same law sets forth that "*The statute of limitations terms shall be doubled for those persons out of the State's territory, if due to this fact it is not possible to conclude the investigation, the proceeding or to impose a penalty*".



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

The doubling of terms corresponds to the international obligations contracted by the Mexican state and the system of United Nations, specifically after having adopted the United Nations Convention against Corruption which in its article 29 states "*Each State Party shall, where appropriate, establish under its domestic law a long statute of limitations period in which to commence proceedings for any offence established in accordance with this Convention and establish a longer statute of limitations period or provide for the suspension of the statute of limitations where the alleged offender has evaded the administration of justice*". Norm that without doubt is applicable since article 17 of the same Convention sets forth the obligation of the State Party to classify, amongst other the crime of "*embezzlement, misappropriation or other diversion by a public official*", that, according to the same text, it is materialized when committed "*embezzlement, misappropriation or other diversion by a public official for his or her benefit or for the benefit of another person or entity, of any property, public or private funds or securities or any other thing of value entrusted to the public official by virtue of his or her position.*"

Then, if we consider that the first conduct occurred on June 17, 2011 and the last on November 28, 2014, taking into consideration the doubling of terms, even if we consider each of the conducts in an isolated manner, which shall be the most beneficial panorama for the person accused, without considering it materializes, the term for the statute of limitations to run for the crime of EMBEZZLEMENT; AGGRAVATED would have a term on the last minute on June 16, 2027 and on the last minute on November 27, 2030. And regarding CONSPIRACY, AGGRAVATED, since it is of permanent nature according to the provisions of article 17 (II), the term shall be calculated from the last commission of the conduct, this is November 28, 2014, therefore, the term for the statute of limitations to run is on the last minute of August 27, 2024.

The foregoing is claimed based on the fact that CESAR HORACIO DUARTE JAQUEZ, has RED NOTICE issued on March 31, 2017 by the INTERPOL, in order to locate and detain him out of the country[7], and that in the file 284/2016 of this same court of control, he was summoned to appear on December 12 and 14 of 2016, however, he did not obey the judicial order and limited himself to remit private documents because he was in Houston, Texas for medical attention. Furthermore, on June 23, 2017, EDUARDO JAVIER SAENZ TORRES was summoned by the District Court Judge specialized in criminal procedures to execute the initial hearing proceedings, but he did not appear and consequently, an arrest warrant was issued for him. Therefore, it is obvious that he has evaded the administration and law enforcement by staying in another country

---

[7] Available at www.interpol.int/es/Internet



**FGR**

FISCALÍA GENERAL
DE LA REPÚBLICA

**FIFTH.** Regarding the fourth requirement stated in the first whereas, this is, the probable responsibility of CESAR HORACIO DUARTE JAQUEZ in the commission of the facts that the Law defines as crimes, it stands out the following:

## I.   REGARDING THE CRIME OF CONSPIRACY, AGGRAVATED.

There is found the accusation made against him by 56RTP65PW7, since they made clear that he knew the, manner in which he took advantage of the agriculture industry to propel his political career. For the latter purpose, in 2005 he incorporated UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA which was always controlled by him since he was founder partner, chairman of the Board of Directors and he operated the latter by way of his protected CARLOS GERARDO HERMOSILLO. They also stated in relation to FINANCIERA DIVISION DEL NORTE, SOCIEDAD ANONIMA DE CAPITAL VARIABLE, SOFOM, E.N.R. by stating that they advised him in its creation and functioning with the deliberate purpose of obtaining funds. This is, they made clear that he, as HERMOSILLO Arteaga and DUARTE JAQUEZ, even before starting the administration of the last mentioned, they already had two legal entities operated by the three of them that materially had purposes different from those which they apparently had.

Furthermore, 56RT65PW7 stated that DUARTE made use of the referred legal entities and of the enlargement of his criminal group to obtain public funds because he incorporated heads of Secretaries and equivalents, as well as Directors and Chiefs of Department who used as instrument employees who knew the operation of diverse government areas and which in its majority came from previous administrations. Said structure was corroborated by deponent N52S1-6FDX37M/2017 who stated that they are certain since they were a public official of first level in the government of DUARTE JAQUEZ. Said witness even detailed that the organization was made up by high level public officials –Secretaries of State-, amongst them Javier Garfio Pacheco, Pedro Hernandez Flores, Marcelo Gonzalez Tachiquin, who in turn were supported by General Directors or Chiefs of Department –strategically placed by DUARTE JAQUEZ- and they, in turn, instructed their subordinated who due to their career in the post, knew the proceeding and gave "formality" to the unlawful acts which were instructed to them. They reiterated that their main collaborator was Carlos Hermosillo Arteaga. They were clear to explain that at the beginning of 2013, the state executive, by way of an austerity agreement –Published on the Official Gazette of the State number 2 on January 5, 2013- ordered to centralize in the General Administration Division all the acquisition, bidding, procurement and purchase proceedings, etc. which was extended to decentralized agencies. Said practice continued until 2016. With the latter he obtained total control and domain of centralized, decentralized and state owned public administration through heads of the General Administration Division, this is, first through Carlos Hermosillo Arteaga and then Gerardo Villegas

EX - DUARTE JAQUEZ - 000197



Madriles. The latter allowed him to obtain public funds derived from: real services overpriced, unreal service rendering or nonexistent products which generated direct funds and c) in some cases, through irregular procedures they directly allocated for themselves public works or service payments. The witness added that they also created shell companies.

As it can be noted, the former deponents knew the structure from the inside, but additionally, there were obtained the statements of two persons who, upon having carried out duties of the Secretary of Finance, the first for having held said position and the second for having receives a delegation official letter, this is KA5P23/2019 and 5M4GYUH19A/2019, respectively. These persons realized that by instruction of CESAR HORACIO DUARTE JAQUEZ, the Secretary of Rural Development, OCTAVIO LEGARRETA, sent unfeasible programs because they did not comply with the normativity and proceedings which were approved due to the pressure exercised by CARLOS HERMOSILLO. The latter confirms that the members of the original structure, previous to the 2010-2016 administration, joined them, amongst them heads of secretaries, in this case OCTAVIO LEGARRETA.

All the preceding coincides with the statements rendered by other public officials of the Secretary of the Treasury, specifically FE54HD7SHJW/2019, Chief of the Payment Programming and Control Department, Luis Jesus Ruiz Palma and 67HD6JA9K2S/2018, both Expenditure Directors in diverse moments of the six-year term; Guillermina Hernandez Vazquez, head of the Connection and Monitoring Coordination of federal funds, and Joaquin Francisco Hernandez Vega, treasurer; this is, during DUARTE JAQUEZ's administration, CARLOS GERARDO HERMOSILLO ARTEAGA, in his capacity as intermediary of the former, instructed gave orders in said secretary, even during the time in which he did not work in it, and put pressure so that the funds of fictitious programs in favor of the UNION GANADERA REGIONAL DIVISION DEL NORTE and SOCIEDAD FINANCIERA DE OBJETO MULTIPLE FINANCIERA DE LA DIVISION DEL NORTE were released, and which the Secretary of Rural Development appeared as processing entity validated by its head OCTAVIO LEGARRETA.

Even a public official of the Secretary of Rural Development, Susana Patricia Tamez Aguilera, who during the time of the commission of the facts was chief of the legal department of said secretary, noticed that by the end of 2010 or beginning of 2011 she was asked to elaborate contracts and agreements with a Union Ganadera Division del Norte. She agreed to do the preceding because the instruction came from the Secretary OCTAVIO LEGOIRRETA, although the evident interest conflict because the governor of the State CESAR HORACIO DUARTE JAQUEZ was member of its board of directors, and both, him and the public official CARLOS HERMOSILLO had the capacity of representatives.



**FGR**

FISCALÍA GENERAL
DE LA REPÚBLICA

Finally, the Technical Financial Accounting Report signed by Yoshi Karina Fong Najera, Director assigned to the Secretary of Public Oversight discloses the accounts of UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE and SOCIEDAD FINANCIERA DE OBJETO MULTIPLE FINANCIERA DE LA DIVISION DEL NORTE, where the deviated funds were deposited, were managed by CESAR HORACIO DUARTE JAQUEZ AND CARLOS GERARDO HERMOSILLO ZARATE[8], and the articles of incorporation of said legal entities clearly show that the first of them was majority shareholder. The latter confirms that he led the group of persons which expressly or tacitly accepted to be engaged in committing crimes during the 2010-2016 state government administration.

Due to the foregoing, it is proven that CESAR HORACIO DUARTE JAQUEZ led the conspiracy factually proven, with full knowledge and consciousness that they would unlawfully withdraw funds from the state public treasury. The preceding is translated into the intention provided for in article 18 (I) of the Criminal Code, and which he did in his capacity as co-perpetrator, this is, with other persons (at least CARLOS HERMOSILLO ARZATE, OCTAVIO LEGORRETA and the persons who were Secretaries of the Treasury or persons with powers delegated by those who held said position), in accordance with the provisions of article 21 (I) of the same Code.

## II.      REGARDING THE CRIME OF EMBEZZLEMENT, AGGRAVATED

56RT65PW7 stated that the organization that has been proven, engaged in the deviation of funds of the state public treasury in diverse manners, one pf them was through the granting of subsidies, economic supports, loans in favor of UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA and FINANCIERA DE LA DIVISION DEL NORTE, S.A DE C.V., SOFOM, E.N.R. which were managed by CESAR DUARTE, his accountant GUADALUPE MEDINA ARAGON and/or CARLOS HERMOSILLO –as it has been stated in the first conclusion of the Technical Financial Accounting Report signed by Yoshi Karina Fong Najera, Director assigned to the Secretary of Public Oversight-. The money was used for the personal use of DUARTE, specifically to acquire urban properties, land lots and cattle ranches, develop nut plantations, acquire cattle and

---

[8] In its FIRST conclusion, it textually reads: "Account number        4800 of HSBC Mexico, S.A. in the name of UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE into which $64,685,253.80 (sixty four million six hundred eighty five thousand two hundred fifty three pesos 80/100 Mexican Currency) was deposited from the public funds granted by the GOVERNMENT OF THE STATE OF CHIHUAHUA, being CARLOS GERARDO HERMOSILLO ORTEGA the person authorized to use the funds of the account since November 4. 2010, from February 20, 2015 the only person was GUADALUPE MEDINA ARAGON. Into account number        7741 of Banco Santander Mexico, S.A. in the name of FINANCIERA DE LA DIVISION DEL NORTE, S.A DE C.V., SOFOM, E.N.R., account which received $24,000,000.00 (Twenty four million pesos 00/100 Mexican Currency) of the public funds granted by the GOVERNMENT OF THE STATE OF CHIHUAHUA, being CARLOS GERARDO HERMOSILLO ORTEGA the only person authorized to use the funds of the account since August 19, 2008. Into account number        8360 of Banco Mercantil del Norte, S.A. in the name of FINANCIERA DE LA DIVISION DEL NORTE, S.A DE C.V., SOFOM, E.N.R., account which received $8,000,000.00 (eight million pesos 00/100 Mexican Currency) of the public funds granted by the GOVERNMENT OF THE STATE OF CHIHUAHUA, being CESAR HORACIO DUARTE JAQUEZ the only person authorized to use the funds of the account since April 16, 2008.



**FGR**

FISCALÍA GENERAL
DE LA REPÚBLICA

machinery, and develop constructions in its ranches. The later coincides with the check policies, copies of checks, contracts, approval official letters and statements of account which allowed not only confirm that the funds entered into the assets of the UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA and FINANCIERA DE LA DIVISION DEL NORTE, SOCIEDAD ANONIMA DE CAPITAL VARIABLE, SOFOM, E.N.R. but also through the analysis elaborated by the same Yoshi Karina Fong Najera who concluded that the funds were used for purposes different from those which were apparently allocated. The latter was as stated by 5M4GYUH19A/2019, FE54HD7SHJW/2019, Luis Jesus Ruiz Palma, 67HD6JA9K2S/2018, Guillermina Hernandez Vazquez, Joaquin Francisco Hernandez, Vega and Ricardo Jorge Molina Seañez when stating regarding a series of severe irregularities that prevailed around the programs in which the Secretary of Rural Development appeared as processing entity and the aforestated legal entities as beneficiaries.

The latter is so, since, in the THIRD whereas section III there were detailed each and every one of the eleven programs used to deviate funds of the public treasury for personal benefit of DUARTE JAQUEZ according to their final use, it is useless to reiterate them. Therefore, it is only necessary to mention that the series of actions related to them, specifically the organization of the criminal group; the means choice, this is, the simulation of projects to benefit the field; the pressure exercised on the public officials who had the power to release the funds, and the simulation of the evidentiary documentation facing the 2016 elections, cleared up that CESAR HORACIO DUARTE JAQUEZ knew and was willing to do what he did, this is, he acted intentionally and furthermore as co-perpetrator, because he organized a structure made up by an important number of persons to achieve his criminal plan, as it is provided by article 18 and 21, both in their section I, of the Criminal Code.

**SIXTH:** Finally, there is objective evidence to consider that the appearance of CESAR HORACIO DUARTE JAQUEZ to formulate an accusation against him, may be delayed or obstructed because there are other nineteen arrest warrants issued for him in extradition process, thirteen of them already initiated before the government of the United States of America. The latter according to the following table taken from the Office of the Prosecutor General:

| No. | Criminal Case | Investigation File | Crime | Arrest Warrant Issue Date | Status | Jurisdiction |
|-----|---------------|--------------------|-------|---------------------------|--------|--------------|
| 1 | 727/2017 | 19-2016-37118 | Aggravated Embezzlement | 03/22/2017 | Extradition request made to the Government of the United States. | Local Matters |
| 2 | 1820/2017 | 19-2017-11991 | Aggravated Embezzlement | 06/17/2017 | Extradition request made to the Government of the United States. | Local Matters |
| 3 | 1260/2017 | 19-2016-07007 | Aggravated | 07/14/2017 | Extradition request made to the Government of the United States. | Local Matters |
| 4 | 1687/2017 | 19-2017-7015 | Aggravated Embezzlement | 07/13/2017 | Extradition request made to the Government of the United States. | Local Matters |



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

| 5 | 2159/2017 | 19-2017-15667 | Aggravated Embezzlement | 07/19/2017 | Extradition request made to the Government of the United States. | Local Matters |
|---|---|---|---|---|---|---|
| 6 | 2149/2017 | 19-2017-9683 | Aggravated Embezzlement | 07/18/2017 | Extradition request made to the Government of the United States. | Local Matters |
| 7 | 2152/2017 | 19-2017-7022 | Aggravated Embezzlement | 07/18/2017 | Extradition request made to the Government of the United States. | Local Matters |
| 8 | 2160/2017 | 19-2017-18663 | Aggravated Embezzlement | 07/20/2017 | Extradition request made to the Government of the United States. | Local Matters |
| 9 | 2168/2017 | 19-2017-16760 | Aggravated Embezzlement and Electoral Crime | 07/21/2017 | Extradition request made to the Government of the United States. | Local Matters |
| 10 | 248/2018 | 19-2016-31931 | Aggravated Embezzlement | 01/27/2018 | Extradition request made to the Government of the United States. | Local Matters |
| 11 | 2289/2017 | 19-2017-18287 19-2017-18323 19-2017-18648 19-2017-18681 | Aggravated Embezzlement | 04/05/2018 | Extradition request made to the Government of the United States. | Local Matters |
| 12 | 1218/2018 | 19-2017-13994 | Aggravated Embezzlement | 04/03/2018 | Extradition request made to the Government of the United States. | Local Matters |
| 13 | 1232/2018 | 19-2017-18889 | Aggravated Embezzlement | 04/06/2018 | Extradition request made to the Government of the United States. | Local Matters |
| 14 | 2370/2018 | 19-2018-05869 | Aggravated Embezzlement | 07/11/2018 | Extradition request in process | Local Matters |
| 15 | 4094/2017 | 19-2017-29773 | Aggravated Embezzlement | 07/06/2018 | Extradition request in process | Local Matters |
| 16 | 2372/2018 | 19-2017-16666 | Aggravated Embezzlement | 07/11/2018 | Extradition request in process | Local Matters |
| 17 | 2535/2018 | 19-2018-05863 | Aggravated Embezzlement | 08/05/2018 | Extradition request in process | Local Matters |
| 18 | 2723/2018 | 19-2018-16404 | Aggravated Embezzlement | 07/17/2018 | Extradition request in process | Local Matters |
| 19 | 457/2017 | | Electoral Crime | | Extradition request made to the Government of the United States. | Federal Matters |

Likewise, as it has been noted in the fourth whereas, CESAR HORACIO DUARTE JAQUEZ has a red notice issued on March 31, 2017 by the INTERPOL in order to locate and arrest him out of the country, in file number 284/2016 of this court. He was summoned to appear on December 12 and 14 of 2016, however he did not obey said judicial order and remitted private documents explaining he was in Houston, Texas receiving medical attention. Additionally, on June 23, 2017 he was summoned by the Criminal Proceedings District Court, EDUARDO JAVIER SAENZ TORRES to appear in the initial hearing, but he did not appear and finally an arrest warrant was issued against him. Thus, there is no form to doubt that he has evaded the administration and procurement of justice by staying in a different country.

Due to the above stated and grounded, pursuant to article 16 of the Political Constitution of the United Mexican States; article 159 and 161 of the Code of Criminal Proceeding, it is issued the following:



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

## DECISION

An arrest warrant is issued for **CESAR HORACIO DUARTE JAQUEZ** for his probable participation in the facts constituting the crimes of **EMBEZZLEMENT AND CONSPIRACY, BOTH AGGRAVATED** which took place form June 17, 2011 to November 28, 2014 to the detriment of the Government of the State of Chihuahua.

**SECOND.** Deliver a copy of the present order to the Agent of the Public Prosecutor who requested it to execute it, who immediately after must leave the accused under the custody of this Constitutional Rights Judge in order to formulate an accusation.

So it was decided and signed by **MARIA ALEJANDRA RAMOS DURAN**, Constitutional Rights Judge of the Judicial District of Morelos.

J´MARD/s´cgra

THIS RECORD IS A FAITHFUL AND CORRECT COPY OF ITS ORIGINAL, FORTY SEVEN -47- WRITTEN PAGES ARE COMPARED, IN THE UNDERSTANDING THAT THE CASE IS IN THE INVESTIGATING PROCEEDING, THERE ARE NO REMEDIES PENDING RESOLUTION AND IT IS ISSUED TO THE AGENT OF THE PUBLIC PROSECUTOR **SILVIA MADRID BUSTILLOS.**

### CHIHUAHUA, CHIHUAHUA ON OCTOBER 8, 2019

[an illegible signature]

### MARIA ALEJANDRA RAMOS DURAN

[A seal that reads:
UNITED MEXICAN STATES
(Mexican Coat of Arms)
Judicial Branch for the State of Chihuahua
Superior Court of Justice
Constitutional Rights Court
District Morelos]



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

## CONSTITUTIONAL RIGHTS JUDGE

[SEAL: MEXICAN COAT OF ARMS.
UNITED MEXICAN STATES. SUPERIOR
COURT OF JUSTICE. JUDICIAL BRANCH
OF THE STATE OF CHIHUAHUA.
PRESIDENCY.1

[SEAL: MEXICAN COAT OF ARMS.
UNITED MEXICAN STATES. JUDICIAL
BRANCH OF THE STATE OF
CHIHUAHUA.]

**PABLO HECTOR GONZALEZ VILLALOBOS,** PRESIDENT CHIEF JUSTICE OF THE SUPERIOR COURT OF JUSTICE FOR THE STATE, HEREBY CERTIFIES: THAT **MARIA ALEJANDRA RAMOS DURAN,** TO THE DATE OF THE ISSUANCE OF THE PRECEDING DOCUMENT, HELD THE POSITION OF CONSTITUTIONAL RIGHTS JUDGE OF THE JUDICIAL DISTRICT MORELOS, WITH SEAT IN THIS CAPITAL. I ATTEST. ------------------------------------------------------------------------------------ CHIHUAHUA, CHIHUAHUA ON OCTOBER 8, 2019. -----------------------------------------

[AN ILLEGIBLE SIGNATURE]
**PABLO HECTOR GONZALEZ VILLALOBOS**

[SEAL: MEXICAN COAT OF ARMS.
UNITED MEXICAN STATES. FREE AND
SOVEREIGN STATE OF CHIHUAHUA.]                    **No. 18288/19**

ON BEHALF OF THE EXECUTIVE BRANCH OF THE STATE OF CHIHUAHUA, THE GENERAL SECRETARY OF GOVERNMENT, IN COMPLIANCE WITH THE PROVISIONS SET FORTH IN ARTICLE 25 SECTION (X) OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA, IN RELATION TO ARTICLE 4 SECTION (XIX) OF THE INTERNAL REGULATIONS OF THE GENERAL SECRETARY OF GOVERNMENT, HEREBY CERTIFIES AUTHENTICITY OF THE SIGNATURE OF PABLO HECTOR GONZALEZ VILLALOBOS, CHIEF JUSTICE OF THE SUPERIOR COURT OF JUSTICE FOR THE STATE.

On the date this document was authorized, without taking any responsibility for the content thereof.

| QR CODE | Chihuahua, Chihuahua on October 9, 2019 [an illegible signature] LUIS FERNANDO MESTA SOULE GENERAL SECRETARY OF GOVERNMENT |

INFORMATION OF THE DOCUMENT/Type of Document DOCUMENT OF THE JUDICIAL IN BRANCH/Head/OFFICE OF THE PROSECUTOR GENERAL OF THE STATE.



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

In Mexico City, on December 12, 2019, the undersigned **Daisy Alvarez Zavala**, Chief Executive Prosecutor Assigned to the Division of Extraditions of the General Division of International Proceedings under the Office of the Prosecutor General of the Republic, pursuant to the provisions of articles 21 and 102 "A" of the Political Constitution of the United Mexican States, 71 and 131 section XXIV of the National Code of Criminal Procedure, 2, 4 section III, 5 section VII and 10 section X of the Organic Law of the Office of the Attorney General of the Republic, 3 subsection H), section V, 4 section XIII and 52 section I of the Regulations of the Organic Law of the Office of the Attorney General of the Republic, provided that those are the governing general provisions at the early stage of this proceeding, in relation to Transitory articles 6 and 12, section II, of the Organic Law of the Office of the Prosecutor General of the Republic, published in the Federal Official Gazette on December 14, 2018 and its decree published in the same Federal Official Gazette on December 20, 2018, hereby attests that the present document, comprised by 47 written pages is a true and accurate reproduction of the documentation contained in the international extradition file opened in this Division against **CESAR HORACIO DUARTE JAQUEZ,** the foregoing is recorded for the pertinent legal purposes.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

[signed]
Daisy Alvarez Zavala
Chief Executive Prosecutor



[A SEAL THAT READS: MEXICAN COAT OF
ARMS,
UNITED MEXICAN STATES,
MINISTRY OF THE INTERIOR,
GOVERNMENT UNIT]

**00984**

**ALEJANDRO LOPEZ GONZALEZ**, ADJUNCT GENERAL DIRECTOR OF THE OFFICIAL
GAZETTE OF THE FEDERATION, ASSISTING THE HEAD OF THE GOVERNMENT UNIT,
GROUNDED ON ARTICLES 11 (I) AND (II) AND 12 LAST PARAGRAPH OF THE INTERNAL
REGULATIONS OF THE MINISTRY OF THE INTERIOR, HEREBY **CERTIFIES:** THAT DAISY
ALVAREZ ZAVALA WAS CHIEF EXECUTIVE PROSECUTOR ASSIGNED TO THE DIVISION
OF EXTRADITIONS OF THE GENERAL DIVISION OF INTERNATIONAL PROCEEDINGS
UNDER THE OFFICE OF THE PROSECUTOR GENERAL OF THE REPUBLIC, ON
DECEMBER 12, 2019 AND THE SIGNATURE APPEARING IN THE PRESENT DOCUMENT
IS HER OWN.

[A HOLOGRAM
THAT READS:
MINISTRY OF THE
INTERIOR]

NAME OF THE RESPONSIBLE ENTITY: OFFICE OF THE PROSECUTOR GENERAL OF
THE REPUBLIC
TYPE OF DOCUMENT: CASE FILE
MEXICO CITY ON DECEMBER 12, 2019
REGISTRATION No.: **11144**
This Secretariat accepts no responsibility or liability whatsoever for the contents of this document.

WAV/DGL/ALG

[QR CODE]

[SIGNED]
CODE: **SXM9PTK52**
Authenticity of this legalization and its electronic signature may be verified at:
www.dicoppu.gobernacion.gob.mx/registro

| [A SEAL THAT READS:<br>MEXICAN COAT OF ARMS<br>UNITED MEXICAN STATES<br>MINISTRY OF FOREIGN AFFAIRS<br>CUAUHTEMOC DELEGATION] | [A SEAL THAT READS:<br>MEXICAN COAT OF ARMS<br>UNITED MEXICAN STATES<br>CONSULAR SERVICE OF<br>LEGALIZATIONS] |
|---|---|

F8
FOLIO **628916**
**THE MINISTRY OF FOREIGN AFFAIRS HEREBY CERTIFIES**:
That ALEJANDRO LOPEZ GONZALEZ WAS THE ADJUNCT GENERAL DIRECTOR
OF THE OFFICIAL GAZETTE OF THE FEDERATION ASSISTING THE HEAD OF THE
GOVERNMENT UNIT UNDER THE MINISTRY OF THE INTERIOR ON DECEMBER
12, 2019 and that the preceding signature is his own.
MEXICO CITY ON DECEMBER 13, 2019.

BY ORDER OF THE CLERK
THE REPRESENTATIVE

[SIGNED]
ALEJANDRA SANCHEZ ARRIOLA

This Secretariat accepts no responsibility or liability
whatsoever for the contents of this document

EX - DUARTE JAQUEZ - 000205

# EXHIBIT
# 2

EX - DUARTE JAQUEZ - 000206



[MEXICAN COAT OF ARMS. UNITED MEXICAN STATES]
FREE AND SOVEREIGN
STATE OF CHIHUAHUA

**GENERAL SECRETARY OF GOVERNMENT**

| GENERAL DIVISION OF REGULATIONS | DEPARTMENT OF LEGAL ANALYSIS |
|---|---|

# YEAR 2019

# - LEGAL PROVISIONS –

Edificio Heroes de la Revolucion.
Calle Venustiano Carranza No 803,
Col. Obrera, C.P. 31000,
Tel (614) 429-33-00 Ext. 12066

"2019, International Year of the Indigenous Languages"



**TEXT OF THE LEGAL PROVISIONS OF THE CRIMINAL CODE FOR THE STATE OF CHIHUAHUA RELATED TO THE CRIME AND PROCEDURAL DEFINITIONS INDICATED HEREINBELOW, WHICH WERE IN FORCE FROM JUNE 17, 2011 TO NOVEMBER 28, 2014:**

**FIRST BOOK: GENERAL PROVISIONS**
**FIFTH TITLE: EXTINCTION OF THE RIGHT TO PUNISH AND THE POWER TO EXECUTE PENALTIES AND SECURITY MEASURES**
**CHAPTER X: EXTINCTION AND STATUTE OF LIMITATIONS**

**Article 105. Effects and characteristics of the statute of limitations**
The statute of limitations is a personal right and prescribes the right to punish and the power to execute penalties and security measures. The simple passage of time, as indicated by law, shall be enough to run the term of the statute of limitations.

No statute of limitations is applicable to crimes of extortion, forced disappearance of persons; influence trafficking as provided by Article 265; bribery in the predicate set forth in Article 269 (II); embezzlement, as provided in the predicate set forth in Article 270 (II); extortion as provided by Article 271 (II); aggravated homicide, torture and unlawful enrichment pursuant to Article 272.

*Text amended by means of decree 368-2011 II O.P. published in the State Official Publication on September 3, 2011, in force the day after its issuance.*

**Article 105. Effects and characteristics of the statute of limitations**
The statute of limitations is a personal right and prescribes the right to punish and the power to execute penalties and security measures. The simple passage of time, as indicated by law, shall be enough to run the term of the statute of limitations.

No statute of limitations is applicable to crimes of extortion, forced disappearance of persons and influence trafficking as provided by Article 265; bribery in the predicate set forth in Article 269 (II); embezzlement, as provided in the predicate set forth in Article 270 (II); extortion as provided by Article 271 (II); aggravated homicide, torture and unlawful enrichment pursuant to Article 272; as well as those set forth in Articles 171, 172, 173, 174, 175, 178, 184, 185, 198 and 201 of this Code, committed to the detriment of minors or those persons who do not have the capacity to understand the meaning of the crime or to resist it.

*Text amended by means of decree 1201-2013 X P. E. published in the State Official Publication on May 10, 2014, in force the day after its issuance.*



### Article 105. Effects and characteristics of the statute of limitations

The statute of limitations is a personal right and prescribes the right to punish and the power to execute penalties and security measures. The simple passage of time, as indicated by law, shall be enough to run the term of the statute of limitations.

No statute of limitations is applicable to crimes of extortion, forced disappearance of persons and influence trafficking as provided by Article 265; bribery in the predicate set forth in Article 269 (II); embezzlement, as provided in the predicate set forth in Article 270 (II); extortion as provided by Article 271 (II); aggravated homicide, torture and unlawful enrichment pursuant to Article 272; as well as those set forth in Articles 171, 172, 173, 174, 175, 178 and 184 of this Code, committed to the detriment of minors or those persons who do not have the capacity to understand the meaning of the crime or to resist it.

*Text of the legal provisions of the Criminal Code for the state of Chihuahua related to the crime and procedural definitions indicated hereinbelow, which were in force from June 17, 2011 to November 28, 2014.*

### ARTICLE 106. The resolution of the statute of limitations shall be decided ex officio or at request of a party

The resolution of the statute of limitations shall be decided *ex officio* or at the request of a party.

### ARTICLE 107. Duplication of statute of limitations terms

Statute of limitations terms shall be doubled for those persons outside of the territory of the State if due to this circumstance, it is not possible to conclude the investigation, the proceeding or the execution of the sentence.

### ARTICLE 108. Terms for the statute of limitations of the right to punish

The terms for the statute of limitations of the right to punish shall be continuous; they shall consider the crime with its modalities and shall be counted from;

I.   From the moment when the crime was committed, if the crime is instantaneous;

II.  From the moment when the conduct ceased, if the crime is permanent;

III. From the day the last criminal act was perpetrated, if it is a continuous crime;

IV.  From the moment when the last criminal act was carried out or the criminal omission took place, if it is a crime of attempt; and

V.   From the day when the assigned Public Prosecutor's Office received the corresponding official letter, in cases in which an order for re-arrest or to appear were issued regarding the defendant who fled from justice.



**Article 109. Statute of limitation terms on the power to execute penalties and security measures.**

The statute of limitation on the power to execute penalties and security measures shall be continuous and shall begin run from the day following when the convicted person evaded justice, if the penalties or security measures include imprisonment or restrict freedom. In the case of other penalties, from the date when the sentence becomes final.

**Article 110. Statute of Limitations applicable to crimes requiring a prior complaint.**

The right to file a complaint for crimes which may only be investigated upon the request of the victim or offended party shall lapse in one year, counted from the day on which those persons who may file the accusation learn the offense has been committed, and in three years in any other circumstance.

Once the procedural requirement has been met within the term previously mentioned, the statute of limitations shall continue to run in accordance with the rules for crimes that are investigated ex officio.

**Article 111. Statute of limitations depending on the type of penalty.**

The term of the statute of limitation on the right to punish for crimes that are investigated ex officio shall run:

I. In a term equal to the mathematical average of the imprisonment penalty, including the modalities of the crime committed, but in no case shall it be less than three years.

This rule shall apply if the imprisonment penalty is stipulated jointly or alternately with another penalty.

II. In one year if the crime is not punishable by imprisonment.

**Article 112. Statute of limitation terms in the case of multiple offenses.**

In the cases of criminal merger, the statute of limitation term applicable to the right to punish shall be the term for the crime which warrants the greater penalty.

In cases of concurrent crimes, the statute of limitations term applicable to the right to punish shall run simultaneously and but separately for each crime.

**Article 113. Need of prior ruling or finding.**

If in order to exercise or continue on with the right to punish, a prior judicial ruling is needed, the term of the statute of limitation shall begin to run from the moment the final decision is issued.



If in order to exercise the right to punish the law demands a previous finding or determination from any authority, the proceedings conducted to fulfill that requirement within the terms stipulated in Article 111 of this Code shall toll the statute of limitations.

### Article 114. Interruption of the Statute of Limitations term

The statute of limitations for the right to punish shall be interrupted by the arrest of the accused or by their appearance before the judicial authority, if by virtue of the same they are placed under the custody of said authority.

The statute of limitations shall run again from the day the accused person evades law enforcement if they are imprisoned. Aside from this circumstance, it shall begin to run again for a term equal to the term of the precautionary measure imposed. If said precautionary measure is not determined in time, it shall be a term of four months. If no precautionary measure is imposed, the statute of limitations shall run again from the last appearance before the authority which procedurally has the person under their custody.

### Article 115. Suspension of the statute of limitations term

The calculation of the statute of limitations term shall be suspended:

I.   If there is an international or national extradition proceedings between the federal entities or the Federal District for the duration of the same.

II.  If a prosecutorial exception is made; if the proceeding is suspended due to offers of evidence and alternative dispute resolutions of justice, if these measures do not extinguish the criminal action.

III. If there is a formal declaration that the accused has evaded justice. Should this be the case, the suspension term shall not exceed a time period equal to the statute of limitations term for the right to punish; once the aforesaid time period has elapsed, the statute of limitations term shall continue to run.

IV.  If the argumentary hearing is suspended for reasons attributable to the defense, with the purpose of hindering the normal course of the same, pursuant to statement made by the judicial authority in a legally grounded resolution.

     Once the cause for the suspension has disappeared, the statute of limitations term for the right to punish shall continue to run.

### Article 116. Statute of limitations term of the power to execute penalties

Unless stipulated otherwise in the legal provisions, the power to execute the imprisonment penalty or the security measure shall run on a term equal to that stipulated in the sentence, but at no time shall it be less than three years.

The power to execute a fine penalty shall run in a year. For the remaining penalties, such power shall run on a term equal to the length of the aforesaid, but in no case shall it be less than two years.



The power to execute penalties which do not have time limits shall run in two years and the statute of limitations applicable to redress damages shall run in a term equal to the imprisonment penalty imposed.

The terms shall be counted from the date when the sentence becomes final.

### Article 117. Partial extinction of penalties
If the offender has served part of the penalty, the statute of limitations shall run in a time period equal to that of the remainder of the penalty.

### Article 118. Interruption of the Statute of Limitations term for penalties and security measures
The Statute of Limitations term on the power to execute penalties or measures restricting liberty, shall only be interrupted by the arrest of the sentenced individual, even if the arrest is executed for another crime or by the formal surrender request made by the Public Prosecutor to the Public Prosecutor of another federal entity where the person sought is detained. In the latter case, the interruption shall continue until the requested authority refuses the surrender or until the legal status which delays the surrender of the detainee no longer exists.

The statute of limitations of the other penalties shall be interrupted by any other act of competent authority to make them enforceable. The statute of limitations applicable to monetary penalties shall also be suspended, by the motions presented by the affected party or by the person in whose favor there have been decreed said redress, before the corresponding authority and by the proceedings that said authority carries out to implement the same, as well as by the opening of the execution proceeding before the civil authority using the entitlement document resulting from the corresponding sentence.

### Article 119. Competent authority to decide extinction of the right to punish
The extinction of the right to punish shall be decided by the Office of the Public Prosecutor during the preliminary investigation or by the judicial authority at any procedural stage.

The judicial authority shall be responsible for declaring extinct the power to execute penalties and security measures.

### Article 120. Statute of limitations terms for the right to punish
If during the process of executing penalties or security measures there is noted that the right to punish or the power to execute penalties has extinguished, such circumstances shall be presented to the executing judicial authority in compliance with the applicable law.



# TITLE SIXTEEN

## CRIMES AGAINST COLLECTIVE SECURITY

### CHAPTER I

### AGGRAVATED CONSPIRACY AND ORGANIZED CRIME

**Article 246.** – Imprisonment from six months to six years and a fine from 60 to 100 days of salary shall be imposed, upon whoever continuously forms part of an association or group of three or more persons which engages in criminal activities.

**Article 247.** – If three or more persons organize themselves to carry out, either continuously or repeatedly, conduct that in and of itself or in conjunction with other conduct with the purpose of or the result in the perpetration of one or various crimes, they shall be penalized, solely for this conduct, as members of organized crime.

It is understood that organized crime exists if the criminal group operates through functional units.

In this case, in addition to the penalties corresponding to the crime or crimes committed, imprisonment from one to twelve years and a fine from 100 to 300 days of minimum wage shall be imposed.

**Article 248.** - If the criminal association or organized crime member is or has been a public official or an authority entrusted with public security duties pursuant to the provisions of the General Law establishing the Coordination Bases for the National Public Security System, or a member of a public security company, and due to the performance of the duties entrusted to them, the perpetration of the crime or crimes referred to in the preceding articles was facilitated, the penalties shall be increased by one-half and furthermore there shall be imposed, if applicable, removal from employment, position or commission or disqualification to hold another for a time equal to that stipulated for imprisonment; if so, then the time shall be computed from time when the penalty has been served.

If to commit the crime the organized crime members use minors or persons who lack the ability to understand the meaning of the conduct, the penalties referred to in the preceding articles shall be increased by one-quarter.



## TITLE SEVENTEEN

## CRIMES AGAINST PUBLIC SERVICE COMMITTED BY PUBLIC OFFICIALS

## CHAPTER I

## GENERAL PROVISIONS ON PUBLIC OFFICIALS

**Article 250.** - For the purposes of this Code, a public official is any person who holds an employment, position or commission of any nature in the public administration, either State or Municipal, centralized or state-controlled, and in the Legislative, Judicial Branches of the State and autonomous entities, by constitutional provision.

With respect to crimes with a patrimonial content, public officials shall be considered to be those persons who manage or apply economic funds state, municipal and coordinated or agreed to by the State with the Federation.

**Article 251. -** In order to apply to the individual the penalties provided for in this Title, the judicial authority shall take into account, furthermore, if applicable, the public official's seniority in the employment, position or commission, hierarchical level, service history, remuneration, socio-economic status, level of schooling, the special circumstances of the conduct which constitutes the crime, as well as the amount of the benefit obtained or of the damages caused.

**Article 252.** – In addition to the penalties provided for the crime or crimes committed, there shall be imposed, as corresponds:

    I.     Suspension from public service employment, position or commission from 2 months to one year;

    II.    Dismissal from public service employment, position or commission.

    III.    Disqualification of 3 to 15 years to obtain and perform a public service employment, position or commission of any nature; and

    IV.    Forfeiture of the criminal proceeds.

## CHAPTER XI

## EMBEZZLEMENT

**Article 270. -** An imprisonment penalty ranging from six months to four years and a fine ranging from fifty to five hundred days shall be imposed upon the public official that:

    I.     Uses or deviates from their purpose: money; securities; real properties or any other objects if they received them due to their position; or

EX - DUARTE JAQUEZ - 000214



II.      Unlawfully uses public funds so as to promote their personal political or social image, or that of their hierarchical superior or that of a third party, or for the purpose of denigrating another person.

An imprisonment penalty ranging from four to twelve years and a fine ranging from five hundred to two thousand days shall be imposed if the amount or value exceeds five hundred times fine days.

**THE GENERAL SECRETARY OF GOVERNMENT, LUIS FERNANDO MESTA SOULE HEREBY ATTESTS AND CERTIFIES, PURSUANT TO THE POWERS CONFERRED BY ARTICLE 25 (X) OF THE ORGANIC LAW OF THE STATE EXECUTIVE BRANCH; ARTICLE 4 (XIX) OF THE INTERNAL REGULATIONS OF THE GENERAL SECRETARY OF GOVERNMENT IN RELATION TO ARTICLES 3 AND 12 OF THE STATE OFFICIAL GAZETTE LAW, THAT THE TEXT OF THE LEGAL PROVISIONS CITED ABOVE TALLY WITH THE PROMULGATED PRECEPTS PUBLISHED BY THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA IN LEGAL FORCE FROM JUNE 17, 2011 TO NOVEMBER 28, 2018, TERM IN WHICH THE CONDUCT TOOK PLACE, WITHIN CRIMINAL CASE 3041/2019 OF THE DOCKET OF THE CONSTITUTIONAL RIGHTS COURT JUDGE FOR THE JUDICIAL DISTRICT MORELOS. THE PRESENT HAS BEEN ISSUED IN A SET OF EIGHT PAGES, IN THE CITY OF CHIHUAHUA, CHIHUAHUA ON OCTOBER 9, 2019, PRIOR REQUEST FORMULATED BY THE OFFICE OF THE STATE PROSECUTOR GENERAL.**

[signed]

[A seal that reads:
UNITED MEXICAN STATES
(Mexican Coat of Arms
GENERAL SECRETARY OF GOVERNMENT
CHIHUAHUA, CHIH.]

EX - DUARTE JAQUEZ - 000215

# EXHIBIT
# 3

EX - DUARTE JAQUEZ - 000216



[Letterhead of the Free and
Sovereign State of Chihuahua]

**CESAR AUGUSTO PENICHE ESPEJEL**
**PROSECUTOR GENERAL FORT HE STATE OF CHIHUAHUA**
**BY HAND.-**

**GREGORIO DANIEL MORALES LUEVANO and KARLA GUADALUPE GODOY ORTIZ,** public officials assigned to the Secretary of Public Oversight of the Government of the State of Chihuahua, stating Edificio Oscar Flores Sanchez, Primer Piso, located in Calle Victoria No. 310, Colonia Centro in this City as the domicile to hear and receive all types of notices and documents, grounded on the provisions of articles 21 and 108 of the Political Constitution of the United Mexican States; 178 and 186 of the Political Constitution of the State of Chihuahua, and 27 of the Law of Responsibilities of Public Officials for the State of Chihuahua and correlatives of the General Law of Administrative Responsibilities, authorizing ALAN RODOLFO BUSTILLOS LUJAN to participate, take part and collaborate in the investigation file opened herefrom, hereby appear before the PROSECUTOR GENERAL OF THE STATE OF CHIHUAHUA and the Investigative Authority to state the following:

## FACTS

1. Derived from reviewing the accounting of the GOVERNMENT OF THE STATE OF CHIHUAHUA, through the SECRETARY OF THE TREASURY, there were detected multiple payments in millions during 2011, 2012, 2013 and 2014, allocated to legal entities denominated UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA and/or UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA as well as FINANCIERA DIVISION DEL NORTE, S.A. de C.V. SOFOM E.N.R. (ATTACHMENT 1).

2. There was found that the preceding was relevant inasmuch as the corporations in question, according to their articles of incorporation and minutes of the meeting, were directly linked to the then Governor of the State of Chihuahua, CESAR HORACIO DUARTE JAQUEZ (Administration 2010-2016) and consequently, main administrator of the state public patrimony[1]. As for UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE, he acted in the

---

[1] ARTICLE 93. POLITICAL CONSTITUTION OF THE STATE OF CHIHUAHUA. Powers and obligations of the governor shall be the following: …
XXIV. Guarantee safety of public funds and watch that collection and allocation thereof be made pursuant to the law (…).

EX - DUARTE JAQUEZ - 000217



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

capacity as partner and Chairman of their Board of Directors, according to registration dated May 24, 2007 of the National Agricultural and Livestock Registry, by means of resolution number 110.04.- GC30/07, folio 8-1-3 (ATTACHMENT 2). As for FINANCIERA DIVISION DEL NORTE, S.A. de C.V. SOFOM, E.N.R., he acted in his capacity as founder and major shareholder with more than 98% of A-Series shares that comprise its corporate capital, 5,900 of the 6,000 total shares, and 93.35% of the B-Series shares, this is, 28,940 of the 31,000 total shares, according to the Registration in the Public Registry of Real Estate Property and Commerce of the State under Electronic Commercial File number 24139*10 (ATTACHMENT 3), links available to this date.

3. Upon performing a search in the administrative proceedings carried out to make each of the payments in question, as well as their supporting documents, there was found:

   1) That the payments were mostly made with base on alleged economical/financial support agreements and a loan agreement with interest (loan) executed at different times during 2011, 2012, 2013 and 2014. Therein, the aforementioned legal entities, as well as the SECRETARY OF RURAL DEVELOPMENT and THE SECRETARY OF THE TREASURY of THE GOVERNMENT OF THE STATE OF CHIHUAHUA appeared as parties involved (see ATTACHMENT 1).

   2) That the administrative proceedings to make the payments bear multiple irregularities, incomplete documentation, unconcluded processing, inconsistent dates, concepts and amounts, violation to legal proceedings for granting subsidies (economical/financial) support and contracting.

   3) And especially, that the files of the Secretaries involved do not contain evidence regarding compliance with the economical and financial support granted or the loan agreement with interest executed by the legal entities associated to former governor CESAR HORACIO DUARTE JAQUEZ. This is, there is no evidence that the state money in question was allocated to public purposes.

4. The payments made to the corporations linked to former governor CESAR HORACIO DUARTE JAQUEZ add the amount of $96,685,253.80 (ninety-six million six hundred eighty-five thousand two hundred fifty-three pesos, 80/100, Mexican currency) by means of 12 transactions made during 2011, 2012, 2013 and 214. The amount of $64,685,253.80 (sixty-four million, six hundred eighty-five thousand two hundred fifty-three pesos, 80/100, Mexican currency) was

EX - DUARTE JAQUEZ - 000218



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

delivered to UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE and the amount of $32,000,000.00 (thirty-two million pesos, 00/100, Mexican currency) was delivered to FINANCIERA DIVISION DEL NORTE, S.A. de C.V. SOFOM, E.N.R. as there is stated hereafter:

| PAYMENT DATE | FORM OF PAYMENT | | TOTAL AMOUNT | | ENTITY DISBURSING THE FUNDS | BENEFICIARY |
|---|---|---|---|---|---|---|
| 17/06/2011 | $ | 582,965.80 | $ | 582,965.80 | Secretary of the Treasury | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 04/10/2011 | $ | 9,210,000.00 | $ | 12,000,000.00 | Secretary of the Treasury | FINANCIERA DE LA DIVISION DEL NORTE |
| 04/10/2011 | $ | 2,790,000.00 | | | Secretary of the Treasury | FINANCIERA DE LA DIVISION DEL NORTE |
| 10/01/2012 | $ | 12,000,000.00 | $ | 12,000,000.00 | Secretary of the Treasury | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 10/01/2012 | $ | 16,000,000.00 | $ | 36,000,000.00 | Secretary of the Treasury | FINANCIERA DE LA DIVISION DEL NORTE |
| 25/01/2012 | $ | 10,000,000.00 | | | Secretary of the Treasury | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 15/03/2012 | $ | 10,000,000.00 | | | Secretary of the Treasury | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 25/09/2012 | $ | 8,000,000.00 | $ | 8,000,000.00 | Secretary of the Treasury | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 25/04/2012 | $ | 2,692,288.00 | $ | 2,692,288.00 | Secretary of the Treasury | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 09/01/2012 | $ | 5,000,000.00 | $ | 5,000,000.00 | Secretary of the Treasury | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 12/07/2012 | $ | 10,000,000.00 | $ | 10,000,000.00 | Secretary of the Treasury | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 18/10/2013 | $ | 4,600,000.00 | $ | 4,600,000.00 | Secretary of the Treasury | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 01/04/2013 | $ | 250,000.00 | $ | 250,000.00 | Secretary of the Treasury | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 18/10/2013 | $ | 60,000.00 | $ | 60,000.00 | Secretary of the Treasury | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 28/11/2014 | $ | 1,500,000.00 | $ | 5,500,000.00 | Secretary of the Treasury | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 28/11/2014 | $ | 1,500,000.00 | | | | |
| 28/11/2014 | $ | 2,500,000.00 | | | | |
| GENERAL TOTAL | $ | 96,885,253.80 | | | | |

5. Irregular procedures and operations for payments to the corporations linked to former governor CESAR HORACIO DUARTE JAQUEZ are described hereafter:

1) On June 01, 2011, the SECRETARY OF RURAL DEVELOPMENT, the SECRETARY OF THE TREASURY and UNION GANADERA REGIONAL DIVISION DEL NORTE signed the economical support agreement 352/2011 in the amount of $582,965.80 (five hundred eighty-two thousand nine hundred sixty-five pesos, 80/100, Mexican currency); the purpose thereof was the acquisition of necessary equipment for beef cattle artificial insemination in support of the producers who were members of UNION GANADERA REGIONAL DIVISION DEL NORTE. The money was delivered on June 16, 2011 by means of the check of Banco Santander in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE, from the bank account belonging to the SECRETARY OF THE TREASURY of the GOVERNMENT OF THE STATE OF CHIHUAHUA, itemized as "Public Work". <u>However, there is no evidence in the official files related to the</u>

EX - DUARTE JAQUEZ - 000219



acquisition of the equipment or its delivery to the beneficiaries corroborating veracity thereof. (ATTACHMENT 4).

2) On October 04, 2011, the SECRETARY OF THE TREASURY delivered to FINANCIERA DE LA DIVISION DEL NORTE, S.A. de C.V. SOFOM, E.N.R., respective checks in the amount of $2,790,000.00 (two million seven hundred ninety thousand pesos, 00/100, Mexican currency) and in the amount of $9,210,000.00 (nine million two hundred ten thousand pesos, 00/100, Mexican currency) from the bank account belonging to said office registered in Banco Santander. There was then intended to justify such payments in an irregular manner by means of significant agreements denominated *Action Concretization Agreements* which purpose was the acquisition of beef heifer in the State of Chihuahua. Those were signed between the GOVERNMENT OF THE STATE OF CHIHUAHUA, represented by the SECRETARY OF THE TREASURY and the SECRETARY OF RURAL DEVELOPMENT and the organization denominated Union Ganadera Regional de Chihuahua and the oft-cited UNION GANADERA REGIONAL DIVISION DEL NORTE. However, there is no evidence in the official files related to the acquisition of beef cattle or their delivery to the beneficiaries corroborating veracity thereof and the justification of public money disbursement. (ATTACHMENT 5).

3) On January 09, 2012, the SECRETARY OF THE TREASURY delivered to FINANCIERA DE LA DIVISION DEL NORTE, S.A. de C.V. SOFOM, E.N.R., a check in the amount of $12,000,000.00 (twelve million pesos, 00/100, Mexican currency) of Banco Santander from the bank account belonging to said public office. There was then tried to irregularly justify that payment by means of an agreement denominated Action Concretization Agreement, which purpose was the acquisition of beef heifer in the State of Chihuahua, represented by the SECRETARY OF THE TREASURY and the SECRETARY OF RURAL DEVELOPMENT and the like corporation denominated Union Ganadera Regional de Chihuahua and the oft-cited UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA. However, there is no evidence in the official files related to the acquisition of beef cattle or their delivery to the beneficiaries corroborating veracity thereof and the justification of public money disbursement. (ATTACHMENT 6).

4) On November 14, 2011, there was signed loan Agreement With Interest 887/2011 by the GOVERNMENT OF THE STATE OF CHIHUAHUA, represented by the SECRETARY OF THE TREASURY and the SECRETARY OF RURAL DEVELOPMENT in favor of the legal entity



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

UNION GANADERA REGIONAL DIVISION DEL NORTE, in the amount of $5,000,000.00 (five million pesos, 00/100, Mexican currency) to be paid in a sole exhibition before June 30, 2013 with the possibility of making anticipated payments . Such loan would be used in work capital and the purchase of cattle to produce beef. Said amount was delivered to UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE on January 10, 2012 by means of a check of Banco Santander belonging to the bank account of the GOVERNMENT OF THE STATE OF CHIHUAHUA, identified as "SECRETARIA de Hacienda Fin Productores Sria Des". However, there is no evidence in the official files related to the fulfillment of the contract or the use of the funds for the stipulated purposes corroborating veracity thereof. (ATTACHMENT 7).

5) On December 01, 2011, there was signed the Financial Support Agreement 991/2011 between the SECRETARY OF RURAL DEVELOPMENT, the SECRETARY OF THE TREASURY and UNION GANADERA REGIONAL DIVISION DEL NORTE, stating that the purpose thereof was the payment of compensation for producers to transport unproductive cattle to a butchery where they would be sacrificed, in the amount of $36,000,000.00 (thirty-six million pesos, 00/100, Mexican currency). Said amount was delivered by means of 3 checks from Banco Santander issued in favor of UNION GANADERA REGIONAL DIVISION DEL NORTE belonging to the bank account of the SECRETARY OF THE TREASURY in the amount of $16,000,000.00 (sixteen million pesos, 00/100, Mexican currency) on January 09, 2012; of $10,000,000.00 (ten million pesos, 00/100, Mexican currency) on January 25, 2012, and $10,000,000.00 (ten million pesos, 00/100, Mexican currency) on February 22, 2012. However, there is no evidence in the official files related to due fulfillment of the agreement corroborating veracity thereof. (ATTACHMENT 8).

6) On April 19, 2012, the SECRETARY OF RURAL DEVELOPMENT, the SECRETARY OF THE TREASURY and UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE signed economic support agreement 305/2012 in the amount of $2,692,288.00 (two million six hundred ninety-two thousand two hundred eighty-eight pesos, 00/100, Mexican currency) the purpose thereof was the acquisition of necessary equipment for beef cattle artificial insemination in support of the producers who were members of UNION GANADERA REGIONAL DIVISION DEL NORTE. Said amount was delivered to UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE (Federal Taxpayer Registry Code        2HB3) ON April 24, 2012 by means of the issuance of a check from Banco Santander



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

belonging to the bank account of the SECRETARY OF THE TREASURY. However, there is no evidence in the official files related to the acquisition of the equipment or its delivery to the beneficiaries corroborating veracity thereof. (ATTACHMENT 9).

7) On May 25, 2012 there is executed economic support agreement number 376/2012, signed by the GOVERNMENT OF THE STATE, represented by the SECRETARY OF THE TREASURY and the SECRETARY OF RURAL DEVELOPMENT and UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE, in the amount of $10,000,000.00 (ten million pesos, 00/100, Mexican currency), this in order to acquire beef cattle feed. Said amount was delivered to UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE on July 11, 2012 by means of the issuance of a check from Banco Santander, belonging to the bank account of the SECRETARY OF THE TREASURY, itemized as "Public Work". However, there is no evidence in the official files related to the fulfillment of the contract or the use of the funds for the stipulated purposes corroborating veracity thereof. (ATTACHMENT 10).

8) On September 25, 2012, the SECRETARY OF THE TREASURY, without any legal base and in a discretional manner delivered the amount of $8,000,000.00 (eight million pesos, 00/100, Mexican currency) to FINANCIERA DIVISION DEL NORTE, S.A. de C.V. SOFOM, E.N.R. by means of bank transfer from the account belonging to said entity, registered in Banco Santander. There was then intended to justify such payment in an irregular manner by means of the alleged acquisition of a real estate property owned by CONSUELO GARCIA CHAVEZ, located in the municipality of Hidalgo del Parral, using the aforementioned FINANCIERA DIVISION DEL NORTE, S.A. DE C.V. SOFOM, E.N.R. as the intermediary thereof. (ATTACHMENT 11).

9) On April 01 and 30, 2013, the SECRETARY OF THE TREASURY issued checks in favor of UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA in the amounts of $250,000.00 (two hundred fifty thousand pesos, 00/100, Mexican currency) and $60,000.00 (sixty thousand pesos, 00/100, Mexican currency) from the bank account belonging to said entity registered in Banco BBVA Bancomer. There was then intended to justify such payments in an irregular manner by means of two economic support agreements dated March 26, 2013; the purpose thereof was to cover concepts of diverse expenses related to the transfer of exhibition cattle to the San Marcos Fair in the State of Aguascalientes; those were signed between the



GOVERNMENT OF THE STATE OF CHIHUAHUA, represented by the SECRETARY OF THE TREASURY and the SECRETARY OF RURAL DEVELOPMENT and the oft-cited UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA. However, there is no evidence in the official files related to the transfer of exhibition cattle to the fair in question corroborating veracity thereof and the justification of public money disbursement. (ATTACHMENT 12).

10) On October 18, 2013, without legal basis and in a discretional manner, the SECRETARY OF THE TREASURY delivered the amount of $4,600,000.00 (four million six hundred thousand pesos, 00/100, to UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE by means of the issuance of a check from Banco Santander which belonged to the bank account from the same entity. There was then intended to justify the above in an irregular manner by means of the Support Agreement number 0995/2013 signed on October 20 of the same year by the GOVERNMENT OF THE STATE, represented by the SECRETARY OF THE TREASURY and the SECRETARY OF RURAL DEVELOPMENT in the aforestated amount with the purpose of executing the Program for Repopulation of Beef Cattle in the State. However, there is no evidence in the official files of the fulfillment of the contract and its application for the stipulated purposes corroborating veracity thereof. (ATTACHMENT 13).

11) On November 28, 2014 without any justification whatsoever and in a discretional manner, the SECRETARY OF THE TREASURY delivererd to UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA the amount of $5,500,000.00 (five million five hundred thousand pesos, 00/100, Mexican currency) by means of a bank transfer from the account of Banco Santander , S.A., belonging to "GOB EDO CHIH SECRETARIA DE HACIENDA GASTOS" to the destination account          3006 from HSBC, S.A. belonging to the aforecited Cattle Organization, thus affecting the budget of the SECRETARY OF RURAL DEVELOPMENT. There was then intended to justify such payment in an irregular manner by means of the simulation of three administrative subsidy processing for the acquisition of oat, corn and bean in support of livestock producers who were members of UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA made during November 2014. However, there is no evidence in the official files related to the acquisition of oat, corn or bean or their delivery to the beneficiaries corroborating veracity thereof.



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

There must be noted that there was a prior accusation regarding said unlawful payment before the Office of the Prosecutor General of the State, filed by this entity on August 16, 2018. (ATTACHMENT 14).

6. Affectation to the patrimony of the State of Chihuahua by means of the payments made to the companies linked to the former governor CESAR HORACIO DUARTE JAQUEZ were reflected in the diverse bank account statements provided by the SECRETARY OF THE TREASURY of this Entity as follows:

| PAYMENT DATE | FORM OF PAYMENT | | Withdrawal Account | Banking Institution | Withdrawal Account Holder | TOTAL AMOUNT | | Deposit Account | Banking Institution | Deposit Account Holder |
|---|---|---|---|---|---|---|---|---|---|---|
| 17/06/2011 | $ | 582,965.80 | | Banco Santander, S.A. | Secretary of the Treasury | $ | 582,965.80 | | HSBC Mexico, S.A. | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 04/10/2011 | $ | 9,210,000.00 | | Banco Santander, S.A. | Secretary of the Treasury | $ | 12,000,000.00 | | Banco Santander, S.A. | FINANCIERA DE LA DIVISION DEL NORTE |
| 04/10/2011 | $ | 2,790,000.00 | | | | | | | | |
| 10/01/2012 | $ | 12,090,000.00 | | Banco Santander, S.A. | Secretary of the Treasury | $ | 12,000,000.00 | | Banco Santander, S.A. | FINANCIERA DE LA DIVISION DEL NORTE |
| 10/01/2012 | $ | 16,000,000.00 | | Banco Santander, S.A. | Secretary of the Treasury | $ | 36,000,000.00 | | HSBC Mexico, S.A. | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 25/01/2012 | $ | 19,000,000.00 | | | | | | | | |
| 15/03/2012 | $ | 10,000,000.00 | | | | | | | | |
| 25/09/2012 | $ | 6,000,000.00 | | Banco Santander, S.A. | Secretary of the Treasury | $ | 6,000,000.00 | | | |
| 25/04/2012 | $ | 2,692,288.00 | | Banco Santander, S.A. | Secretary of the Treasury | $ | 2,692,288.00 | | To be confirmed | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 09/01/2012 | $ | 5,000,000.00 | | Banco Santander, S.A. | Secretary of the Treasury | $ | 5,000,000.00 | | HSBC Mexico, S.A. | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 12/07/2012 | $ | 10,000,000.00 | | Banco Santander, S.A. | Secretary of the Treasury | $ | 10,000,000.00 | | HSBC Mexico, S.A. | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 18/10/2013 | $ | 4,600,000.00 | | Banco Santander, S.A. | Secretary of the Treasury | $ | 4,600,000.00 | | HSBC Mexico, S.A. | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 01/04/2013 | $ | 250,000.00 | | BBVA Bancomer, S.A. | Secretary of the Treasury | $ | 250,000.00 | | HSBC Mexico, S.A. | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 18/10/2013 | $ | 60,000.00 | | BBVA Bancomer, S.A. | Secretary of the Treasury | $ | 60,000.00 | | HSBC Mexico, S.A. | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 28/11/2014 | $ | 1,500,000.00 | | Banco Santander, S.A. | Secretary of the Treasury | $ | 5,500,000.00 | | HSBC Mexico, S.A. | UNION GANADERA REGIONAL DIVISION DEL NORTE |
| 26/11/2014 | $ | 1,500,000.00 | | | | | | | | |
| 28/11/2014 | $ | 2,500,000.00 | | | | | | | | |
| GENERAL TOTAL | $ | 96,665,253.80 | | | | | | | | |

7. * The check is deposited to the bank account of Union Ganadera de la Division del Norte, RFC UGR051202HB3



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

## WHEREAS

According to the facts narrated in the preceding items, the following stands out:

A. That diverse public officials of the 2010-2016 Administration of the GOVERNMENT OF THE STATE OF CHIHUAHUA, between 2011 and 2014, processed and made multiple payments to UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA and/or UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, as well as to FINANCIERA DIVISION DEL NORTE, S.A. de C.V. SOFOM E.N.R., in the total amount of $96,685,253.80 (ninety-six million six hundred eighty-five thousand two hundred fifty-tree pesos, 80/100, Mexican currency) under the alleged concept of financial and/or economic support and a loan agreement with interest.

B. That the organizations that directly received the public funds of the State of Chihuahua are closely related to the then Constitutional Governor of the State of Chihuahua for 2010-2016, CESAR HORACIO DUARTE JAQUEZ.

   a) Partner and Chairman in the Board of Directors of UNION GANADERA REGIONAL DIVISION DEL NORTE.

   b) Founder and major shareholder of FINANCIERA DIVISION DEL NORTE, S.A. de C.V. SOFOM E.N.R., with more than 98% of the A-series shares comprising their corporate capital; 5900 of 6000 total shares, as well as 93.35% of the B-series shares comprising their corporate capital; this is, 28,940 of the 31,000 total shares.

C. That in such regard, at the time the public money in question was delivered, CESAR HORACIO DUARTE JAQUEZ acted as CONSTITUTIONAL GOVERNOR OF THE STATE OF CHIHUAHUA and at the same time as Partner and Chairman of the Board of Directors of UNION GANADERA REGIONAL DIVISION DEL NORTE and as major shareholder of FINANCIERA DIVISION DEL NORTE, S.A. de C.V. SOFOM E.N.R. <u>Therefore, acting in his capacity as public official, he was directly benefited obtaining a personal and direct benefit of state funds</u>, in contravention of article 23 (XIV), (XVII) and (XVIII) of the Law of Responsibilities of Public Officials of the State of Chihuahua, in legal force at the time the conduct took place.

D. That in the delivery of the public funds in question to the organizations linked to former governor CESAR HORACIO DUARTE JAQUEZ (who was therefore unlawfully benefited with such operations), multiple public officials of the GOVERNMENT OF THE STATE OF CHIHUAHUA, mainly belonging to the



SECRETARY OF THE TREASURY and to the SECRETARY OF RURAL DEVELOPMENT, including their heads, line superior chiefs and operative personnel participated, and those were officials under the authority, supervision and command of CESAR HORARIO DUARTE JAQUEZ himself, acting in his capacity as Constitutional Governor of the State of Chihuahua.

E. That the processing carried out by the diverse public officials to make the delivery of funds to the aforementioned organizations show serious and severe irregularities and inconsistencies in their processing and execution. There stand out the following:

   a) In the procedures associated to the payments made, there is incomplete documentation, unconcluded processing, inconsistent dates, concepts and amounts, violation to legal proceedings for granting subsidies (economical/financial) support and contracting (a notable conflict of interest between public officials and beneficiaries and lack of justification to enter into agreements or contracts).

   b) In the archives of the entities involved (SECRETARY OF THE TREASURY and SECRETARY OF RURAL DEVELOPOMENT) there is no evidence regarding the fulfillment of the agreements and/or contracts that justified the disbursement of the public funds in favor of the organizations linked to DUARTE JAQUEZ. Thence, there comes about a series of unlawful payments inasmuch as they violate the Law of Expenditure Budget, Government Accounting and Public Expenditure of the State of Chihuahua in its articles 47 and 49 (in force at the moment the payments were made in 2011, 2012 and 2013), as well as 51 and 54 (in force at the time the payments were made in 2014).

F. Such irregularities and inconsistency lead to presume with basis a simulation of administrative acts by public officials of the State of Chihuahua who were active at that time, and those were aimed at justifying the disbursement of public money to benefit the interests of former governor CESAR HORACIO DUARTE JAQUEZ.

Before such circumstances, there is noted a probable diversion and appropriation of public funds of the State of Chihuahua in benefit of the then governor CESAR HORACIO DUARTE JAQUEZ, materialized and carried out by diverse public officials even supported by persons who did not play any role in the state duties, whose actions may define criminal conduct committed against the Public Administration and the State Patrimony, such as CONSPIRACY, AGGRAVATED EMBEZZLEMENT and others defined in the Criminal Code for the State of Chihuahua.



**E V I D E N T I A R Y   G R O U N D S**

The conduct subject matter of this analysis is corroborated with the following ATTACHMENTS, described and enclosed to this complaint as follows:

- **ATTACHMENT 1.** Official letter DCG/1045/2018 dated August 02, 2018, whereby the Government Accounting Director, OSCAR RUIZ SUAREZ reported to the Secretary of Public Oversight irregularities attributable to public officials and/or private persons that might derive in some type of responsibility detected in the accounting books.

- **ATTACHMENT 2.** Certified copy of official letter 110.03.01.-23402/17, dated July 31, 2017, issued by FILIBERTO FLORES ALMARAZ, Director of the National Agriculture and Livestock Registry under the Secretary of Agriculture, Livestock, Rural Development, Fishery and Food, SAGARPA, whereby there is provided information to EMILIO CASTILLEGJOS MARTINEZ, Chief of the Legal Division of the Secretary of Rural Development in regard to UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA or UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, which includes certificate, resolution on registry number 110.01.GC30/07 dated May 24, 2007, public deed instrument 6494 of volume 138, whereby there is attested the incorporation of Union Ganadera Regional Division del Norte del Estado de Chihuahua; official letter 110.03.01.-21096/17 and 110.03.01.-21097/17, both dated February 20, 2017, whereby there is noted that SINCE May 24, 2007, CESAR HORACIO DUARTE JAQUEZ acts as the Chairman of the Board of Directors of the aforementioned organization (Union Ganadera).

- **ATTACHMENT 3.** Printings of the website of the Public Registry of Commerce, denominated [sic] M4- Articles of Incorporation and M8- Share Disposal both with electronic commercial file number 24139, which contains the Articles of Incorporation of FINANCIERA DE LA DIVISION DEL NORTE SOFOM E.N.R. Thereby, there is stated that CESAR HORACIO DUARTE JAQUEZ is founder and major shareholder with more than 98% of the A-series shares comprising their corporate capital, 5,900 of the 6,000 total shares, as well as 93.35% of the B-series shares, this is, 28,940 of the 31,000 total shares, according to the registration in the Public Registry of Real Estate Property and Commerce of the State under Electronic Commercial File number 24139*10, links available to this date.

- **ATTACHMENT 4.** Administrative documentation related to Economic Support Agreement No. 352/2011, made up of 82 pages.



- **ATTACHMENT 5.** Administrative documentation related to the Economic Supports worth $9,210,000.00 (nine million two hundred ten thousand pesos, 00/100, Mexican currency) and $2,790,000.00 (two million seven hundred ninety thousand pesos, 00/100, Mexican currency), made up of 220 pages.

- **ATTACHMENT 6.** Administrative documentation related to the Economic Support worth $12,000,000.00 (twelve million pesos, 00/100, Mexican currency), made up of 119 pages.

- **ATTACHMENT 7.** Administrative documentation related to Economic Support Agreement no. 887/2011, made up of 138 pages.

- **ATTACHMENT 8.** Administrative documentation related to Economic Support Agreement no. 991/2011, made up of 238 pages.

- **ATTACHMENT 9.** Administrative documentation related to Economic Support Agreement no. 305/2012, made up of 248 pages.

- **ATTACHMENT 10.** Administrative documentation related to Economic Support Agreement no. 376/2012, made up of 86 pages.

- **ATTACHMENT 11.** Administrative documentation related to the payment of $8,000,000.00 (eight million pesos, 00/100, Mexican currency), made up of 154 pages.

- **ATTACHMENT 12**. Administrative documentation related to Economic Support Agreements no. 384/2013 and 0426/2013, made up of 93 pages.

- **ATTACHMENT 13.** Administrative documentation related to Economic Support Agreement no. 0995/2013, made up of 123 pages.

- **ATTACHMENT 14.** Administrative documentation related to the Economic Support worth $5,500,000.00 (five million five hundred thousand pesos, 00/100, Mexican currency), made up of 134 pages.

- **ATTACHMENT 15.** Official letter DJ-751, dated November 14, 2018, issued by ABRIL PROTILLO DE LA FUENTE, Legal Director of the Secretary of the Treasury of the Government of the State of Chihuahua, whereby there is remitted front and back of the checks related to the aforementioned payments.



FISCALÍA GENERAL
DE LA REPÚBLICA

## PETITIONS

Derived from the above, there becomes necessary that this Investigative Authority carry out a pertinent, serious, exhaustive, speedy and effective investigation so as to perfectly clarify the conduct subject matter of this accusation, since as there was stated, there is the serious and reasonable presumption that the funds mentioned above were deviated from their public purpose and taken advantage of for meeting personal interests, specifically those of the then head of the Executive Branch, former governor CESAR HORACIO DUARTE JAQUEZ to the detriment of the people of Chihuahua.

In that line of reasoning, I respectfully request the following:

FIRST. To acknowledge our presence filing a formal accusation for each and every fact detailed throughout this letter, which may define conduct penalized in the Criminal Code for the State of Chihuahua against the public officials or any other person who may be responsible in their commission.

SECOND. To carry out all and every investigative proceeding deemed useful and pertinent to perfectly clarify the conduct subject matter of this accusation and to guarantee and redress the damage caused to the patrimony of the Government of the State of Chihuahua so, at the opportune procedural state, the corresponding criminal action be exercised.

Having nothing further to add, we hereby reiterate our commitment to actively assist in the investigation, inasmuch as clarification of the conduct herein becomes relevant to the body we represent.

CHIHUAHUA, CHIH. NOVEMBER 22, 2018.


[signed]

GREGORIO DANIEL MORALES LUEVANO


[signed]

KARLA GUADALUPE GODOY ORTIZ

EX - DUARTE JAQUEZ - 000229

# EXHIBIT

# 4

EX - DUARTE JAQUEZ - 000230





CONGRESS OF THE STATE
CHIHUAHUA
SECRETARY

DECREE NUMBER
1136/2010 XI P.E.

**THE SIXTY SECOND LEGISLATURE OF THE HONORABLE CONGRESS OF THE STATE OF CHIHUAHUA, MET IN ITS ELEVENTH EXTRAORDINARY PERIOD OF SESSIONS, IN THE THIRD YEAR OF CONSTITUTIONAL EXERCISE**

### D E C R E E S

**SOLE ARTICLE.-** Pursuant to the provisions of Articles 36, 37, 57, 82 (VIII) and 87 of the Political Constitution of the State of Chihuahua in relation to article 207 of the Electoral Law in force for our Entity, and pursuant to the declaration of validity of the elections carried out last July 4, and the majority records issued by the General Council of the State Electoral Institute, both for the Governor figure, the citizen **Cesar Horacio Duarte Jaquez** is declared elected as Constitutional Governor of the Free and Sovereign State of Chihuahua from October 4, 2010 to October [illegible], 2016.

[an illegible seal]



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

DECREE NUMBER
1136/2010 XI P.E.

CONGRESS OF THE STATE
CHIHUAHUA
SECRETARY

### T R A N S I T O R Y

**FIRST ARTICLE.-** The present Decree becomes effective on the following day of its publication on the State Official Gazette.

**SECOND ARTICLE.-** Publish the present Decree on the newspapers with the highest circulation in the State.

**THIRD ARTICLE.-** Inform the content of the present Decree to the sixty seven local governments of the State.

**SO IT WAS DECREED** in the Session Room of the Legislative Branch in the City of Chihuahua on August 10, 2010.

[an illegible seal]



DECREE NUMBER
1136/2010 XI P.E.

CONGRESS OF THE STATE
CHIHUAHUA
SECRETARY

PRESIDENT

[an illegible signature]

[an illegible seal]

MANUEL SOLTERO DELGADO

SECRETARY                                        SECRETARY

[an illegible signature]                          [an illegible signature]

MARIA AVILA SERNA                          PEDRO REAZA RIOS



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

SH 10-01

| 979320 |

## APPOINTMENT

CESAR HORACIO DUARTE JAQUEZ, CONSTITUTIONAL GOVERNOR OF THE STATE, IN THE USE OF THE POWERS CONFERRED TO HIM BY THE POLITICAL CONSTITUTION OF THE STATE OF CHIHUAHUA, GRANTS THE PRESENT APPOINTMENT TO THE CITIZEN

DUARTE JAQUEZ, CESAR HORACIO

| FEDERAL TAXPAYER REGISTRY | AFFILIATION NUMBER | EMPLOYEE NO. | CURP |
|---|---|---|---|
| iKZ8 | | | |

POSITION    GOVERNOR OF THE STATE

| SECREYTARY | EXECUTIVE OFFICE |
|---|---|
| SUBSECRETARY | |
| COORDINATION | |
| DIVISION | |
| DEPARTMENT | |
| OFFICE | OFFICE OF THE GOVERNOR OF THE STATE |
| MUNICIPALITY | CHIHUAHUA |
| PRES. CODE | 18 3010000000001 P 0001 00160427 |

WITH THE FOLLOWING REMUNERATION

| BASE SALARY | $38,712.00 |
|---|---|
| TOTAL REMUNARATION | $38,712.00 |

FROM:

| MONTH | DAY | YEAR |
|---|---|---|
| 01 | 01 | 2011 |

TO:

| MONTH | DAY | YEAR |
|---|---|---|
| 31 | 12 | 2011 |

RESPECTFULLY
SUFFRAGE EFFECTIVE, NO REELECTION

[an illegible signature]

CRISTIAN RODALLEGAS HINOJOSA
SECRETARY OF THE TREASURY

Chihuahua
Gobierno del Estado



SH 10-01

| 979320 |



Chihuahua
Gobierno del Estado

## APPOINTMENT

CESAR HORACIO DUARTE JAQUEZ, CONSTITUTIONAL GOVERNOR OF THE STATE, IN THE USE OF THE POWERS CONFERRED TO HIM BY THE POLITICAL CONSTITUTION OF THE STATE OF CHIHUAHUA, GRANTS THE PRESENT APPOINTMENT TO THE CITIZEN

### DUARTE JAQUEZ, CESAR HORACIO

| FEDERAL TAXPAYER REGISTRY | AFFILIATION NUMBER | EMPLOYEE NO. | CURP |
|---|---|---|---|
| 4KZ8 | | | |

POSITION | GOVERNOR OF THE STATE

| SECREYTARY SUBSECRETARY COORDINATION DIVISION DEPARTMENT OFFICE MUNICIPALITY PRES. CODE | EXECUTIVE OFFICE |
|---|---|
| | OFFICE OF THE GOVERNOR OF THE STATE |
| | CHIHUAHUA |
| | 18 1010000000001 1300200 10112 131 E50401 P 0001 1 00160427 |

WITH THE FOLLOWING REMUNERATION

| BASE SALARY | $40,648.00 |
|---|---|
| TOTAL REMUNARATION | $40,648.00 |

FROM:

| MONTH | DAY | YEAR |
|---|---|---|
| 01 | 01 | 2012 |

TO:

| MONTH | DAY | YEAR |
|---|---|---|
| 31 | 12 | 2012 |

RESPECTFULLY
SUFFRAGE EFFECTIVE, NO REELECTION

[an illegible signature]

JOSE LUIS GARCIA MAYAGOITIA
SECRETARY OF THE TREASURY

CHIHUAHUA, CHIH ON JUNE 12, 2012

EX - DUARTE JAQUEZ - 000235



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

SH 10-01



Chihuahua
Gobierno del Estado

| | 979320 |

## APPOINTMENT

CESAR HORACIO DUARTE JAQUEZ, CONSTITUTIONAL GOVERNOR OF THE STATE, IN THE USE OF THE POWERS CONFERRED TO HIM BY THE POLITICAL CONSTITUTION OF THE STATE OF CHIHUAHUA, GRANTS THE PRESENT APPOINTMENT TO THE CITIZEN

DUARTE JAQUEZ, CESAR HORACIO

| FEDERAL TAXPAYER REGISTRY | AFFILIATION NUMBER | EMPLOYEE NO. | CURP |
|---|---|---|---|
| IKZ8 | | | |

POSITION   GOVERNOR OF THE STATE

| SECREYTARY SUBSECRETARY COORDINATION DIVISION DEPARTMENT OFFICE MUNICIPALITY PRES. CODE | EXECUTIVE OFFICE |
|---|---|
| | OFFICE OF THE GOVERNOR OF THE STATE CHIHUAHUA 18 1010000000001 1300200 10113 131 E50401 P 0001 1 00160427 |

WITH THE FOLLOWING REMUNERATION

| BASE SALARY | $42,680.00 |
|---|---|
| TOTAL REMUNARATION | $42,680.00 |

FROM:

| MONTH | DAY | YEAR |
|---|---|---|
| 01 | 01 | 2013 |

TO:

| MONTH | DAY | YEAR |
|---|---|---|
| 31 | 12 | 2013 |

RESPECTFULLY
SUFFRAGE EFFECTIVE, NO REELECTION

[an illegible signature]

JAIME RAMON HERRERA CORRAL
SECRETARY OF THE TREASURY

CHIHUAHUA, CHIH ON SEPTEMBER 2, 2013

EX - DUARTE JAQUEZ - 000236



SH 10-01

| | 979320 |
| --- | --- |


Chihuahua
Gobierno del Estado

# APPOINTMENT

CESAR HORACIO DUARTE JAQUEZ, CONSTITUTIONAL GOVERNOR OF THE STATE, IN THE USE OF THE POWERS CONFERRED TO HIM BY THE POLITICAL CONSTITUTION OF THE STATE OF CHIHUAHUA, GRANTS THE PRESENT APPOINTMENT TO THE CITIZEN

### DUARTE JAQUEZ, CESAR HORACIO

| FEDERAL TAXPAYER REGISTRY | AFFILIATION NUMBER | EMPLOYEE NO. | CURP |
| --- | --- | --- | --- |
| 4KZ8 | | | |

| POSITION | GOVERNOR OF THE STATE |
| --- | --- |

| SECREYTARY | EXECUTIVE OFFICE |
| --- | --- |
| SUBSECRETARY | |
| COORDINATION | |
| DIVISION | |
| DEPARTMENT | |
| OFFICE | OFFICE OF THE GOVERNOR OF THE STATE |
| MUNICIPALITY | CHIHUAHUA |
| PRES. CODE | 1010000000001-1300200-C0000-110114-131-E50401 P 0001 1 00160427 |

WITH THE FOLLOWING REMUNERATION

| BASE SALARY | $44,814.00 |
| --- | --- |
| TOTAL REMUNARATION | $44,814.00 |

FROM:

| MONTH | DAY | YEAR |
| --- | --- | --- |
| 01 | 01 | 2014 |

TO:

| MONTH | DAY | YEAR |
| --- | --- | --- |
| 31 | 12 | 2014 |

RESPECTFULLY
SUFFRAGE EFFECTIVE, NO REELECTION

[an illegible signature]

JAIME RAMON HERRERA CORRAL
SECRETARY OF THE TREASURY

CHIHUAHUA, CHIH ON DECEMBER 19, 2014

EX - DUARTE JAQUEZ - 000237



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

SH 10-01

| | 979320 |

Chihuahua
Gobierno del Estado

## APPOINTMENT

CESAR HORACIO DUARTE JAQUEZ, CONSTITUTIONAL GOVERNOR OF THE STATE, IN THE USE OF THE POWERS CONFERRED TO HIM BY THE POLITICAL CONSTITUTION OF THE STATE OF CHIHUAHUA, GRANTS THE PRESENT APPOINTMENT TO THE CITIZEN

### DUARTE JAQUEZ, CESAR HORACIO

| FEDERAL TAXPAYER REGISTRY | AFFILIATION NUMBER | EMPLOYEE NO. | CURP |
|---|---|---|---|
| 4KZ8 | | | |

POSITION   GOVERNOR OF THE STATE

| SECREYTARY SUBSECRETARY COORDINATION DIVISION DEPARTMENT OFFICE MUNICIPALITY PRES. CODE | EXECUTIVE OFFICE |
|---|---|
| | OFFICE OF THE GOVERNOR OF THE STATE |
| | CHIHUAHUA |
| | 1010000000001-1300200-C0101-110115-131-E50401  P  0001  1  00160427 |

WITH THE FOLLOWING REMUNERATION

| BASE SALARY | $47,055.00 |
|---|---|
| TOTAL REMUNARATION | $47,055.00 |

FROM:

| MONTH | DAY | YEAR |
|---|---|---|
| 01 | 01 | 2015 |

TO:

| MONTH | DAY | YEAR |
|---|---|---|
| 31 | 12 | 2015 |

RESPECTFULLY
SUFFRAGE EFFECTIVE, NO REELECTION

[an illegible signature]

JAIME RAMON HERRERA CORRAL
SECRETARY OF THE TREASURY

CHIHUAHUA, CHIH ON JULY 11, 2015

EX - DUARTE JAQUEZ - 000238



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

SH 10-01

979320

Chihuahua
Gobierno del Estado

# APPOINTMENT

CESAR HORACIO DUARTE JAQUEZ, CONSTITUTIONAL GOVERNOR OF THE STATE, IN THE USE OF THE POWERS CONFERRED TO HIM BY THE POLITICAL CONSTITUTION OF THE STATE OF CHIHUAHUA, GRANTS THE PRESENT APPOINTMENT TO THE CITIZEN

DUARTE JAQUEZ, CESAR HORACIO

| FEDERAL TAXPAYER REGISTRY | AFFILIATION NUMBER | EMPLOYEE NO. | CURP |
|---|---|---|---|
| 4KZ8 | | | |

POSITION   GOVERNOR OF THE STATE

| SECREYTARY | EXECUTIVE OFFICE |
| SUBSECRETARY | |
| COORDINATION | |
| DIVISION | |
| DEPARTMENT | |
| OFFICE | OFFICE OF THE GOVERNOR OF THE STATE |
| MUNICIPALITY | CHIHUAHUA |
| PRES. CODE | 1010000000001-1300200-C0101-110116-131-E50401  P  0001  1  00160427 |

WITH THE FOLLOWING REMUNERATION

| BASE SALARY | $50,349.00 |
|---|---|

FROM:

| MONTH | DAY | YEAR |
|---|---|---|
| 01 | 01 | 2016 |

| TOTAL REMUNARATION | $50,349.00 |
|---|---|

TO:

| MONTH | DAY | YEAR |
|---|---|---|
| 31 | 12 | 2016 |

RESPECTFULLY
SUFFRAGE EFFECTIVE, NO REELECTION

[an illegible signature]

JAIME RAMON HERRERA CORRAL
SECRETARY OF THE TREASURY

CHIHUAHUA, CHIH ON JUNE 6, 2016

EX - DUARTE JAQUEZ - 000239

# EXHIBIT

# 5

EX - DUARTE JAQUEZ - 000240



| SE<br>MINISTRY   OF   ECONOMY<br>[Mexican Coat of Arms] | **Public Registry of<br>Commerce** | [Coat of Arms of the state of<br>Chihuahua]<br>20014 |
|---|---|---|
| Company Incorporation | Chihuahua | |

Document sole number

## M4 – Company Incorporation

| **Commercial File Number**: | 24139 |
|---|---|
| **ID**: | 10 |
| **Registration Date**: | 16/01/2008 |
| **Mode**: | ☑ Variable Capital |
| **By deed document No./Policy No.** | 14130 |
| **Volume**: | 316 |
| **Corporation was incorporated<br>as follows**: | *FINANCIERA DE LA DIVISION DEL NORTE,<br>SOCIEDAD ANONIMA DE CAPITAL VARIABLE<br>SOCIEDAD FINANCIERA DE OBJETO MULTIPLE,<br>ENTIDAD NO REGULADA* |

**NOTARY PUBLIC CODE**

| **Notary<br>Number**: | 108032005 | **Name**: JOSE SERGIO MILLER MATA |
|---|---|---|
| **Federal Entity**: | Chihuahua | **Municipality**: HIDALGO DEL PARRAL |

**Authority**:    JOSE SERGIO MILLER MATA

| **Duration**: | 99 |
|---|---|
| **Years and domicile at**: | CHIHUAHUA |
| **Corporate purpose**: | 1.- REGULARLY AND PROFESSIONALLY GRANTING<br>CREDIT, AS WELL AS EXECUTING FINANCIAL LEASING<br>AND/OR FINANCIAL FACTORING, PURSUANT TO<br>ARTICLE 87-B OF THE GENERAL LAW ON ANCILLARY<br>CREDIT ORGANIZATIONS AND ACTIVITIES. THERE IS<br>CONSIDERED, AND THE APPEARING PERSONS AGREE<br>THAT THE CORPORATION LEGALLY ADOPTS THE<br>FIGURE OF MULTIPLE PURPOSE FINANCIAL<br>INSTITUTION UNDER THE MODALITY OF NON-<br>REGULATED ENTITY, AS ESTABLISHED IN THE FIRST<br>PARAGRAPH OF THE CITED ARTICLE: "GRANTING<br>CREDIT AS WELL AS EXECUTING FINANCIAL LEASING<br>AND/OR FINANCIAL FACTORING CONTRACTS MAY BE |



PERFORMED ROUTINELY AND PROFESSIONALLY BY ANY PERSON WITHOUT THE NEED TO REQUEST THE FEDERAL GOVERNMENT FOR AUTHORIZATION THERETO." 2.- ACCORDING TO THE SAME ARTICLE 87-B OF THE GENERAL LAW ON ANCILLARY CREDIT ORGANIZATIONS AND CREDIT ACTIVITIES, THE MODE OF MULTIPLE PURPOSE FINANCIAL INSTITUTION UNDER THE MODALITY OF NON-REGULATED ENTITY WILL NOT BE SUBJECT TO SUPERVISION FROM THE NATIONAL BANKING AND SECURITIES COMMISSION, SINCE THE CORPORATE STOCK OF THE VARIABLE CAPITAL CORPORATION, BEING INCORPORATED, DOES NOT TAKE PART, NOR KEEPS PATRIMONIAL LINKS WITH CREDIT INSTITUTIONS OR CORPORATIONS CONTROLLING FINANCIAL GROUPS OF WHICH CREDIT INSTITUTIONS ARE PART, AS STATED BY THE APPEARING PERSONS COMPRISING IT, NOR ANY CREDIT INSTITUTION CONTROLLING IT, NOR IT HAS SHAREHOLDERS COMMONLY WITH A CREDIT INSTITUTION. HOWEVER, PURSUANT TO SECOND PARAGRAPH OF ARTICLE 87-K OF THE CITED LAW, TO REPORT SUCH CIRCUMSTANCE, IN WRITING, TO THE NATIONAL COMMISSION FOR THE PROTECTION AND DEFENSE OF THE FINANCIAL SERVICES USERS, NOT LATER THAN 10 WORKING DAYS AFTER SIGNING THIS AGREEMENT IN THE PUBLIC REGISTRY OF PROPERTY AND COMMERCE, PREVIOUS FORMALIZATION BEFORE NOTARY PUBLIC. 3.- GRANTING CREDITS, AS WELL AS EXECUTING FINANCIAL LEASING AND/OR FINANCIAL FACTORING CONTRACTS. 4.- PROMOTING SAVINGS, INVESTMENT, CHANNELING FINANCIAL AND TECHNICAL SUPPORT FOR INDUSTRIAL DEVELOPMENT AND IN GENERAL TO FINANCE SMALL AND MEDIUM COMPANIES (PYMES AS ABBREVIATED IN SPANISH), AND PRODUCTIVE CHAINS, FOSTERING THE EXPORTING AND IMPORTING ACTIVITY OF ASSETS AND SERVICES. 5.- FINANCING ECONOMIC ACTIVITIES ENCOURAGING THE CREATION OF EMPLOYMENT, PROMOTING TECHNICAL DEVELOPMENT, TRAINING, TECHNICAL ASSISTANCE AND INCREASING PRODUCTIVITY, CARRYING OUT ECONOMIC AND FINANCIAL ANALYSIS TO DETERMINE INVESTMENT PROJECTS. THUS, FOSTERING INDUSTRIAL EXPLOITATION OF THE UNEXPLORED OR INSUFFICIENT NATURAL RESOURCES. 6.- MANAGING AND OBTAINING CREDIT GUARANTEES AND THOSE USED IN FOREIGN COMMERCE, GRANTING FINANCING TO INDIRECT EXPORTERS AND/OR IMPORTERS AND IN GENERAL TO THE SECTION PRODUCER EXPORTER AND IMPORTER.



7.- DESIGNING AND EXECUTING PROGRAMS PROMOTING INVESTMENT WITHIN INDIGENOUS COMMUNITIES, PERFORMING ECONOMIC AND FINANCIAL SOCIAL ANALYSIS FOR INDIGENOUS COMMUNITIES DEVELOPMENT. 8.- FINANCING AND/OR ADVISING HOUSING CREDITS BY GRANTING GUARANTEES DESTINED TO THE CONSTRUCTION, ACQUISITION AND SOCIAL INTEREST HOUSING IMPROVEMENT, WITHOUT EXCLUDING OTHER HOUSING MARKET SECTORS, ENCOURAGING THE TECHNOLOGICAL DEVELOPMENT AND TRAINING RELATED TO HOUSING, PROMOTING CREDITS AND ASSETS RELATED TO HOUSE FINANCING, GRANTED OR ISSUED BY OTHER FINANCIAL ENTITIES OF PUBLIC AND/OR PRIVATE SECTOR. THE FOREGOING BY BEING COMMON REPRESENTATIVE OF CREDIT TITLES HOLDERS FOR HOUSING FINANCING, PROMOTING SCHEMES TO CONSTRUCT; INITIAL PAYMENTS OR DOWN PAYMENTS DESTINED TO THE PURCHASE OF HOUSING, CARRYING OUT VARIOUS APPRAISALS. 9.- ENCOURAGING FINANCING, TRAINING, ADVISORY IN THE DEVELOPMENT OF VARIOUS LIVESTOCK, FORESTRY, FISHERY ACTIVITIES, AND ALL OTHER ECONOMIC ACTIVITIES LINKED, ETCETERA, MEXICAN MEXICAN

**Nationality**:

EX - DUARTE JAQUEZ - 000243



| SE MINISTRY OF ECONOMY [Mexican Coat of Arms] | **Public Registry of Commerce** | [Coat of Arms of the state of Chihuahua] 20014 |
|---|---|---|
| Company Incorporation | Chihuahua | |

Document sole number

| Capital Type | Series | Share Value | Number of shares |
|---|---|---|---|
| Fix | A | 1,000.00 | 6000 |

**Minimum capital stock:**      6,000,000.00

**Shares number or Corporate:**      6000

**Variable Capital stock:**      0.00

**No. of Shares or Corporate partners:**      0

| First Surname / Denomination/ Corporate name | Second surname | name | RFC /DOB | No. of Shares or Corporate partners | Capital | Series | Total amount |
|---|---|---|---|---|---|---|---|
| DUARTE | JAQUEZ | CESAR HORACIO | 1963 | 5900 | Fix | A | 5900000 |
| JAVALERA | LEAL | CESAR HUMBERTO | 1963 | 50 | Fix | A | 50000 |
| UNION GANADERA REGIONAL DIVISION DEL NORTE | | | | 50 | Fix | A | 50000 |

**Foreign clause:**      Admission clause

**ADMINISTRATION IN CHARGE OF:**

**Board of directors integrated by:**      CHAIRMAN: CESAR HORACIO DUARTE JAQUEZ
SECRETARY: CESAR HUMBERTO JAVALERA LEAL
TREASURER: CARLOS GERARDO HERMOSILLO ARTEAGA

**Empowered to/for:**      LAWSUITS AND COLLECTIONS AND ACTS OF ADMINISTRATION IN ADMINISTRATIVE TERMS OF THE MEASURES NECESSARY TO CARRY OUT TRANSACTIONS, ACTS AND CONTRACTS RELATED TO THE CORPORATE PURPOSE. REPRESENT THE CORPORATION BEFORE ANY KIND OF AUTHORITIES AND IN ALL KINDS OF BUSINESSES. EXECUTE THE

EX - DUARTE JAQUEZ - 000244



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

AGREEMENTS OF THE MEETINGS. APPOINT GENERAL MANAGER AND ASSISTANT MANAGER, DIRECTORS AND ALL THE OFFICIALS DEEMED NECESSARY FOR THE GOOD MANAGEMENT OF THE CORPORATION, CONFERRING THEM POWERS DEEMED CONVENIENT. GRANT GENERAL AND SPECIAL POWERS AND REVOKE ONE OR THE OTHER. ACTS OF OWNERSHIP, POWERS EXPRESSLY TO CARRY OUT ALL KINDS OF PROCEDURES AND FORMALITIES BEFORE ANY CREDIT INSTITUTION OF THE FINANCIAL SYSTEM OF THE COUNTRY, SO AS TO OPEN AND CANCEL CHECK ACCOUNTS, ISSUE THESE EQUITIES; REQUEST ACCOUNT STATEMENTS; REQUESTING BALANCES; MAKING DEPOSITS AND TRANSFERS; REQUEST REFUNDS, AND IN GENERAL ASSISTING COMMERCIAL RELATIONSHIPS GENERATED DUE TO SAID CHECK ACCOUNTS; WORKING MATERIAL, AUTHORIZING IT FOR ALL KINDS OF PROCEDURES AND FORMALITIES BEFORE THE SOCIAL SECURITY MEXICAN INSTITUTE, OF WORKERS HOUSING, THE NATIONAL WORKERS HOUSING FUND INSTITUTE, THE MINISTRY OF FINANCE AND PUBLIC CREDIT, THE FINANCE GENERAL DIVISION OF THE STATE GOVERNMENT, THE FINANCE GENERAL DIVISION OF THE MUNICIPALITY AND BEFORE ANY OTHER PUBLIC OR PRIVATE ENTITY. LIKEWISE, IN TAX MATTERS, IT IS EMPOWERED TO APPEAR BEFORE THE MINISTRY OF FINANCE AND PUBLIC CREDIT AND WHICHEVER AGENCY AND BEFORE ANY OTHER TAX AUTHORITY, EITHER FEDERAL, STATE OR MUNICIPAL, AND PERFORM ALL KIND OF PROCEDURES OR FORMALITIES EVEN SIGNING DOCUMENTS, RECORDS OR AGREEMENTS; CARRYING OUT ALL KIND OF LEGAL ACTS; SUBMITTING STATEMENTS AND NOTICES; AND IN GENERAL TO PERFORM ANY FORMALIZATION OR MANAGEMENT; AND TO FORMALIZE AND OBTAIN THE ADVANCED ELECTRONIC SIGNATURE. CONTRACTING LOANS AND COMPREHENSIVE LIVESTOCK AND AGRICULTURE INSURANCE TO SUBSTITUTE TOTAL OR PARTIALLY THE POWERS DESCRIBED ABOVE. THE POWERS CONFERRED PURSUANT TO ARTICLE 2453 OF THE CIVIL CODE IN FORCE IN THE STATE OF CHIHUAHUA, AND ITS CORRELATED, ARTICLE 2554 OF THE CIVIL CODE FOR THE FEDERAL DISTRICT, IDENTICAL IN THEIR TEXT.

**As Statutory Auditor or Surveillance council, was appointed:**

PEDRO BACA GOMEZ



| | |
|---|---|
| **Permit from the Ministry Of Foreign Affairs:** | 0801446 |
| **Date:** | 28/11/2007 |
| **File No.:** | 20070801278 |
| **Authorization of:** | EDUARDO MARTINEZ CURIEL |
| **General Shareholders:** | CESAR HORACIO DUARTE JAQUEZ, MEXICAN, BORN IN BALLEZA, CHIHUHUA, WHERE HE WAS BORN ON 1963, MARRIED, WITH BACHELOR'S DEGREE; FEDERAL TAXPAYER'S REGISTRY 4KZ8 AND DOMICILE AT CALLE PRIMERA NO. 5, IN THIS CITY. CESAR HUMBERTO JAVALERA LEAL, MEXICAN, BORN IN BALLEZA, CHIHUAHUA, WHERE HE WAS BORN ON 1963, MARRIED, BUSINESSMAN, WITH FEDERAL TAXPAYER'S REGISTRY 1QT2 AND KNOWN DOMICILE IN BALLEZA, IN THIS CITY. |

**PAYMENT**

| | |
|---|---|
| **Registration rights:** | 11,633.00 |
| **Payment slip No.:** | E9681638 AND OTHER |

EX - DUARTE JAQUEZ - 000246



| SE<br>MINISTRY    OF    ECONOMY<br>[Mexican Coat of Arms] | **Public Registry of Commerce** | [Coat of Arms of the state of Chihuahua] |
|---|---|---|
| Company Incorporation | Chihuahua | 20014 |

Document sole number

| Date of payment: | 08/01/2008 |
|---|---|
| Control No.: | 2 |
| Qualifier No.: | 305 |
| Name: | NORMA ERENDIRA ROMERO MAGAÑA |

**FILE SECTION**

| Book No.: | 60 |
|---|---|
| Page No.: | 34 |

**REGISTRATION INFORMATION**

| NCI: | 2 | Accession date: | 15/01/2008 11:00:00 |
|---|---|---|---|
| Date of registration: | 17/01/2008 12:00<br>T. CENTRO | Office responsible | T. CENTRO |

EX - DUARTE JAQUEZ - 000247



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

| **SE**<br>**MINISTRY OF ECONOMY**<br>[Mexican Coat of Arms]<br><br>Company Incorporation | **Public Registry of**<br>**Commerce**<br><br>Chihuahua | [Coat of Arms of the state of Chihuahua]<br><br>20014 |
| --- | --- | --- |

5002K

Document sole number

### M8-SHARES DISPOSITION

| | |
| --- | --- |
| Commercial file: | 24139 |
| Id.: | 10 |
| **Accession date:** | 12/11/2008 |
| **Through deed No./Policy No.** | 15054 |
| **Volume** | 344 |
| **Date** | 04/11/2008 |

**NOTARY PUBLIC CODE**

Notary:

| **Number:** | 108032005 | **Name:** | JOSE SERGIO MILLER MATA |
| --- | --- | --- | --- |
| **Federal entity:** Chihuahua | | **Municipality:** | HIDALGO DEL PARRAL |

**The granting, donning, transferring or drawing party**     CESAR     HUMBERTO JAVALEA LEAL

| Current Share holder First surname | First Surname | Name(s) | New Shareholder First Surname Corporate name | Second Last Name | Name | RFC / Date of birth | No. of shares Corp. Parties | Capital Type | Series | Total amount | Transfer type | Asset type | Transaction value |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| JAVALERA | LEAL | CESAR HUMBERTO | HRMO | ARTE A | CARLOS GERARDO | | 50 | Fixed | A | 50,000.00 | | | |

**Representatives of the capital stock**     FINANCIERA DE LA DIVISION DEL NORTE, SOCIEDAD ANONIMA DE CAPITAL VARIABLE SOCIEDAD FINANCIERA DE OBJETO MULTIPLE, ENTIDAD NO REGULADA

EX - DUARTE JAQUEZ - 000248



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

| | |
|---|---|
| **Records of the Meeting, dated** | 09/08/2008 |
| **General information of the acquirer** | CARLOS GERARDO HERMOSILLO ARTEAGA, MEXICAN, BORN IN [ILLEGIBLE]. |
| **Payment** | |
| **Registration rights** | 0.00 |
| **Payment slip No.** | E9092315 |
| **Payment date** | 07/11/2008 |
| **Control No.** | 5 |
| **Grade book No.** | 301 |
| **Name** | LUZ MARIA BALDERRAMA RODRIGUEZ |

EX - DUARTE JAQUEZ - 000249



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

| | | |
|---|---|---|
| **SE**<br>**MINISTRY OF ECONOMY**<br>**[Mexican Coat of Arms]** | **Public Registry of**<br>**Commerce** | [Coat of Arms of the state of Chihuahua] |
| Company Incorporation | Chihuahua | |

5002K

Shares Disposition

Document sole number

**FILE SECTION**

**Book No.**                    75

**Page No.**                    52

**REGISTRATION INFORMATION**

**NCI**            5              **Registration date:**    11/11/2008   11:00:00
                                                          T. CENTRO

**Registration date:**      13/11/2008  12:00:00   **Office responsible:**
                    T. CENTRO

EX - DUARTE JAQUEZ - 000250



| SE<br>MINISTRY OF ECONOMY<br>[Mexican Coat of Arms]<br><br>Company Incorporation<br><br>Shares Disposition | **Public Registry of Commerce**<br><br>Chihuahua | [Coat of Arms of the state of Chihuahua]<br><br>12009T |
| --- | --- | --- |

Document sole number

**M2 – Meeting**

**Commercial file:**      24139

**Id.:**      10

**Accession date:**      05/10/2009

**Through deed No./Policy No.** 15732

**Volume**      358

**Dated**

**NOTARY PUBLIC CODE**

**Notary:**

**Number:**    108032005      Name:      JOSE SERGIO MILLER MATA

**Federal entity:** Chihuahua      Municipality:    HIDALGO DEL PARRAL

**Authority:**     JOSE SERGIO MILLER MATA

**There is recorded that**

**Upon request submitted by:**   CARLOS GERARDO HERMOSILLO ARTEAGA

**As representative(s) and/or**      *FINANCIERA DE LA DIVISION DEL NORTE,*

*SOCIEDAD*

**Delegate(s) of the Shareholders':**    MULTIPLE PURPOSES FINANCIAL INSTITUTION

**Corporation denominated:**      UNDER THE MODALITY OF NON-REGULATED

**ENTITY**

**Dated:**      15/08/2009

**AGREEMENTS WERE FORMALIZED AS FOLLOWS**



**DOMICILE EXCHANGE**

**Corporation type Exchange**: Continues operating in the country

**Conversion from old into Conversion into new pesos**:  0

☑ Increase or reduction in the variable capital

**Type of shares modification**: Fixed capital shares value modification

**Variable Capital**:          0.00

**Increase**:               16,000,000,.00

**Reduction**:           0.00

**Total Capital**:          16.000.000.00

| First surname/ corporate name | Second surname | NAME | RFC/ Birth Date | Current Shares No. or social shareholder | Series | Shares No. or shareholders increase/reduce | Capital Rate | Share value/ contri bution |
|---|---|---|---|---|---|---|---|---|
| DUARTE | JAQUES | CESAR HORACIO | | | B | 15500 | Variable | |
| UNION GANADERA REGIONAL DIVISION DEL NORTE | ARTEAGA | CARLOS GERARDO | | | B | 50 | Variable | |
| HERMOSILLO | | | | | B | 450 | Variable | |

**Merge type**:      Merged

**Spin-off type**:   With extinction of the spun-off entity

**Others**:   CAPITAL STOCK INCREASE IS APPROVED IN ITS VARIABLE PART OF SERIES "B"; THEREFORE, SUCH PART WILL BE SUSCEPTIBLE TO INCREASE AND DIMINISHMENT AND INCREASE IN THE AMOUNT OF $16,000,000.00 MEXICAN CURRENCY, REGISTERING THE STATUTORY INCREASE IN ITS VARIABLE PART OF SERIES "B" AS FOLLOWS: SHAREHOLDERS SERIES "A" "B" CESAR HORACIO DUARTE JAQUES 5900 15,500 $21,400,000.00 UNION GANADERA REGIONAL DIVISION DEL NORTE 50 50 100,000.00 CARLOS GERARDO HERMOSILLO ARTEAGA 50 450 500,000.00 TOTALS 600 16,000 $22,000,000.00.

**General info of the represent and/or delegate**   CARLOS GERARDO HERMOSILLO ARTEAGA. MEXICAN, BORN IN HIDALGO DEL PARRAL, CHIHUAHUA, IN      1977, MARRIED PROFESSIONAL, TAXPAYER'S FEDERAL REGISTRY       2P98 AND DOMICILE AT CALLE RETORNO DOS NO. 222, IN THIS CITY.



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

**PAYMENT**

| | |
|---|---|
| **Registration rights:** | 12,811.00 |
| **Payment slip No.:** | 4005406 |
| **Payment date**: | 30/09/2009 |
| **Control no.:** | 12 |
| **The Registrar**: | 301 |
| **Name**: | LUZ MARIA BALDERRAMA RODRIGUEZ |

**FILE SECTION**

EX - DUARTE JAQUEZ - 000253



| SE<br>MINISTRY OF ECONOMY<br>[Mexican Coat of Arms] | **Public Registry of<br>Commerce**<br><br>Chihuahua | [Coat of Arms of the state of<br>Chihuahua] |
| --- | --- | --- |

| Meeting | | 12009T |
| --- | --- | --- |
| | | Document sole number |

**Book No.:**      88

**Page No.:**      190

**REGISTRATION DATE**

| NCI: | 12 | **Accession date:** | 05/10/2009 |
| --- | --- | --- | --- |
| 12:00:00 | | | |
| | | | T. CENTRO |
| Registration date: | 06/10/2009   12:00:00 | | |
| | T. CENTRO | | |

EX - DUARTE JAQUEZ - 000254



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

| SE<br>MINISTRY OF ECONOMY<br>[Mexican Coat of Arms] | Public Registry of<br>Commerce<br>Chihuahua | [Coat of Arms of the state of<br>Chihuahua] |

| Meeting | | 700IW |
| --- | --- | --- |
| | | Document sole number |

## M2 – Meeting

| Commercial file: | | 24139 |
| --- | --- | --- |
| Id.: | 10 | |
| Accession date: | | 29/10/2010 |
| Through deed No./Policy No. | 15976 | |
| Volume | | 362 |
| Date | | |
| NOTARY PUBLIC CODE | | |

| Notary: | | | |
| --- | --- | --- | --- |
| Number: | 108032005 | Name: | JOSE SERGIO MILLER MATA |
| Federal entity: | Chihuahua | Municipality: | HIDALGO DEL PARRAL |
| Authority: | JOSE SERGIO MILLER MATA | | |

There is recorded that

| Upon request submitted by:<br>As representative(s) and/or | CARLOS GERARDO HERMOSILLO ARTEAGA<br>*FINANCIERA DE LA DIVISON DEL NORTE,*<br>*SOCIEDAD* |
| --- | --- |
| Delegate(s) of the Shareholders':<br>Corporation denominated: | *FINANCIERA DE LA DIVISION DEL NORTE,*<br>*SOCIEDAD ANONIMA DE CAPITAL VARIABLE*<br>*SOCIEDAD FINANCIERA DE OBJETO MULTIPLE,*<br>*ENTIDAD NO REGULADA* |
| Dated: | 19/09/2009 |

## AGREEMENTS WERE FORMALIZED AS FOLLOWS

## DOMICILE EXCHANGE

**Corporation type Exchange**:   Continues operating in the country



FISCALÍA GENERAL
DE LA REPÚBLICA

**Conversion from old into New pesos:** 0

☑ Increase or reduction in the variable capital

| | |
|---|---|
| **Type of shares modification:** | Fixed capital shares value modification |
| **Variable Capital:** | 16,000,000.00 |
| **Increase:** | 14,000,000,.00 |
| **Reduction:** | 0.00 |
| **Total Capital:** | 30,000,000.00 |

| Series | Share's Value | Shares number | Share new value | Shares number increases/diminishes |
|---|---|---|---|---|
| B | | | | |

| First surname/ corporate name | Second surname | NAME | RFC/ Birth Date | Current Shares No. or social shareholder | Series | Shares No. or shareholders increase/reduce | Capital Rate | Share value/ contribution |
|---|---|---|---|---|---|---|---|---|
| DUARTE | JAQUES | CESAR HORACIO | | | B | 13440 | Variable | |
| HERMOSILLO | ARTEAGA | CARLOS GERARDO | | | B | 510 | Variable | |
| UNION GANADERA REGIONAL DIVISION DEL NORTE | | | | | B | 50 | Variable | |

| | |
|---|---|
| **Merge type:** | Merged |
| **Spin-off type:** | With extinction of the spun-off entity |
| **Which read as follows:** | THERE IS AGREED INCREASING THE CAPITAL STOCK, AND IN ORDER FOR SAID INCREASE TO BE APPLIED IN ITS VARIABLE PART OF SERIES "B", INCREASING FROM THE AMOUNT OF $16,000,000.00 MEXICA CURRENCY TO THE AMOUNT OF $30,000,000.00 MEXICAN CURRENCY, SUBSCRIBING THE INCREASE ISSUED IN ITS VARIABLE PART OF SERIES "B", CESAR HORACIO DUARTE JAQUEZ SIGNS AND PAYS $13,440,000.00 MEXICAN CURRENCY REPRESENTED BY 13,440 SHARES, WITH A PAR VALUE OF $1,000.00 MEXICAN CURRENCY. LIKEWISE, CESAR HORACIO DUARTE JAQUEZ, AS LEGAL REPRESENTATIVE OF UNION GANADERA REGIONAL DIVISION DEL NORTE, SOLELY SUBSCRIBES AND PAYS $50,000.00 MEXICAN CURRENCY, REPRESENTED BY 50 SHARES, WITH A PAR VALUE OF $1,000.00 MEXICAN CURRENCY EACH. CARLOS GERARDO HERMOSILLO ARTEAGA SUBSCRIBES AND PAYS THE REMAINING CAPITAL INCREASE |

EX - DUARTE JAQUEZ - 000256



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

ISSUED, $510,000.00 MEXICAN CURRENCY, REPRESENTED BY 510 SHARES WITH PAR VALUE OF $1,000.00 EACH OF THEM. DUE TO ALL THE FOREGOING, THE CAPITAL STOCK IN ITS PAR VALUE SERIES "B", HAVING REVIEWED THE INCREASE APPROVED, IS THE AMOUNT OF $16,000,000.00 MEXICAN CURRENCY AND REPRESENTED BY 16,000 REGISTERED STOCK WITH A VALUE OF $1,000.00 MEXICAN CURRENCY, EACH. BY VIRTUE OF THE FOREGOING, THE CAPITAL STOCK IS DISTRIBUTED AS FOLLOWS: NAME SERIES "A", VALUED CESAR HORACIO DUARTE JAQUEZ 5900    $5,900,000.00    CARLOS GERARDO HERMOSILLO ARTEAGA 50    $50,000.00    UNION GANADERA REGIONAL DIVISION DEL NORTE    50    $50,000.00 TOTAL    6,000  $6,000.000.00  NAME SERIES "B" VALUE CESAR HORACIO DUARTE JAQUEZ 28,940 $28,940,000.00 CARLOS GERARDO HERMOSILLO ARTEAGA 960 $960,000.00   UNION  GANADERA   REGIONAL DIVISION DEL NORTE    100  $10,000.00    TOTAL    30,000  $30,000,000.00

**General info of the
Repress and/or delegate:** CARLOS GERARDO HERMOSILLO ARTEAGA, MEXICAN, BORN IN PARRAL, CHIHUAHUA, IN    1977, MARRIED, PROFESSIONAL.    WITH    TAXPAYER'S    FEDERAL REGISTRY    2-P98 AND WITH DOMICILE AT CALLE RETORNO DOS NO. 222, IN THIS CITY

## PAYMENT

**Registration rights:** 13,372.00

**Payment Slip No.:** 3697807

**Payment Date:** 26/10/2010

**Control No.:** 7

**The Registrar:** 301

**Name:** LUZ MARIA BALDERRAMA RODRIGUEZ

## FILE SECTION

**Book No.:** 106

**Page No.:** 91

## REGISTRATION DATA

7

**Entry date:** 29/10/2010 12:00:00
T. CENTRO

Date of registration:    29/10/2010   12:00:00
T. CENTRO

EX - DUARTE JAQUEZ - 000257



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

| SE<br>MINISTRY OF ECONOMY<br>[Mexican Coat of Arms] | Public Registry of<br>Commerce<br><br>Chihuahua | [Coat of Arms of the state of Chihuahua] |
|---|---|---|

| Meeting | | 700DE |
|---|---|---|
| | | Document sole number |

### M2 – Meeting

| Commercial file: | | 24139 |
|---|---|---|
| Id.: | 10 | |
| Accession date: | | 28/02/2012 |
| Through deed No./Policy No. | 3726 | |
| Volume | | 44 |
| Page: | 7 | |
| Date | | |
| NOTARY PUBLIC CODE | | |

| Notary: | | | |
|---|---|---|---|
| Number: | 108060007 | Name: | FERNANDO ULLOA RODRIGUEZ |
| Federal entity: | Chihuahua | Municipality: | SANT BARBARA |
| Authority: | JOSE SERGIO MILLER MATA | | |

There is recorded that

| Upon request submitted by:<br>As representative(s) and/or<br>Delegate(s) of the Shareholders':<br>Corporation denominated: | CARLOS GERARDO HERMOSILLO ARTEAGA<br>*FINANCIERA DE LA DIVISON DEL NORTE,*<br>*SOCIEDAD ANONIMA DE CAPITAL VARIABLE*<br>*SOCIEDAD FINANCIERA DE OBJETO MULTIPLE,*<br>*ENTIDAD NO REGULADA* |
|---|---|

| Dated: | 07/11/2011 |
|---|---|

### AGREEMENTS WERE FORMALIZED AS FOLLOWS

EX - DUARTE JAQUEZ - 000258



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

**DOMICILE EXCHANGE**

**Corporation type Exchange**:  Continues operating in the country

**Conversion from old into New pesos:**  0

☑ Increase or reduction in the variable capital

**Type of shares modification:** Fixed capital shares value modification

**Variable Capital:**  30,000,000.00

**Increase:**  1,000,000.00

**Reduction:**  0.00

**Total Capital:**  31,000,000.00

| Series | Share's Value | Shares number | Share new value | Shares number increases/diminishes |
|--------|---------------|---------------|-----------------|-------------------------------------|
| B | | | 1,000.00 | 100 |

| First surname/ corporate name | Second surname | NAME | RFC/ Birth Date | Current Shares No. or social shareholder | Series | Shares No. or shareholders increase/reduce | Capital Rate | Share value/ contri bution |
|---|---|---|---|---|---|---|---|---|
| HERMOSILLO | ARTEAGA | CARLOS GERARDO | | | B | 1000 | Variable | 1000 |

**Merge type:**  Merged

**Spin-off type:**  WITH EXTINCTION OF THE SPUN-OFF ENTITY

**WHICH READ AS FOLLOWS:** THE CAPITAL STOCK OF THE CORPORATION INCREASED FROM $1,000,000.00 (ONE MILLION PESOS 00/100 MEXICAN CURRENCY) TO THE AMOUNT OF $31,000,000.00 (THIRTY-ONE MILLION PESOS 00/100 MEXICAN CURRENCY), APPLIED IN ITS VARIABLE PART OF SERIES "B", THE AMOUNT APPROVED FOR $1000 REGISTERED STOCK WITH VALUE ADDED TAX $1,000.00 EACH OF THEM. THEY ARE INCREASED TO THOSE ALREADY SIGNED. CONSEQUENTLY, THE CAPITAL STOCK IN ITS PARTIES SERIES "A" AND SERIES "B", WILL BE PROPERLY INTEGRATED AND REPRESENTED AS FOLLOWS:  SERIES "A"     NAME     SHARES VALUE     CESAR     HORACIO     DUARTE JAQUEZ     50     $50,000.00 UNION GANADERA REGIONAL DIVISION DEL NORTE     50     $50,000.00  T O T A L     600 $6,000,000.00     SERIES "B"     NAME  SHARES VALUE CESAR HORACIO DUARTE JAQUEZ  28940     $28,940,000.00     CARLOS     GERARDO     HERMOSILLO ARTEAGA 1960 $1,960,000.00 UNION GANADERA REGIONAL



DIVISION DEL NORTE 100    $100,000.00 T O T A L       3100
$31,000,000.00

**The meeting was**          1000
**Comprised by the**
**Subsequent % of the**
**Total shareholders:**

**General information of**    CARLOS GERARDO HERMOSILLO ARTEAGA, MEXICAN,
**THE REPRESS AND/OR**       BORN IN HIDALGO DEL PARRAL, CHIHUAHUA, IN
**1977,**
**DELEGATE**                 MARRIED, PROFESSIONAL AND WITH DOMICILE AT RETORNO
                             DOS NO. 222, COLINIA FOVISSSTE PRIMERO DE MAYO OF
                             HIDALGO DEL PARRAL, CHIHUAHUA.

**PAYMENT**

**Registration rights:**     13,983.00
**Payment Slip No.:**        4292038
**Payment Date:**            22/12/2011
**Control No.:**             7
**The Registrar:**           301
**Name:**                    LUZ MARIA BALDERRAMA RODRIGUEZ

**FILE SECTION**

**Book No.:**                129
**Page No.:**                28

**REGISTRATION DATA**

                             7                   **Accession date:** 27/02/2012   12:00:00
                                                                     T. CENTRO
**Date of registration:**    29/0210/2012   12:00:00
                             T. CENTRO

EX - DUARTE JAQUEZ - 000260

# EXHIBIT
# 6

EX - DUARTE JAQUEZ - 000261



**LEGAL GENERAL COORDINATION
AGRICULTURAL AND LIVESTOCK
NATIONAL REGISTRY DIVISION
DEPARTMENT OF LIVESTOCK ORGANIZATIONS**

[Coat of Arms
UNITED MEXICAN STATES
SECRETARY OF EDUCATION,
FISHERY AND FOOD
SAGARPA]

Resolution Number: 110.01.GC30/07
Internal Control.- 276
Folio Number: 8-1-3

**Subject:** Registration resolution is issued regarding the incorporation, organization and functioning of a Union Ganadera Regional General

[Coat of Arms
UNITED MEXICAN STATES
SECRETARY OF PUBLIC OVERSIGHT]

Mexico, Federal District, May 24, 2007.- - -

Having reviewed the records comprising the administrative file at hand, to issue a resolution regarding the registration request on the incorporation, organization and functioning of **Union Ganadera Regional General "Division del Norte" del Estado de Chihuahua**.

**WHEREAS:**

**SOLE.-** This Administrative Unit received documentation related to the incorporation, organization and functioning of **Union Ganadera Regional General "Division del Norte" del Estado de Chihuahua.**

**FINDINGS OF FACT:**

**SOLE.-** That the Director of the National Agriculture and Livestock Registry dependent of the Legal General Coordination of the Secretary of Agriculture, Livestock, Rural Development, Fishery and Food, is competent to know and solve the registration request in cattle organization matters, pursuant to the provisions set forth in articles 1, 3, 7 and 13 of the Cattle Organizations Law; 1, 59; 60; 61;62, 70, 71, 76, 77, 78 and 79 of its Regulations, 1. 2, 3, 10, 15 (VII) and (VIII) and 18 of the Internal Regulations of that Federal Executive Agency; 1, 2, 3, 9 and 10 (II), (III), (V) and (VI) of the

EX - DUARTE JAQUEZ - 000262



agreement by means of which the National Agriculture and Livestock Registry, and duties are delegated in favor of its head, published in October 23, 2001, in the Federal Official Gazette.

**FIRST.-** That with the request resolved and the documents attached to it, consisting of:

⇒  Format of Preliminary Notice of the Incorporation of a Cattle Organization: (SAGAR 02-022-MODALIDAD A);

⇒  Registration Format of the Records of Incorporation; Bylaws and Producers list of a local Cattle Association; (SAGAR-02-002-MODALIDAD C);

⇒  Producers List Format. Local Cattle Associations. (A model od said format was submitted by each member);

⇒  Call,

⇒  Records of the Meeting;

⇒  Bylaws; and

⇒  Official letter for physical inspection consisting of the cattle organization having a corporate domicile, basic infrastructure and the equipment necessary to provide services to its customers.

The National Agriculture and Livestock Registry, grounded on article 65 of the Regulations of the Cattle Organizations Law, integrated the cited administrative file.

**SECOND.-** That the study and analysis of the records comprising the deciding file, the National Agriculture and Livestock Registry deems that the requested registry proceeds due to the reasons detailed herein blow:

1.- On October 22, 2005, at 11:00 hours, and convened at the Room for Social Acts with domicile at Calle Veintidos no. 5401, Colonia Dale in the City of Chihuahua; and along with the authorities referred to in articles 22 and 23 of the Regulations of the Cattle Organizations Law, Carlos Mauricio Aguilar Camargo, State Delegate, representing SAGARPA; Jose Reyes Baeza Terrazas, Constitutional Governor of the State of Chihuahua; Enrique Aguilar Perez, Notary Public No. 18 acting in the District of Morelos. They convened in the members' meeting the following organizations: 1.- Asociacion Ganadera Local General de Urique; 2.- Asociacion Ganadera Local General San Antonio; 3.- Asociacion Ganadera Local General Cienega De San Pedro; 4.- Asociacion Ganadera Local General Real Santa Rosa; 5.- Asociación Ganadera Local General San Francisco Javier; 6.- Asociacion Ganadera Local Especializada de Lecheros de Guerrero; 7.- Asociacion Ganadera Local General Sierra Azul de Carichi;



8.- Asociacion Ganadera Local General del Rio Conchos; 9.- Asociacion Ganadera Local General Francisco Villa; 10.-Asociación Ganadera Local General Presidio de San Felipe de Janos; 11.- Asociacion Ganadera Local Genera Local San Isidro; 12.- Asociacion Ganadera Local General Paquime; 13.- Asociacion Ganadera Local General San Bartolome, 14.- Asociacion General Local Especializada Rio Florido, 15.- Asociacion Ganadera Local Especializada Luis Donaldo Colosio among others, who attach an assistance and signature list, pursuant to the provisions set forth in the Cattle Organizations Law and its Regulations.

2.- From the documentation attached of the cattle organization, the following data is taken:

**a) Place and date of incorporation**: City of Chihuahua, Chihuahua, October 22, 2005.

**b) Place of functioning:** State of Chihuahua.

**c) Denomination of the Cattle Organization**: Union Ganadera Regional General "Division del Norte" del Estado de Chihuahua.

**d) Domicile:** Calle veintidos No. 5401, Colonia Dale, C.P. 3150, Ciudad de Chihuahua, Chihuahua.

**e) Domicile to receive notices:** Calle veintidos No. 5401, Colonia Dale, C.P. 3150, Ciudad de Chihuahua, Chihuahua.

**f) Breeders list:** Totaling 36 entities registered. (attachment page 7)

**g)** Name and position of the members of the board of directors and of supervision, as well as delegates before the superior immediate organization they are members of, elected in organization meeting, and which will last in the position **3 years** counting from the date of the incorporation act, being as follows:

### Board of Directors:

**Chairman**: Cesar Horacio Duarte Jaquez.
**Secretary**: Guadalupe Siqueiros Tarango.
**Treasurer**: David Balderrama Quintana.
**Member:**  Heriberto Gonzalez.
**Member:**  Roberto Gonzalez Ramirez



**Supervisory Committee:**

**Chairman:** Jose Valles Villegas
**Secretary:** Saul Ancando Chacon
**Member:** Mario Humberto Perez Rodriguez

**Delegates:**

**Owners:** Adalberto Ortega Ortega and Cesar Humberto Javalera

**Substitutes:** Mariano Carlos Paredes Valles and Federico Molina Sandoval

**h)** The **bylaws** drafted and which will the internal operation of cattle organization were submitted for consideration by the attending members, who prior reading and discussion, unanimously approved them pursuant to the provisions set forth in articles 25 (V) and 26 of the Regulations of the Law of Cattle Organizations.

The procedure for the incorporation of the cattle organization at hand was performed pursuant to the provisions established for such purpose by the Law of Cattle Organizations and its Regulations. Therefore, the authority determines that their registration in the National Agriculture and Livestock Registry is appropriate.

Due to the foregoing and grounded and supported on the provisions established in the First Whereas of this resolution, as well as articles 27 (XX) of the Political Constitution of the United Mexican States; 14, 16, 26 and 35 of the Federal Law of Administrative Proceedings; 5, 6, 8, 9 and 16 of the Cattle Organizations Law; 8, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 29, 33, 50, 51, 65, 66, 67 (IV) and 80 of its Regulations; and it is to be decided and is:

**R E S O L V E D**

**FIRST:** The registration of **Union Ganadera Regional General "Division del Norte" del Estado de Chihuahua** was appropriate and therefore, the respective registration is performed in the corresponding cattle book and folio.

**SECOND:** Be filed the certificate referred to in article 90 of the Regulations of the Cattle Organizations Law for the **Union Ganadera Regional General "Division del Norte" del Estado de Chihuahua**, which attests the compliance with the registration referred to in the preceding resolution item.

**THIRD:** Union Ganadera Regional General "Division Norte" del Estado de Chihuahua shall publish the resolution herein in the State Official Gazette of the State or in one of the newspapers of greater circulation in the corresponding locality, so as to comply with the second paragraph of article 80 of the Regulations of the Cattle Organizations Law. Once the preceding is performed, such organization shall remit to

EX - DUARTE JAQUEZ - 000265



the National Agriculture and Livestock Registry a copy of said publication, which will be attached to the file in which is acted by legal certificate.

**FOURTH**: The interested party be notified of this resolution through the Legal Unit of the Delegation of this Secretary of the State of Chihuahua, having to deliver, along with it, the certificate referred to in the Second Resolution.

**FIFTH:** In terms of the provisions set forth in article 76 of the Regulations of the Cattle Organizations Law, the three remaining copies of the articles of incorporation delivered to grant the registry of **Union Ganadera Regional "Division del Norte" del Estado de Chihuahua**, shall be remitted one to the Delegation of the Secretary of the State of Chihuahua, another to the interested party and the remaining to the National Confederation of Cattle Organizations, for their membership.

As decided and signed by Victor Hugo Becerril Vega, Director of the National Agriculture and Livestock Registry, dependent of the Legal General Coordination of the Secretary of Agriculture, Livestock, Rural Development, Fishery and Food.


### R E S P E C T F U L L Y,
### THE DIRECTOR OF THE NATIONAL AGRICULTURE AND LIVESTOCK REGISTRY

[Signed]
**VICTOR HUGO BECERRIL VEGA**

[Seal that reads:
Mexican Coat of Arms
UNITED MEXICAN STATES
SECRETARY OF AGRICULTURE, LIVESTOCK,
RURAL DEVELOPMENT, FISHERY AND FOOD]



[Seal that reads:
Mexican coat of Arms
UNITED MEXICAN STATES
SECRETARY OF PUBLIC OVERSIGHT]

REGISTERED IN THE NATIONAL REGISTRY OF CATTLE BREEDERS IN SECTION 3, [ILLEGIBLE] 10 PAGE 5 NUMBER 6.

Mexico, D.F., on May 24, 2007

[Seal that reads:
Mexican Coat of Arms
UNITED MEXICAN STATES
SECRETARY OF AGRICULTURE, LIVESTOCK,
RURAL DEVELOPMENT, FISHERY AND FOOD]

EX - DUARTE JAQUEZ - 000267



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

LEGAL GENERAL COORDINATION
AGRICULTURE AND LIVESTOCK
NATIONAL REGISTRY DIVISION
DEPARTMENT OF CATTLE ORGANIZATIONS

[Coat of Arms
UNITED MEXICAN STATES
SECRETARY OF EDUCATION,
FISHERY AND FOOD
SAGARPA]

Resolution Number: 110.01.GC30/07
Internal Control.- 276
Folio Number: 8-1-3

-7-

### List of Registered Members

1.- Asociacion Ganadera Local General de Urique
2.- Asociacion Ganadera Local General San Antonio
3.- Asociacion Ganadera Local General Cienega de San Pedro
4.- Asociacion Ganadera Local General Real de Santa Rosa
5.- Asociacion Ganadera Local General San Francisco Javier
6.- Asociacion Ganadera Local Especializada de Lecheros de Guerrero
7.- Asociacion Ganadera Local General Sierra Azul de Carichi
8.- Asociacion Ganadera Local General del Rio Conchos
9.- Asociacion Ganadera Local General Francisco Villa
10.- Asociacion Ganadera Local General Presidio de San Felipe de Janos
11.- Asociacion Ganadera Local General San Isidro
12.- Asociacion Ganadera Local General Paquime
14.- Asociacion Ganadera Local General San Bartolome
15.- Asociacion Ganadera Local General San Pablo
16.- Asociacion Ganadera Local Especializada Luis Donaldo Colosio
17.- Asociacion Ganadera Local General Norawa
18.- Asociacion Ganadera Local General Santa Rosalia
19.- Asociacion Ganadera Local General El Desierto de Coyame
20.- Asociacion Ganadera Local General La Tarahumara
21.- Asociacion Ganadera Local General Guadalupe y Calvo
22.- Asociacion Ganadera Local General Ejidal Exhacienda de San Miguel
23.- Asociacion Ganadera Local General del Desierto
24.- Asociacion Ganadera Local General Julimes
25.- Asociacion Ganadera Local General 8 de Diciembre
26.- Asociacion Ganadera Local General Rio Casas Grandes
27.- Asociacion Ganadera Local General San Jose
28.- Asociacion Ganadera Local General  Año 2001 de Temosachi
29.- Asociacion Ganadera Local General Cruz Chavez



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

30.-   Asociacion Ganadera Local General Apicultores de Parral
31.-   Asociacion Ganadera Local General Apicultores de Delicias
32.-   Asociacion Ganadera Local General de Apicultores de Rosales
33.-   Asociacion Ganadera Local General de Apicultores de Guachochi
34.-   Asociacion Ganadera Local General de Apicultores de Cuahutemoc
35.-   Asociacion Ganadera Local General de Apicultores de Meoqui
36.-   Asociacion Ganadera Local General de Apicultores de Jimenez

EX - DUARTE JAQUEZ - 000269



| MUNICIPALITY | NAME OF THE CATTLE ASSOCIATION | NAME OF DELEGATE | SIGNATURE OF DELEGATE |
|---|---|---|---|
| URIQUE | ASOCIACION GANADERA LOCAL GENERAL DE URIQUE | EUGENIO SIMMONS HERRERA | [an illegible signature] |
| | | ABEL LOPEZ VILLALOBOS | [an illegible signature] |
| CUAUHTEMOC | ASOCIACION GANADERA LOCAL GANERAL DE SAN ANTONIO | ADALBERTO ORTEGA ORTEGA | [an illegible signature] |
| | | OCTAVIO PALMA VALDERRAIN | [an illegible signature] |
| MADERA | ASOCIACION GANADERA LOCAL CIENEGA DE SAN PEDRO | HERIBERTO ENRIQUEZ ACOSTA | [an illegible signature] |
| | | JESUS VALENTE SALDAÑA ACOSTA | [an illegible signature] |
| CUSIHUIRIACHI | ASOCIACION GANADERA LOCAL GENERAL REAL DE SANTA ROSA | MARIO HUMBERTO PEREZ RODRIGUEZ | [an illegible signature] |
| | | AGAPITO RASCON CASTILLO | [an illegible signature] |
| SATEVO | ASOCIACION GANADERA LOCAL GENERAL SAN FRANCISCO JAVIER | DAVID BALDERRAMA QUIATNA | [an illegible signature] |
| | | FELIX JAVIER RUIZ RODRIGUEZ | [an illegible signature] |
| GUERRERO | ASOCIACION GANADERA LOCAL ESPACIALIZADA DE LECHEROS DE GUERRERO | MARIANO CARLOS PAREDES VALLES | [an illegible signature] |
| | | JOAQUIN PAREDES VALLES | [an illegible signature] |
| CARICHI | ASOCIACIÓN GANADERA LOCAL GENERAL SIERRA AZUL DE CARICHI | SAUL ANCHONDO CHACON | [an illegible signature] |
| | | SABINO GARCIA RODELAS | [an illegible signature] |

EX - DUARTE JAQUEZ - 000270



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

| MUNICIPALITY | NAME OF THE CATTLE ASSOCIATION | NAME OF DELEGATE | SIGNATURE OF DELEGATE |
|---|---|---|---|
| VALLE DE ZARAGOZA | ASOCIACIÓN GANADERA LOCAL GENERAL DEL RIO CONCHOS | ERNESTO QUINTANA MARTINEZ | [an illegible signature] |
| | | ELISEO RODRIGUEZ GONZALEZ | [an illegible signature] |
| HIDALGO DEL PARRAL | ASOCIACIÓN GANADERA LOCAL GENERAL FRANCISCO VILLA | FEDERICO MOLINA SANDOVAL | [an illegible signature] |
| | | LILIA EVELIA GALAVIZ MARTA | [an illegible signature] |
| JANOS | ASOCIACIÓN GANADERA LOCAL GENERAL PRESIDIO DE SAN FELIPE DE JANOS | ROBERTO GONZALEZ RAMIREZ | [an illegible signature] |
| | | GRACIELA GAMBOA SAENZ | [an illegible signature] |
| MATAMOROS | ASOCIACIÓN GANADERA LOCAL GENERAL SAN ISIDRO | JOSE VALLES VILLEGAS | [an illegible signature] |
| | | MANUEL ARROYO GAYTAN | [an illegible signature] |
| CASAS GRANDES | ASOCIACIÓN GANADERA LOCAL GENERAL PAQUIME | VIRGILIO HOMERO QUEZADA CHAVEZ | [an illegible signature] |
| | | RODRIGO ARTURO CARRILLO SANCHEZ | [an illegible signature] |
| ALLENDE | ASOCIACIÓN GANADERA LOCAL GENERAL SAN BARTOLOME | RAMON GARCIA CHAVEZ | [an illegible signature] |
| | | GABRIELA MOLINA HERNANDEZ | [an illegible signature] |
| ALLEZA | ASOCIACIÓN GANADERA LOCAL GENERAL SAN PABLO | CESAR HORACIO DUARTE JAQUEZ | [an illegible signature] |
| | | CESAR HUMBERTO JAVALERA LEAL | [an illegible signature] |
| CORONADO | ASOCIACIÓN GANADERA LOCAL GENERAL RIO FLORIDO | MARTIN GREGORIO ONTIVEROS RAMOS | [an illegible signature] |
| | | GUADALUPE NARCISO ARMENDARIZ MORALES | [an illegible signature] |
| SANTA BARBARA | ASOCIACIÓN GANADERA LOCAL GENERAL LUIS DONALDO COLOSIO | GERADO MUÑIZ SOTO | [an illegible signature] |
| | | CRESENCIO LUCERO BELTRAN | [an illegible signature] |

EX - DUARTE JAQUEZ - 000271



*2017, Year of the Centenary of the Promulgation of the Political Constitution of the United Mexican States*

[MEXICAN COAT OF ARMS
UNITED MEXICAN STATES]

SECRETARY OF AGRICULTURE, LIVESTOCK, RURAL DEVELOPMENT,

FISHERY AND FOOD

OFFICE OF THE GENERAL PROSECUTOR

NATIONAL AGRICULTURE AND LIVESTOCK REGISTRY

[Seal that reads:
Mexican coat of Arms
UNITED MEXICAN STATES
SECRETARY OF PUBLIC OVERSIGHT]

FILIBERTO FLORES ALMARAZ, Director of the National Agriculture and Livestock Registry, dependent of the Office of the Attorney General of the Secretary of Agriculture, Livestock, Rural Development, Fishery and Food, based on articles 1 and 13 of the Cattle Law Organizations and 1, 60, 61, 62 and 63 of the Regulations; 2, paragraph A (V) and 9 (VII), (IX), (X) and last paragraph of the Internal Regulations of this Office of the Federal Executive Branch and 1, 2, 3, 9 and 10 (XII) of the Agreement through which official letter is amended, establishing the National Agriculture and Livestock Registry and they delegate powers in favor of the head, published in the Official Gazette of the Federation, on September 10, 2012. - - -

- - - I CERTIFY - - -

--- That the photocopies herein are comprised of thirty-seven pages, which tall exactly with the original documents I had at sight.- - -

----------

--- Mexico city, July 31, 2017. - - -

[Signed]
[Seal that reads:
Mexican Coat of Arms
UNITED MEXICAN STATES
SECRETARY OF AGRICULTURE, LIVESTOCK,
RURAL DEVELOPMENT, FISHERY AND FOOD]

EX - DUARTE JAQUEZ - 000272



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

[MEXICAN COAT OF ARMS
UNITED MEXICAN STATES]

SECRETARY OF AGRICULTURE, LIVESTOCK, RURAL DEVELOPMENT, FISHERY AND FOOD

LEGAL GENERAL COORDINATION

NATIONAL AGRICULTURE AND LIVESTOCK REGISTRY

In Mexico City, Federal District, on May 24, 2007, the Director of the National Agriculture and Livestock Registry, Victor Hugo Becerril Vega, dependent of the Legal General Coordination of the Secretary of Cattle, Rural Development, Fishery and Food, pursuant to the provisions set forth in articles 1, 3, 7 and 13 of the Cattle Organizations Law; and 60, 61, 66, 67 and 90 of its Regulations; 15 (VII) and (VII); 17 and 18 of the Internal Regulations of this Agency of the Federal Executive Branch; 1, 2, 9 and 10 (II), (III), (V) and (VI) of the Agreement by way of which the National Agriculture and Livestock Registry is established, and duties are delegated in favor of its head, published in October 23, 2001 in the Official Gazette of the Federation, issues this document:

## C E R T I F I C A T E

To **Union Ganadera Regional General "Division del Norte" of the State of Chihuahua...**

Incorporation place: **City of Chihuahua, Chihuahua**.

Resolution number: **110.04.-GC30/07**

Date of registration: **May 24, 2007.**

Folio: **8-1-3**

### REGISTER IN THE BOOKS OF THE CATTLE FOLIOS

| Section 3 | Book 1 | Volume 1 | Page 5 | Number 6 |

R E S P E C T F U L L Y,
**THE DIRECTOR OF THE NATIONAL
AGRICULTURE AND LIVESTOCK REGISTRY**

[Signed]
**VICTOR HUGO BECERRIL VEGA**

EX - DUARTE JAQUEZ - 000273



[Seal that reads:
Mexican Coat of Arms
UNITED MEXICAN STATES
SECRETARY OF AGRICULTURE, LIVESTOCK,
RURAL DEVELOPMENT, FISHERY AND FOOD]

EX - DUARTE JAQUEZ - 000274



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

[MEXICAN COAT OF ARMS
UNITED MEXICAN STATES]

SECRETARY OF AGRICULTURE, LIVESTOCK, RURAL DEVELOPMENT, FISHERY AND FOOD

LEGAL GENERAL COORDINATION

NATIONAL AGRICULTURE AND LIVESTOCK REGISTRY

In Mexico City, Federal District, on May 24, 2007, the Director of the National Agriculture and Livestock Registry, Victor Hugo Becerril Vega, dependent of the Legal General Coordination of the Secretary of Cattle, Rural Development, Fishery and Food, pursuant to the provisions set forth in articles 1, 3, 7 and 13 of the Cattle Organizations Law; and 60, 61, 66, 67 and 90 of its Regulations; 15 (VII) and (VII); 17 and 18 of the Internal Regulations of this Agency of the Federal Executive Branch; 1, 2, 9 and 10 (II), (III), (V) and (VI) of the Agreement by way of which the National Agriculture and Livestock Registry is established, and duties are delegated in favor of its head, published in October 23, 2001 in the Official Gazette of the Federation, issues this document:

## C E R T I F I C A T E

To **Union Ganadera Regional General "Division del Norte" of the State of Chihuahua...**

Incorporation place: **City of Chihuahua, Chihuahua**.

Resolution number: **110.04.-GC30/07**

Date of registration: **May 24, 2007.**

Folio: **8-1-3**

### REGISTER IN THE BOOKS OF THE CATTLE FOLIOS

**Section 3**  **Book 1**  **Volume 1**  **Page 5**  **Number 6**

**R E S P E C T F U L L Y,**
**THE DIRECTOR OF THE NATIONAL**
**AGRICULTURE AND LIVESTOCK REGISTRY**

[Signed]
**VICTOR HUGO BECERRIL VEGA**

EX - DUARTE JAQUEZ - 000275



FISCALÍA GENERAL
DE LA REPÚBLICA

[Seal that reads:
Mexican Coat of Arms
UNITED MEXICAN STATES
SECRETARY OF AGRICULTURE, LIVESTOCK,
RURAL DEVELOPMENT, FISHERY AND FOOD]