# EXHIBIT

# 7

EX - DUARTE JAQUEZ - 000277



FINANCIAL SUPPORT AGREEMENT NUMBER 352/2011 EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY REPRESENTED BY RAFAEL MATA MARQUEZ AND  THE SECRETARY OF RURAL DEVELOPMENT HEREIN REPRESENTED BY OCTAVIO LEGARRETA GUERRERO, HEREINAFTER "THE GOVERNMENT", AND THE LEGAL ENTITY DENOMINATED "UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA" HEREIN REPRESENTED BY CARLOS GERARDO HERMOSILLO ARTEAGA, IN HIS CAPACITY AS ACTING CHAIRMAN OF THE BOARD OF DIRECTORS, HEREINAFTER "THE UNION", SUBJECT TO THE FOLLOWING REPRESENTATIONS AND CLAUSES:

## REPRESENTATIONS:

I. "THE GOVERNMENT" HEREBY REPRESENTS:

A).- THAT THE SECRETARY OF THE TREASURY IS A FEDERAL ENTITY IN COMPLIANCE TO ARTICLES 1, 2, 24 AND 26 SECTION XXXI OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA, WHICH HAS, AMONG OTHER POWERS, TO BE IN CHARGE OF PARTICIPATING, IN TERMS OF THE APPLICABLE LAWS, IN THE EXECUTION OF PURCHASE/SALE, COMMODATUM AND DONATIONS CONTRACTS, AS WELL AS OF OTHER RELATED TO THE REAL AND PERSONAL PATRIMONY OF THE GOVERNMENT OF THE STATE, EXCEPTING TERRITORIAL RESERVES; AS WELL AS OF AGREEMENTS AND CONTRACTS FOR SERVICES AND LEASING OF REAL AND PERSONAL PROPERTIES, AND IN GENERAL, TO PARTICIPATE IN ANY AGREEMENT OR CONTRACT WHICH FINANCIALLY BINDS THE STATE. STATE IS ECONOMICALLY OBLIGATED.

B).- THAT ITS REPRESENTATIVE, RAFAEL MATA MARQUEZ EVIDENCES HIS CAPACITY AS GENERAL DIRECTOR OF PUBLIC INVESTMENT PROGRAMS, THROUGH THE APPOINTMENT ISSUED IN HIS FAVOR BY THE CONSTITUTIONAL GOVERNOR OF THE STATE ON OCTOBER 4, 2010, FURTHERMORE, HE HAS ENOUGH POWERS TO SIGN THIS LEGAL INSTRUMENT, IN COMPLIANCE WITH THE OFFICIAL LETTER GRANTING THE POWERS DATED OCTOBER 21, 2010, GRANTED IN HIS FAVOR BY CRISTIAN RODALLEGAS HINOJOSA, IN HIS CAPACITY AS SECRETARY OF THE TREASURY.

C).- THAT THE SECRETARY OF RURAL DEVELOPMENT IS A FEDERAL ENTITY IN COMPLIANCE PROVISIONS SET FORTH IN ARTICLES 1, 2, 24 AND 32 OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH OF THE STATE OF CHIHUAHUA, WHICH HAS, AMONG OTHER POWERS, TO PROMOTE THE AGRICULTURAL,

EX - DUARTE JAQUEZ - 000278



CATTLE, FRUIT AND FOREST ACTIVITIES BY PROMOTING LOANS, ORGANIZATION, INSURANCES AND TECHNIFICATION IN COORDINATION WITH FEDERAL AND MUNICIPAL AGENCIES, AND SOCIAL AND PRIVATE SECTORS.

D).- THAT ITS REPRESENTATIVE OCTAVIO LEGARRETA GUERRERO, EVIDENCES HIS CAPACITY THROUGH THE APPOINTMENT ISSUED IN HIS FAVOR BY THE CONSTITUTIONAL GOVERNOR OF THE STATE ON OCTOBER 4, 2010.

E).- THAT BY MEANS OF APPROVAL OFFICIAL LETTER NUMBER 2011-INE-0299 DATED JUNE 1, 2011, THERE WAS AUTHORIZED WITHIN THE STATE NORMAL INVESTMENT PROGRAM TO "THE UNION" WITH $582,965.80 (FIVE HUNDRED EIGHTY-TWO THOUSAND NINE HUNDRED AND SIXTY-FIVE WITH EIGHTY CENTS) MEXICAN CURRENCY, WITH THE PURPOSE TO BE USED FOR THE PURCHASE OF THE EQUIPMENT REQUIRED FOR THE ARTIFICIAL INSEMINATION OF BEEF HEIFER IN SUPPORT OF THE AFFILIATE PRODUCERS.

F).- THAT HE STATES AS HIS LEGAL DOMICILE FOR THE PURPOSES OF THIS INSTRUMENT, THE ONE LOCATED AT AV. VENUSTIANO CARRANZA NO. 803, COL. OBRERA IN THIS CITY OF CHIHUAHUA, CHIHUAHUA.

**2.- "THE UNION" HEREBY REPRESENTS:**

THAT IT IS A LEGAL ENTITY INCORPORATED ACCORDING TO MEXICAN LEGISLATION, DULY FORMALIZED BEFORE ENRIQUE AGUILAR PEREZ, NOTARY PUBLIC NUMBER 18 OF MORELOS JUDICIAL DISTRICT, BY MEANS OF DEED INSTRUMENT NUMBER 6,494 OF DECEMBER 2, 2005, AS RECORDED IN THE NATIONAL REGISTRY OF LIVESTOCK BODIES IN MEXICO CITY, FEDERAL DISTRICT, UNDER NUMBER 6, PAGE 5 OF VOLUME 1, OF FIRST BOOK OF THIRD SECTION, DATED MAY 24, 2007.

B).- THAT CARLOS GERARDO HERMOSILLO ARTEAGA EVIDENCES HIS CAPACITY AS ACTING CHAIRMAN OF THE BOARD OF DIRECTORS, WHO HAS ENOUGH POWERS TO OBLIGATE HIS PRINCIPAL UNDER THE TERMS OF THE PRESENT INSTRUMENT, PURSUANT TO ITS CORPORATE BY-LAWS AND UNDER OATH TO TELL THE TRUTH, HE STATES THAT THE SAME HAVE NOT BEEN REVOKED, MODIFIED OR LIMITED IN ANY FORM.

C).- THAT HE STATES AS HIS LEGAL DOMICILE FOR THE PURPOSES OF THIS INSTRUMENT, THE ONE LOCATED AT CALLE 22 NO. 5401, COL. DALE IN THIS CITY OF CHIHUAHUA, CHIHUAHUA, C.P. 31050.

**3.- "THE PARTIES" HEREBY REPRESENT:**



THAT THEY MUTUALLY ACKNOWLEDGE THE CAPACITY AND LEGAL CAPACITY UNDER WHICH THEY APPEAR, AND BIND THEMSELVES TO EXECUTE THIS CONTRACT PURSUANT TO THE FOLLOWING:

### CLAUSES:

**FIRST. -** "THE GOVERNMENT" BINDS ITSELF TO PROVIDE "THE UNION" WITH A FINANCIAL SUPPORT, SO AS TO BE USED FOR THE PURCHASE FOR THE NECESSARY EQUIPMENT FOR THE ARTIFICIAL INSEMINATION OF BEEF HEIFER IN SUPPORT OF THE AFFILIATE PRODUCERS.

**SECOND.-** FOR THE COMPLIANCE OF THE OF THE SUBJECT MATTER ESTABLISHED PREVIOUSLY, "THE GOVERNMENT" SHALL PROVIDE "THE UNION" WITH A FINANCIAL SUPPORT IN THE AMOUNT OF $582,965.80 (FIVE HUNDRED EIGHTY-TWO THOUSAND NINE HUNDRED AND SIXTY-FIVE PESOS WITH 80/100 MEXICAN CURRENCY), WHICH SHALL BE DELIVERED IN ONE SOLE EXHIBITION BY MEANS OF A CHECK ISSUED BY THE SECRETARY OF THE TREASURY, IN A TERM NOT GREATER THAN FIVE BUSINESS DAYS FROM THE SIGNATURE OF THIS DOCUMENT ACKNOWLEDGING OF RECEIPT.

**THIRD.-** "THE GOVERNMENT" AT THE MOMENT OF THE PRESENT SIGNATURE BINDS ITSELF TO COMMENCE THE PROCESSES TO RELEASE THE AMOUNT THAT IS STATED IN THE PREVIOUS CLAUSE IN FAVOR OF "THE UNION", OBLIGATING THE LATTER TO EXERCISE SAID FUNDS SOLE AND EXCLUSIVELY FOR THE SUBJECT MATTER STIPULATED IN THE FIRST CLAUSE OF THIS MEETING OF THE MINDS.

**FOURTH.-** "THE UNION" BINDS ITSELF TO SHOW THE DOCUMENTATION THAT PROVES EVIDENTLY THAT THE FUND PROVIDED HAS BEEN USED FOR THE SUBJECT MATTER CITED IN THE FIRST CLAUSE OF THE PRESENT MEETING OF THE MINDS, AS WELL AS THE DISBURSEMENTS CARRIED OUT UP TO ITS TOTAL ALLOCATION.

"THE GOVERNMENT" SHALL HAVE THE POWER TO VERIFY THROUGH THE DIVISION OF AGRICULTURAL DEVELOPMENT, ITS DEVELOPMENT IN COMPLIANCE TO THE TERM AND AGREED OBLIGATIONS.

**FIFTH.-** ONCE THE FINANCIAL SUPPORT IS PROVIDED BY "THE GOVERNMENT", IN CASE THAT "THE UNION" ALLOCATES IT TO A DIFFERENT SUBJECT MATTER OF WHAT IS STIPULATED IN THE PRESENT AGREEMENT, "THE GOVERNMENT" SHALL CANCEL IT IMMEDIATELY AND THE LATTER MUST



RETURN THE AMOUNT THAT HAS BEEN RECEIVED WITH ITS RESPECTIVE INTERESTS, IN THE ESTABLISHED RATE IN THE INCOME LAW OF THE STATE OF CHIHUAHUA.

**SIXTH.-** THE PARTIES AGREE THAT THE VALIDITY OF THIS MEETING OF THE MINDS SHALL START FROM THE SIGNATURE OF THIS INSTRUMENT AND UNTIL "THE UNION" CHECKS THE SATISFACTION OF "THE GOVERNMENT" THE DISBURSEMENT OF THE EXPENSE IN ACCORDANCE WITH THE FOURTH CLAUSE OF THIS LEGAL INSTRUMENT.

**SEVENTH.-** THE SIGNERS AGREE TO RESOLVE BY MUTUAL AGREEMENT ANY OTHER UNFORESEEN ASPECT THAT MAY ARISE AS CONSEQUENCE OF THE INSTRUMENT IN QUESTION, ALWAYS HAVING AS PURPOSE THE OPTIMAL ACHIEVEMENT OF THE OBJECTIVE THAT IT INTENDS TO ACHIEVE.

**EIGHT.-** "THE UNION" ACCEPTS THE POWER CONFERRED TO "THE GOVERNMENT" BY ARTICLES 1646 AND 1647 OF THE ADMINISTRATIVE CODE IN FORCE FOR THE STATE OF CHIHUAHUA TO RESCIND ADMINISTRATIVELY THE PRESENT AGREEMENT WITHOUT ANY LIABILITY INCURRED BY "THE GOVERNMENT", BEING ENOUGH THAT THE AGREEMENT ARE SIGNED BY THE HOLDERS OF THE PARTICIPATING SECRETARIES, SUBJECTING THE PROCEDURE AS PROVIDED FOR BY THE LEGAL ORDINANCE CITED.

**NINTH.-** IF THE FAILURE TO COMPLY IS MATERIALIZED DUE TO LACK OF PAYMENT, THE AMOUNT OWED SHALL CONSTITUTE A TAX CREDIT AND THE RECOVERY OF THE FINANCIAL SUPPORT GRANTED SHALL BE CONDUCTED THROUGH THE COERCIVE-ECONOMIC PROCEDURE, IN TERMS OF THE PROVISIONS SET FORTH IN ARTICLE 329 SECTION (IV) OF THE TAX CODE FOR THE STATE IN EFFECT.

**TENTH.-** FAILURE TO COMPLY WITH ANY OF THE OBLIGATIONS ASSUMED BY "THE UNION" SHALL BE A REASON OF RESCISSION OF THIS CONTRACT AND AS CONSEQUENCE THE REIMBURSEMENT OF THE FUND GRANTED TO THE GOVERNMENT, THIS IN CONGRUENCE WITH THE CONTENT OF THE FIFTH CLAUSE OF THIS DOCUMENT.

**ELEVENTH.-** FOR EVERYTHING CONCERNING THE INTERPRETATION AND COMPLIANCE WITH THE LIABILITIES CONSIDERED IN THE PRESENT LEGAL ACT, THE PARTIES SHALL SUBMIT TO THE APPLICABLE LAWS AND TO THE COURTS WITH JURISDICTION IN THE CITY OF CHIHUAHUA, CHIH., EXPRESSLY



WAIVING THE ANY OTHER JURISDICTION THAT THEY MAY BE ENTITLED TO CLAIM BECAUSE OF ITS CURRENT OR FUTURE DOMICILE.

ONCE THE PARTIES HAVE READ THIS MEETING OF THE MINDS AND HAVE ACKNOWLEDGED ITS CONTENTS AND LEGAL SCOPE, THEY SIGN IT AT THE MARGIN OF ALL AND EACH OF ITS FOUR PAGES, IN THE CITY OF CHIHUAHUA, CHIHUAHUA, ON THE FIRST DAY OF THE MONTH OF JUNE OF THE YEAR TWO THOUSAND ELEVEN.

BY "THE GOVERNMENT"

[an illegible signature]
RAFAEL MATA MARQUEZ
GENERAL DIRECTOR OF
PUBLIC INVESTMENT PROGRAMS

[an illegible signature]
OCTAVIO LEGARRETA GUERRERO
SECRETARY OF RURAL DEVELOPMENT

BY "THE UNION"
CARLOS GERARDO HERMOSILLO ARTEAGA
[an illegible signature]
ACTING CHAIRMAN OF THE BOARD OF DIRECTORS, HEREINAFTER



**CHECK RECEIPT**                                       CHECK NUMBER: 011876

**SANTANDER, S.A.**                       9005   DATE: DAY   MONTH   YEAR
                                                       16        06       11

         ACCOUNT                                    MEXICAN CURRENCY
FOR: UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE        882,965.80

FIVE HUNDRED EIGHTY-TWO THOUSAND NINE HUNDRED AND SIXTY-FIVE WITH 80/100 MEXICAN
CURRECY.*****************************************************************************************************
***********************************************************************************************************

                                    [AN ILLEGIBLE SIGNATURE]
                                    RECEIPT SIGNATURE

                     [A SEAL THAT READS: UNITED MEXICAN
                     STATES, MEXICAN COAT OF ARMS,
                     SECRETARY OF TREASURY, DIVISION OF
                     GOVERNMENT ACCOUNTING, CHIHUAHUA,
                     CHIH.]

EX - DUARTE JAQUEZ - 000283

# EXHIBIT

# 8

EX - DUARTE JAQUEZ - 000284



ACTION CONCRETIZATION AGREEMENT EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY AND  THE SECRETARY OF RURAL DEVELOPMENT HEREIN REPRESENTED BY THE HEADS OF SAID SECRETARIES, CRISTIAN RODALLEGAS HINOJOSA AND OCTAVIO LEGARRETA GUERRERO, HEREINAFTER AND FOR THE PURPOSES OF THIS AGREEMENT DENOMINATED AS "THE GOVERNMENT", AND UNION GANADERA REGIONAL DE LA DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA HEREIN REPRESENTED BY PEDRO RUBEN FERREIRO MAIZ, JOSE REFUGIO OLIVAS NAVARRETE AND JORGE KOSTURAKIS GARCIA, CHAIRMAN, SECRETARY AND TREASURER, RESPECTIVELY, HEREINAFTER DENOMINATED AS "THE UGRCH", SUBJECT TO THE FOLLOWING:

## RECITALS:

On September 13, 2011, there was executed between "THE GOVERNMENT", "FIDEAPECH", Union Ganadera Regional de Chihuahua and Union Ganadera Regional de la Division del Estado de Chihuahua, a Coordination Framework Agreement  for the development of the Program for the acquisition of beef heifer in the State of Chihuahua, hereinafter **"AGREEMENT FRAMEWORK"**

Through said instrument, there are established the grounds and procedures of coordination and cooperation between **"THE PARTIES"** so as to share their experience, efforts and resources so as to carry out the operation of the Program for the acquisition of beef heifer in the State of Chihuahua, hereinafter **"THE PROGRAM"** in the State. The Union Ganadera Regional de Chihuahua and Union Ganadera Regional de la Division del Norte del Estado de Chihuahua act as Intermediary Bodies in charge of the distribution of the subsidy granted by **"THE GOVERNMENT"** to the producers, active members of the same.

In this context and in order to assure a transparent, agile and efficient exercise of the funds allocated to **"THE PROGRAM"** within the instrument of reference, **"THE GOVERNMENT"** and the Intermediary Bodies agreed the execution of the Action Concretization Agreements and the conditions pursuant to which such funds shall be exercised; thus, the parties convened to the execution of this agreement subject to the following:

## REPRESENTATIONS:

## I. "THE GOVERNMENT" HEREBY REPRESENTS:

**I.1** That the Secretary of the Treasury and the Secretary of Rural Development are centralized Agencies of the Executive Branch of the State pursuant to the

EX - DUARTE JAQUEZ - 000285



provisions of Articles 2, 24, 26 and 32 of the Organic Law of the Executive Branch of the State of Chihuahua.

I.2 That in terms of the provisions of section (X) of Article 26 of the Organic Law of the Executive Branch of the State of Chihuahua, the Secretary of the Treasury has, amongst other powers, the authority to exercise the powers to execute the tax and financial agreements of the Government of the State with the Federal Government, the Municipalities or its state/municipal-controlled sectors, as well as autonomous public bodies and with individuals and legal entities, exercising the powers and complying with the obligations derived therefrom.

I.3 That Cristian Rodallegas Hinojosa evidences his capacity with the appointment issued in his favor on October 4, 2010 by Cesar Horacio Duarte Jaquez, Constitutional Governor of the State.

I.4 That pursuant to the provisions set forth in article 32 Section (I) of the Organic Law of the Executive Branch of the State of Chihuahua, the Secretary of Rural Development has for purpose, among others, to promote, foster the agricultural, cattle, fruit and forest activities by promoting loans, organization, insurances and technification in coordination with federal and municipal agencies, and social and private sectors.

I.5 That Octavio Legarreta Guerrero evidences his capacity with the appointment issued in his favor on October 4, 2010 by Cesar Horacio Duarte Jaquez, Constitutional Governor of the State.

I.6 That in compliance with the objectives of State Development Plan 2010-2016, it has the firm purpose of fostering the consolidation of the herd of the cattle of the State and facilitate access to financing so as to implement actions aimed at strengthening the status of livestock farming of Chihuahua; thus, contributing to raise the economy of its dwellers.

I.7 That he states as his legal domicile for the purposes of this agreement, the one located at Av. Venustiano Carranza No. 601, 4 piso, Edificio Heroes de la Reforma, Col. Obrera, C.P. 31350 in the City of Chihuahua, Chihuahua.

## II.    "THE UGRCH" HEREBY REPRESENTS:

II.1 That it is a legal entity incorporated on August 12, 1936, according to the legal provisions of the Livestock Associations Law and its Regulations (at present the Livestock Organizations Law) duly registered before the Livestock Deputy Secretary, General Division of Livestock Politics of the then Secretary of Agriculture and Development, authorized on September 21, 1936 under file 1000 and registry No. 8.

EX - DUARTE JAQUEZ - 000286



**II.2** That its members are the local livestock associations legally incorporated pursuant to the Law of Livestock Organizations and which have been admitted by the council of the union at the proposal by the board of directors.

**II.3** That, amongst other corporate purposes, it is engaged in representing all kind of authorities, the collective interests of its affiliates; as well as in agreeing with the state government, the execution of programs, activities and campaigns of animal health and livestock development.

**II.4** That on April 1, 2011 it was held the 70 annual general meeting in which there was carried out the restructuring of the board of directors for the 2011-2013 period to end the period of the previous board.

**II.5** That pursuant to the corporate bylaws of the "UGRCH", the Chairman, Secretary and Treasurer of the same, have broadest powers to legally represent it in economic and administrative matters.

**II.6** That they state as domicile for the legal purposes of this agreement, the one located at km. 8.5 of highway to Ciudad Cuauhtemoc, Chihuahua.

**III.    "THE PARTIES" HEREBY REPRESENT:**

**III.1** That they mutually acknowledge the certainty and validity of the representations herein contained and that they agree to the same.

**III.2** That there is the mutual interest of the **"PARTIES"** in participating in the Program for the acquisition of beef heifer in the State of Chihuahua.

**III.3** That they mutually acknowledge the capacity and legal capacity under which they appear, which at the moment of subscribing this agreement have not been revoked, modified or limited whatsoever, acknowledging the scope and content of the same.

Having reviewed the preceding representations, **"THE PARTIES"** agree to the same and bind themselves to the terms and conditions contained in the following:

**CLAUSES:**

**FIRST. -** This Action Concretization Agreement has for purpose to coordinate the supporting actions between **"THE PARTIES"** so as to conduct the operation of **"THE PROGRAM";** as well as to determine the obligations and responsibilities they shall be

EX - DUARTE JAQUEZ - 000287



subject to, and the mechanisms for the evaluation and control of the execution of the purpose of this Agreement.

**SECOND.** – For the fulfilment of the purpose of this agreement, **"THE GOVERNMENT"** binds itself to make contributions to **"THE UGRCH"** for the processing of the support application it may have received from its members and which are admissible pursuant to the terms of the operative regulations of **"THE PROGRAM"** and the **"AGREEMENT FRAMEWORK"** set forth above. Said contributions shall be subject to availability of funds held by **"THE GOVERNMENT"** for **"THE PROGRAM"**.

**THIRD.** – It is expressly established that the outlays of funds by **"THE UGRCH"** shall be exclusively made in execution of the actions subject matter of this instrument, and that the same cannot be transferred to other concepts of expense, other than the purpose of this Agreement and their exercising shall be subject to the provisions set forth in the **"AGREEMENT FRAMEWORK"** and the other in force and applicable governing provisions.

**FOURTH.** – For the adequate development, execution and supervision of the activities provided in the first and second clauses herein, the parties bind themselves to mutually support in the Committee for Regulation and Follow-Up referred to in the Operative Regulations of **"THE PROGRAM"**.

**FIFTH.** – For the execution of the above, the funds received by **"THE UGRCH"** pursuant to the provisions set forth in the second clause, the same shall be allocated into the bank account opened for such purpose by **"THE UGRCH"**, which shall be informed to **"THE GOVERNMENT"** so that the funds transferred and their corresponding transactions shall be duly identified.

**SIXTH.** - **"THE UGRCH"** binds itself to:

A. Use the funds referred to in the second clause of this instrument for the purpose established in the first clause of the same, allocating them in the specific bank account referred to in the fifth clause; thus, it is responsible for the use, allocation and destination of the aforementioned funds.

B. Be subject to the provisions set forth in the Operative Regulations of **"THE PROGRAM"** regarding the granting, follow up and corroboration with regards to the delivery of the supports or subsidies.

C. Reimburse **"THE GOVERNMENT"** the funds received from the latter and that in a term of 45 business days running from the reception of the same, it does not prove it used them in the granting of supports for the final beneficiary, pursuant to the terms of the Operative Regulations of **"THE PROGRAM"**.

D. Keep under its custody the original proving documentation related to the budgetary allocations disbursed, and provide **"THE GOVERNMENT"**, at any time, with unofficial and/or certified copy of the same.



E. Exercise the transferred funds efficiently, effectively, economically, transparently and honestly, to satisfy the purposes they are aimed at.

F. Inform the Committee, at the end of the respective quarter, of the programmatic, budgetary and physical financial progress of the program provided in this instrument, and if applicable, of the results of the actions conducted in compliance with this instrument.

G. Grant access to the personnel designated by **"THE GOVERNMENT"** for the supervision of the correct application of the funds granted in conformity with this instrument.

H. Reimburse the funds provided which were not applied pursuant to the terms of **"THE PROGRAM"**, as well as the financial products generated by the same.

**SEVENTH. - "THE GOVERNMENT"** binds itself to:

A. Transfer the funds referred to in the second clause of this agreement, pursuant to the resolutions issued by the Committee for Regulation and Follow-Up referred to in the Operative Regulations of **"THE PROGRAM"**.

B. Verify that the budgetary funds which may be transferred by virtue of this instrument, shall be solely applied to the achievement of the purpose they are aimed at.

C. Follow up through the Secretary of Rural Development, the procedure of formalization conducted by **"THE UGRCH"** with regards to the designation of the final beneficiaries of **"THE PROGRAM"**.

D. Quarterly follow up, through the Committee for Regulation and Follow-Up referred to in the Operative Regulations of **"THE PROGRAM"**, regarding the progress related to the fulfilment of the purpose of this instrument.

**EIGHTH. - "THE UGRCH"** accepts that in case of fail to comply with any of the obligations contained in this legal instrument, the amounts which it may have received in terms of the second clause, constitute a tax loan in terms of the provisions set forth in article 329 section (IV) of the Tax Code for the State; as well as its respective interest at the rate provided by the Income Law in force and their recovery shall be conducted through the coercive economic proceeding cited in the aforementioned Code.

**NINTH. –** The personnel of each of the parties which may be designated for the carrying out of any activity related to this agreement, shall remain under the full direction and dependence on the entity with it has established its labor, commercial, civil administrative or any other relationship; thus, there shall not be created a subordination of any kind towards the other party, neither shall operate the legal definition of substitute or joint employer. The foregoing, regardless of being rendering their services out of the facilities of the entity by which they were hired, or conduct supervision duties regarding the works made.



**TENTH. - "THE UGRCH"** accepts the authority granted to **"THE GOVERNMENT"** by articles 1646 and 1647 of the Administrative Code in force for the State of Chihuahua to administratively terminate this agreement without any liability for **"THE GOVERNMENT"**; it just being enough that the corresponding agreement be signed by the heads of the participating secretaries under the proceeding set forth in the aforecited Code.

**ELEVENTH. –** The situations unforeseen in this agreement, and if applicable, the modifications or amendments made, shall be mutually agreed by the parties and shall be recorded in written, becoming effective as of their subscription.

**TWELFTH. --** This agreement shall be terminated in advance as agreed by the parties or in case of lack of budgetary availability to cover the obligations acquired by **"THE GOVERNMENT"**, or by force majeure or acts of God, which shall be recorded in written.

**THIRTEENTH. - "THE PARTIES"** agreed that this instrument is a result of good faith; therefore, they state that for any unforeseen situation, doubt and construction or in case of any dispute, the same shall be mutually solved. Otherwise, both parties submit themselves to the jurisdiction of the competent courts of the city of Chihuahua, Chihuahua, expressly waiving any other venue which may correspond due to its current or future domicile.

**ONCE THE PARTIES HAVE READ THIS INSTRUMENT, AND HAVE ACKNOWLEDGED ITS CONTENTS AND LEGAL SCOPE, THEY SIGN IT IN THE CITY OF CHIHUAHUA, CHIHUAHUA, ON THE FOURTEENTH DAY OF THE MONTH OF SEPTEMBER OF THE YEAR TWO THOUSAND TEN.**

**BY "THE GOVERNMENT"**

CRISTIAN RODALLEGAS HINOJOSA
SECRETARY OF TREASURY

[an illegible signature]
OCTAVIO LEGARRETA GUERRERO
SECRETARY OF RURAL DEVELOPMENT

**BY "THE UGRCH"**

[an illegible signature]
PEDRO RUBEN FERREIRO MAIZ
CHAIRMAN

[an illegible signature]
JOSE REFUGIO OLIVAS NAVARRETE
SECRETARY

[an illegible signature]
JORGE KOSTURAKIS GARCIA
TREASURER





Financiera de la
Division del Norte

I RECEIVED FROM THE GOVERNMENT OF THE STATE OF CHIHUAHUA THE AMOUNT OF **$9,210,000.00 (NINE MILLION, TWO HUNDRED TEN THOUSAND PESOS 00/100 MEXICAN CURRENCY)** IN RELATION TO WORK NUMBER 6800685: SUBSIDY FOR THE PROGRAM FOR THE ACQUISITION OF BEEF HEIFER 2011, PURSUANT TO AUTHORIZATION OFFICIAL LETTER NUMBER 2011-INE-A-0543 DATED SEPTEMBER 27, 2011 AND WHICH SHALL BE USED TO SUPPORT LIVESTOCK PRODUCERS OF THE STATE OF CHIHUAHUA.

CHIHUAHUA, CHIHUAHUA ON NOVEMBER 30, 2011

[AN ILLEGIBLE SIGNATURE]
CARLOS GERARDO HERMOSILLO ARTEAGA
LEGAL REPRESENTATIVE
FINANCIERA DE LA DIVISION DEL NORTE SA DE CV SOFOM ENR

EX - DUARTE JAQUEZ - 000291





Financiera de la
Division del Norte

I RECEIVED FROM THE GOVERNMENT OF THE STATE OF CHIHUAHUA THE AMOUNT OF **$2,790,000.00 (TWO MILLION, SEVEN HUNDRED NINETY THOUSAND PESOS 00/100 MEXICAN CURRENCY)** IN RELATION TO WORK NUMBER 6800685: SUBSIDY FOR THE PROGRAM FOR THE ACQUISITION OF BEEF HEIFER 2011, PURSUANT TO AUTHORIZATION OFFICIAL LETTER NUMBER 2011-INE-A-0543 DATED SEPTEMBER 27, 2011 AND WHICH SHALL BE USED TO SUPPORT LIVESTOCK PRODUCERS OF THE STATE OF CHIHUAHUA.

CHIHUAHUA, CHIHUAHUA ON NOVEMBER 30, 2011

[AN ILLEGIBLE SIGNATURE]
CARLOS GERARDO HERMOSILLO ARTEAGA
LEGAL REPRESENTATIVE
FINANCIERA DE LA DIVISION DEL NORTE SA DE CV SOFOM ENR

EX - DUARTE JAQUEZ - 000292



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

[SEAL: MEXICAN COAT OF ARMS. UNITED MEXICAN STATES. MINISTRY OF THE TREASURY. DIVISION OF GOVERNMENT ACCOUNTING. CHIHUAHUA, CHIHUAHUA.]

COORDINATION FRAMEWORK AGREEMENT FOR THE DEVELOPMENT OF THE PROGRAM FOR THE ACQUISITION OF BEEF HEIFER IN THE STATE OF CHIHUAHUA EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY AND THE SECRETARY OF RURAL DEVELOPMENT HEREIN REPRESENTED BY THE HEADS OF SAID SECRETARIES, CRISTIAN RODALLEGAS HINOJOSA AND OCTAVIO LEGARRETA GUERRERO, HEREINAFTER AND FOR THE PURPOSES OF THIS AGREEMENT DENOMINATED AS "THE GOVERNMENT"; NACIONAL FINANCIERA, S.N.C. AND INSTITUCION DE BANCA DE DESARROLLO ACTING AS THE TRUSTEE OF THE STATE TRUST FOR THE PROMOTION OF PRODUCTIVE ACTIVITIES IN THE STATE OF CHIHUAHUA, BOTH REPRESENTED BY CARLOS GERARDO HERMOSILLO ARTEAGA ACTING IN HIS CAPACITY AS REPRESENTATIVE AND GENERAL DIRECTOR, RESPECTIVELY, HEREINAFTER AND FOR THE PURPOSES OF THIS AGREEMENT DENOMINATED AS "THE FIDEAPECH"; AS WELL AS UNION GANADERA REGIONAL DE CHIHUAHUA, HEREIN REPRESENTED BY PEDRO RUBEN FERREIRO MAIZ, JOSE REFUGIO OLIVAS NAVARRETE AND JORGE KOSTURAKIS GARCIA, CHAIRMAN, SECRETARY AND TREASURER, RESPECTIVELY, HEREINAFTER AND FOR THE PURPOSES OF THIS AGREEMENT DENOMINATED AS "THE UGRCH" AND UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, BY MEANS OF PEDRO ROBERTO BACA GOMEZ, ACTING IN HIS CAPACITY AS LEGAL REPRESENTATIVE, HEREINAFTER AND FOR THE PURPOSES OF THIS AGREEMENT DENOMINATED AS "THE UGRDNECH", SUBJECT TO THE FOLLOWING:

## RECITALS:

The agricultural sector of the State of Chihuahua, it is strategic and priority for the development of our population, it being the livestock breeding a main part of the activities forming such sector.

The livestock activities in the State of Chihuahua has a participation of 6% of its GDP and it is recognized by its high quality and productivity.

Growth of livestock breeding is limited, and the principal problems are the lack of identification of technological packages, low productivity, lack of enhanced breeds; as well as the lack of adequate food for the cattle.

Therefore, within the State Development Plan 2010-2016, particularly the aspect of regional development and competitiveness, there are posed, among other objectives, to increase the sustainability of the livestock breeding of Chihuahua, increase competitiveness, and promote the commercial development of the same and of meat products.

EX - DUARTE JAQUEZ - 000293



To materialize the objectives described and achieve the goals established in the State Development Plan, it is fundamental and relevant for the State, to promote the acquisition of beef heifers and stallions of preferential breeds to increase productive rates; as well as to foster access to financing according to the possibilities of producers. This, so as to increase quality and efficiency in the production of meat.

In this context, state administration 2010-2016 has combined efforts so as to launch the PROGRAM FOR THE ACQUISITION OF BEEF HEIFER IN THE STATE OF CHIHUAHUA, thus, the signing of this instrument represents the opportunity to comprehensively support the international consolidation and projection of the industry; hence, increasing the trade openness of such activity in the State.

**REPRESENTATIONS:**

**I. "THE GOVERNMENT" HEREBY REPRESENTS:**

**I.1**  That the Secretary of the Treasury and the Secretary of Rural Development are decentralized Agencies of the Executive Branch of the State pursuant to the provisions of Articles 2, 24, 26 and 32 of the Organic Law of the Executive Branch of the State of Chihuahua.

**I.2**  That in terms of the provisions of section (X) of Article 26 of the Organic Law of the Executive Branch of the State of Chihuahua, the Secretary of the Treasury has, amongst other powers, the authority to exercise the powers to execute the tax and financial agreements of the Government of the State with the Federal Government, the Municipalities or its state/municipal-controlled sectors, as well as autonomous public bodies and with individuals and legal entities, exercising the powers and complying with the obligations derived therefrom.

**I.3**  That Cristian Rodallegas Hinojosa evidences his capacity with the appointment issued in his favor on October 4, 2010 by Cesar Horacio Duarte Jaquez, Constitutional Governor of the State.

**I.4**  That pursuant to the provisions set forth in article 32 Section (I) of the Organic Law of the Executive Branch of the State of Chihuahua, the Secretary of Rural Development has for purpose, among others, to promote, foster the agricultural, cattle, fruit and forest activities by promoting loans, organization, insurances and technification in coordination with federal and municipal agencies, and social and private sectors.

**I.5**  That Octavio Legarreta Guerrero evidences his capacity with the appointment issued in his favor on October 4, 2010 by Cesar Horacio Duarte Jaquez, Constitutional Governor of the State.

EX - DUARTE JAQUEZ - 000294



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

**I.6** That in compliance with the objectives of State Development Plan 2010-2016, it has the firm purpose of fostering the consolidation of the herd of cattle of the State and facilitate access to financing so as to implement actions aimed at strengthening the status of livestock farming of Chihuahua; thus, contributing to raise the economy of its dwellers.

**I.7** That he states as his legal domicile for the purposes of this agreement, the one located at Av. Venustiano Carranza No. 601, 4 piso, Eidificio Heroes de la Reforma, Col. Obrera, C.P. 31350 in the City of Chihuahua, Chihuahua.

## II.    "THE FIDEAPECH" HEREBY REPRESENTS:

**II.1** That it is a public trust incorporated by the Government of the State of Chihuahua as trustor and Nacional Financiera, S.N.C. and Institucion de Banca de Desarrollo as trustee, on May 23, 1984 in the City of Chihuahua, Chihuahua pursuant to the laws of the Mexican Republic and which contract was modified by means of the agreements dated April 9, 1987, October 30, 1996, and October 28, 1998.

**II.2** That the powers with which its General Director appears are those granted by the General Trustee Delegate and Legal Representative of Nacional Financiera, through public deed instrument number 119,996 of book 2078, attested to in Mexico City, Federal District, before Notary Public No. 9, Jose Angel Villalobos Magaña, on July 7, 2011, wherein he was granted a general power of attorney for lawsuits and collections and administration acts, with all general and special powers requiring special clause pursuant to the Law. Stating that the aforementioned powers have been neither revoked nor modified whatsoever.

**II.3** That, amongst other corporate purposes, it is engaged in developing the micro and small enterprises through the operation of a system to grant preferential financial support, to which the following activities are carried out: promote, support and foster the development of productive activities, mainly encourage and promote micro and small enterprises which have neither the financial nor technical elements for their development.

**II.4** That it has powers to administer funds of states in compliance with the provisions set forth in subsections i), j) and l) of the third clause of the amendment agreement of October 30, 1996.

**II.5** That they state as domicile for the legal purposes of this agreement, the one located at Leon Tolstoi No. 166, Complejo Industrial Chihuahua, in the city of Chihuahua, Chihuahua.



### III.    "THE UGRCH" HEREBY REPRESENTS:

**III.1** That it is a legal entity incorporated on August 12, 1936, according to the legal provisions of the Livestock Associations Law and its Regulations (at present the Livestock Organizations Law) duly registered before the Livestock Deputy Secretary,   General Division of Livestock Politics of the then Secretary of Agriculture and Development, authorized on September 21, 1936 under file 1000 and registry No. 8.

**III.2** That its members are the local livestock associations legally incorporated pursuant to the Law of Livestock Organizations and which have been admitted by the council of the union at the proposal by the board of directors.

**III.3** That, amongst other corporate purposes, it is engaged in representing all kind of authorities, the collective interests of its affiliates; as well as in agreeing with the state government, the execution of programs, activities and campaigns of animal health and livestock development.

**III.4** That on April 1, 2011 it was held the 70 annual general meeting in which there was carried out the restructuring of the board of directors for the 2011-2013 period to end the period of the previous board.

**III.5** That pursuant to the corporate bylaws of the union, the Chairman, Secretary and Treasurer of the same, have broadest powers to legally represent it in economic and administrative matters.

**III.6** That they state as domicile for the legal purposes of this agreement, the one located at km. 8.5 of highway to Ciudad Cuauhtemoc, Chihuahua.

### IV.    "THE UGRDNECH" HEREBY REPRESENTS:

**IV.1** That it is a legal entity duly incorporated pursuant to Mexican laws, duly formalized before Enrique Aguilar Perez, Notary Public No. 16 for the Morelos Judicial District, as attested to in public deed instrument number 6494, dated December 2, 2005, recorded in the National Registry of Livestock Bodies, in section 3, book 1, volume 1, pages 5 and 6, in Mexico City, Federal District, on May 24 2007.

**IV.2** That in this act appears Pedro Roberto Baca Gomez in his capacity of legal representative, who has enough powers to bind his principal under the terms of this instrument, its bylaws, and under oath to tell the truth, he states that such powers have not been revoked, modified or limited whatsoever

EX - DUARTE JAQUEZ - 000296



**IV.3** That he states as domicile for the legal purposes of this agreement, the one located at calle 22 No. 5401, Colonia Dale, of this city of Chihuahua, Chihuahua, C.P. 31050.

## V.   "THE PARTIES" HEREBY REPRESENT:

**V.1** Definitions. The terms used in this Agreement shall have the following scope and meanings, either in singular or plural, capitalized or not:

**COMMITTEE. -** Committee for Regulation and Follow-Up

**FINANCIAL INSTITUTIONS.** – It refers to the institutions of Development banking and/or Multiple, Financial and/or financial intermediary bodies which shall be granted with Cash Collateral.

**INTERMEDIARY BODIES.** – The Union Ganadera Regional de Chihuahua and/or the Union Ganadera Regional General Division del Norte.

**FINAL BENEFICIARY.** – Person which is necessarily and permanently domiciled in the State of Chihuahua to perform their activities, member of the Union Ganadera Regional de Chihuahua and/or the Union Ganadera Regional General Division del Norte which shall be the beneficiary of the subsidy, and which shall provide 10% of the cash collateral.

**PROGRAM.** The Program for the acquisition of beef heifer in the State of Chihuahua.

**OPERATION REGULATIONS.** – Document subscribed by the parties which is a comprehensive part of this instrument, in which there are established in detail the regulations which shall rule the PROGRAM.

**V.1** Having reviewed the preceding representations and in compliance with the provisions set forth in articles 1, 2, 3, 24, 26, 32 and 41 of the Organic Law of the Executive Branch of the State of Chihuahua, articles 1, 2 and 4 of the Law of State-controlled Entities; 1, 2, 3 and 38 of the Planning Law of the State of Chihuahua; and 1, 3, 5 and 7 of the Livestock Law for the State of Chihuahua, the parties agree to the same and bind themselves to the terms and conditions contained in the following:



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

## CLAUSES:

**FIRST.** – The purpose of this agreement is to establish the grounds and procedures of coordination and cooperation between **"THE PARTIES"** so as to share their experience, efforts and resources so as to carry out the operation of the **PROGRAM** in the State, so as to restock and improve the quality of the cattle herd of the State. This, by supporting the acquisition of up to 100,000 beef heifers a year, for the benefit of an annual average of 6,700 producers of the State of Chihuahua; taking into consideration for such purpose, a State contribution of 50% via subsidy, and the rest through the contribution of the PRODUCERS by means of a financing provided by the Financial Institutions, same which shall be guaranteed with a cash collateral of 20% of the financed amount. This, through the Cash Collateral Fund constituted in the "FIDEAPECH", a 10% covered by the PRODUCER and 70% in complementary collaterals.

**SECOND.** – The target population of the **PROGRAM** are those producers who are registered as active members of the Union Ganadera Regional de Chihuahua and/or Union Ganadera Regional de la Division del Norte who do not have more than 45 beef heifers registered in the State Livestock Registry.

## ACQUISITION OF THE BEEF HEIFERS

**THIRD.** – For the adequate development and execution of the activities related to the acquisition of beef heifers, **"THE GOVERNMENT",** through a representative of each of the Secretaries of the Treasury Rural Development, **"THE UGRCH", "THE UGRDNECH"** and **"THE FIDEAPECH",** agree to act concertedly, constituting for such purpose, a Committee for Regulation and Follow-Up which shall have but not limited to the powers established in the OPERATIVE REGULATIONS which are hereto attached as attachment one of this AGREEMENT.

**FOURTH.** – So as to guarantee a transparent, agile and efficient exercise of the funds aimed at be given to the diverse producers designated as beneficiaries by the Committee for Regulation and Follow-Up, for the acquisition of beef heifers, **"THE GOVERNMENT"** shall execute with **"THE UGRCH" and/or "THE UGRDNECH",** ACTION CONCRETIZATION AGREEMENT through which there shall be agreed the conditions for the delivery of said subsidy and which shall be part of this Agreement.

**FIFTH.** – Once the Action Concretization Agreements be signed with **"THE UGRCH" and/or "THE UGRDNECH",** they shall be in charge of distributing the supports of **THE PROGRAM,** to the producers deemed as beneficiaries. This, in compliance with the OPERATIVE REGULATIONS.

## COLLATERAL FUND

**SIXTH.** – As part of the launching of the **PROGRAM**, it is foreseen the constitution of a Collateral Fund in order to support with a 20% of cash collateral and/or fiduciary, the



financing granted by the FINANCIAL INSTITUTIONS to the FINAL BENEFICIARIES of the PROGRAM.

SEVENTH. - **"THE GOVERNMENT"** and the **"THE FIDEAPECH"** agree to participate jointly, the former by providing the funds, and the latter by administering and fully allocating them to the Cash Collateral Fund and/or Fiduciary of the PROGRAM.

For such purpose **"THE GOVERNMENT"** and the **"THE FIDEAPECH"** shall formulate for each delivery made by the former, EXECUTION ATTACHMENTS which shall be part of this instrument.

EIGHTH. - **"THE FIDEAPECH"** binds itself to execute, in its capacity as guarantor, with the granting Financial Institutions, the legal instruments in which it shall be stipulated, at least, the following:

   a. That **"THE FIDEAPECH"** shall contribute with a 20% collateral, solely and exclusively to guarantee the Loans given to the FINAL BENEFICIARIES and/or **"THE UGRCH" and/or "THE UGRDNECH"**, and that the same be used to acquire beef heifers pursuant to the scheme detailed above.
   b. To establish the payment procedure to which the Institutions constituted as lenders to make effective the cash collateral and/or fiduciary shall subject to, including that in case of fail to comply with the payment obligations by the FINAL BENEFICIARIES and/or **"THE UGRCH" and/or "THE UGRDNECH"** to the corresponding financial institution, **"THE FIDEAPECH"** shall proceed to the payment of the collateral once all extrajudicial proceedings shall conclude and they pay is no made, and the corresponding complaint be filed before the Supreme Court of Justice of the State of Chihuahua.
   c. That **"THE FIDEAPECH"** binds itself to verify, at any moment, the exact application of the cash collateral and/or fiduciary and to have the documentation duly proven the payment.
   d. To expressly agree to the causes for early expiring.

NINTH. – **"THE FIDEAPECH"** binds itself to administer the funds pursuant to what is herein stipulated, as well as to comply with the instructions made in written by **"THE GOVERNMENT"**, which may be add the conditions foreseen in the previous clause.

TENTH. – The parties agree that the yields generated while the funds have not been exercised for the Collateral Fund of the PROGRAM, **"THE FIDEAPECH"** shall use them to cover the expenses generated due to the administrations of the funds of the Collateral Fund of the PROGRAM.

ELEVENTH. – **"THE GOVERNMENT"** agrees to the fact that the funds given to **"THE FIDEAPECH"** for the Collateral Fund, once used under the terms of this instrument and as they may be recovered, either in cash or fiduciary by **"THE FIDEAPECH",** they



shall become part of the patrimony of the same and shall be used to constitute a Fund to support both Agricultural Producers and/or Micro and Small Enterprises, pursuant to the basis approved by the Technical Committee of **"THE FIDEAPECH"**.

**GENERAL PROVISIONS**

**TWELFTH. – "THE PARTIES"** agree that the validity of this agreement becomes effective as of the signing of the same, and until September 30, 2016, it being possible to review, modify or amend it, as commonly agreed by the parties.

**THIRTEENTH. –** The funds provided by **"THE GOVERNMENT"** for the fulfilment of the obligations derived from this Coordination Agreement, shall be subject, at all times, to the legal provisions ruling its control and exercise; as well as to the instruments referred to in fourth and seventh clause herein.

**FOURTEENTH. – "THE GOVERNMENT"** shall verify the extent of the fulfilment of goals and objectives of the PROGRAM, so as to inform of the economic and social impact of the same.

Such verification shall be conducted at the end of each tax year, and just if the projected goals are achieved, the delivery of funds shall be feasible, in order to materialize the acquisition of beef heifers referred to in the first clause herein.

**FIFTEENTH. – "THE GOVERNMENT"** reserves its authority to verify, supervise, and inspect at all times, the exact allocation of the funds for the stated purposes and **THE UGRCH", "THE UGRDNECH" and/or "THE FIDEAPECH"** bind themselves to prove, through the corresponding documentation, the destination of the same. This, since the public funds in question are subject to actions of oversight, control and evaluation by the local authorities in charge of said purpose.

**SIXTEENTH. –** The personnel of each of the parties which may be designated for the carrying out of any activity related to this agreement, shall remain under the full direction and dependence on the entity with it has established its labor, commercial, civil administrative or any other relationship; thus, there shall not be created a subordination of any kind towards the other party, neither shall operate the legal definition of substitute or joint employer. The foregoing, regardless of being rendering their services out of the facilities of the entity by which they were hired, or conduct supervision duties regarding the works made.

**SEVENTEENTH. –** Situations herein unforeseen, and if applicable, the modifications or additions made, shall be mutually agreed by the parties and the same shall be recorded in written, becoming effective as of their subscription.

**EIGHTEENTH. –** This Agreement may be terminated in advance by any of the following causes:



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

I. As mutually agreed by the parties

II. Lack of budgetary availability to cover the obligations acquired by **"THE GOVERNMENT"**.

III. By force majeure or acts of God

**NINETEENTH.** – This Agreement may be rescinded by any of the following causes:

I. When it be determined the state funds were used for purposes other than those provided for in this Instrument, or the specific instruments signed for such purpose.

II. Breach of the obligations herein acquired.

**TWENTIETH.** – The parties agreed that this instrument is a result of good faith; therefore, they state that for any unforeseen situation, doubt and construction or in case of any dispute, the same shall be mutually solved. Otherwise, both parties submit themselves to the provisions set forth in article 40 of the Planning Law of the State of Chihuahua.

Once the parties have read this instrument, and have acknowledged its contents and legal scope, they sign it in the city of Chihuahua, Chihuahua, on the thirteenth day of the month of September of the year two thousand eleven.

**BY "THE GOVERNMENT"**

CRISTIAN RODALLEGAS HINOJOSA
SECRETARY OF TREASURY

[an illegible signature]
OCTAVIO LEGARRETA GUERRERO
SECRETARY OF RURAL DEVELOPMENT

**BY "THE FIDEAPECH"**
[an illegible signature]
CARLOS GERARDO HERMOSILLO ARTEAGA
LEGAL REPRESENTATIVE OF NACIONAL FINANCIERA S.N.C
AND GENERAL DIRECTOR OF FIDEAPECH

**BY "THE UGRCH"**

[an illegible signature]
PEDRO RUBEN FERREIRO MAIZ
CHAIRMAN

[an illegible signature]
JOSE REFUGIO OLIVAS NAVARRETE
SECRETARY

[an illegible signature]
JORGE KOSTURAKIS GARCIA
TREASURER

**BY "THE UGRDNECH"**
[an illegible signature]
PEDRO ROBERTO BACA GOMEZ
LEGAL REPRESENTATIVE

EX - DUARTE JAQUEZ - 000301



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

## ATTACHMENT ONE

OPERATIVE REGULATIONS OF THE PROGRAM FOR THE ACQUISITION OF BEEF HEIFER IN THE STATE OF CHIHUAHUA

CHAPTER I
GENERAL PROVISIONS:

JUSTIFICATION. –
The cattle herd of the State of Chihuahua is affected by the desert and semi-desert climate; thus, it is necessary to have genetic enhancements so as to obtain better resistance to the climate and improve productive efficiency of the cattle herd of the State.

I. – GLOSSARY OF TERMS:
For the purpose of these Operative Regulations, the terms used shall have the following scope and meaning:

1. – **Herd.** – Group of beef heifers located in one same production unit.
2. – **Final beneficiary.** – Person which is necessarily and permanently domiciled in the State of Chihuahua to perform their livestock activities, member of the Union Ganadera Regional de Chihuahua and/or the Union Ganadera Regional General Division del Norte del Estado de Chihuahua which shall receive the final benefit of this program.
3. – **FIDEAPECH.** – Trust for the Promotion of Productive Activities in the State of Chihuahua.
4. – **Subsidy.** – Allocation of state funds foreseen in this Operative Regulations to promote the acquisition of beef heifer.
5. – **Agreement Framework.** – Coordination Framework Agreement for the development of the Program for the acquisition of beef heifer.
6. – **Intermediary Bodies.** – The Union Ganadera Regional de Chihuahua and/or the Union Ganadera Regional General Division del Norte del Estado de Chihuahua.
7. – **Committee.** – The Committee for Regulation and Follow-Up which is constituted to deal with what is related to this program.
8. – **Financial institution.** – It refers to the institutions of Development banking and/or Multiple, Financial and/or financial intermediary bodies which shall be granted with Cash Collateral.

II. – OBJECTIVE. –
To restock and improve the quality of the cattle herd of the State, by providing support for the acquisition of beef heifer, to the intermediary bodies, so as to benefit the producers of the State of Chihuahua.

III. – TARGET POPULATION. –
The program is aimed at all those producers who are registered as active members of the Livestock Unions which in this PROGRAM act as intermediary bodies and that through them, said producers are benefited for the acquisition of beef heifer.

EX - DUARTE JAQUEZ - 000302



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

**IV. – GENERAL REQUIREMENTS FOR THE FINAL BENEFICIARY.**
Apply request.
Original valid official identification for its comparison, and copy of the same.
Proof of domicile no older than 90 days.
Copy of their registration in the State livestock registry.
Copy of the card of their livestock branding iron.
To prove the legal ownership or possession of the land in which the beef heifer to be acquired through this program are going to be held.
(Indicating the number of hectares)
To present a record issued by the corresponding livestock union of which they are active member.

**V. CRITERIA FOR THE ELIGIBILITY OF FINAL BENEFICIARY.**
Producers who do not have more than 45 beef heifers registered in the state livestock registry.
To have 2 cows, according to the state livestock registry, per each beef heifer to be acquired.
To be an active member of any of the livestock unions in the State of Chihuahua.

**VI. – RECEPTION OF APPLICATIONS**
The applications shall be received at:
* Union Ganadera Regional de Chihuahua.
* Union Ganadera Regional General Division del Norte del Estado de Chihuahua.

The reception of applications shall be open the whole year once this program has commenced.

**VII. – RESTRICTIONS:**
Up to 15 beef heifer shall be provided per each FINAL BENEFICIARY.
No more than one application shall be supported for lands of small property.

There shall not participate the producers that:
Are not registered in the state livestock registry.
Are not members of the Union Ganadera Regional de Chihuahua and/or the Union Ganadera Regional General Division del Norte del Estado de Chihuahua.
Attempt to carry out self-purchases.
Being the beneficiary of other supporting programs, attempt to purchase beef heifers of the same breed they provide.
Has been the beneficiary in other supporting programs under the same concept and/or that of re-breeding of beef heifers during the last immediate tax year.

**VIII. – OF THE COMMITTEE FOR REGULATION AND FOLLOW-UP:**
It shall be constituted by the head of the following offices or the person designated by the same:
* Secretary of Rural Development.
* Secretary of the Treasury.
* FIDEAPECH.
* Union Ganadera Regional General Division del Norte del Estado de Chihuahua.
* Union Ganadera Regional de Chihuahua.



The Committee for Regulation and Follow-Up shall be presided by the Secretary of Rural Development or the person designated by the same. Per each of the permanent members an alternate member shall be appointed, all the representatives on duty of the Committee shall have voice and vote.

The meetings of the Committee for Regulation and Follow-Up shall be attended by the Secretary of the Comptroller of the Government of the State of Chihuahua, with voice but no vote, and who shall have the broadest powers regarding the inspection and oversight with regards to this Program.

The Committee shall be legally convened with the attendance of at least three of its designated members.

For the decision made by the Committee be valid, it is necessary to have majority in favor and in case of tie, the Chairman of the Committee shall have the casting vote.

IX. – POWERS OF THE COMMITTEE FOR REGULATION AND FOLLOW-UP:
To determine the base value of the beef heifers to be acquired under this program.
To evaluate the final beneficiaries proposed by the intermediary bodies pursuant to the Operative Regulations herein.
To evaluate the selection of the suppliers of beef heifers proposed by the intermediate bodies.

To define and resolve issues unforeseen in the Operative Regulations herein.

X. – OBLIGATIONS OF THE COMMITTEE FOR REGULATION AND FOLLOW-UP:
To convene as necessary for the evaluation and follow-up of the program.

To instruct the branding on the left shoulder of the beef heifers to be acquired under this program using the branding iron of the Government of the State and/or the intermediary bodies.
To validate the registration of the beneficiaries and suppliers.

To follow-up the operation of the program and at the end of each tax year, to carry out and evaluation of the economic and social impact of the program.

XI. – OBLIGATIONS OF THE INTERMEDIARY BODIES.

The intermediary organisms shall be responsible for gathering the documentation of its members interested in participating in this program as final beneficiaries. After reviewing the files of the final beneficiaries, the intermediary bodies shall send a list with the general information necessary for their validation before the Committee.

The intermediary organisms and the Government of the State through the Secretary of Rural Development, shall be in charge of publishing the requirements for the beneficiaries and suppliers of the beef heifers.



The corresponding intermediary body shall keep and safeguard the duly completed file of the final beneficiaries for a minimum period of 6 (six) years.

To grant all facilities to the Government of the State and whoever the latter designates to verify the full compliance of the PROGRAM.

XII. – REQUIREMENTS THAT SHALL BE MET BY THE BEEF HEIFERS TO BE ACQUIRED BY THE FINAL BENEFICIARIES AND/OR THE INTERMEDIARY ORGANISMS THROUGH THE PROGRAM.

They shall come from lots of beef heifers of suppliers authorized by the Committee for Regulation and Follow-Up.

The beef heifers which shall be part of this program, shall be of the following breeds: Angus, Hereford, Charolais, Limousine, Salers, Brangus, Charbray, Beefmaster, Bradford, and their crossbreeds.

To preferentially between 12 and 24 months old.

They shall be identified on the left shoulder with the branding iron of the Government of the State and/or the intermediary bodies.

They shall obtain negative results regarding tuberculosis (TB) and bovine brucellosis (BR), valid on the date the beef heifers are delivered.

XIII. – OBLIGATIONS OF THE SUPPLIERS.

The suppliers authorized by the Committee for Regulation and Follow-Up shall comply with the following:

To present negative results regarding tuberculosis (TB) and bovine brucellosis (BR) pursuant to the provisions stipulated by the Committee.

To issue invoices which comply with the tax requirements in force.

That they have not been beneficiaries of other supporting programs under this same concept and/or that of re-breeding of beef heifers during the last immediate tax year.

XIV. – VERIFICATION AND DELIVERY/RECEPTION

There shall be organized deliveries of lots of beef heifers in the different regions of the State of Chihuahua.

The beef heifers shall be branded on the left shoulder with the branding iron of the Government of the State and/or the intermediary bodies.

There shall be drafted the delivery/reception record which shall be duly signed by the final beneficiary, the corresponding intermediary body and the Secretary of Rural Development.

CHAPTER II
SUBSIDY

XV. – OF THE SUBSIDY:

There shall be provided 50% of the cost of the beef heifer of the base value established by the Committee.



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

XVI. – DELIVERY OF THE SUBSIDY
The Intermediary Bodies shall have the following documentation for the delivery of the subsidy.

Delivery-reception record.
Original invoice for comparison purposes.
Copy of the insurance policy of the beef heifers acquired under this program.
Commitment of the beneficiary to keep the beef heifers for a minimum term of three years as of their acquisition.
Record of the financial institution that it received at least 10% of the cash collateral from the final beneficiary and/or the corresponding intermediary beneficiary and that there was given financing for 50% of the cost of the beef heifers acquired under this program.

Once the aforementioned requirements have been met, the corresponding Intermediary Body shall notify the COMMITTEE so that the latter proceeds to conduct the corresponding administrative paperwork so as to free the funds.

CHAPTER III
COLLATERAL FUND

XVII. – PURPOSE
The collateral fund has for purpose to make easier for the financial beneficiary (livestock producers) to have access to credit lines in favorable conditions with the Financial Institutions supporting the same and/or the intermediary body.

The Government of the State of Chihuahua through the Trust for the Promotion of Productive Activities in the State of Chihuahua (FIDEAPECH) shall grant a 20% collateral before the financial institutions so that the final beneficiaries and/or intermediary bodies obtain credit lines for the acquisition of beef heifers.

XVIII. – COMPLEMENTARITY
The guarantees granted under this Program shall be complementary to those that shall be offered by the intermediary body and/or the final beneficiaries before the Financial Institutions granting the credit lines.

XIX. – REQUIREMENTS TO BE GRANTED WITH FINANCING
The final beneficiary and/or the Intermediary Bodies shall present an application for financing before the authorized Financial Institutions.
To grant a cash collateral for at least 10% of the amount corresponding to the financing requested and grant additional collaterals of 70% pursuant to the policies of the authorized Financial Institutions.

As well as to comply with the requirements established herein and those established in (V) of these Operative Regulations.



## XX. – REQUIREMENTS FOR THE GRANTING OF THE COLLATERAL

Letter of approval regarding the granting of financing issued by the Financial Institution.
To prove to have 10% of their collateral cash in relation to the amount of the loan requested.

Once the requirements mentioned herein and those set forth in (XVI) of these Operative Regulations have been met, the FIDEAPECH shall issue the Fiduciary Certificate and/or present the Cash Collateral in favor of the Financial Institution.

## XXI. – OF THE COVER AND SCOPE OF THE COLLATERAL.

The collateral just covers 20% of the Financial which may be granted to the intermediary body and/or final beneficiary by the Financial Institutions for the acquisition of beef heifers under this program.

The collateral shall solely cover the outstanding balance of the capital of the loans, in the agreed proportion, excluding the normal and default interest, as well as any other ancillary charge.

## XXII. – OF THE TERM

The maximum term of the loans to be guaranteed shall be 3 (three) years.

## XXIII. – BALANCE OF THE COLLATERAL

The collateral shall be valid until the total liquidation of the loan; however, the responsibility of the fund shall decrease in the same proportion that the payments of the amortizations of the capital of the loan are made.

Chihuahua, Chihuahua, September 2011.

# EXHIBIT

# 9

EX - DUARTE JAQUEZ - 000308



ACTION CONCRETIZATION AGREEMENT EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY AND THE SECRETARY OF RURAL DEVELOPMENT HEREIN REPRESENTED BY THE HEADS OF SAID SECRETARIES, CRISTIAN RODALLEGAS HINOJOSA AND OCTAVIO LEGARRETA GUERRERO, HEREINAFTER AND FOR THE PURPOSES OF THIS AGREEMENT DENOMINATED AS "THE GOVERNMENT", AND UNION GANADERA REGIONAL DE LA DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA HEREIN REPRESENTED BY PEDRO ROBERTO BACA GOMEZ IN HIS CAPACITY OF LEGAL REPRESENTATIVE, HEREINAFTER AND FOR THE PURPOSES OF THIS AGREEMENT DENOMINATED AS "THE UGRDNECH", SUBJECT TO THE FOLLOWING:

## RECITALS:

On September 13, 2011, there was executed between "THE GOVERNMENT", "FIDEAPECH", Union Ganadera Regional de Chihuahua and Union Ganadera Regional de la Division del Norte del Estado de Chihuahua, a Coordination Framework Agreement for the development of the Program for the acquisition of beef heifer in the State of Chihuahua, hereinafter **"AGREEMENT FRAMEWORK"**

Through said instrument, there are established the grounds and procedures of coordination and cooperation between **"THE PARTIES"** so as to share their experience, efforts and resources so as to carry out the operation of the Program for the acquisition of beef heifer in the State of Chihuahua, hereinafter **"THE PROGRAM"** in the State. The Union Ganadera Regional de Chihuahua and Union Ganadera Regional de la Division del Norte del Estado de Chihuahua act as Intermediary Bodies in charge of the distribution of the subsidy granted by **"THE GOVERNMENT"** to the producers, active members of the same.

In this context and in order to assure a transparent, agile and efficient exercise of the funds allocated to **"THE PROGRAM"** within the instrument of reference, **"THE GOVERNMENT"** and the Intermediary Bodies agreed the execution of the Action Concretization Agreements and the conditions pursuant to which such funds shall be exercised; thus, the parties convened to the execution of this agreement subject to the following:

## REPRESENTATIONS:

## I. "THE GOVERNMENT" HEREBY REPRESENTS:

**I.1** That the Secretary of the Treasury and the Secretary of Rural Development are centralized Agencies of the Executive Branch of the State pursuant to the

EX - DUARTE JAQUEZ - 000309



provisions of Articles 2, 24, 26 and 32 of the Organic Law of the Executive Branch of the State of Chihuahua.

I.2 That in terms of the provisions of section (X) of Article 26 of the Organic Law of the Executive Branch of the State of Chihuahua, the Secretary of the Treasury has, amongst other powers, the authority to exercise the powers to execute the tax and financial agreements of the Government of the State with the Federal Government, the Municipalities or its state/municipal-controlled sectors, as well as autonomous public bodies and with individuals and legal entities, exercising the powers and complying with the obligations derived therefrom.

I.3 That Cristian Rodallegas Hinojosa evidences his capacity with the appointment issued in his favor on October 4, 2010 by Cesar Horacio Duarte Jaquez, Constitutional Governor of the State.

I.4 That pursuant to the provisions set forth in article 32 Section (I) of the Organic Law of the Executive Branch of the State of Chihuahua, the Secretary of Rural Development has for purpose, among others, to promote, foster the agricultural, cattle, fruit and forest activities by promoting loans, organization, insurances and technification in coordination with federal and municipal agencies, and social and private sectors.

I.5 That Octavio Legarreta Guerrero evidences his capacity with the appointment issued in his favor on October 4, 2010 by Cesar Horacio Duarte Jaquez, Constitutional Governor of the State.

I.6 That in compliance with the objectives of State Development Plan 2010-2016, it has the firm purpose of fostering the consolidation of the herd of the cattle of the State and facilitate access to financing so as to implement actions aimed at strengthening the status of livestock farming of Chihuahua; thus, contributing to raise the economy of its dwellers.

I.7 That he states as his legal domicile for the purposes of this agreement, the one located at Av. Venustiano Carranza No. 601, 4 piso, Eidificio Heroes de la Reforma, Col. Obrera, C.P. 31350 in the City of Chihuahua, Chihuahua.

II.    "THE UGRDNECH" HEREBY REPRESENTS:

II.1 That it is a legal entity incorporated according to Mexican legislation, duly formalized before Enrique Aguilar Perez, Notary Public number 18 of Morelos Judicial District, by means of deed instrument number 6,494 of December 2, 2005 whose official copy is recorded in the National Registry of Livestock Bodies, under section 3, book 1, volume 1, pages 5 and 6, in Mexico City, Federal District, on May 24, 2007.



**II.2** That in this act appears through Pedro Roberto Baca Gomez in his capacity of legal representative, who has enough powers to bind its principal to the terms of this agreement, pursuant to its bylaws and under oath to tell the truth, he states that said powers he has been granted with, have not been limited or revoked or modified whatsoever

**II.3** That they state as domicile for the legal purposes, the one located at calle 22, number 5401, colonia Dale, in this city of Chihuahua, Chihuahua, C.P. 31050

### III.    "THE PARTIES" HEREBY REPRESENT:

**III.1** That they mutually acknowledge the certainty and validity of the representations herein contained and that they agree to the same.

**III.2** That there is the mutual interest of the **"PARTIES"** in participating in the Program for the acquisition of beef heifer in the State of Chihuahua.

**III.3** That they mutually acknowledge the capacity and legal capacity under which they appear, which at the moment of subscribing this agreement have not been revoked, modified or limited whatsoever, acknowledging the scope and content of the same.

Having reviewed the preceding representations, **"THE PARTIES"** agree to the same and bind themselves to the terms and conditions contained in the following:

### CLAUSES:

**FIRST. -** This Action Concretization Agreement has for purpose to coordinate the supporting actions between **"THE PARTIES"** so as to conduct the operation of **"THE PROGRAM"**; as well as to determine the obligations and responsibilities they shall be subject to, and the mechanisms for the evaluation and control of the execution of the purpose of this Agreement.

**SECOND. –** For the fulfilment of the purpose of this agreement, **"THE GOVERNMENT"** binds itself to make contributions to **"THE UGRDNECH"** for the processing of the support application it may have received from its members and which are admissible pursuant to the terms of the operative regulations of **"THE PROGRAM"** and the **"AGREEMENT FRAMEWORK"** set forth above. Said contributions shall be subject to availability of funds held by **"THE GOVERNMENT"** for **"THE PROGRAM"**.



FISCALÍA GENERAL
DE LA REPÚBLICA

**THIRD.** – It is expressly established that the outlays of funds by **"THE UGRDNECH"** shall be exclusively made in execution of the actions subject matter of this instrument, and that the same cannot be transferred to other concepts of expense, other than the purpose of this Agreement and their exercising shall be subject to the provisions set forth in the **"AGREEMENT FRAMEWORK"** and the other in force and applicable governing provisions.

**FOURTH.** – For the adequate development, execution and supervision of the activities provided in the first and second clauses herein, the parties bind themselves to mutually support in the Committee for Regulation and Follow-Up referred to in the Operative Regulations of **"THE PROGRAM"**.

**FIFTH.** – For the execution of the above, the funds received by **"THE UGRDNECH"** pursuant to the provisions set forth in the second clause, the same shall be allocated into the bank account opened for such purpose by **"THE UGRDNECH",** which shall be informed to **"THE GOVERNMENT"** so that the funds transferred and their corresponding transactions shall be duly identified.

**SIXTH. - "THE UGRDNECH"** binds itself to:

A. Use the funds referred to in the second clause of this instrument for the purpose established in the first clause of the same, allocating them in the specific bank account referred to in the fifth clause; thus, it is responsible for the use, allocation and destination of the aforementioned funds.

B. Be subject to the provisions set forth in the Operative Regulations of **"THE PROGRAM"** regarding the granting, follow up and corroboration with regards to the delivery of the supports or subsidies.

C. Reimburse **"THE GOVERNMENT"** the funds received from the latter and that in a term of 45 business days running from the reception of the same, it does not prove it used them in the granting of supports for the final beneficiary, pursuant to the terms of the Operative Regulations of **"THE PROGRAM"**.

D. Keep under its custody the original proving documentation related to the budgetary allocations disbursed, and provide **"THE GOVERNMENT",** at any time, with unofficial and/or certified copy of the same.

E. Exercise the transferred funds efficiently, effectively, economically, transparently and honestly, to satisfy the purposes they are aimed at.

F. Inform the Committee, at the end of the respective quarter, of the programmatic, budgetary and physical financial progress of the program provided in this instrument, and if applicable, of the results of the actions conducted in compliance with this instrument.



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

G. Grant access to the personnel designated by **"THE GOVERNMENT"** for the supervision of the correct application of the funds granted under this agreement.

H. Reimburse the funds provided which were not applied pursuant to the terms of **"THE PROGRAM"**, as well as the financial products generated by the same.

**SEVENTH. - "THE GOVERNMENT"** binds itself to:

A. Transfer the funds referred to in the second clause of this agreement, pursuant to the resolutions issued by the Committee for Regulation and Follow-Up referred to in the Operative Regulations of **"THE PROGRAM"**.

B. Verify that the budgetary funds which may be transferred by virtue of this instrument, shall be solely applied to the achievement of the purpose they are aimed at.

C. Follow up through the Secretary of Rural Development, the procedure of formalization conducted by **"THE UGRDNECH"** with regards to the designation of the final beneficiaries of **"THE PROGRAM"**.

D. Quarterly follow up, through the Committee for Regulation and Follow-Up referred to in the Operative Regulations of **"THE PROGRAM"**, regarding the progress related to the fulfilment of the purpose of this instrument.

**EIGHTH. - "THE UGRDNECH"** accepts that in case of fail to comply with any of the obligations contained in this legal instrument, the amounts which it may have received in terms of the second clause, constitute a tax loan in terms of the provisions set forth in article 329 section (IV) of the Tax Code for the State; as well as its respective interest at the rate provided by the Income Law in force and their recovery shall be conducted through the coercive economic proceeding cited in the aforementioned Code.

**NINTH. –** The personnel of each of the parties which may be designated for the carrying out of any activity related to this agreement, shall remain under the full direction and dependence on the entity with it has established its labor, commercial, civil administrative or any other relationship; thus, there shall not be created a subordination of any kind towards the other party, neither shall operate the legal definition of substitute or joint employer. The foregoing, regardless of being rendering their services out of the facilities of the entity by which they were hired, or conduct supervision duties regarding the works made.

**TENTH. - "THE UGRDNECH"** accepts the authority granted to **"THE GOVERNMENT"** by articles 1646 and 1647 of the Administrative Code in force for the State of Chihuahua to administratively terminate this agreement without any liability

EX - DUARTE JAQUEZ - 000313



for **"THE GOVERNMENT"**; it just being enough that the corresponding agreement be signed by the heads of the participating secretaries under the proceeding set forth in the aforecited Code.

**ELEVENTH.** – The situations unforeseen in this agreement, and if applicable, the modifications or amendments made, shall be mutually agreed by the parties and shall be recorded in written, becoming effective as of their subscription.

**TWELFTH.** – This agreement shall be terminated in advance as agreed by the parties or in case of lack of budgetary availability to cover the obligations acquired by **"THE GOVERNMENT"**, or by force majeure or acts of God, which shall be recorded in written.

**THIRTEENTH. - "THE PARTIES"** agreed that this instrument is a result of good faith; therefore, they state that for any unforeseen situation, doubt and construction or in case of any dispute, the same shall be mutually solved. Otherwise, both parties submit themselves to the jurisdiction of the competent courts of the city of Chihuahua, Chihuahua, expressly waiving any other venue which may correspond due to its current or future domicile.

**ONCE THE PARTIES HAVE READ THIS INSTRUMENT, AND HAVE ACKNOWLEDGED ITS CONTENTS AND LEGAL SCOPE, THEY SIGN IT IN THE CITY OF CHIHUAHUA, CHIHUAHUA, ON THE FOURTEENTH DAY OF THE MONTH OF SEPTEMBER OF THE YEAR TWO THOUSAND ELEVEN.**

**BY "THE GOVERNMENT"**

CRISTIAN RODALLEGAS HINOJOSA
SECRETARY OF TREASURY

[an illegible signature]
OCTAVIO LEGARRETA GUERRERO
SECRETARY OF RURAL DEVELOPMENT

**BY "THE UGRDNECH"**
[an illegible signature]
PEDRO BACA GOMEZ
LEGAL REPRESENTATIVE

# EXHIBIT
# 10

EX - DUARTE JAQUEZ - 000315



**FINANCIAL SUPPORT AGREEMENT NUMBER 991/2011 EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY REPRESENTED BY CRISTIAN RODALLEGAS HINOJOSA AND THE SECRETARY OF RURAL DEVELOPMENT HEREIN REPRESENTED BY OCTAVIO LEGARRETA GUERRERO, HEREINAFTER "THE GOVERNMENT", AND THE LEGAL ENTITY DENOMINATED "UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA" HEREIN REPRESENTED BY CARLOS GERARDO HERMOSILLO ARTEAGA, IN HIS CAPACITY AS ACTING CHAIRMAN OF THE BOARD OF DIRECTORS, HEREINAFTER "THE UNION", SUBJECT TO THE FOLLOWING REPRESENTATIONS AND CLAUSES:**

**REPRESENTATIONS:**

**"THE GOVERNMENT" HEREBY REPRESENTS:**

**I.-** THAT THE SECRETARY OF THE TREASURY IS A FEDERAL ENTITY IN COMPLIANCE TO ARTICLES 1, 2, 24 AND 26 SECTION X OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA, WHICH HAS, AMONG OTHER POWERS, THE AUTHORITY TO EXERCISE THE POWERS TO EXECUTE THE TAX AND FINANCIAL AGREEMENTS OF THE GOVERNMENT OF THE STATE WITH THE FEDERAL GOVERNMENT, THE MUNICIPALITIES OR ITS STATE/MUNICIPAL-CONTROLLED SECTORS, AS WELL AS AUTONOMOUS PUBLIC BODIES AND WITH INDIVIDUALS AND LEGAL ENTITIES, EXERCISING THE POWERS AND COMPLYING WITH THE OBLIGATIONS DERIVED THEREFROM.

**II.-** THAT WITHIN THE POWERS THAT THE SECRETARY OF RURAL DEVELOPMENT IS TO PROMOTE THE AGRICULTURAL, CATTLE, FRUIT AND FOREST ACTIVITIES BY PROMOTING LOANS, ORGANIZATION, INSURANCES AND TECHNIFICATION IN COORDINATION WITH FEDERAL AND MUNICIPAL AGENCIES, AND SOCIAL AND PRIVATE SECTORS. THIS IS PURSUANT TO ARTICLES 1, 2, 24 AND 32 OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA.

**III.-** THAT THEIR REPRESENTATIVES, CRISTIAN RODALLEGAS HINOJOSA AND OCTAVIO LEGARRETA GUERRERO, EVIDENCE THEIR CAPACITY WITH THE APPOINTMENTS ISSUED IN THEIR FAVOR BY CESAR HORACIO DUARTE JAQUEZ, CONSTITUTIONAL GOVERNOR OF THE STATE, ON OCTOBER 4, 2010.

**IV.-** THAT "THE UNION" REQUESTED FINANCIAL SUPPORT IN THE AMOUNT OF "$36,000,000.00 (THIRTY-SIX MILLION PESOS WITH 00/100) MEXICAN CURRENCY, WITH THE PURPOSE OF PAYING COMPENSATION TO PRODUCERS THAT TRANSPORT THEIR UNPRODUCTIVE LIVESTOCK TO THE



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

SLAUGHTERHOUSE FOR THEIR SACRIFICE, WHICH IS MENTIONED IN THE FIRST CLAUSE OF THIS INSTRUMENT.

**V.-** THAT BY MEANS OF APPROVAL OFFICIAL LETTER NUMBER 2011-INE-A-0789 DATED DECEMBER 22, 2011, THERE WAS AUTHORIZED WITHIN THE STATE NORMAL INVESTMENT PROGRAM TO "LA UNION", MENTIONED IN THE FIRST CLAUSE OF THE PRESENT AGREEMENT, WITH $36,000,000.00 (THIRTY-SIX MILLION PESOS WITH 00/100) MEXICAN CURRENCY, WITH THE PURPOSE OF PAYING COMPENSATION TO PRODUCERS THAT TRANSPORT THEIR UNPRODUCTIVE LIVESTOCK TO THE SLAUGHTERHOUSE FOR THEIR SACRIFICE, WHICH IS MENTIONED IN THE FIRST CLAUSE OF THIS INSTRUMENT.

**VI.-** THAT HE STATES AS HIS LEGAL DOMICILE FOR THE PURPOSES OF THIS INSTRUMENT, THE ONE LOCATED AT CALLE 22 NO. 5401, COL. DALE IN THIS CITY OF CHIHUAHUA, CHIHUAHUA, C.P. 31050.

**"THE UNION" HEREBY REPRESENTS:**

**I.-** THAT IT IS A LEGAL ENTITY INCORPORATED ACCORDING TO MEXICAN LEGISLATION, DATED OCTOBER 22, 2005, WHOSE CORRESPONDING RECORD WAS DULY FORMALIZED BEFORE ENRIQUE AGUILAR PEREZ, NOTARY PUBLIC NUMBER 18 OF MORELOS JUDICIAL DISTRICT, BY MEANS OF DEED INSTRUMENT NUMBER 6,494 OF DECEMBER 2, 2005, AS RECORDED IN THE NATIONAL REGISTRY OF LIVESTOCK BODIES IN MEXICO CITY, FEDERAL DISTRICT, UNDER NUMBER 6, PAGE 5 OF VOLUME 1, OF FIRST BOOK OF THIRD SECTION, DATED MAY 24, 2007.

**II.-** THAT   CARLOS GERARDO HERMOSILLO ARTEAGA EVIDENCES HIS CAPACITY AS ACTING CHAIRMAN AND SPECIAL DELEGATE, WHO HAS ENOUGH POWERS TO OBLIGATE HIS PRINCIPAL UNDER THE TERMS OF THE PRESENT INSTRUMENT, PURSUANT TO ITS CORPORATE BY-LAWS AND THE FORMALIZATION OF RECORD OF THE MINUTES OF THE EXTRAORDINARY SHAREHOLDERS MEETING BEFORE ANA ANGELICA BAEZA MENDOZA, ASSIGNED TO PUBLIC NOTARY OFFICE NUMBER 26, FOR MORELOS DISTRICT, STATE OF CHIHUAHUA, ACTING AS PUBLIC NOTARY OFFICE FOR TEMPORAL SEPARATION OF ITS HEAD, MARIA DEL CARMEN VALENZUELA BREACH DE CABALLERO, UNDER OATH TO TELL THE TRUTH, HE STATES THAT THE SAME HAVE NOT BEEN REVOKED, MODIFIED OR LIMITED IN ANY FORM, AS IT IS OBSERVED   IN THE RECORD OF THE EXTRAORDINARY MEETING OF THE BOARD OF DIRECTORS DATED AUGUST 3, 2011.

EX - DUARTE JAQUEZ - 000317



III.- THAT HE STATES AS HIS LEGAL DOMICILE FOR THE PURPOSES OF THIS INSTRUMENT, THE ONE LOCATED AT CALLE 22 NO. 5401, COL. DALE IN THIS CITY OF CHIHUAHUA, CHIHUAHUA, C.P. 31050.

**"THE PARTIES" HEREBY REPRESENT:**

THAT THEY MUTUALLY ACKNOWLEDGE THE CAPACITY AND LEGAL CAPACITY UNDER WHICH THEY APPEAR, THUS, THEY ACCEPT TO CELEBRATE THE PRESENT AGREEMENT OF FINANCIAL SUPPORT, PURSUANT TO THE FOLLOWING:

**CLAUSES:**

**FIRST.-** BY MEANS OF THE EXECUTION OF THE PRESENT INSTRUMENT "THE GOVERNMENT" BINDS ITSELF TO PROVIDE "THE UNION" FINANCIAL SUPPORT TO PAY COMPENSATION TO PRODUCERS THAT TRANSPORT THEIR UNPRODUCTIVE LIVESTOCK TO THE SLAUGHTERHOUSE FOR THEIR SACRIFICE.

**SECOND.-** FOR THE COMPLIANCE OF THE SUBJECT MATTER ESTABLISHED PREVIOUSLY, "THE GOVERNMENT" SHALL PROVIDE "THE UNION" WITH A FINANCIAL SUPPORT IN THE AMOUNT OF $36,000,000.00 (SIX MILLION PESOS WITH 00/100 MEXICAN CURRENCY), SAME WHICH SHALL BE DELIVERED THROUGH A CHECK ISSUED BY THE SECRETARY OF THE TREASURY OF THE GOVERNMENT OF THE STATE, WITH THE PURPOSE OF PAYING COMPENSATION TO PRODUCERS THAT TRANSPORT THEIR UNPRODUCTIVE LIVESTOCK TO THE SLAUGHTERHOUSE FOR THEIR SACRIFICE, BINDING THE LATTER TO EXERCISE SAID FUNDS SOLELY AND EXCLUSIVELY FOR THE ESTABLISHED PURPOSES IN THE FIRST CLAUSE OF THESE MEETINGS OF THE MINDS.

**THIRTEENTH.-** FOR EVERYTHING CONCERNING THE INTERPRETATION AND COMPLIANCE WITH THE LIABILITIES CONSIDERED IN THE PRESENT LEGAL ACT, THE PARTIES SHALL SUBMIT TO THE APPLICABLE LAWS AND TO THE COURTS WITH JURISDICTION IN THE CITY OF CHIHUAHUA, CHIH., EXPRESSLY WAIVING THE ANY OTHER JURISDICTION THAT THEY MAY BE ENTITLED TO CLAIM BECAUSE OF ITS CURRENT OR FUTURE DOMICILE.

ONCE THE PARTIES HAVE READ THIS MEETING OF THE MINDS AND HAVE ACKNOWLEDGED ITS CONTENTS AND LEGAL SCOPE, THEY SIGN IT AT THE MARGIN OF ALL AND EACH OF ITS THREE PAGES, IN THE CITY OF



CHIHUAHUA, CHIHUAHUA, ON THE FIRST DAY OF THE MONTH OF DECEMBER OF THE YEAR TWO THOUSAND ELEVEN.

**BY "THE GOVERNMENT"**

[an illegible signature]
**CRISTIAN RODALLEGAS HINOJOSA
SECRETARY OF THE
TREASURY**

[an illegible signature]
**OCTAVIO LEGARRETA GUERRERO
SECRETARY OF RURAL DEVELOPMENT**

**BY "THE UNION"**
**[AN ILLEGIBLE SIGNATURE]**
**CARLOS GERARDO HERMOSILLO ARTEAGA**

THIS PAGE NUMBER 4 CORRESPONDS TO THE AGREEMENT OF FINANCIAL SUPPORT NUMBER 991/2011, THAT IS SIGNED BY THE GOVERNMENT OF CHIHUAHUA, BY MEANS OF THEIR SECRETARY OF TREASURY AND THE SECRETARY OF RURAL DEVELOPMENT REPRESENTED IN THIS ACT BY THEIR HEADS, CRISTIAN RODALLEGAS HINOJOSA AND OCTAVIO LEGARRETA GUERRERO AND ON THE OTHER SIDE BY UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA, REPRESENTED BY CARLOS GERARDO HERMOSILLO ARTEAGA, ACTING AS CHAIRMAN, HEREINAFTER FOR THE EFFECTS OF THIS CONTRACT SHALL BE DENOMINATED "THE GOVERNMENT" AND "THE UNION" RESPECTIVELY.

EX - DUARTE JAQUEZ - 000319

# EXHIBIT
# 11

EX - DUARTE JAQUEZ - 000320



**FINANCIAL SUPPORT AGREEMENT NUMBER 887/2011 EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY REPRESENTED BY CRISTIAN RODALLEGAS HINOJOSA AND THE SECRETARY OF RURAL DEVELOPMENT HEREIN REPRESENTED BY ROBERTO DITTRICH NEVAREZ IN HIS CAPACITY OF DIRECTOR OF AGRICULTURAL DEVELOPMENT, HEREINAFTER "THE GOVERNMENT", AND THE LEGAL ENTITY DENOMINATED "UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA" HEREIN REPRESENTED BY PEDRO ROBERTO BACA GOMEZ, IN HIS CAPACITY AS LEGAL REPRESENTATIVE, HEREINAFTER "THE UGRDNECH", SUBJECT TO THE FOLLOWING REPRESENTATIONS AND CLAUSES:**

### REPRESENTATIONS:

**"THE GOVERNMENT" HEREBY REPRESENTS:**

**I.-** THAT THE SECRETARY OF THE TREASURY IS A FEDERAL ENTITY IN COMPLIANCE TO ARTICLES 1, 2, 24 AND 26 SECTION XXXI OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA, WHICH HAS, AMONG OTHER POWERS, TO BE IN CHARGE OF PARTICIPATING, IN TERMS OF THE APPLICABLE LAWS, IN THE EXECUTION OF PURCHASE/SALE, COMMODATUM AND DONATIONS CONTRACTS, AS WELL AS OF OTHER RELATED TO THE REAL AND PERSONAL PATRIMONY OF THE GOVERNMENT OF THE STATE, EXCEPTING TERRITORIAL RESERVES; AS WELL AS OF AGREEMENTS AND CONTRACTS FOR SERVICES AND LEASING OF REAL AND PERSONAL PROPERTIES, AND IN GENERAL, TO PARTICIPATE IN ANY AGREEMENT OR CONTRACT WHICH FINANCIALLY BINDS THE STATE. STATE IS ECONOMICALLY OBLIGATED.

**II.-** THAT ITS REPRESENTATIVE, CRISTIAN RODALLEGAS HINOJOSA EVIDENCES HIS CAPACITY WITH THE APPOINTMENT ISSUED IN HIS FAVOR BY THE CONSTITUTIONAL GOVERNOR OF THE STATE ON OCTOBER 4, 2010.

**III.-** THAT THE SECRETARY OF RURAL DEVELOPMENT IS A FEDERAL ENTITY IN COMPLIANCE PROVISIONS SET FORTH IN ARTICLES 1, 2, 24 AND 32 OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH OF THE STATE OF CHIHUAHUA, WHICH HAS, AMONG OTHER POWERS, TO PROMOTE THE AGRICULTURAL, CATTLE, FRUIT AND FOREST ACTIVITIES BY PROMOTING LOANS, ORGANIZATION, INSURANCES AND TECHNIFICATION IN COORDINATION WITH FEDERAL AND MUNICIPAL AGENCIES, AND SOCIAL AND PRIVATE SECTORS.

**IV.-** THAT ROBERTO DITTRICH NEVAREZ, DIRECTOR OF AGRICULTURAL DEVELOPMENT, WHO HAS ENOUGH POWERS TO SIGN THIS LEGAL



INSTRUMENT, IN COMPLIANCE WITH THE OFFICIAL LETTER GRANTING THE POWERS DATED MAY 13, 2011, GRANTED IN HIS FAVOR BY OCTAVIO LEGARRETA GUERRERO, IN HIS CAPACITY AS SECRETARY OF RURAL DEVELOPMENT.

**V.-** THAT "THE UGRDNECH" REQUESTED A LOAN FOR WORK CAPITAL, PURCHASE OF CATTLE FOR MEET PRODUCTION, AUTHORIZING SUCH LOAN BY THE PRODAAF TECHNICAL OPERATING COMMITTEE, THROUGH RECORD NUMBER 001/2011 DATED NOVEMBER 9, 2011, THUS, "THE GOVERNMENT" HAS A FUND FOR THE FINANCING TO PRODUCERS, WHOSE ACCOUNT IS NUMBER 65-50227765-1 IN THE NAME OF THE GOVERNMENT OF THE STATE, SECRETARY OF THE TREASURY, FINANCING PRODUCERS, SECRETARY OF RURAL DEVELOPMENT.

**VI.-** THAT HE STATES AS HIS LEGAL DOMICILE FOR THE PURPOSES OF THIS INSTRUMENT, THE ONE LOCATED AT CUARTO PISO DEL EDIFICIO HEROES DE LA REFORMA, LOCATED IN AVENIDA VENUSTIANO CARRANZA NUMERO 601, COLONIA OBRERA OF THIS CITY.

**"THE UGRDNECH" HEREBY REPRESENTS:**

**I.-** THAT IT IS A LEGAL ENTITY INCORPORATED ACCORDING TO MEXICAN LEGISLATION, DULY FORMALIZED BEFORE ENRIQUE AGUILAR PEREZ, NOTARY PUBLIC NUMBER 18 OF MORELOS JUDICIAL DISTRICT, BY MEANS OF DEED INSTRUMENT NUMBER 6,494 OF DECEMBER 2, 2005, AS RECORDED IN THE NATIONAL REGISTRY OF LIVESTOCK BODIES IN MEXICO CITY, FEDERAL DISTRICT, UNDER NUMBER 6, PAGE 5 OF VOLUME 1, OF FIRST BOOK OF THIRD SECTION, DATED MAY 24, 2007.

THAT PEDRO ROBERTO BACA GOMEZ EVIDENCES HIS CAPACITY AS LEGAL REPRESENTATIVE, WHO HAS ENOUGH POWERS TO OBLIGATE HIS PRINCIPAL UNDER THE TERMS OF THE PRESENT INSTRUMENT, PURSUANT TO ITS CORPORATE BY-LAWS AND UNDER OATH TO TELL THE TRUTH, HE STATES THAT THE SAME HAVE NOT BEEN REVOKED, MODIFIED OR LIMITED IN ANY FORM.

THAT HE STATES AS HIS LEGAL DOMICILE FOR THE PURPOSES OF THIS INSTRUMENT, THE ONE LOCATED AT CALLE 22 NO. 5401, COL. DALE IN THIS CITY OF CHIHUAHUA, CHIHUAHUA, C.P. 31050.

**"THE PARTIES" HEREBY REPRESENT:**

THAT THEY MUTUALLY ACKNOWLEDGE THE LEGAL CAPACITY UNDER WHICH THEY APPEAR, AND BIND THEMSELVES TO EXECUTE THIS CONTRACT PURSUANT TO THE FOLLOWING:



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

**CLAUSES:**

**FIRST. -** "THE GOVERNMENT" BINDS ITSELF TO PROVIDE THROUGH THE SECRETARY OF RURAL DEVELOPMENT "THE UGRDNECH" WITH A LOAN IN THE AMOUNT OF $5,000,000.00 (FIVE MILLION PESOS WITH 00/100) MEXICAN CURRENCY, SAME WHICH SHALL BE DELIVERED THROUGH A CHECK ISSUED IN THE NAME OF "THE UGRDNECH" BY THE SECRETARY OF THE TREASURY OF THE GOVERNMENT OF THE STATE.

**SECOND.-** "THE UGRDNECH" BINDS ITSELF TO ALLOCATE THE AFOREMENTIONED AMOUNT IN THE PREVIOUS CLAUSE, EXCLUSIVELY A LOAN FOR WORK CAPITAL, LIVESTOCK PURCHASE FOR THE PRODUCTION OF MEAT.

**THIRD.-** THE LOAN TO WHICH THE FIRST CLAUSE REFERS TO SHALL CAUSE A FIXED REGULAR INTEREST RATE ON BALANCES WHICH WILL CORRESPOND TO TIIE a.s.s.i. THAT IS IN FORCE AT THE MOMENT OF EXECUTING THE PRESENT INSTRUMENT, SETTLING SUCH INTERESTS JOINTLY WITH THE AMORTIZATION OF THE CAPITAL AT THE END.

**FOURTH.-** "THE UGRDNECH" BINDS ITSELF TO PAY IN ONE INSTALLMENT ON JUNE 30, 2013, AGREEING ON THE POSSIBILITY OF MAKING ANTICIPATED PAYMENTS WITHOUT GENERATING ANY PENALTY FOR "THE UGRDNECH".

**FIFTH.-** THE PAYMENT SHALL BE PERFORMED IN THE OFFICE OF THE SECRETARY OF THE TREASURY, LOCATED IN AVENIDA VENUSTIANO CARRANZA NUMERO 601 DE LA COLONIA OBRERA OF THIS CITY OF CHIHUAHUA, CHIH,. OR OTHERWISE, TO THE ACCOUNT 65-50227765-1 IN THE NAME OF GOV. EDO. SH FINANCING PRODUCERS SECRETARY OF RURAL DEVELOPMENT. SAID FUNDS SHALL BE ALLOCATED TO THE REVOLVING FUND FOR THE GRANTING OF FINANCING TO PRODUCERS, THROUGH THE OPEN ACCOUNT IN THE SECRETARY OF THE TREASURY FOR SAID PURPOSE.

**SIXTH.-** IN CASE THAT THE DAY IN WHICH PAYMENT MUST BE MADE IS A PUBLIC HOLIDAY, THE PARTIES AGREE THAT THE PAYMENT SHALL BE MADE IN A PREVIOUS IMMEDIATE BUSINESS DAY.

**SEVENTH.-** "THE UGRDNECH" BINDS ITSELF TO COMPLY WITH THE PAYMENT OBLIGATIONS BY MEANS OF THE SUBSCRIPTION OF A NEGOTIABLE INSTRUMENT OF THE NOMINATED PROMISSORY NOTES, WHICH SHALL BE



ISSUED IN FAVOR OF THE SECRETARY OF THE TREASURY IN THE AMOUNT OF $5,000,000.00 (FIVE MILLION PESOS WITH 00/100) MEXICAN CURRENCY, SAME WHICH ARE ATTACHED TO THE PRESENT MEETINGS OF THE MINDS FOR THEIR CORRESPONDING CUSTODY BY "THE GOVERNMENT".

**EIGHT.-** THE PARTIES AGREE TO ESTABLISH A PAST DUE INTEREST IN CASE OF FAILURE TO COMPLY WITH PAYMENT LIABILITIES FOR EACH DAY OF NO PAYMENT FOR "THE UGRDNECH" BY VIRTUE OF MULTIPLYING THE FIXED RATE FOR ORDINARY INTERESTS TIMES 1.5 TIMES, MONTHLY PAYERS.

**NINE.-** "THE GOVERNMENT" THROUGH THE SECRETARY OF RURAL DEVELOPMENT SHALL HAVE THE POWER TO SUPERVISE AND VERIFY THAT THE FUNDS PROVIDED ARE EXERCISED BY "THE UGRDNECH", SOLELY FOR THE PURPOSE SPECIFIED IN THE SECOND CLAUSE OF THIS CONTRACT.

**TENTH.-** "THE UGRDNECH" BINDS ITSELF TO EXHIBIT TO "THE GOVERNMENT" THE DOCUMENTATION TO EVIDENCE INDUBITABLY THE ALLOCATION FORM OF FUNDS, AS WELL AS TO PRESENT A DETAIL REPORT OF THE USE OF FUNDS.

**ELEVENTH.-** IN THE EVENT THAT "UGRDNECH" DOES NOT COMPLY WITH SOME OF THE OBLIGATIONS AGREED TO ITS CHARGE, OR THAT IT ALLOCATES THE FUNDS TO A DIFFERENT PURPOSE TO THE AGREED, "THE GOVERNMENT" WILL RESCIND THE PRESENT CONTRACT BEING SUFFICE THE PRESENTATION OF THE OFFICE LETTER SIGNED BY THE HEADS OF THE SECRETARY OF THE TREASURY AND THE SECRETARY OF RURAL DEVELOPMENT, WITHOUT ANY LIABILITY TO "THE GOVERNMENT" AND SHALL DEMAND IMMEDIATELY THE COMPLETE RETURN OF THE LOAN PROVIDED WITH ITS RESPECTIVE ORDINARY AND PAST DUE INTERESTS AS PROVIDED FOR IN THE CLAUSE OF THIS MEETING OF THE MINDS, CALCULATED SINCE THE BEGINNING OF THE VALIDITY OF THE PRESENT LEGAL INSTRUMENT.

**TWELTH.-** IF THE FAILURE TO COMPLY DUE TO LACK OF PAYMENT IS MATERIALIZED, THE AMOUNT OWED SHALL CONTSTITUTE A TAX CREDIT AND ITS RECOVERY SHALL BE CARRIED OUT THROUGH THE ECONOMIC COERCIVE PROCEDURE THAT IS ESTABLISHED IN SECTION IV OF ARTICLE 329 AND OTHER APPLICABLE ARTICLES OF THE TAX CODE OF THE STATE IN FORCE.

**THIRTEENTH.-** THE PARTIES SHALL RESOLVE BY MUTUAL AGREEMENT ANY UNFORESEEN MATTER IN THE CONSTRUCTION OF THIS AGREEMENT,



ALWAYS HAVING AS A PURPOSE THE OPTIMAL ACHIEVEMENT OF THE OBJECTIVES THAT ARE INTENDED TO BE ACHIEVED.

**FOURTEENTH.-** THE PARTIES AGREE THAT IN THE EVENT OF ANY UNFORESEEN CONFLICT OR CONTROVERSY DUE TO THE INTERPRETATION AND/OR COMPLIANCE OF THIS LEGAL ACT, BOTH PARTIES SHALL SUBMIT THEMSELVES TO THE TH E COURTS WITH JURISDICTION IN THE CITY OF CHIHUAHUA, CHIHUAHUA AND TO THE APPLICABLE LAWS TO THE CASE IN QUESTION, EXPRESSLY WAIVING THE ANY OTHER JURISDICTION THAT THEY MAY BE ENTITLED TO CLAIM BECAUSE OF ITS CURRENT OR FUTURE DOMICILE.

ONCE THE PARTIES HAVE READ THIS MEETING OF THE MINDS AND HAVE ACKNOWLEDGED ITS CONTENTS AND LEGAL SCOPE, THEY STATE THEIR CONFORMITY WITH THE SAME AND SIGN IT AT THE MARGIN OF ALL AND EACH OF ITS FOUR PAGES, IN THE CITY OF CHIHUAHUA, CHIHUAHUA, ON THE NOVEMBER 14, 2011.

**"THE GOVERNMENT"**

[an illegible signature]
**CRISTIAN RODALLEGAS HINOJOSA
SECRETARY OF THE
TREASURY**

[an illegible signature]
**ROBERTO DITTRICH NEVAREZ
DIRECTOR OF AGRICULTURAL
DEVELOPMENT**

**"THE UGRDNECH"**
[AN ILLEGIBLE SIGNATURE]
**PEDRO ROBERTO BACA GOMEZ
LEGAL REPRESENTATIVE**

**WITNESS**
[AN ILLEGIBLE SIGNATURE]
**SERGIO E. PRIETO GAMBOA
HEAD OF THE DEPARTMENT OF TECHNICAL
COUNSELING TO PRODUCERS**

# EXHIBIT 12

EX - DUARTE JAQUEZ - 000326



FINANCIAL SUPPORT AGREEMENT NUMBER 305/2012 EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY REPRESENTED BY JOSE LUIS GARCIA MAYAGOITIA, IN HIS CAPACITY AS HEAD OF THE SAME AND  THE SECRETARY OF RURAL DEVELOPMENT HEREIN REPRESENTED BY ROBERTO DITTRICH NEVAREZ IN HIS CAPACITY OF DIRECTOR OF AGRICULTURAL DEVELOPMENT, HEREINAFTER "THE GOVERNMENT", AND THE LEGAL ENTITY DENOMINATED "UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA" HEREIN REPRESENTED BY PEDRO BACA GOMEZ, IN HIS CAPACITY AS LEGAL REPRESENTATIVE, HEREINAFTER "THE UNION", SUBJECT TO THE FOLLOWING REPRESENTATIONS AND CLAUSES:

REPRESENTATIONS:

"THE GOVERNMENT" HEREBY REPRESENTS:

A).- THAT THE SECRETARY OF THE TREASURY IS A FEDERAL ENTITY IN COMPLIANCE TO ARTICLES 2, SECTION I, 24 SECTION II AND 26 SECTION XXXI OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA, WHICH HAS, AMONG OTHER POWERS, TO BE IN CHARGE OF PARTICIPATING, IN TERMS OF THE APPLICABLE LAWS, IN THE EXECUTION OF PURCHASE/SALE, COMMODATUM AND DONATIONS CONTRACTS, AS WELL AS OF OTHER RELATED TO THE REAL AND PERSONAL PATRIMONY OF THE GOVERNMENT OF THE STATE, EXCEPTING TERRITORIAL RESERVES; AS WELL AS OF AGREEMENTS AND CONTRACTS FOR SERVICES AND LEASING OF REAL AND PERSONAL PROPERTIES, AND IN GENERAL, TO PARTICIPATE IN ANY ACT, AGREEMENT OR CONTRACT IN WHICH THE STATE IS ECONOMICALLY OBLIGATED.

B).- THAT ITS REPRESENTATIVE JOSE LUIS GARCIA MAYAGOITA, EVIDENCES HIS CAPACITY WITH THE APPOINTMENT ISSUED IN HIS FAVOR  BY CESAR HORACIO DUARTE JACQUEZ, CONSTITUTIONAL GOVERNOR OF THE STATE OF CHIHUAHUA ON JANUARY 2, 2012.

C) .- THAT THE SECRETARY OF RURAL DEVELOPMENT IS A FEDERAL ENTITY IN COMPLIANCE PROVISIONS SET FORTH IN ARTICLES 2, SECTION I, 24 SECTION XI AND 32 SECTION I OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH OF THE STATE OF CHIHUAHUA, WHICH HAS, AMONG OTHER POWERS, TO PROMOTE THE AGRICULTURAL, CATTLE, FRUIT AND FOREST ACTIVITIES BY PROMOTING LOANS, ORGANIZATION, INSURANCES AND TECHNIFICATION IN COORDINATION WITH FEDERAL AND MUNICIPAL AGENCIES, AND SOCIAL AND PRIVATE SECTORS.

EX - DUARTE JAQUEZ - 000327



D)-. THAT ROBERTO DITTRICH NEVAREZ, DIRECTOR OF AGRICULTURAL DEVELOPMENT, WHO HAS ENOUGH POWERS TO SIGN THIS LEGAL INSTRUMENT, IN COMPLIANCE WITH THE OFFICIAL LETTER GRANTING THE POWERS DATED MAY 13, 2011, GRANTED IN HIS FAVOR BY OCTAVIO LEGARRETA GUERRERO, IN HIS CAPACITY AS SECRETARY OF RURAL DEVELOPMENT.

E) THAT THROUGH OFFICIAL LETTER NUMBER 2012-INE12-A-306, DATED APRIL 17, 2012, THERE WAS AUTHORIZED WITHIN STATE ORDINARY INVESTMENT PROGRAM IN THE AMOUNT OF $2,692,288.00 (TWO MILLION SIX HUNDRED NINETY-TWO THOUSAND TWO HUNDRED AND EIGHTY-EIGHT PESOS WITH 00/100 MEXICAN CURRENCY) TO "THE UNION" WITH THE PURPOSE OF ACQUIRING 116 (ONE HUNDRED AND SIXTEEN) EQUIPMENTS FOR ARTIFICIAL INSEMINATION, WHOSE PURPOSE IS THAT THE PRODUCERS OF THE SOCIAL SECTOR MAY INSEMINATE THEIR LIVESTOCK TO INCREASE GENETIC QUALITY.

F) THAT HE STATES AS HIS LEGAL DOMICILE FOR THE PURPOSES OF THIS INSTRUMENT, THE ONE LOCATED ON THE FIFTH FLOOR OF THE BUILDING HEROES DE LA REVOLUCION, LOCATED IN AVENIDA VENUSTIANO CARRANZA N° 803, COLONIA OBRERA, IN THIS CITY OF CHIHUAHUA, CHIH.

**2.- "THE UNION" HEREBY REPRESENTS:**

A) THAT THE "UNION" GANADERA REGIONAL GENERAL DIVISION DEL NORTE OF THE STATE OF CHIHUAHUA" WAS LEGALLY INCORPORATED ACCORDING TO MEXICAN LEGISLATION, ON OCTOBER 22, 2005, WHOSE CORRESPONDING RECORD WAS DULY FORMALIZED BEFORE ENRIQUE AGUILAR PEREZ, NOTARY PUBLIC NUMBER 18 OF MORELOS JUDICIAL DISTRICT, BY MEANS OF DEED INSTRUMENT NUMBER 6,494 OF DECEMBER 2, 2005, AS RECORDED IN THE NATIONAL REGISTRY OF LIVESTOCK BODIES IN MEXICO CITY, FEDERAL DISTRICT, UNDER NUMBER 6, PAGE 5 OF VOLUME 1, OF FIRST BOOK OF THIRD SECTION, DATED MAY 24, 2007.

B) THAT ON AUGUST 3, 2011, THERE WAS PERFORMED THE EXTRAORDINARY SHAREHOLDERS MEETING OF THE BOARD OF DIRECTORS, IN WHICH THEY AGREED THAT PEDRO BACA GOMEZ HAD THE POWER OF REQUESTING AND SUBSCRIBING CONTRACTS, PROMISSORY NOTES IN THE NAME AND TO THE ACCOUNT OF THE UNION, WITH THE PURPOSE OF PERFORMING ACTIVITIES THEREOF.

C) THAT HE STATES AS HIS LEGAL DOMICILE FOR THE PURPOSES OF THIS INSTRUMENT, THE ONE LOCATED AT CALLE 22 NO. 5401, COL. DALE IN THIS CITY OF CHIHUAHUA, CHIHUAHUA, C.P. 31050.

EX - DUARTE JAQUEZ - 000328



**3.- "THE PARTIES" HEREBY REPRESENT:**

THAT THEY MUTUALLY ACKNOWLEDGE THE LEGAL CAPACITY UNDER WHICH THEY APPEAR, AND BIND THEMSELVES TO EXECUTE THIS CONTRACT PURSUANT TO THE FOLLOWING:

**CLAUSES:**

**FIRST.-** BY MEANS OF THE EXECUTION OF THE PRESENT DOCUMENT, "THE GOVERNMENT" BINDS ITSELF TO PROVIDE AN ECONOMICAL SUPPORT TO "THE UNION" WITH THE PURPOSE OF ACQUIRING 116 (ONE HUNDRED AND SIXTEEN) EQUIPMENTS FOR ARTIFICIAL INSEMINATION, WITH THE PURPOSE THAT THE PRODUCERS OF THE SOCIAL SECTOR MAY INSEMINATE HIS LIVESTOCK TO INCREASE GENETIC QUALITY, IN WHICH THERE SHALL BE BENEFITED BOTH, THE UNION GANADERA REGIONAL GENERAL DIVISION OF DEL NORTE DEL ESTADO DE CHIHUAHUA AND "UNION GANADERA REGIONAL DE CHIHUAHUA" IN COMPLIANCE TO THE NUMBER OF ASSOCIATIONS THAT THEY HAVE.

**SECOND.-** FOR THE COMPLIANCE OF THE SUBJECT MATTER ESTABLISHED PREVIOUSLY, "THE GOVERNMENT" SHALL PROVIDE "THE UNION" WITH A FINANCIAL SUPPORT IN THE AMOUNT OF $2,692,288.00 (TWO MILLION SIX HUNDRED NINETY-TWO TWO HUNDRED AND EIGHTY-EIGHT PESOS WITH 00/100 MEXICAN CURRENCY), WHICH SHALL BE DELIVERED TO "THE UNION" IN ONE SOLE INSTALLMENT THROUGH A CHECK AT THE MOMENT OF THE SIGNATURE OF THE PRESENT SIGNATURE.

**THIRD.-** "THE GOVERNMENT" AT THE MOMENT OF THE SIGNATURE BINDS ITSELF TO COMMENCE THE PROCESSES TO LIBERATE THE AMOUNT THAT IS STATED IN THE PREVIOUS CLAUSE IN FAVOR OF "LA UNION", OBLIGATING THE LATTER TO EXERCISE SAID FUNDS SOLELY AND EXCLUSIVELY FOR THE SUBJECT MATTER STIPULATED IN THE FIRST CLAUSE OF THIS MEETING OF THE MINDS.

**FOURTH.-** "THE UNION" BINDS ITSELF TO SHOW AT ALL TIMES THE EVIDENTIARY INFORMATION AND DOCUMENTATION REQUESTED TO IT AND THAT IT COMPLIES WITH THE REQUIREMENTS OF THE LAW AND THAT IN GENERAL TO JUSTIFY THE PROVIDED FINANCIAL SUPPORT, AS WELL AS ITS EXERCISE.

**FIFTH.-** "THE GOVERNMENT" MAY, IN CASE "THE UNION" DOES NOT DOCUMENT ALLY PROVE THE EXERCISE OF THE PROVIDED FINANCIAL SUPPORT, REQUEST THE STATE SUPERIOR AUDIT TO EXERCISE ITS POWER



TO AUDIT THE ALLOCATION OF THE FUND PURSUANT TO THE PROVISIONS ESTABLISHED IN ARTICLES 4 SECTION V AND 7 SECTION XVI OF THE LAW OF THE STATE SUPERIOR AUDIT FOR THE STATE OF CHIHUAHUA AND IN THE AFFIRMATIVE TO FILE BEFORE THE AUTHORITIES WITH JURISDICTION, THE RESPONSIBILITIES EITHER ADMINISTRATIVE, CRIMINAL OR OF ANY OTHER KIND THAT MAY RESULT. "THE GOVERNMENT" SHALL VERIFY THROUGH THE LIVESTOCK DEPARTMENT, WHICH DEPENDS FROM THE DIVISION OF AGRICULTURAL DEVELOPMENT OF THE SECRETARY OF RURAL DEVELOPMENT, ITS DEVELOPMENT PURSUANT TO THE AGREED TERM AND CONDITIONS.

**SIXTH.-** ONCE THE FINANCIAL SUPPORT IS PROVIDED BY THE "GOVERNMENT", IN THE EVENT THAT "THE UNION" ALLOCATES IT FOR A DIFFERENT PURPOSE OF THE STIPULATED IN THE PRESENT AGREEMENT, "THE GOVERNMENT" SHALL REQUEST THE REFUND OF THE AMOUNT THAT IT RECEIVED, WITH ITS RESPECTIVE INTERESTS, DUE TO THE ESTABLISHED RATE IN THE INCOME LAW OF THE STATE OF CHIHUAHUA.

**SEVENTH.-** THE PARTIES AGREE THAT THE VALIDITY OF THIS MEETING OF THE MINDS SHALL START FROM THE SIGNATURE OF THIS INSTRUMENT AND UNTIL "THE UNION" CHECKS THE SATISFACTION OF "THE GOVERNMENT", THE DISBURSEMENT OF THE EXPENDITURE IN ACCORDANCE WITH THE FOURTH CLAUSE OF THIS LEGAL INSTRUMENT.

**EIGHT.-** THE SIGNERS AGREE TO RESOLVE BY MUTUAL AGREEMENT ANY OTHER UNFORESEEN ASPECT THAT MAY ARISE AS CONSEQUENCE OF THE INSTRUMENT IN QUESTION, ALWAYS HAVING AS PURPOSE THE OPTIMAL ACHIEVEMENT OF THE OBJECTIVE THAT IT INTENDS TO ACHIEVE.

**NINTH.-** "THE UNION" ACCEPTS THE POWER CONFERRED TO "THE GOVERNMENT" BY ARTICLES 1646 AND 1647 OF THE ADMINISTRATIVE CODE IN FORCE FOR THE STATE OF CHIHUAHUA TO RESCIND ADMINISTRATIVELY THE PRESENT AGREEMENT WITHOUT ANY LIABILITY INCURRED BY "THE GOVERNMENT", BEING ENOUGH THAT THE AGREEMENT IS SIGNED BY THE LEGAL REPRESENTATIVES OF THE PARTICIPATING SECRETARIES, SUBJECTING THE PROCEDURE AS PROVIDED FOR BY THE LEGAL ORDINANCE CITED.

**TENTH.-** "THE UNION" ACCEPTS THAT THE AMOUNT REFERRED TO IN THE SECOND CLAUSE OF THIS LEGAL INSTRUMENT, IS PROVIDED AS TAX CREDIT UNDER THE TERMS SET FORTH IN SECTION IV OF ARTICLE 329 OF THE STATE



TAX CODE, THUS IN THE EVENT OF FAILURE TO COMPLY WITH THE PRESENT AGREEMENT AND/OR DUE TO ANY OTHER CIRCUMSTANCE CONSIDERED BY "THE GOVERNMENT". THE RECOVERY OF THE FINANCIAL SUPPORT GRANTED SHALL BE CONDUCTED THROUGH THE COERCIVE ECONOMIC PROCEDURE ESTABLISHED BY THE LEGAL ORDINANCE PREVIOUSLY CITED.

**ELEVENTH.-** FAILURE TO COMPLY WITH ANY OF THE LIABILITIES CONTRACTED BY "THE UNION" SHALL BE A REASON TO RESCIND THIS CONTRACT, BRINGING AS CONSEQUENCE TO IT, THE REIMBURSEMENT OF THE PROVIDED FUND, THIS IN CONGRUENCE WITH THE CONTENT OF THE FIFTH CLAUSE OF THE PRESENT DOCUMENT.

**TWELFTH.-** FOR EVERYTHING CONCERNING THE INTERPRETATION AND COMPLIANCE WITH THE LIABILITIES CONSIDERED IN THE PRESENT LEGAL ACT, THE PARTIES SHALL SUBMIT TO THE APPLICABLE LAWS AND TO THE COURTS WITH JURISDICTION IN THE CITY OF CHIHUAHUA, CHIH., EXPRESSLY WAIVING THE ANY OTHER JURISDICTION THAT THEY MAY BE ENTITLED TO CLAIM BECAUSE OF ITS CURRENT OR FUTURE DOMICILE.

ONCE THE PARTIES HAVE READ THIS MEETING OF THE MINDS AND HAVE ACKNOWLEDGED ITS CONTENTS AND LEGAL SCOPE, THEY SIGN IT AT THE MARGIN OF ALL AND EACH OF ITS FOUR PAGES, IN THE CITY OF CHIHUAHUA, CHIHUAHUA, ON APRIL 19, 2012.

BY "THE GOVERNMENT"

| [an illegible signature] | [an illegible signature] |
|---|---|
| JOSE LUIS GARCIA MAYAGOITIA | ROBERTO DITTRICH NEVAREZ |
| SECRETARY OF THE TREASURY | DIRECTOR OF AGRICULTURAL DEVELOPMENT |

BY "THE UNION"

[an illegible signature]

PEDRO BACA GOMEZ

LEGAL REPRESENTATIVE OF THE UNION GANADERA REGIONAL

GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA

THIS PAGE NUMBER 4/4 OF SIGNATURES ISP ART FO THE AGREEMENT OF FINANCIAL SUPPORT NUMBER 305/2012, EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY REPRESENTED IN THIS ACT BY JOSE LUIS GARCIA MAYAGOITIA, IN HIS CAPACITY AS HEAD OF THE SECRETARY OF THE TREASURY, AS WELL AS BY THE PARTICIPATION OF THE SECRETARY OF RURAL DEVELOPMENT REPRESENTED IN THIS ACT BY ROBERTO DITTRICH NEVAREZ, IN HIS CAPACITY AS DIRECTOR OF AGRICULTURAL DEVELOPMENT HEREINAFTER "THE GOVERNMENT", AND THE LEGAL ENTITY DENOMINATED "UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA" HEREIN REPRESENTED BY PEDRO BACA GOMEZ, IN HIS CAPACITY AS LEGAL REPRESENTATIVE.

# EXHIBIT

# 13

EX - DUARTE JAQUEZ - 000332



FINANCIAL SUPPORT AGREEMENT NUMBER 376/2012 EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY REPRESENTED BY JOSE LUIS GARCIA MAYAGOITIA, IN HIS CAPACITY AS HEAD OF THE SAME AND  THE SECRETARY OF RURAL DEVELOPMENT HEREIN REPRESENTED BY ROBERTO DITTRICH NEVAREZ IN HIS CAPACITY OF DIRECTOR OF AGRICULTURAL DEVELOPMENT, HEREINAFTER "THE GOVERNMENT", AND THE LEGAL ENTITY DENOMINATED "UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA" HEREIN REPRESENTED BY PEDRO BACA GOMEZ, IN HIS CAPACITY AS LEGAL REPRESENTATIVE, HEREINAFTER "THE UNION", SUBJECT TO THE FOLLOWING REPRESENTATIONS AND CLAUSES:

REPRESENTATIONS:

1.- "THE GOVERNMENT" HEREBY REPRESENTS:

A).- THAT THE SECRETARY OF THE TREASURY IS A FEDERAL ENTITY IN COMPLIANCE TO ARTICLES 2, SECTION I, 24 SECTION II AND 26 SECTION XXXI OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA, WHICH HAS, AMONG OTHER POWERS, TO BE IN CHARGE OF PARTICIPATING, IN TERMS OF THE APPLICABLE LAWS, IN THE EXECUTION OF PURCHASE/SALE, COMMODATUM AND DONATIONS CONTRACTS, AS WELL AS OF OTHER RELATED TO THE REAL AND PERSONAL PATRIMONY OF THE GOVERNMENT OF THE STATE, EXCEPTING TERRITORIAL RESERVES; AS WELL AS OF AGREEMENTS AND CONTRACTS FOR SERVICES AND LEASING OF REAL AND PERSONAL PROPERTIES, AND IN GENERAL, TO PARTICIPATE IN ANY ACT, AGREEMENT OR CONTRACT IN WHICH THE STATE IS ECONOMICALLY OBLIGATED.

B).- THAT ITS REPRESENTATIVE JOSE LUIS GARCIA MAYAGOITA, EVIDENCES HIS CAPACITY WITH THE APPOINTMENT ISSUED IN HIS FAVOR  BY CESAR HORACIO DUARTE JACQUEZ, CONSTITUTIONAL GOVERNOR OF THE STATE OF CHIHUAHUA ON JANUARY 12, 2012. FURTHERMORE, HE HAS ENOUGH POWERS TO SIGN THIS LEGAL INSTRUMENT, IN COMPLIANCE WITH THE PROVISIONS SET FORTH IN ARTICLE 94 OF THE POLITICAL CONSTITUTION OF THE FREE AND SOVEREIGN STATE OF CHIHUAHUA AND ARTICLES 24 AND 26 OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA.

C).- THAT THE SECRETARY OF RURAL DEVELOPMENT IS A FEDERAL ENTITY IN COMPLIANCE PROVISIONS SET FORTH IN ARTICLES 2, SECTION I, 24 SECTION XI AND 32 SECTION I OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH OF THE STATE OF CHIHUAHUA, WHICH HAS, AMONG OTHER POWERS, TO PROMOTE THE AGRICULTURAL, CATTLE, FRUIT AND FOREST



ACTIVITIES BY PROMOTING LOANS, ORGANIZATION, INSURANCES AND TECHNIFICATION IN COORDINATION WITH FEDERAL AND MUNICIPAL AGENCIES, AND SOCIAL AND PRIVATE SECTORS.

D).- THAT ROBERTO DITTRICH NEVAREZ, DIRECTOR OF AGRICULTURAL DEVELOPMENT, HAS ENOUGH POWERS TO SIGN THIS LEGAL INSTRUMENT, IN COMPLIANCE WITH THE OFFICIAL LETTER GRANTING THE POWERS DATED MAY 13, 2011, GRANTED IN HIS FAVOR BY OCTAVIO LEGARRETA GUERRERO, IN HIS CAPACITY AS SECRETARY OF RURAL DEVELOPMENT.

E).- THAT THROUGH OFFICIAL LETTER NUMBER 2012-INE12-A-0391, DATED MAY 24, 2012, THERE WAS AUTHORIZED WITHIN THE STATE ORDINARY INVESTMENT PROGRAM IN THE AMOUNT OF $20,000,000.00 (TWENTY MILLION PESOS WITH 00/100 MEXICAN CURRENCY) OF WHICH WILL BE PROVIDED TO "THE UNION" A FINANCIAL SUPPORT IN THE AMOUNT OF $10,000,000.00 (TEN MILLION PESOS WITH 00/100 MEXICAN CURRENCY), WITH THE PURPOSE OF ACQUIRING FOOD FOR LIVESTOCK, WHOSE PURPOSE IS TO DIMINISH THE COSTS OF FOOD FOR LIVESTOCK BETWEEN THEIR MEMBERS AND/OR PRODUCERS THAT REQUIRE IT, THAT ALLOWS PRODUCERS TO MAINTAIN THE NUTRITIONAL CONDITION OF THEIR LIVESTOCK, AVOIDING WEAKNESS, THE PRESENCE OF DISEASES AND THEREFORE THE MORTALITY OF THE SAME.

**2.- "THE UNION" HEREBY REPRESENTS:**

THAT THE "UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA" WAS LEGALLY INCORPORATED ACCORDING TO MEXICAN LEGISLATION, DATED OCTOBER 22, 2005, WHO CORRESPONDING RECORD WAS DULY FORMALIZED BEFORE ENRIQUE AGUILAR PEREZ, NOTARY PUBLIC NUMBER 18 OF MORELOS JUDICIAL DISTRICT, BY MEANS OF DEED INSTRUMENT NUMBER 6,494 OF DECEMBER 2, 2005, AS RECORDED IN THE NATIONAL REGISTRY OF LIVESTOCK BODIES IN MEXICO CITY, FEDERAL DISTRICT, UNDER NUMBER 6, PAGE 5 OF VOLUME 1, OF FIRST BOOK OF THIRD SECTION, DATED MAY 24, 2007.

B) THAT ON AUGUST 3, 2011, THERE WAS CARRIED OUT THE EXTRAORDINARY SHAREHOLDERS MEETING OF THE BOARD OF DIRECTORS, IN WHICH THERE WAS AGREED THAT PEDRO BACA GOMEZ HAD THE POWER OF REQUESTING AND SUBSCRIBING CONTRACTS AND PROMISSORY NOTES IN THE NAME AND TO THE ACCOUNT OF THE UNION WITH THE PURPOSE OF PERFORMING OWN ACTIVITIES THEREOF.



C) THAT HE STATES AS HIS LEGAL DOMICILE FOR THE PURPOSES OF THIS INSTRUMENT, THE ONE LOCATED AT CALLE 22 NO. 5401, COL. DALE IN THIS CITY OF CHIHUAHUA, CHIHUAHUA, C.P. 31050.

**3.- "THE PARTIES" HEREBY REPRESENT:**

THAT THEY MUTUALLY ACKNOWLEDGE THE LEGAL CAPACITY UNDER WHICH THEY APPEAR, AND BIND THEMSELVES TO EXECUTE THIS CONTRACT OF FINANCIAL SUPPORT PURSUANT TO THE FOLLOWING:

**CLAUSES:**

**FIRST.-** BY MEANS OF THE PRESENT INSTRUMENT, "THE GOVERNMENT" BINDS ITSELF TO PROVIDE "THE UNION" WITH A FINANCIAL SUPPORT, SO AS TO ACQUIRE FOOD FOR BOVINE LIVESTOCK, WHOSE PURPOSE IS TO DIMINISH THE COSTS OF FOOD FOR LIVESTOCK BETWEEN THEIR MEMBERS AND/OR PRODUCERS THAT REQUIRE IT, THAT ALLOWS PRODUCERS TO MAINTAIN THE NUTRITIONAL CONDITION OF THEIR LIVESTOCK, AVOIDING WEAKNESS, THE PRESENCE OF DISEASES AND THEREFORE THE MORTALITY OF THE SAME.

**SECOND.-** FOR THE COMPLIANCE OF THE SUBJECT MATTER ESTABLISHED PREVIOUSLY, "THE GOVERNMENT" SHALL PROVIDE "THE UNION" WITH A FINANCIAL SUPPORT IN THE AMOUNT OF $10,000,000.00 (TEN MILLION PESOS WITH 00/100 MEXICAN CURRENCY), WHICH SHALL BE DELIVERED TO "THE UNION" IN ONE INSTALLMENT THROUGH A CHECK AT THE MOMENT OF THE SIGNATURE OF THE PRESENT AGREEMENT.

**THIRD.-** "THE GOVERNMENT" AT THE MOMENT OF THE SIGNATURE BINDS ITSELF TO LIBERATE THE AMOUNT THAT IS STATED IN THE PREVIOUS CLAUSE IN FAVOR OF "LA UNION", OBLIGATING THE LATTER TO EXERCISE SAID FUNDS SOLELY AND EXCLUSIVELY FOR THE SUBJECT MATTER STIPULATED IN THE FIRST CLAUSE OF THIS MEETING OF THE MINDS.

**FOURTH.-** THE UNION" BINDS ITSELF TO SHOW AT ALL TIMES THE EVIDENTIARY INFORMATION AND DOCUMENTATION REQUESTED TO IT AND THAT IT COMPLIES WITH THE REQUIREMENTS OF THE LAW AND THAT IN GENERAL IS TO JUSTIFY THE PROVIDED FINANCIAL SUPPORT, AS WELL AS ITS EXERCISE.

**FIFTH.-** "THE GOVERNMENT" MAY IN CASE "THE UNION" DOES NOT DOCUMENT ALLY PROVE THE EXERCISE OF THE PROVIDED FINANCIAL



SUPPORT, REQUEST THE STATE SUPERIOR AUDIT TO EXERCISE ITS POWER TO AUDIT THE ALLOCATION OF THE FUND PURSUANT TO THE PROVISIONS ESTABLISHED IN ARTICLES 4 SECTION V AND 7 SECTION XVI OF THE LAW OF THE STATE SUPERIOR AUDIT FOR THE STATE OF CHIHUAHUA AND IN THE AFFIRMATIVE TO FILE BEFORE THE AUTHORITIES WITH JURISDICTION, THE RESPONSIBILITIES EITHER ADMINISTRATIVE, CRIMINAL OR OF ANY OTHER KIND THAT MAY RESULT.

"THE GOVERNMENT" SHALL VERIFY THROUGH THE LIVESTOCK DEPARTMENT, WHICH DEPENDS FROM THE DIVISION OF AGRICULTURAL DEVELOPMENT OF THE SECRETARY OF RURAL DEVELOPMENT, ITS DEVELOPMENT PURSUANT TO THE AGREED TERM AND CONDITIONS.

**SIXTH.-** ONCE THE FINANCIAL SUPPORT IS PROVIDED BY THE "GOVERNMENT", IN THE EVENT THAT "THE UNION" ALLOCATES IT FOR A DIFFERENT PURPOSE OF THE STIPULATED IN THE PRESENT AGREEMENT, "THE GOVERNMENT" SHALL REQUEST THE REFUND  OF THE AMOUNT THAT IT RECEIVED, WITH ITS RESPECTIVE INTERESTS, DUE TO THE ESTABLISHED RATE IN THE INCOME LAW OF THE STATE OF CHIHUAHUA.

**SEVENTH.-** THE PARTIES AGREE THAT THE VALIDITY OF THIS MEETING OF THE MINDS SHALL START FROM THE SIGNATURE OF THIS INSTRUMENT AND UNTIL "THE UNION" PROVES TO THE FULL SATISFACTION OF "THE GOVERNMENT", THE DISBURSEMENT OF THE EXPENDITURE IN ACCORDANCE WITH THE FOURTH CLAUSE OF THIS LEGAL INSTRUMENT.

**EIGHTH.-** THE SIGNERS AGREE TO RESOLVE BY MUTUAL AGREEMENT ANY OTHER UNFORESEEN ASPECT THAT MAY ARISE AS CONSEQUENCE OF THE INSTRUMENT IN QUESTION, ALWAYS HAVING AS PURPOSE THE OPTIMAL ACHIEVEMENT OF THE OBJECTIVE THAT IT INTENDS TO ACHIEVE.

**NINTH.-** "THE UNION" ACCEPTS THE POWER CONFERRED TO "THE GOVERNMENT" BY ARTICLES 1646 AND 1647 OF THE ADMINISTRATIVE CODE IN FORCE FOR THE STATE OF CHIHUAHUA TO RESCIND ADMINISTRATIVELY THE PRESENT AGREEMENT WITHOUT ANY LIABILITY INCURRED BY "THE GOVERNMENT", BEING ENOUGH THAT THE AGREEMENT IS SIGNED BY THE LEGAL REPRESENTATIVES OF THE PARTICIPATING SECRETARIES, SUBJECTING THE PROCEDURE AS PROVIDED FOR BY THE LEGAL ORDINANCE CITED.



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

**TENTH.-** "THE UNION" ACCEPTS THAT THE AMOUNT REFERRED TO IN THE SECOND CLAUSE OF THIS LEGAL INSTRUMENT, IS PROVIDED AS TAX CREDIT UNDER THE TERMS SET FORTH IN SECTION IV OF ARTICLE 329 OF THE STATE TAX CODE, THUS IN THE EVENT OF FAILURE TO COMPLY WITH THE PRESENT AGREEMENT AND/OR DUE TO ANY OTHER CIRCUMSTANCE CONSIDERED BY "THE GOVERNMENT". THE RECOVERY OF THE FINANCIAL SUPPORT GRANTED SHALL BE CONDUCTED THROUGH THE COERCIVE ECONOMIC PROCEDURE ESTABLISHED BY THE LEGAL ORDINANCE PREVIOUSLY CITED.

**ELEVENTH.-** FAILURE TO COMPLY WITH ANY OF THE LIABILITIES CONTRACTED BY "THE UNION" SHALL BE A REASON TO RESCIND THIS CONTRACT, BRINGING AS CONSEQUENCE TO IT, THE REIMBURSEMENT OF THE PROVIDED FUND, THIS IN CONGRUENCE WITH CONTENT OF THE FIFTH CLAUSE OF THE PRESENT DOCUMENT.

**TWELFTH.-** FOR EVERYTHING CONCERNING THE INTERPRETATION AND COMPLIANCE WITH THE LIABILITIES CONSIDERED IN THE PRESENT LEGAL ACT, THE PARTIES SHALL SUBMIT TO THE APPLICABLE LAWS AND TO THE COURTS WITH JURISDICTION IN THE CITY OF CHIHUAHUA, CHIH., EXPRESSLY WAIVING THE ANY OTHER JURISDICTION THAT THEY MAY BE ENTITLED TO CLAIM BECAUSE OF ITS CURRENT OR FUTURE DOMICILE.

ONCE THE PARTIES HAVE READ THIS MEETING OF THE MINDS AND HAVE ACKNOWLEDGED ITS CONTENTS AND LEGAL SCOPE, THEY SIGN IT AT THE MARGIN OF ALL AND EACH OF ITS FOUR PAGES, IN THE CITY OF CHIHUAHUA, CHIHUAHUA, ON MAY 25, 2012.

**BY "THE GOVERNMENT"**

[an illegible signature]
**JOSE LUIS GARCIA MAYAGOITIA**
**SECRETARY OF THE TREASURY**

[an illegible signature]
**ROBERTO DITTRICH NEVAREZ**
**DIRECTOR OF AGRICULTURAL**
**DEVELOPMENT**

**BY "THE UNION"**
[an illegible signature]
**PEDRO BACA GOMEZ**
**LEGAL REPRESENTATIVE OF THE UNION GANADERA REGIONAL**
**GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA**

EX - DUARTE JAQUEZ - 000337



THIS PAGE NUMBER 4/4 OF SIGNATURES ISP ART FO THE AGREEMENT OF FINANCIAL SUPPORT NUMBER 376/2012, EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY REPRESENTED IN THIS ACT BY JOSE LUIS GARCIA MAYAGOITIA, IN HIS CAPACITY AS HEAD OF THE SECRETARY OF THE TREASURY, AS WELL AS THE PARTICIPATION OF THE SECRETARY OF RURAL DEVELOPMENT REPRESENTED IN THIS ACT BY ROBERTO DITTRICH NEVAREZ, IN HIS CAPACITY AS DIRECTOR OF AGRICULTURAL DEVELOPMENT HEREINAFTER "THE GOVERNMENT", AND THE LEGAL ENTITY DENOMINATED "UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA" HEREIN REPRESENTED BY PEDRO BACA GOMEZ, IN HIS CAPACITY AS LEGAL REPRESENTATIVE.

# EXHIBIT 14

EX - DUARTE JAQUEZ - 000339



**Chihuahua**
GOVERNMENT OF THE STATE

SECRETARY OF THE TREASURY
**DIVISION OF GOVERNMENT
ACCOUNTING**
CHIHUAHUA, CHIH.

Secretary of Rural Development
Legal Department

**FINANCIAL SUPPORT AGREEMENT NUMBER 384/2013 EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY REPRESENTED BY JOSE LUIS GARCIA MAYAGOITIA, IN HIS CAPACITY AS HEAD OF THE SAME AND THE SECRETARY OF RURAL DEVELOPMENT HEREIN REPRESENTED BY ROBERTO DITTRICH NEVAREZ IN HIS CAPACITY OF DIRECTOR OF AGRICULTURAL DEVELOPMENT, HEREINAFTER "THE GOVERNMENT", AND THE LEGAL ENTITY DENOMINATED "UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA" HEREIN REPRESENTED BY PEDRO BACA GOMEZ, IN HIS CAPACITY AS LEGAL REPRESENTATIVE, HEREINAFTER "THE UNION", SUBJECT TO THE FOLLOWING REPRESENTATIONS AND CLAUSES:**

## REPRESENTATIONS:

**1.- "THE GOVERNMENT" HEREBY REPRESENTS:**

A) THAT THE SECRETARY OF THE TREASURY IS A FEDERAL ENTITY IN COMPLIANCE TO ARTICLES 2, SECTION I, 24 SECTION II AND 26 SECTION XXXI OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA, WHICH HAS, AMONG OTHER POWERS, TO BE IN CHARGE OF PARTICIPATING, IN TERMS OF THE APPLICABLE LAWS, IN THE EXECUTION OF PURCHASE/SALE, COMMODATUM AND DONATIONS CONTRACTS, AS WELL AS OF OTHER RELATED TO THE REAL AND PERSONAL PATRIMONY OF THE GOVERNMENT OF THE STATE, EXCEPTING TERRITORIAL RESERVES; AS WELL AS OF AGREEMENTS AND CONTRACTS FOR SERVICES AND LEASING OF REAL AND PERSONAL PROPERTIES, AND IN GENERAL, TO PARTICIPATE IN ANY ACT, AGREEMENT OR CONTRACT IN WHICH THE STATE IS ECONOMICALLY OBLIGATED.

B) THAT ITS REPRESENTATIVE JAIME RAMON HERRERA CORRAL, EVIDENCES HIS CAPACITY AS SECRETARY OF THE TREASURY WITH THE APPOINTMENT ISSUED IN HIS FAVOR BY CESAR HORACIO DUARTE JACQUEZ, CONSTITUTIONAL GOVERNOR OF THE STATE OF CHIHUAHUA ON OCTOBER 9, 2012. FURTHERMORE, HE HAS ENOUGH POWERS TO SIGN THIS LEGAL INSTRUMENT, IN COMPLIANCE WITH THE PROVISIONS SET FORTH IN ARTICLE 94 OF THE POLITICAL CONSTITUTION OF THE FREE AND SOVEREIGN STATE OF CHIHUAHUA AND ARTICLES 24 AND 26 OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA.

C) THAT THE SECRETARY OF RURAL DEVELOPMENT IS A FEDERAL ENTITY, WHICH HAS AMONG OTHER POWERS, TO PROMOTE THE AGRICULTURAL, CATTLE, FRUIT AND FOREST ACTIVITIES BY PROMOTING LOANS, ORGANIZATION, INSURANCES AND TECHNIFICATION IN COORDINATION WITH FEDERAL AND MUNICIPAL AGENCIES, AND SOCIAL AND PRIVATE SECTORS,

EX - DUARTE JAQUEZ - 000340



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

PURSUANT TO ARTICLES 24 SECTION VI AND 32 OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA.

D) THAT OCTAVIO LEGARRETA GUERRERO, IN HIS CAPACITY AS SECRETARY OF RURAL DEVELOPMENT, EVIDENCES HIS CAPACITY WITH THE APPOINTMENT ISSUED IN HIS FAVOR BY CESAR HORACIO DUARTE JAQUEZ, CONSTITUTIONAL GOVERNOR OF THE STATE OF CHIHUAHUA, DATED OCTOBER 4, 2010. THE FORMER HAS ENOUGH POWERS TO SIGN THIS PRESENT LEGAL AGREEMENT, IN COMPLIANCE WITH ARTICLE 32 OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA; AS WELL AS ARTICLE 9 OF THE INTERNAL REGULATIONS OF THE SECRETARY OF RURAL DEVELOPMENT.

E) THAT THROUGH OFFICIAL LETTER NUMBER DP-0670/2013, DATED MARCH 26, 2013, THERE WAS AUTHORIZED WITHIN THE INSTRUMENTATION PROGRAM OF ENTERPRISE TRAINING SCHEMES, THE AMOUNT OF $250,000.00 (TWO HUNDRED AND FIFTY THOUSAND WITH 00/100 MEXICAN CURRENCY) TO "THE UNION".

F) THAT HE STATES AS HIS LEGAL DOMICILE FOR THE PURPOSES OF THIS INSTRUMENT, THE ONE LOCATED AT AV. VENUSTIANO CARRANZA NO. 803, COL. OBRERA IN THIS CITY OF CHIHUAHUA, CHIHUAHUA.

**2.- "THE UNION" HEREBY REPRESENTS:**

THAT THE "UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA" WAS LEGALLY INCORPORATED ACCORDING TO MEXICAN LEGISLATION, DATED OCTOBER 22, 2005, WHO CORRESPONDING RECORD WAS DULY FORMALIZED BEFORE ENRIQUE AGUILAR PEREZ, NOTARY PUBLIC NUMBER 18 FOR MORELOS JUDICIAL DISTRICT, BY MEANS OF DEED INSTRUMENT NUMBER 6,494 OF DECEMBER 2, 2005, AS RECORDED IN THE NATIONAL REGISTRY OF LIVESTOCK BODIES IN MEXICO CITY, FEDERAL DISTRICT, UNDER NUMBER 6, PAGE 5 OF VOLUME 1, OF FIRST BOOK OF THIRD SECTION, DATED MAY 24, 2007.

B) THAT ON AUGUST 14, 2011, THERE WAS CARRIED OUT THE EXTRAORDINARY SHAREHOLDERS MEETING OF THE BOARD OF DIRECTORS, IN WHICH THERE WAS AGREED THAT PEDRO BACA GOMEZ HAD THE POWER OF REQUESTING AND SUBSCRIBING CONTRACTS AND PROMISSORY NOTES IN THE NAME  AND TO THE ACCOUNT OF THE UNION WITH THE PURPOSE OF PERFORMING OWN ACTIVITIES THEREOF.

C) THAT HE STATES AS HIS LEGAL DOMICILE FOR THE PURPOSES OF THIS INSTRUMENT, THE ONE LOCATED AT CALLE 22 NO. 5401, COL. DALE IN THIS CITY OF CHIHUAHUA, CHIHUAHUA, C.P. 31050.



FGR

FISCALÍA GENERAL
DE LA REPÚBLICA

**3.- "THE PARTIES" HEREBY REPRESENT:**

THAT THEY MUTUALLY ACKNOWLEDGE THE LEGAL CAPACITY UNDER WHICH THEY APPEAR, AND BIND THEMSELVES TO EXECUTE THIS CONTRACT OF FINANCIAL SUPPORT PURSUANT TO THE FOLLOWING:

### CLAUSES:

**FIRST.-** BY MEANS OF THE PRESENT INSTRUMENT, "THE GOVERNMENT" BINDS ITSELF TO PROVIDE "THE UNION" WITH A FINANCIAL SUPPORT, SO AS TO DEFRAY THE EXPENSES OF LIVESTOCK TRANSFER OF EXHIBITION TO THE FAIR OF SAN MARCOS IN THE STATE OF AGUASCALIENTES, MEXICO, IN WHICH THE STATE OF CHIHUAHUA IS THE SPECIAL GUEST AND INCLUDES THE FOLLOWING CONCEPTS: FREIGHT CHARGE, PERSONNEL IN CHARGE OF THE CARE, FEEDING AND CUSTODY OF LIVESTOCK, TRAVEL EXPENSES AND TRANSFER COSTS, AMONG OTHERS.

**SECOND.-** FOR THE COMPLIANCE OF THE SUBJECT MATTER ESTABLISHED PREVIOUSLY, "THE GOVERNMENT" SHALL PROVIDE "THE UNION" WITH A FINANCIAL SUPPORT IN THE AMOUNT OF $250,000.00 (TWO HUNDRED AND FIFTY THOUSAND PESOS WITH 00/100 MEXICAN CURRENCY).

**THIRD.- "THE GOVERNMENT"** AT THE MOMENT OF THE SIGNATURE BINDS ITSELF TO COMMENCE THE PROCESSES TO RELEASE THE AMOUNT THAT IS STATED IN THE PREVIOUS CLAUSE IN FAVOR OF "LA UNION", SAME WHICH SHALL BE SUBJECT TO THE BUDGETARY ALLOCATION OF THE SECRETARY OF THE TREASURY; "THE UNION" BINDS ITSELF TO EXERCISE SAID FUNDS SOLELY AND EXCLUSIVELY FOR THE PURPOSES ESTABLISHED IN THE FIRST CLAUSE OF THIS MEETINGS OF THE MINDS.

**FOURTH.-** "THE GOVERNMENT" SHALL HAVE THE POWER TO VERIFY THROUGH THE DIVISION OF AGRICULTURAL DEVELOPMENT, BOTH WITH DOCUMENTATION AS PHYSICALLY IF THE PROVIDED FINANCIAL SUPPORT HAS BEEN APPLIED BY "THE UNION" PURSUANT TO THE AGREED TERMS AND CONDITIONS.

**FIFTH.- "THE UNION"** ACCEPTS THAT AT ANY TIME THE SECRETARY OF THE TREASURY HAS THE POWER TO REQUEST INFORMATION IN REGARDS TO THE ALLOCATION OF THE FUND, LIKEWISE, IT SHALL ALLOW ITS PERSONNEL THE PRACTICE OF VISITS AND INSPECTIONS TO VERIFY THE FULFILMENT OF THE OBLIGATIONS ASSUMED IN THIS INSTRUMENT. THE FOREGOING, IN



COMPLIANCE WITH THE PROVISIONS SET FORTH IN ARTICLE 58 OF THE EXPENDITURE BUDGET, GOVERNMENT ACCOUNTING AND PUBLIC EXPENDITURE LAW OF THE STATE OF CHIHUAHUA.

**SIXTH.-** "THE GOVERNMENT" MAY, IN CASE THAT "THE UNION" DOES NOT PROVE WITH DOCUMENTATION THE EXERCISE OF THE PROVIDED FINANCIAL SUPPORT, REQUEST THE STATE SUPERIOR AUDIT TO EXERCISE ITS POWER TO AUDIT THE ALLOCATION OF THE FUND PURSUANT TO THE PROVISIONS ESTABLISHED IN ARTICLES 4 SECTION V AND 7 SECTIONS II AND XVI OF THE LAW OF THE STATE SUPERIOR AUDIT FOR THE STATE OF CHIHUAHUA AND IN THE AFFIRMATIVE TO FILE BEFORE THE AUTHORITIES WITH JURISDICTION, THE RESPONSIBILITIES EITHER ADMINISTRATIVE, CRIMINAL OR OF ANY OTHER KIND THAT MAY RESULT.

**SEVENTH.-** IN COMPLIANCE TO ARTICLES 6 SECTION VII AND 20 SECTION XX OF THE TRANSPARENCY LAW AND ACCESS TO PUBLIC INFORMATION; "THE UNION" IS OBLIGATED TO TRANSPARENT THE INFORMATION THAT IS GENERATED DUE TO EXERCISE OF THE FINANCIAL SUPPORT THAT IN THE PRESENT AGREEMENT IS PROVIDED AS AN OBLIGATED INDIVIDUAL, SINCE IT IS CONSIDERED AS A LEGAL ENTITY THAT RECEIVES PUBLIC FUNDS.

**EIGHTH.-** ONCE THE FINANCIAL SUPPORT IS PROVIDED BY THE "GOVERNMENT", IN THE EVENT THAT "THE UNION" ALLOCATES IT FOR A DIFFERENT PURPOSE OF THE STIPULATED IN THE PRESENT AGREEMENT, "THE GOVERNMENT" SHALL CANCEL IT IMMEDIATELY AND THE LATTER MUST RETURN THE AMOUNT THAT HAD BEEN DISPOSED WITH ITS RESPECTIVE INTERESTS, AT THE RATE ESTABLISHED IN THE INCOME LAW OF THE STATE OF CHIHUAHUA.

**NINTH.-** "THE UNION" ACCEPTS THAT THE AMOUNT REFERRED TO IN THE SECOND CLAUSE OF THIS LEGAL INSTRUMENT, IS PROVIDED AS TAX CREDIT UNDER THE TERMS SET FORTH IN SECTION IV OF ARTICLE 329 OF THE STATE TAX CODE, THUS IN THE EVENT OF FAILURE TO COMPLY WITH THE PRESENT AGREEMENT AND/OR DUE TO ANY OTHER CIRCUMSTANCE CONSIDERED BY "THE GOVERNMENT", THE RECOVERY OF THE PROVIDED FINANCIAL SUPPORT SHALL BE CONDUCTED THROUGH THE COERCIVE ECONOMIC PROCEDURE ESTABLISHED BY THE LEGAL ORDINANCE PREVIOUSLY CITED.

**TENTH.-** THE PARTIES AGREE THAT THE VALIDITY OF THIS MEETING OF THE MINDS SHALL START FROM THE SIGNATURE OF THIS INSTRUMENT AND UNTIL DECEMBER 31, 2013, PERIOD DURING WHICH THE ALLOCATION OF THE



FUND AND THE DEVELOPMENT OF THE SAME SHALL BE MONITORED PURSUANT TO WHAT THE PARTIES AGREED.

**ELEVENTH.-** THE PARTIES AGREE TO RESOLVE BY MUTUAL AGREEMENT ANY OTHER UNFORESEEN ASPECT THAT MAY ARISE AS CONSEQUENCE OF THE INSTRUMENT IN QUESTION, ALWAYS HAVING AS PURPOSE THE OPTIMAL ACHIEVEMENT OF THE OBJECTIVE THAT IT INTENDS TO ACHIEVE.

**TWELFTH.-** "THE UNIÓN" ACCEPTS THE POWER CONFERRED TO "THE GOVERNMENT" BY ARTICLES 1646 AND 1647 OF THE ADMINISTRATIVE CODE IN FORCE FOR THE STATE OF CHIHUAHUA TO RESCIND ADMINISTRATIVELY THE PRESENT AGREEMENT WITHOUT ANY LIABILITY INCURRED BY "THE GOVERNMENT", SUBJECTING THE PROCEDURE AS PROVIDED FOR BY THE LEGAL ORDINANCE CITED.

**THIRTEENTH.-** FAILURE TO COMPLY WITH ANY OF THE LIABILITIES CONTRACTED BY "THE UNION" SHALL BE A REASON TO RESCIND THIS CONTRACT, BRINGING AS CONSEQUENCE TO IT, THE REIMBURSEMENT OF THE PROVIDED FUND, THROUGH THE PROCEDURE ESTABLISHED IN THE NINTH CLAUSE OF THE PRESENT DOCUMENT.

**FOURTEENTH.-** FOR EVERYTHING CONCERNING THE INTERPRETATION AND COMPLIANCE WITH THE LIABILITIES CONSIDERED IN THE PRESENT LEGAL ACT, THE PARTIES SHALL SUBMIT TO THE APPLICABLE LAWS AND TO THE COURTS WITH JURISDICTION IN THE CITY OF CHIHUAHUA, CHIH., EXPRESSLY WAIVING TO ANY OTHER JURISDICTION THAT THEY MAY BE ENTITLED TO CLAIM BECAUSE OF ITS CURRENT OR FUTURE DOMICILE.

ONCE THE PARTIES HAVE READ THIS MEETING OF THE MINDS AND HAVE ACKNOWLEDGED ITS CONTENTS AND LEGAL SCOPE, THEY SIGN IT AT THE MARGIN OF ALL AND EACH OF ITS PAGES, IN THE CITY OF CHIHUAHUA, CHIHUAHUA, ON MARCH 26, 2013.

BY "THE GOVERNMENT"

[an illegible signature]     [an illegible signature]
**JAIME RAMON HERRERA CORRAL**     **OCTAVIO LEGARRETA GUERRERO**
**SECRETARY OF THE TREASURY**     **SECRETARY OF RURAL DEVELOPMENT**

BY "THE UNION"

EX - DUARTE JAQUEZ - 000344



[an illegible signature]
**PEDRO BACA GOMEZ**
**LEGAL REPRESENTATIVE OF THE UNION GANADERA REGIONAL**
**GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA**

THIS PAGE NUMBER SIX CORRESPONDS TO THE AGREEMENT OF FINANCIAL SUPPORT NUMBER 0384/2013, EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY AND THE SECRETARY OF RURAL DEVELOPMENT, HEREINAFTER "THE GOVERNMENT", AND THE LEGAL ENTITY DENOMINATED "UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA".

EX - DUARTE JAQUEZ - 000345

# EXHIBIT

# 15

EX - DUARTE JAQUEZ - 000346



**Chihuahua**
GOVERNMENT OF THE STATE

SECRETARY OF THE TREASURY
**DIVISION OF GOVERNMENT ACCOUNTING**
CHIHUAHUA, CHIH.

Secretary of Rural Development
Legal Department

**FINANCIAL SUPPORT AGREEMENT NUMBER 0426/2013 EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY REPRESENTED IN THIS ACT BY ITS HEAD, JAIME RAMON HERRERA CORRAL, WITH THE PARTICIPATION OF THE SECRETARY OF RURAL DEVELOPMENT, REPRESENTED IN THIS ACT BY ITS HEAD, OCTAVIO LEGARRETA GUERRERO, HEREINAFTER "THE GOVERNMENT" AND BY THE LEGAL ENTITY DENOMINATED, "UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA", REPRESENTED IN THIS ACT BY PEDRO BACA GOMEZ, IN HIS CAPACITY AS LEGAL REPRESENTATIVE, HEREINAFTER "THE UNION", SUBJECT TO THE FOLLOWING REPRESENTATIONS AND CLAUSES:**

**REPRESENTATIONS:**

**1.- "THE GOVERNMENT" HEREBY REPRESENTS:**

A) THAT THE SECRETARY OF THE TREASURY IS A FEDERAL ENTITY IN COMPLIANCE TO ARTICLES 2, SECTION I, 24 SECTION II AND 26 SECTION XXXI OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA, WHICH HAS, AMONG OTHER POWERS, TO BE IN CHARGE OF PARTICIPATING, IN TERMS OF THE APPLICABLE LAWS, IN THE EXECUTION OF PURCHASE/SALE, COMMODATUM AND DONATIONS CONTRACTS, AS WELL AS OF OTHER RELATED TO THE REAL AND PERSONAL PATRIMONY OF THE GOVERNMENT OF THE STATE, EXCEPTING TERRITORIAL RESERVES; AS WELL AS OF AGREEMENTS AND CONTRACTS FOR SERVICES AND LEASING OF REAL AND PERSONAL PROPERTIES, AND IN GENERAL, TO PARTICIPATE IN ANY ACT, AGREEMENT OR CONTRACT IN WHICH THE STATE IS ECONOMICALLY OBLIGATED.

B) THAT ITS REPRESENTATIVE JAIME RAMON HERRERA CORRAL, EVIDENCES HIS CAPACITY AS SECRETARY OF THE TREASURY WITH THE APPOINTMENT ISSUED IN HIS FAVOR BY CESAR HORACIO DUARTE JACQUEZ, CONSTITUTIONAL GOVERNOR OF THE STATE OF CHIHUAHUA ON OCTOBER 9, 2012. FURTHERMORE, HE HAS ENOUGH POWERS TO SIGN THIS LEGAL INSTRUMENT, IN COMPLIANCE WITH THE PROVISIONS SET FORTH IN ARTICLE 94 OF THE POLITICAL CONSTITUTION OF THE FREE AND SOVEREIGN STATE OF CHIHUAHUA AND ARTICLES 24 AND 26 OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA.

C) THAT THE SECRETARY OF RURAL DEVELOPMENT IS A FEDERAL ENTITY, WHICH HAS AMONG OTHER POWERS, TO PROMOTE THE AGRICULTURAL, CATTLE, FRUIT AND FOREST ACTIVITIES BY PROMOTING LOANS,



FISCALÍA GENERAL
DE LA REPÚBLICA

ORGANIZATION, INSURANCES AND TECHNIFICATION IN COORDINATION WITH FEDERAL AND MUNICIPAL AGENCIES, AND SOCIAL AND PRIVATE SECTORS, PURSUANT TO ARTICLES 24 SECTION VI AND 32 OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA.

D) THAT OCTAVIO LEGARRETA GUERRERO, IN HIS CAPACITY AS SECRETARY OF RURAL DEVELOPMENT, EVIDENCES HIS CAPACITY WITH THE APPOINTMENT ISSUED IN HIS FAVOR BY CESAR HORACIO DUARTE JAQUEZ, CONSTITUTIONAL GOVERNOR OF THE STATE OF CHIHUAHUA, DATED OCTOBER 4, 2010. THE FORMER HAS ENOUGH POWERS TO SIGN THIS PRESENT LEGAL AGREEMENT, IN COMPLIANCE WITH ARTICLE 32 OF THE ORGANIC LAW OF THE EXECUTIVE BRANCH FOR THE STATE OF CHIHUAHUA; AS WELL AS ARTICLE 9 OF THE INTERNAL REGULATIONS OF THE SECRETARY OF RURAL DEVELOPMENT.

E) THAT THROUGH OFFICIAL LETTER NUMBER DP-0670/2013, DATED MARCH 26, 2013, THERE WAS AUTHORIZED WITHIN THE INSTRUMENTATION PROGRAM OF ENTERPRISE TRAINING SCHEMES, THE AMOUNT OF $60,000.00 (SIXTY THOUSAND PESOS WITH 00/100 MEXICAN CURRENCY) TO "THE UNION".

F) THAT HE STATES AS HIS LEGAL DOMICILE FOR THE PURPOSES OF THIS INSTRUMENT, THE ONE LOCATED ON THE FIFTH FLOOR OF HEROES DE LA REVOLUCION BUILDING LOCATED AT AV. VENUSTIANO CARRANZA NO. 803, COL. OBRERA IN THIS CITY OF CHIHUAHUA, CHIHUAHUA.

**2.- "THE UNION" HEREBY REPRESENTS BY MEANS OF ITS REPRESENTATIVE:**

A) THAT THE "UNION GANADERA REGIONAL GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA" WAS LEGALLY INCORPORATED BY MEANS OF SHAREHOLDERS MEETING, DATED OCTOBER 22, 2005, WHO CORRESPONDING RECORD WAS DULY FORMALIZED BEFORE ENRIQUE AGUILAR PEREZ, NOTARY PUBLIC NUMBER 18 FOR MORELOS JUDICIAL DISTRICT, BY MEANS OF DEED INSTRUMENT NUMBER 6,494 OF DECEMBER 2, 2005, AS RECORDED IN THE NATIONAL REGISTRY OF LIVESTOCK BODIES IN MEXICO CITY, FEDERAL DISTRICT, UNDER NUMBER 6, PAGE 5 OF VOLUME 1, OF FIRST BOOK OF THIRD SECTION, DATED MAY 24, 2007.

B) THAT ON AUGUST 14, 2011, THERE WAS CARRIED OUT THE EXTRAORDINARY SHAREHOLDERS MEETING OF THE BOARD OF DIRECTORS, IN WHICH THERE WAS AGREED THAT PEDRO BACA GOMEZ HAD THE POWER OF REQUESTING AND SUBSCRIBING CONTRACTS AND PROMISSORY NOTES IN THE NAME AND TO THE ACCOUNT OF THE UNION WITH THE PURPOSE OF PERFORMING ACTIVITIES TO SAID UNION.



FISCALÍA GENERAL
DE LA REPÚBLICA

C) THAT HE STATES AS HIS LEGAL DOMICILE FOR THE PURPOSES OF THIS INSTRUMENT, THE ONE LOCATED AT CALLE 22 NO. 5401, COL. DALE IN THIS CITY OF CHIHUAHUA, CHIHUAHUA, C.P. 31050.

**3.- "THE PARTIES" HEREBY REPRESENT:**

THAT THEY MUTUALLY ACKNOWLEDGE THE LEGAL CAPACITY UNDER WHICH THEY APPEAR, AND BIND THEMSELVES TO EXECUTE THIS CONTRACT OF FINANCIAL SUPPORT PURSUANT TO THE FOLLOWING:

**CLAUSES:**

**FIRST.-** BY MEANS OF THE PRESENT INSTRUMENT, "THE GOVERNMENT" BINDS ITSELF TO PROVIDE "THE UNION" WITH A FINANCIAL SUPPORT, SO AS TO COMPLEMENT THE ASSIGNED FUNDS TO DEFRAY THE EXPENSES OF LIVESTOCK TRANSFER OF EXHIBITION TO THE FAIR OF SAN MARCOS IN THE STATE OF AGUASCALIENTES, MEXICO, IN WHICH THE STATE OF CHIHUAHUA IS THE SPECIAL GUEST AND INCLUDES THE FOLLOWING CONCEPTS: FREIGHT CHARGE, PERSONNEL IN CHARGE OF THE CARE, FEEDING AND CUSTODY OF LIVESTOCK, TRAVEL EXPENSES AND TRANSFER COSTS, AMONG OTHERS.

**SECOND.-** FOR THE COMPLIANCE OF THE SUBJECT MATTER ESTABLISHED PREVIOUSLY, "THE GOVERNMENT" SHALL PROVIDE "THE UNION" WITH A FINANCIAL SUPPORT IN THE AMOUNT OF $60,000.00 (SIXTY THOUSAND PESOS WITH 00/100 MEXICAN CURRENCY).

**THIRD.-** "THE GOVERNMENT" AT THE MOMENT OF THE SIGNATURE BINDS ITSELF TO COMMENCE THE PROCESSES TO RELEASE THE AMOUNT THAT IS STATED IN THE PREVIOUS CLAUSE IN FAVOR OF "LA UNION", SAME WHICH SHALL BE SUBJECT TO THE BUDGETARY ALLOCATION OF THE SECRETARY OF THE TREASURY; "THE UNION" BINDS ITSELF TO EXERCISE SAID FUNDS SOLELY AND EXCLUSIVELY FOR THE PURPOSES ESTABLISHED IN THE FIRST CLAUSE OF THIS MEETINGS OF THE MINDS.

**FOURTH.-** "THE GOVERNMENT" SHALL HAVE THE POWER TO VERIFY THROUGH THE DIVISION OF AGRICULTURAL DEVELOPMENT, BOTH WITH DOCUMENTATION AS PHYSICALLY IF THE PROVIDED FINANCIAL SUPPORT HAS BEEN APPLIED BY "THE UNION" PURSUANT TO THE AGREED TERMS AND CONDITIONS.



**FIFTH.- "THE UNION"** ACCEPTS THAT AT ANY TIME THE SECRETARY OF THE TREASURY HAS THE POWER TO REQUEST INFORMATION IN REGARDS TO THE ALLOCATION OF THE FUND, LIKEWISE, IT SHALL ALLOW ITS PERSONNEL THE PRACTICE OF VISITS AND INSPECTIONS TO VERIFY THE FULFILMENT OF THE OBLIGATIONS ASSUMED IN THIS INSTRUMENT. THE FOREGOING, IN COMPLIANCE WITH THE PROVISIONS SET FORTH IN ARTICLE 58 OF THE EXPENDITURE BUDGET, GOVERNMENT ACCOUNTING AND PUBLIC EXPENDITURE LAW OF THE STATE OF CHIHUAHUA.

**SIXTH.-** "THE GOVERNMENT" MAY, IN CASE THAT "THE UNION" DOES NOT PROVE WITH DOCUMENTATION THE EXERCISE  OF THE PROVIDED FINANCIAL SUPPORT, REQUEST THE STATE SUPERIOR AUDIT TO EXERCISE ITS POWER TO AUDIT THE ALLOCATION OF THE FUND PURSUANT TO THE PROVISIONS ESTABLISHED IN ARTICLES 4 SECTION V AND 7 SECTIONS II AND XVI OF THE LAW OF THE STATE SUPERIOR AUDIT FOR THE STATE OF CHIHUAHUA AND IN THE AFFIRMATIVE TO FILE BEFORE THE AUTHORITIES WITH JURISDICTION, THE RESPONSIBILITIES EITHER ADMINISTRATIVE, CRIMINAL OR OF ANY OTHER KIND THAT MAY RESULT.

**SEVENTH.-** IN COMPLIANCE TO ARTICLES 6 SECTION VII AND 20 SECTION XX OF THE TRANSPARENCY LAW AND ACCESS TO PUBLIC INFORMATION; "THE UNION" IS OBLIGATED TO TRANSPARENT THE INFORMATION THAT IS GENERATED DUE TO EXERCISE OF THE FINANCIAL SUPPORT THAT IN THE PRESENT AGREEMENT IS PROVIDED AS AN OBLIGATED INDIVIDUAL, SINCE IT IS CONSIDERED AS A LEGAL ENTITY THAT RECEIVES PUBLIC FUNDS.

**EIGHTH.-** ONCE THE FINANCIAL SUPPORT IS PROVIDED BY THE "GOVERNMENT", IN THE EVENT THAT "THE UNION" ALLOCATES IT FOR A DIFFERENT PURPOSE OF THE STIPULATED IN THE PRESENT AGREEMENT, "THE GOVERNMENT" SHALL CANCEL IT IMMEDIATELY AND THE LATTER MUST RETURN THE AMOUNT THAT HAD BEEN DISPOSED WITH ITS RESPECTIVE INTERESTS, AT THE RATE ESTABLISHED IN THE INCOME LAW OF THE STATE OF CHIHUAHUA.

**NINTH.-** "THE UNION" ACCEPTS THAT THE AMOUNT REFERRED TO IN THE SECOND CLAUSE OF THIS LEGAL INSTRUMENT, IS PROVIDED AS TAX CREDIT UNDER THE TERMS SET FORTH IN SECTION IV OF ARTICLE 329 OF THE STATE TAX CODE, THUS IN THE EVENT OF FAILURE TO COMPLY WITH THE PRESENT AGREEMENT AND/OR DUE TO ANY OTHER CIRCUMSTANCE CONSIDERED BY "THE GOVERNMENT", THE RECOVERY OF THE FINANCIAL SUPPORT GRANTED SHALL BE CONDUCTED THROUGH THE COERCIVE ECONOMIC PROCEDURE ESTABLISHED BY THE LEGAL ORDINANCE PREVIOUSLY CITED.



**TENTH.-** THE PARTIES AGREE THAT THE VALIDITY OF THIS MEETING OF THE MINDS SHALL START FROM THE SIGNATURE OF THIS INSTRUMENT AND UNTIL DECEMBER 31, 2013, PERIOD DURING WHICH THE ALLOCATION OF THE FUND AND THE DEVELOPMENT OF THE SAME SHALL BE MONITORED PURSUANT TO WHAT THE PARTIES AGREED.

**ELEVENTH.-** THE PARTIES AGREE TO RESOLVE BY MUTUAL AGREEMENT ANY OTHER UNFORESEEN ASPECT THAT MAY ARISE AS CONSEQUENCE OF THE INSTRUMENT IN QUESTION, ALWAYS HAVING AS PURPOSE THE OPTIMAL ACHIEVEMENT OF THE OBJECTIVE THAT IT INTENDS TO ACHIEVE.

**TWELFTH.-** "THE UNION" ACCEPTS THE POWER CONFERRED TO "THE GOVERNMENT" BY ARTICLES 1646 AND 1647 OF THE ADMINISTRATIVE CODE IN FORCE FOR THE STATE OF CHIHUAHUA TO RESCIND ADMINISTRATIVELY THE PRESENT AGREEMENT WITHOUT ANY LIABILITY INCURRED BY "THE GOVERNMENT", SUBJECTING THE PROCEDURE AS PROVIDED FOR BY THE LEGAL ORDINANCE CITED.

**THIRTEENTH.-** FAILURE TO COMPLY WITH ANY OF THE LIABILITIES CONTRACTED BY "THE UNION" SHALL BE A REASON TO RESCIND THIS CONTRACT, BRINGING AS CONSEQUENCE TO IT, THE REIMBURSEMENT OF THE PROVIDED FUND, THROUGH THE PROCEDURE ESTABLISHED IN THE NINTH CLAUSE OF THE PRESENT DOCUMENT.

**FOURTEENTH.-** FOR EVERYTHING CONCERNING THE INTERPRETATION AND COMPLIANCE WITH THE LIABILITIES CONSIDERED IN THE PRESENT LEGAL ACT, THE PARTIES SHALL SUBMIT TO THE APPLICABLE LAWS AND TO THE COURTS WITH JURISDICTION IN THE CITY OF CHIHUAHUA, CHIH., EXPRESSLY WAIVING TO ANY OTHER JURISDICTION THAT THEY MAY BE ENTITLED TO CLAIM BECAUSE OF ITS CURRENT OR FUTURE DOMICILE.

ONCE THE PARTIES HAVE READ THIS MEETING OF THE MINDS, AND HAVE ACKNOWLEDGED ITS CONTENTS AND LEGAL SCOPE, THEY SIGN IT AT THE MARGIN OF ALL AND EACH OF ITS PAGES, IN THE CITY OF CHIHUAHUA, CHIHUAHUA, ON MARCH 26, 2013.

EX - DUARTE JAQUEZ - 000351



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

BY "THE GOVERNMENT"

[an illegible signature]
JAIME RAMON HERRERA CORRAL
SECRETARY OF THE TREASURY

[an illegible signature]
OCTAVIO LEGARRETA GUERRERO
SECRETARY  OF RURAL
DEVELOPMENT

BY "THE UNION"
[an illegible signature]
PEDRO BACA GOMEZ
LEGAL REPRESENTATIVE OF THE UNION GANADERA REGIONAL
GENERAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA

THIS PAGE NUMBER SIX CORRESPONDS TO THE AGREEMENT OF FINANCIAL SUPPORT NUMBER 0426/2013, EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY AND THE SECRETARY OF RURAL DEVELOPMENT, HEREINAFTER "THE GOVERNMENT", AND THE LEGAL ENTITY DENOMINATED "UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA".

EX - DUARTE JAQUEZ - 000352

# EXHIBIT

# 16

EX - DUARTE JAQUEZ - 000353



**Chihuahua**
GOVERNMENT OF THE STATE

SECRETARY OF RURAL
DEVELOPMENT
**RECEIVED**
JUN 09 2016
ADMINISTRATIVE DEPARTMENT
INTERNAL CONTROL

Secretary of Rural Development
Legal Department

**FINANCIAL SUPPORT AGREEMENT NUMBER 0995/2013 EXECUTED BY THE GOVERNMENT OF THE STATE OF CHIHUAHUA THROUGH THE SECRETARY OF THE TREASURY AND THE SECRETARY OF RURAL DEVELOPMENT HEREIN REPRESENTED BY THE HEADS OF SAID SECRETARIES, JAIME RAMON HERRERA CORRAL AND OCTAVIO LEGARRETA GUERRERO, RESPECTIVELY, HEREINAFTER "THE GOVERNMENT", AND THE LEGAL ENTITY DENOMINATED "UNION GANADERA REGIONAL DIVISION DEL NORTE DEL ESTADO DE CHIHUAHUA" HEREIN REPRESENTED BY PEDRO BACA GOMEZ, HEREINAFTER "THE BENEFICIARY", SUBJECT TO THE FOLLOWING REPRESENTATIONS AND CLAUSES:**

**REPRESENTATIONS:**

**I. "THE GOVERNMENT" HEREBY REPRESENTS:**

**I.1** That the State of Chihuahua is a Federal Entity which is part of the Federation, with territory and population, free and sovereign with regards to its internal regulations, constituted as Republican Government, Representative and Popular pursuant to the provisions set forth in articles 40, 42 section (I) and 43 of the Political Constitution of the United Mexican States; and 1, 2, 3 and 30 of the Political Constitution of the State of Chihuahua.

**I.2** That in terms of the provisions set forth in articles 2 section (I), 24 section (II), 26 and 32 of the Organic Law of the Executive Branch of the State of Chihuahua, the Secretaries of the Treasury and of Rural Development are centralized offices of the Executive Branch of the State, which have for purpose the study, planning and dispatch of the matters within their jurisdiction.

**I.3** Pursuant to the provisions set forth in article 26 section (XXXI) of the Organic Law of the Executive Branch of the State of Chihuahua and article 8 section (XXXVIII) of the Internal Regulations of the Secretary of the Treasury, such Secretary is in charge of participating, in terms of the applicable laws, in the execution of purchase/sale, commodatum and donations contracts, as well as of other related to the real and personal patrimony of the Government of the State, excepting territorial reserves; as well as of agreements and contracts for services and leasing of real and personal properties, and in general, to participate in any agreement or contract which financially binds the State.

**I.4** That **JAIME RAMON HERRERA CORRAL** evidences his capacity as Secretary of Treasury, through the appointment issued in his favor on October 9, 2012 by Cesar Horacio Duarte Jaquez, Constitutional Governor of the State of Chihuahua, duly registered under number 053, folio number 053 of Book 4 of the Registry of Appointments of Public Officials of the Secretary of the Treasury of the Government of the State and with the corresponding taking oath of office record. Furthermore, he has enough powers to sign this legal instrument, in compliance with the provisions set forth in article 9 section (VII) of the Internal Regulations of Secretary of the Treasury.

EX - DUARTE JAQUEZ - 000354



FGR
FISCALÍA GENERAL
DE LA REPÚBLICA

**I.5**. That pursuant to the provisions set forth in article 32 Section (I) of the Organic Law of the Executive Branch of the State of Chihuahua the Secretary of Rural Development has among its powers, to promote the agricultural, cattle, fruit and forest activities by promoting loans, organization, insurances and technification in coordination with federal and municipal agencies, and social and private sectors.

**I.6** That **OCTAVIO LEGARRETA GUERRERO** evidences his capacity as Secretary of Rural Development through the appointment issued in his favor on October 4, 2010 by Cesar Horacio Duarte Jaquez, Constitutional Governor of the State of Chihuahua, duly registered under number 193, folio number 193 of Book 3 of the Registry of Appointments of Public Officials of the Secretary of the Treasury of the Government of the State and with the corresponding taking oath of office record. Furthermore, he has enough powers to sign this legal instrument, in compliance with the provisions set forth in article 9 section of the Internal Regulations of Secretary of Rural Development.

**I.7** That it has enough funds to cover this agreement in the amount of $4,600,000.00 (FOUR MILLION, SIX HUNDRED THOUSAND PESOS 00/100 MEXICAN CURRENCY), as it is proven through official letter 2013-INE13-A-0528, dated September 20, 2013 and which is signed by Jaime Ramon Herrera Corral in his capacity of Head of the Secretary of the Treasury.

**I.8** That he states as his legal domicile for the purposes of this agreement, the one located at Av. Venustiano Carranza No. 803, Col. Obrera in this City of Chihuahua, Chihuahua.

## II.   "THE BENEFICIARY" HEREBY REPRESENTS:

**II.1** That it is a legal entity incorporated according to Mexican legislation, according to the Record of the Minutes of the Meeting dated October 22, 2005 which was duly formalized before Enrique Aguilar Perez, Notary Public number 18 of Morelos District, by means of deed instrument number 6,494 of December 2, 2005 whose official copy is recorded in the National Registry of Livestock Bodies in Mexico City, Federal District, under number 6, page 5 of volume 1, of First Book of Third Section, dated May 24, 2007.

**II.2** That **PEDRO ROBERTO BACA GOMEZ** evidences his capacity of legal representative, pursuant to the Record of the Minutes of the Extraordinary Shareholders Meeting, in which it was decided to grant him with the power to submit and subscribe contacts and promissory notes in the name and on behalf of "THE BENEFICIARY", so as to carry out activities inherent to the same. stating under oath to tell the truth, that the capacity and powers he has been granted with, have not been limited or revoked or modified whatsoever.

**II.3** That it has Federal Taxpayer's Registry          2HB3 issued by the Secretary of the Treasury and Public Credit.

EX - DUARTE JAQUEZ - 000355



**FGR**
FISCALÍA GENERAL
DE LA REPÚBLICA

II.4 That for the legal purposes of this agreement he states as legal domicile, the one located at calle 22, number [illegible], colonia Dale, in Chihuahua, Chihuahua, C.P. 31050.

II.5 That he requested a financial support in the amount of $4,600,000.00 (FOUR MILLION, SIX HUNDRED THOUSAND PESOS 00/100 MEXICAN CURRENCY), by means of an official letter addressed to the Secretary of Rural Development, so as to use it for the execution of the Beef Heifer Restock Program in the State.

**III.    "THE PARTIES" HEREBY REPRESENT:**

III.1 That they mutually acknowledge the capacity and legal capacity under which they appear, and bind themselves to execute this contract pursuant to the following:

**CLAUSES:**

**FIRST. - SUBJECT-MATTER OF THE CONTRACT. "THE GOVERNMENT"** binds itself to provide **"THE BENEFICIARY"** with a financial support in the amount of $4,600,000.00 (FOUR MILLION, SIX HUNDRED THOUSAND PESOS 00/100 MEXICAN CURRENCY) so as to be used for the execution of the Beef Heifer Restock Program in the State, according to the distribution and with regards to the individuals listed in Attachment One herein so that it be an integral part of this Contract.

**SECOND. – CONDITIONS AND TERM.** The financial support described in the First Clause shall be delivered in one single payment through a check drawn in the name of **"THE BENEFICIARY"** to the date of the signing of this legal instrument, after the delivery of the corresponding receipt covering said amount and issued in favor of the Government of the State of Chihuahua, Secretary of the Treasury, in the Livestock Department of the Division of Agricultural Development of the Secretary of Rural Development, located in the fifth floor of Heroes de la Revolucion building, located at Venustiano Carranza avenue, number 803, Colonia Obrera, of this City of Chihuahua, Chihuahua.

**THIRD. –REPORT. "THE BENEFICIARY"** binds itself to present before the Chief of the Livestock Department of the Division of Agricultural Development of the Secretary of Rural Development, a written report with the achievements accomplished through the execution of the subject matter of this contract; as well as to provide the original proving documentation which complies with the applicable legal requirements and which serves to justify that the granted financial support was solely used to fulfil the purpose contained in the First Clause of this Contract.

**FOURTH. – COERCIVE-ECONOMIC AUTHORITY. "THE BENEFICIARY"** accepts that in case of fail to comply with any of the obligations it herein binds itself and/or any other circumstance so deemed by **"THE GOVERNMENT"**, the recovery of the financial support granted shall be conducted through the coercive-economic authority,



in terms of the provisions set forth in article 329 section (IV) of the Tax Code for the State of Chihuahua, and it shall not be granted with any other financial support.

**FIFTH. – TAX REQUIREMENTS. "THE PARTIES"** agree that the financial support is granted provided that it is solely used to fulfil the purpose contained in the First Clause of this Contract; and therefore, **"THE BENEFICIARY"** binds itself to present an unofficial receipt proving the due exercising of the support granted. The foregoing, in the understanding that if it is not fully fulfilled, **"THE GOVERNMENT"** may demand the full reimbursement of total amount provided in compliance with their respective interest calculated at an interest rate of 2% over the amount provided. This, in compliance with the provisions set forth in article 3 of the Law of Expenditure of the State of Chihuahua for Tax Year 2013.

**SIXTH. – AUDIT OF THE SUPPORT PROVIDED. "THE GOVERNMENT",** in case that **"THE BENEFICIARY"** does not documentary prove the use of the financial support provided, request the Superior Audit Office of the State, that it exercises its authority to audit the use of the financial support in compliance with the provisions set forth in articles 4 section (V) and 7 [illegible] and (XVI) of the Law of the Superior Audit Office of the State of Chihuahua, and if applicable, file before the pertinent authorities, the administrative and criminal liabilities, and any other of any kind that may result.

**SEVENTH. – TERM.** This agreement shall be valid as of the date of its signing, and shall terminate on December 31, 2013.

**EIGHTH. – SUPERVISION AND OVERSIGHT. "THE GOVERNMENT",** through the Division of Livestock of the Division of Agricultural Development of the Secretary of Rural Development, shall oversee and supervise the destination of the financial support provided and shall ask in writing to **"THE BENEFICIARY"**, the necessary reports and supporting documentation regarding the expenditure which proves the fulfilment of the obligations assumed and the achievements accomplished through the execution of the subject matter of this legal instrument.

**"THE BENEFICIARY"** shall provide **"THE GOVERNMENT"** with all the information that the latter may request in relation to the use of the financial support.

**"THE BENEFICIARY"** accepts that at any time the Secretary of the Treasury has the authority to request the information regarding the use of the financial support; likewise, it shall allow the personnel of the Secretary of the Treasury to conduct visits and inspections to verify the fulfilment of the obligations assumed in this instrument. The foregoing, in compliance with the provisions set forth in article 58 of the Expenditure Budget, Government Accounting and Public Expenditure Law of the State of Chihuahua.



**NINTH. – ADMINISTRATIVE RESCISSION, "THE BENEFICIARY"** expressly accepts the authority granted by articles 1646 and 1647 of the Administrative Code of the State, to the Constitutional Governor of the State to decide the cancellation, expiration, nullity or rescission of this agreement without any liability incurred by **"THE GOVERNMENT"** due to the fail to comply of any of the obligations assumed under his command.

**TENTH. – TRANSPARENCY.** In compliance with the provisions set forth in Articles 6 sections (I) and (VIII) and 20 section (XX) of the Law of Transparency and Access to Public Information of the State of Chihuahua, **"THE GOVERNMENT"** and **"THE BENEFICIARY"** are obligated to clarify the information generated due to the use of the financial support granted through this agreement. They are bounded given that we are talking of the Executive Branch of the State and a legal entity of private right, incorporated pursuant to the corresponding Law and which receives public funds, respectively.

**ELEVENTH. – AMENDMENTS.** This agreement may be modified or amended as agreed by **"THE PARTIES",** prior to the termination date of the same, any modification or amendment shall be recorded in writing and signed by all people participating in the same.

**TWELFTH. – CONSTRUCTION.** For any unforeseen matter or doubt in the construction of this agreement **"THE PARTIES"** shall mutually solve it. in case of dispute, **"THE PARTIES"** submit themselves to the venue and jurisdiction of the Courts of the city of Chihuahua, Chihuahua, expressly waiving the any other jurisdiction that they may be entitled to claim because of its current or future domicile.

**ONCE THE PARTIES HAVE READ THIS INSTRUMENT, AND HAVE ACKNOWLEDGED ITS CONTENTS AND LEGAL SCOPE, THEY SIGN IT AT THE MARGIN OF ALL AND EACH OF ITS PAGES, IN THE CITY OF CHIHUAHUA, CHIHUAHUA, ON THE TWENTIETH DAY OF THE MONTH OF OCTOBER OF THE YEAR TWO THOUSAND THIRTEEN.**

**BY "THE GOVERNMENT"**

[an illegible signature]                    [an illegible signature]
JAIME RAMON HERRERA CORRAL          OCTAVIO LEGARRETA GUERRERO
SECRETARY OF TREASURY              SECRETARY OF RURAL DEVELOPMENT

**BY "THE BENEFICIARY"**
**UNION GANADERA REGIONAL GENERAL DIVISION NORTE DEL ESTADO DE CHIHUAHUA**
[an illegible signature]
PEDRO BACA GOMEZ
LEGAL REPRESENTATIVE

# EXHIBIT
# 17

EX - DUARTE JAQUEZ - 000359





| | | |
|---|---|---|
| **INTERFACE SIGOS-SFI** | | Date:28/11/2014 12:00:00 a.m. |
| **SUBSIDY** | | Folio: CP-S-27151-2014 |

Chihuahua
Gobierno del Estado

SECRETARY OF THE TREASURY

Number of Detailed Proof of Payment: 32-3153
Concept: <u>SUPPORT FOR ACQUISITION OF OAT FOR LIVESTOCK PRODUCERS OF UNION</u>
<u>GANADERA REGIONAL GENERAL DIVISION</u>
BUDGET ACCOUNT:        4122- SOCIAL WELFARE (capital expenditure)
                                            0114
                                (Cta-tActiv-origen-Funo-Prog-Eje-Mplo-FF) [sic]
Place of Payment: Chihuahua
[illegible]

| UNION GANADERA REGIONAL DIVISION NORTE | | $1,500,000.00 |
|---|---|---|
| | Total payable | [illegible] |

(ONE MILLION FIVE HUNDRED THOUSAND MEXICAN PESOS, 00/100, M.C.)

[A seal that reads:
SECRETARY OF THE TREASURY
NOV 28 2014
VALIDATED
PROGRAMMING AND PAYMENT
CONTROL DIVISION]

[A seal that reads:
UNITED MEXICAN STATES
(Mexican Coat of Arms)
SECRETARY OF THE TREASURY
GOVERNMENT ACCOUNTING DIVISION
CHIHUAHUA, CHIH]

MADE BY
[signed]
SANDRA ESPARZA DOMINGUEZ

EX - DUARTE JAQUEZ - 000360



FISCALÍA GENERAL
DE LA REPÚBLICA



**Chihuahua**
Gobierno del Estado

| | |
|---|---|
| INTERFACE SIGOS-SFI | Date:28/11/2014 12:00:00 a.m. |
| SUBSIDY | Folio: CP-S-27152-2014 |

SECRETARY OF THE TREASURY

Number of Detailed Proof of Payment: 32-3152
Concept: <u>SUPPORT FOR ACQUISITION OF BEAN FOR LIVESTOCK PRODUCERS OF UNION GANADERA REGIONAL GENERAL DIVISION</u>
BUDGET ACCOUNT:      4122- SOCIAL WELFARE (capital expenditure) ·
                                    0114
                      (Cta-tActiv-origen-Funo-Prog-Eje-Mplo-FF) [sic]
Place of Payment: Chihuahua
[illegible]

| UNION GANADERA REGIONAL DIVISION NORTE | | $1,500,000.00 |
|---|---|---|
| | Total payable | [illegible] |

(ONE MILLION FIVE HUNDRED THOUSAND MEXICAN PESOS, 00/100, M.C.)

[A seal that reads:
SECRETARY OF THE TREASURY
NOV 28 2014
VALIDATED
PROGRAMMING AND PAYMENT
CONTROL DIVISION]

[A seal that reads:
UNITED MEXICAN STATES
(Mexican Coat of Arms)
SECRETARY OF THE TREASURY
GOVERNMENT ACCOUNTING DIVISION
CHIHUAHUA, CHIH]

MADE BY
[signed]
SANDRA ESPARZA DOMINGUEZ

EX - DUARTE JAQUEZ - 000361





INTERFACE SIGOS-SFI

Date:28/11/2014 12:00:00 a.m.

SUBSIDY

Folio: CP-S-27153-2014

Chihuahua
Gobierno del Estado

SECRETARY OF THE TREASURY

Number of Detailed Proof of Payment: 32-3154
Concept: SUPPORT FOR ACQUISITION OF OAT FOR LIVESTOCK PRODUCERS OF UNION
GANADERA REGIONAL GENERAL DIVISION D
BUDGET ACCOUNT:          4122- SOCIAL WELFARE (capital expenditure) ·
                                        0114
                           (Cta-tActiv-origen-Funo-Prog-Eje-Mplo-FF) [sic]
Place of Payment: Chihuahua
[illegible]

| UNION GANADERA REGIONAL DIVISION NORTE | | $2,500,000.00 |
|---|---|---|
| | Total payable | [illegible] |

(TWO MILLION FIVE HUNDRED THOUSAND MEXICAN PESOS, 00/100, M.C.)

[A seal that reads:
SECRETARY OF THE TREASURY
NOV 28 2014
VALIDATED
PROGRAMMING AND PAYMENT
CONTROL DIVISION]

[A seal that reads:
UNITED MEXICAN STATES
(Mexican Coat of Arms)
SECRETARY OF THE TREASURY
GOVERNMENT ACCOUNTING DIVISION
CHIHUAHUA, CHIH]

MADE BY
[signed]
SANDRA ESPARZA DOMINGUEZ

# EXHIBIT 18

EX - DUARTE JAQUEZ - 000363





**TURST CONTRACT    4743**

ADMINISTRATION AND INVESTMENT TRUST CONTRACT (HEREINAFTER, THE TRUST) THAT IS EXECUTED AS THE FIRST PARTY IN THE CAPACITY OF TRUSTORS AND FIRST PLACE BENEFICIARIES CESAR HORACIO DUARTE JAQUEZ AND BERTHA OLGA GOMEZ FONG (HEREINAFTER, JOINTLY DENOMINATED AS THE "TRUSTORS" AND, IN THEIR PERSONA CAPACITY, THE FIRST OF THESE, AS THE "TRUSTOR" AND THE SECOND, AS THE "TRUSTOR-WIFE") AND AS THE SECOND PARTY IN ITS CAPACITY AS A TRUSTEE INSTITUTION, "BANCO MERCANTIL DEL NORTE", S.A. MULTIPLE BANKING INSTITUTION, BANORTE FINANCIAL GROUP, REPRESENTED IN THIS ACT BY ITS TRUSTEE DELEGATES, ALEJANDRO TARIN VILLAMAR AND OLGA PATRICIA TREVIÑO LOERA (HEREINAFTER, THE "TRUSTEE"); LAWFUL ACT THAT THEY DEEM BINDING IN KEEPING WITH THE TERMS OF THE FOLLOWING REPRESENTATIONS AND CLAUSES:

### REPRESENTATIONS

**I.- THE TRUSTORS REPRESENT THAT:**

a) That they are individuals that have the legal capacity necessary to contract and bind themselves on the terms of the present contract, stating that they are of Mexican nationality, of legal age, married under the regime of community property.

b) That it is their wish and intent to formalize the present TRUST by contributing to the capital of the same the funds necessary so that the TRUSTEE upon the instructions of the TRUSTORS, makes the CONTRIBUTIONS FOR FUTURE CAPITAL INCREASES and, in the future, acquire, derived from said contribution the BANK SHARES that shall make up the capital of the present TRUST. The terms "CONTRIBUTIONS FOR FUTURE CAPITAL INCREASES", "SHARES" AND "BANK" are defined in the clause of this contract entitled "DEFINITIONS".

c) Under oath to tell the truth, they stated that the funds that are contributed to the present TRUST have a lawful origin and from the personal activities of the TRUSTOR, on the understanding the utilization of said funds does not contravene any enforceable legislation.

d) For the formalization of the present TRUST they have requested and received from third parties other than the TRUSTEE the necessary legal advice for the purpose of knowing the tax benefits and obligations that result from the TRUST.

e) The TRUSTEE informed them the legal scope and consequences of the provisions in subsection b) of section XIX of article 106 (one hundred six) of the Law of Credit Institutions in force.

EX - DUARTE JAQUEZ - 000364





**TURST CONTRACT     4743**

**II.- THE TRUSTEE REPRESENTS, THROUGH ITS TRUSTEE DELEGATES, THE FOLLOWING:**

a) That it is a Multiple Banking Institution incorporated pursuant to the laws of the United Mexican States and authorized to execute trust operations, and that it agrees to accept the position that by means of the present TRUST is conferred on it.

b) That is has sufficient powers to bind its principal on the terms of the present TRUST, same powers which to present date have not been modified, limited or revoked in any manner.

c) That it has explained to the TRUSTORS the contents and the legal consequences of the legal precepts transcribed in the clause of the present TRUST denominated "LEGAL PROHIBITIONS".

Having stated the aforesaid, the PARTIES mutually acknowledge each other the capacity in which they appear to formalize the present instrument, therefore they make manifest their intention to deem binging the present TRUST, pursuant to the following:

**CLAUSES**

**FIRST. – <u>DEFINITIONS</u>. –** The terms used with an initial capital letter in the preceding representations and in this TRUST are defined and shall have the meaning given to the same as assigned as follows:

- "SHARES" shall mean any share, equity holding or any other holding which represents the corporate capital of any of the CORPORATIONS, the MERGED CORPORATION, the BANK, the SPUN-OFF CORPORATION or any of its successors, including due to capitalization those CONTRIBUTIONS FOR FUTURE capital increases, due to merger or spin-off) that may be subscribed and/or acquired by the TRUSTEE according to the terms of this TRUST (including any dividend paid in shares or any capital increase signed by the TRUSTEE, as well as any exchange of shares, division or consolidation of shares, reclassification of shares or any other corporate act related to the SHARES, including shares received due to merger or spin-off) and/or that are transferred to the TRUSTEE by the TRUSTORS subsequent to the date of this TRUST.
- "AKALA" shall mean Akala, S.A. de C.V., S.F.P.
- "INITIAL CONTRIBUTION" shall have the meaning attributed to said term in the clause of this TRUST denominated "FORMALIZATION".

EX - DUARTE JAQUEZ - 000365





**TURST CONTRACT    4743**

- "CONTRIBUTIONS FOR FUTURE CAPITAL INCREASES" shall mean the contributions for future capital increases that, in conformity with the provisions of the present TRUST and in conformity with the provisions in the present TRUST and pursuant to the instructions of the TRUSTORS, the TRUSTEE shall make in PROGRESO and AKALA.
- "BANKING AUTHORIZATION" shall mean the authorization for the organization and operation of the BANK that, if applicable, may be issued by the National Banking and Securities Commission.
- "AUTHORIZATIONS" shall have the meaning attributed to said term in the clause "PURPOSES" of the present TRUST.
- "BANK" shall mean the multiple banking institution which creation and operation is intended as the result of the RESTRUCTURING of the denominated "Banco Progreso Chihuahua", S.A. Multiple Banking Institution.
- "PROVISIONAL CERTIFICATES" shall mean the documents that shall be issued by PROGRESO and AKALA to the name of the TRUSTEE derived from the CONTRIBUTIONS FOR FUTURE CAPITAL INCREASES to be made by the TRUSTEE, for the account and upon the order of the TRUSTORS in said corporations.
- "TRUST ACCOUNT" shall mean the bank account opened in the name of the TRUST, which shall receive the INITIAL CONTRIBUTION and the subsequent contributions of funds in pesos to be made by the TRUSTORS, same which is informed as follows: Number     3595: CLABE     5955, opened in the name of "FID BANORTE Num.    4743, BNT MTY BANCO MERCANTIL DEL NORTE S.A."
- "BUSINESS DAY" shall mean any day excepting Saturday, Sunday or any other day that may not be a business day pursuant to law or on which banking institutions are obligated or authorized by law or any other governmental act to shut their doors in MEXICO.
- "SPIN OFF" means the spin off of PROGRESO, as spun off corporation, which, while continuing to exist, shall contribute in block part of its assets and shareholders' equity to the SPUN OFF CORPORATION.
- "TRUST" shall have the meaning attributed to it in the prologue of the present TRUST.
- "TRUSTOR" shall have the meaning attributed to it in the prologue of the present TRUST.
- "TRUSTOR-WIFE" shall have the meaning attributed to it in the prologue of the present TRUST.
- "TRUSTORS" shall have the meaning attributed to it in the prologue of the present TRUST.
- "PURPOSES OF THE TRUST" shall have the meaning attributed to it in the clause denominated "PURPOSES" of the present TRUST.

EX - DUARTE JAQUEZ - 000366





**TURST CONTRACT   4743**

- "MERGER" shall mean the merger of PROGRESO, AKALA and UNICA CASA DE CAMBIO, S.A. de C.V., Auxiliary Credit Activity in the capacity of MERGED CORPORATIONS that cease to exist due to the MERGER into and with the SURVIVING CORPORATION.
- "PERMITTED INVESTMENTS" shall mean the investments that will be carried out by the TRUSTEE, pursuant to what is established in the clause of this TRUST denominated "INVESTMENT"
- "MEXICO" shall mean the United Mexican States.
- "PARTIES" shall jointly refer to the TRUSTORS and the TRUSTEE.
- "TRUST CAPITAL" shall have the meaning attributed to it by the clause in this TRUST denominated "CAPITAL".
- "PESOS" and/or "MX$" shall mean the currency of legal tender in MEXICO.
- "PROGRESO" shall mean the business corporation denominated "Union de Credito Progreso", S.A. de C.V.
- "RESTRUCTURING" shall be the collective reference to the following corporate acts: (i) the "SPIN OFF" (ii) the MERGER; and (iii) the organization and operation of the SURVIVING CORPORATION, as a multiple banking institution, at the time that the MERGER becomes valid.
- "CORPORATION" shall mean, as the context so requires, PROGRESO, AKALA, the SURVIVING CORPORATION, the SPUN OFF CORPORATION or the BANK.
- "SPUN OFF CORPORATION" shall mean the business corporation denominated "Administradora de Servicios Integrales de Delicias", S.A. de C.V.
- "SURVIVING CORPORATION" shall mean the "Multiplicaciones de Servicios Progreso de Delicias, S.A. de C.V."

SECOND. – **RULES OF INTERPRETATION**. – The present TRUST, unless the context requires otherwise, shall be governed by the following rules of interpretation:

(a) the terms utilized with an initial capital letter shall be equally applicable to the singular and plural according to their respective meanings;

(b) if the context so requires, any pronoun shall also include the corresponding male or female or neutral form;

(c) the references to this TRUST or any other contract, agreement or document, or to any other specific provision of the latter, shall be interpreted as references to said instrument or provision, as it may be modified in conformity with its respective terms;

(d) all of the references to the clauses, subsections, paragraphs, numbered paragraphs and/or attachments, shall be understood to have been made with respect to the clauses, subsections, paragraphs, numbered paragraphs and/or

EX - DUARTE JAQUEZ - 000367





**TURST CONTRACT    4743**

attachments of the present TRUST, unless from the context something else should be interpreted;

(e) all and each one of the Attachments that should are attached to the present instrument are an integrated part of the TRUST;

(f) the heading of the clauses and the subsections are solely for reference and shall not affect the interpretation of this Contract;

(g) should there be a discrepancy between the TRUST, its attachments and the documents to which the TRUSTEE is a party, the provisions contained in the TRUST shall prevail.

**THIRD:  FORMALIZATION.** The TRUSTORS execute by this act a Trust Administration and Investment Contract designating as the Trustee Institution Banco Mercantil del Norte, S.A., Multiple Banking Institution, Banorte Financial Group.

The TRUSTORS shall integrate the initial capital of this TRUST, same which may be increased with other assets or rights according to the stipulations of this TRUST, transferring, in this act, the amount of $65,000,000.00 (SIXTY-FIVE MILLION PESOS 00/100 MEXICAN CURRENCY), (hereinafter, the INITIAL CONTRIBUTION) by means of deposit or wire transfer to the TRUST ACCOUNT that the TRUSTEE has opened in order to comply with the purposes that have been established in the present TRUST.

The TRUSTEE, by means of the Trustee Delegate accepts by this act the position which is conferred by means of the present TRUST and grants, in favor of the TRUSTORS, the broadest receipt appropriate at law for the receipt of the funds referred to in the preceding paragraph in this clause.

The present TRUST shall be registered in the accounting files of the TRUSTEE under number   **4743,** therefore any communication or instruction that is issued pursuant to the same, to the attention of the TRUSTEE, should make reference to the aforecited number.

**FOURTH:  PARTIES.** The parties to the TRUST, are the following:
   **TRUSTORS:**          CESAR HORACIO DUARTE JAQUEZ AND HIS WIFE, BERTHA OLGA GOMEZ FON.

**FIRST**                 **PLACE**   The selfsame TRUSTORS
**BENEFICIARIES:**

EX - DUARTE JAQUEZ - 000368





**TURST CONTRACT   4743**

**SECOND       PLACE**  In equal parts, the children of the TRUSTORS named,
**BENEFICIARIES:**        César Adrián, Bertha Isabel and Olga Sofia all with the
                          last name of Duarte Gomez, (which shall be indistinctly
                          denominated as "SECOND PLACE BENEFICIARIES").
**TRUSTEE:**               Banco Mercantil del Norte, S.A., Multiple Banking
                          Institution, Banorte Financial Group

**FIFTH: DESIGNATION OF BENEFICIARIES**. The TRUSTORS freely and voluntarily
designate as beneficiaries, the following persons:

1. Designation of First Place Beneficiaries: The selfsame TRUSTORS designate
   themselves as FIRST PLACE BENEFICIARIES with respect to 100% (one
   hundred percent) of their beneficiary rights; likewise, in this act they state that it is
   their wish and will that in the event of the death of any of the "TRUSTORS", the
   surviving TRUSTOR shall be entitled to 100% (one hundred percent) of all and
   each one of the beneficiary rights that the deceased TRUSTOR had at that
   moment, related to the total of the trust capital; having the surviving "TRUSTOR"
   the obligation to notify in writing the "TRUSTEE" of the death of the "TRUSTOR"
   which occurred, accompanying said written communication with the original of the
   respective death certificate.

2. Designation of Second Place Beneficiaries: The TRUSTORS designate as
   SECOND PLACE BENEFICIARIES with respect to 100% (one hundred percent)
   of their beneficiary rights, in equal parts their children named César Adrián, Bertha
   Isabel and Olga Sofia all with the last name of Duarte Gomez, who shall attain that
   capacity one there has occurred the death of both "TRUSTORS" and such is
   notified to the "TRUSTEE", by means of a written notification before a Notary
   Public, signed by the SECOND PLACE BENEFICIARIES, and said original should
   be accompanied with original copies of the respective death certificates.

**SIXTH: CAPITAL.** – The capital of the present TRUST shall be integrated in the
following manner:

1. The INITIAL CONTRIBUTION that was described in the preceding clause of this
   TRUST denominated "FORMALIZATION".

2. The PROVISIONAL CERTIFICATES related to the rights inherent to the
   CONTRIBUTIONS FOR FUTURE CAPITAL INCREASES, to be made by the
   TRUSTEE, for the account and upon the order of the TRUSTORS in said
   corporations, according to the PURPOSES OF THE TRUST.

3. The BANK SHARES that in the future and in the fulfillment of of the PURPOSES
   OF THE TRUST are acquired by the TRUSTEE, for the account and upon the

EX - DUARTE JAQUEZ - 000369





**TURST CONTRACT    4743**

order of the TRUSTORS, or contributed to by the TRUSTORS to the TRUST CAPITAL.

4. The dividends that in cash or in kind that may result from the BANK SHARES that may be delivered to the TRUSTEE, thus increasing the TRUST CAPITAL.

5. The contributions voluntarily made by the TRUSTORS, on the terms and for the purposes of the clause of the present TRUST denominated "SHARE ADMINISTRATION".

6. The yield, capital gains or proceeds that are obtained from the investment and administration of the TRUST CAPITAL.

7. The assets and/or rights that, in fact and pursuant to law, correspond to those that are constituted with the TRUST CAPITAL, as well as by those that may result from the fulfillment of the PURPOSES OF THE TRUST.

8. The funds that are contributed to the TRUST, the proceeds of the sale(s) of the SHARES, said proceeds should be retained in the TRUST CAPITAL, until instructions are received from the TRUSTORS indicating the manner of distribution and/or transfer of the same.

9. That shares received by the TRUSTEE, if applicable, resulting from the payment of dividends in shares determined by the BANK, the issuer of the SHARES that form part of the TRUST CAPITAL.

All transfer of the ownership of assets and rights that are contributed to the present TRUST, shall observe the formalities stipulated in the local legislation for the transfer of said assets or rights and, if applicable, the obtainment of the required governmental authorizations pursuant to the applicable legislation.

All contribution of funds made by the TRUSTORS by means of check, shall be understood to have been received "subject to collection" and, should the check be drawn on an institution other than Banco Mercantil del Norte, S.A., Multiple Banking Institution, Banorte Financial Group, the same shall be credited to the TRUST CAPITAL up until 2 (two) business days following the date on which the same was delivered to the TRUSTEE.

The TRUSTORS and the TRUSTEE agree that the assets previously described constitute the Inventory of TRUST CAPITAL, without prejudice to the other assets that may become part of the TRUST CAPITAL, along with the subsequent contributions or by the yield generated on the investment of the funds in the trust.





**TURST CONTRACT    4743**

Likewise, it is stipulated that the assets and rights that constitute the subject of the present TRUST, are considered allocated to the purpose designated in this TRUST and, consequently, may only be exercised in relation to the latter, the corresponding rights and acts, pursuant to this TRUST.

**SEVENTH: <u>PURPOSES</u>.** – The purposes of the present TRUST are the following:

1. That the TRUSTEE receive and retain the ownership of the capital that was initially contributed to the TRUST, as well as those other cash or in-kind funds that, during the validity of the same, were contributed by the TRUSTOR to increase the same.

2. That the TRUSTEE (i) receive from the TRUSTORS any cash amount, so that, on account for and by order of the latter, these be allocated to CONTRIBUTIONS FOR FUTURE CAPITAL INCREASES and/or the subscription of SHARES (ii) receive from the corresponding CORPORATION for the account and upon the order of the TRUSTORS, the funds in cash that under the concept of dividends and/or interest and/or capital reductions and/or capital refunds and/or repurchase of SHARES and/or the return of CONTRIBUTIONS FOR FUTURE CAPITAL INCREASES and/or the delivery of liquidation quotas that should be distributed amongst its shareholders and, (iii) proceed to deliver the amounts referred to in subsection (ii) preceding, by means of wire transfer to the checking account that the TRUSTORS have opened in Banco Mercantil del Norte, S.A., Multiple Banking Institution, Banorte Financial Group, on the terms expressed in the instruction for said purpose that is remitted by said TRUSTORS.

3. That the TRUSTEE invest and, if applicable, reinvest the monetary amounts that are a part of the TRUST CAPITAL, in conformity with the stipulations of clause in this contract denominated INVESTMENT.

4. That the TRUSTEE, charged to the cash resources available in the TRUST CAPITAL, in conformity with the written instructions received from the TRUSTORS carry out the CONTRIBUTIONS FOR FUTURE CAPITAL INCREASES by means of the transfer of the funds or the checking accounts of the CORPORATIONS that are indicated in the corresponding instruction and receipt, consequently, from the CORPORATIONS to which the PROVISIONAL CERTIFICATES correspond.

5. That the TRUSTEE, charged to the TRUST CAPITAL and on the terms of the written instructions issued to it by the TRUSTORS, proceed for the account and upon the order of the aforesaid, indicating the corresponding price, or exchange the PROVISIONAL CERTIFICATES for the BANK SHARES.





**TURST CONTRACT     4743**

6. That, to the extent necessary, in conformity with the applicable legislation, the TRUSTEE (i) subscribe, in conjunction with the corresponding CORPORATION and the TRUSTORS, any request for authorization and/or notice and, (ii) provide to the TRUSTORS and/or to the respective CORPORATION, the information required under the applicable legislation and/or the competent authorities for the obtainment of the AUTHORIZATIONS and the consummation of the RESTRUCTURING, including without limitation the authorization for the SPIN OFF, the MERGER and the BANKING AUTHORIZATION (the "AUTHORIZATIONS").

7. That should authorizations be obtained, the TRUSTEE receive the SHARES of the BANK and of the SPUN OFF corporation, for the account and upon the order of the TRUSTORS and retain their ownership, in conformity with the terms and conditions established in the present TRUST.

8. That the TRUSTEE, following the written instructions remitted to it by the TRUSTORS, exercise the corporate rights inherent to the SHARES, whether it be directly or through the representatives designated for said purpose by the TRUSTORS. Notwithstanding the preceding, it has been established that lacking instructions, the TRUSTEE shall not be obligated to appear at the Meetings, nor to vote the SHARES in any manner, therefore in this act, the TRUSTORS release the TRUSTEE of said responsibilities, if such is the case.

9. That the TRUSTEE, after receipt of prior instructions from the TRUSTORS, exercise or permit the exercise of the financial rights inherent to the SHARES and make available to the TRUSTORS the partial or total refunds of capital derived from the SHARES, any liquidation quotas, as well as the cash and in-kind dividends that, if applicable, are declared by the issuer of the SHARES, it having been established that in case that the issuer of the SHARES declares share dividends due to the capitalization of profits, the shares received by the TRUSTEE for said concept thus increasing the TRUST CAPITAL, for its subsequent application pursuant to the PURPOSES OF THE TRUST.

The TRUSTEE shall deliver to the TRUSTORS the funds that in the applicable case it may receive due to the exercise of the rights referred to in the immediately preceding paragraph, by means of the deposit or transfer of the same that is made to the checking account(s) that may be indicated to it in the written instructions remitted to it by the TRUSTORS and that are opened in their name.





**TURST CONTRACT   4743**

10. That, should none of the CORPORATIONS, attempt to increase its corporate capital by means of new contributions from their shareholders, the TRUSTEE once it has received from the CORPORATIONS the call to the holding of the corresponding Shareholders' Meeting, same which should be delivered at least 10 (ten) CALENDAR DAYS before the date on which the corresponding Shareholders Meeting shall be held, it shall proceed to:

10.1   Notify the TRUSTORS, at least 10 (ten) CALENDAR DAYS before the date on which the corresponding shareholders meeting shall be held, so that the TRUSTORS by means of written instructions inform if they wish the TRUSTEE to subscribe the capital increase in the proportional part that corresponds to them and, if such is the case, deposit in the TRUST ACCOUNT, the funds necessary to pay the SHARES that represent the capital increase that may be approved by the respective shareholders meeting.

Should it be the will of the TRUSTORS that the TRUSTEE subscribe and partially or totally pay the capital increase that may be approved by the shareholders meetings, based on its preferential subscription right, the TRUSTORS shall so notify the TRUSTEE in writing and shall deposit into the TRUST ACCOUNT the amount corresponding to said amount, at least 10 (ten) calendar days before the date on which the corresponding Shareholders Meeting shall be held.

10.2   Suscribe and pay the capital increase that may be approved by the shareholders meeting in conformity to and subject to the notifications and deposits previously described, on the understanding that the TRUSTEE shall not be obligated to subscribe the portion corporate capital increase in the amount it was instructed, if the TRUSTORS have not deposited the corresponding amount in the TRUST ACCOUNT.

10.3   Receive from the corresponding Corporation, for the account and upon the order of the TRUSTORS, the Shares that may have been issued and retain their ownership, in conformity to the terms and conditions established in the present TRUST.

11. That should it be the case that any of the CORPORATIONS intends to declare a reduction of capital with share amortization and it is required that each shareholder of the CORPORATION decides to not participate in the capital reduction and amortize their corresponding SHARES, in conformity with their shareholding, the TRUSTEE once it receives from the CORPORATIONS the corresponding call to Shareholders Meetings, same which must be delivered at least 10 (ten) CALENDAR DAYS before the last day on which the shareholders must express

EX - DUARTE JAQUEZ - 000373





**TURST CONTRACT   4743**

their consent to participate in the declared corresponding reduction of capital, shall proceed to notify the TRUSTORS, no later than the second (2nd) BUSINESS DAY subsequent to that on which it received the corresponding call to meeting, so that the TRUSTORS, by means of written instructions, inform the Trustee at least 4 (four) BUSINESS DAYS before the date set for the holding of the corresponding shareholders meeting, whether or not they wish to participate in the aforementioned Meeting and exercise their right related to the reduction of capital and the amortization of SHARES, and once the preceding has been carried out, the TRUSTEE shall proceed to inform the corresponding CORPORATION, timely and opportunely, what is appropriate in conformity with the instructions that it receives from the TRUSTORS.

12. That the TRUSTEE, charged to the TRUST CAPITAL, following the written instructions remitted to it by the TRUSTORS, deliver in favor of the selfsame TRUSTORS and/or of the individuals or legal entities that in said instructions are expressed to it, the monetary amounts it is requested, on the understanding that for the preceding purposes and provided that the TRUST CAPITAL has the liquid funds necessary to do so, the TRUSTEE is bound to the following:

a) The TRUSTEE shall request that the financial broker IN which the investments of the TRUST are kept, the sale at market price, of the securities that the TRUSTOR has indicated to it in the instructions referred to in the preceding paragraph.

b) The TRUSTEE shall not be obligated to deliver those funds which have been requested of the TRUSTORS, should it be the case that it has not been instructed in regard to the securities that, if applicable, should be sold in order to obtain the liquidity necessary to make said delivery.

The TRUSTEE shall not be liable for the actual and consequential damage that may be incurred by the TRUSTORS or third parties, due to delay in delivery of the funds requested, if said delay was caused in turn by a delay in the sale of the securities necessary to comply with the cash requirements, due to the lack of demand for said securities.

All delivery of funds that should be made by the TRUSTEE in favor of the selfsame TRUSTORS and/or in favor of third parties, shall be made by deposit or transfer to the indicated checking account for said purpose in the instructions of the TRUSTORS.

EX - DUARTE JAQUEZ - 000374





**TURST CONTRACT   4743**

The TRUSTEE shall not be liable for the destination or application given to the funds that it has delivered, in conformity with the stipulations of the present clause.

13. That the TRUSTEE, in the event of the death of a TRUSTOR, shall proceed to register the beneficiary rights in favor of the surviving TRUSTOR, after the surviving TRUSTOR has proven said event, in the manner and on the terms that were described in the clause to this TRUST denominated "DESIGNATION OF BENEFICIARIES", subject to the appropriate applicable legislative governmental authorizations.

14. That the TRUSTEE, in the event of the death of both TRUSTORS, said event having been proved on the terms provided for in the clause of this TRUST denominated "DESIGNATION OF BENEFICIARIES", shall proceed to (i) distribute and deliver in equal parts, the total of the TRUST CAPITAL, to the SECOND PLACE BENEFICIARIES; and, (iii) to invalidate and extinguish in its totality the present "TRUST".

15. That the TRUSTEE, following the prior written instructions remitted to it by the TRUSTORS, shall proceed on the terms of the provisions established in the clause denominated DEFENSE OF CAPITAL of this contract, to grant in favor of the persons that for said purpose are detailed in the aforecited instructions, the powers for lawsuits and collections that may be required to defend the trust capital.

16. That the TRUSTEE, following the prior written instructions remitted to it by the TRUSTORS, shall proceed to return, either totally or partially in favor of the aforementioned, the TRUST CAPITAL, on the understanding that in the event that the requested return is for the totality of the TRUST CAPITAL, it shall proceed to extinguish the TRUST, by signing the corresponding extinction agreement.

17. That the TRUSTEE execute all of the necessary legal act to fulfill the purposes of the present TRUST.

**EIGHTH. – <u>INVESTMENT</u>.** The investment of the TRUST CAPITAL is made pursuant to the present TRUST, and shall be subject to the following provisions:

1. The TRUSTEE shall invest the monetary amounts that integrate the capital of this TRUST, in conformity with the prior written instructions remitted to it by the TRUSTOR, as it is thus authorized in this act by the TRUSTOR-WIFE, in which there are determined: (a) the amount of money to be invested, (b) the term of said investment, (c) the class of securities that should be included amongst those in

EX - DUARTE JAQUEZ - 000375





**TURST CONTRACT   4743**

which the brokerage houses are authorized to invest, (d) the issuer or said securities, (on the understanding that this issuer shall only be one of those authorized to do so, in accordance to the applicable legislation) and (e) the financial broker.

The TRUSTORS and the TRUSTEE agree that, should the instructions referred to in the preceding paragraph be lacking or the instruction do not satisfy the mentioned requirements, an investment in money market, by means of any of the corporations referenced at paragraph 5 of this clause, at terms no greater than 14 (fourteen) days, in which case, the herein established shall have the effect of an instruction from the TRUSTOR.

If there do not exist sufficient funds to invest in money market, then the investment shall be in a promissory note with yield payable at maturity or at terms of up to 28 (twenty-eight) days.

2.  The purchase of securities or negotiable instruments shall be limited to the availability and liquidity of the same, and to the market conditions existing at that moment.

3.  The investments made pursuant to the present TRUST shall only be made in PESOS, in conformity with the written instructions remitted by the TRUSTOR to the TRUSTEE, as it is thus authorized in this act by the TRUSTOR-WIFE, detailing in any event, the characteristics referred to in numbered paragraph 1 (one) preceding.

4.  The TRUSTORS in this act expressly release the TRUSTEE from any liability derived from the purchase of securities o investment instruments, as well as for the losses or decreases that may affect the capital in the TRUST, unless the TRUSTEE had acted negligently.

5.  The TRUSTEE shall be authorized to execute investment, securities brokerage, commercial agency, administrative deposit of securities, repurchase, direct purchase-sale of negotiable instruments or securities contracts or any other type of contract, that is required to  make the investments teferred to in this clause with (a) Casa de Bolsa Banorte IXE, S.A. de C.V., Banorte Financial Group; (b) Banorte Securities International, LTD., Banorte Financial Group, as well as with (c) with any other corporation that may be part of the Banorte Financial Group to make the investment and manage the funds which make up the capital of the TRUST, however it is not bound in any case to deliver physically the securities or instruments purchased resulting from the investments made. The TRUSTEE shall

EX - DUARTE JAQUEZ - 000376





**TURST CONTRACT   4743**

only execute operations with securities, purchase-sale of currencies, operations resulting therefrom and any financial investment with Multiple Banking Institutions, Brokerage Houses or foreign financial entities, provided that the aforementioned corporations act in their own name. The TRUSTEE shall execute the contracts referred to in this numbered paragraph, pursuant to the terms and conditions in the manner formally accustomed with its clientele by the previously mentioned institutions.

6. The TRUSTEE shall be empowered to charge to the capital of the TRUST all expenses, commissions or any other disbursement derived from the administration and investment of the TRUST funds.

7. The TRUSTORS in this act release the TRUSTEE from any liability, with respect to the investment negotiable instruments and terms that may be acquired due to the written instructions issued to it by the TRUSTOR, as well as by the investments made the TRUSTEE, pursuant to the stipulations of numbered paragraphs 1 (one) and 3 (three) of this same clause, or for any decrease incurred by the TRUST CAPITAL and that may result from the decrease in value or the suspension in trading of the securities, negotiable instruments or documents acquired in keeping with the investment contracts or the securities brokerage contracts which are executed for the investment of the TRUST CAPITAL, as well as of actual and consequential damages that are the consequence of commercial bankruptcy, suspension of payments, bankruptcy or non-performance of the issuers.

8. The TRUSTEE shall not be liable for the decreases incurred by the trust capital if it acts in conformity with the stipulations of this contract and the provisions of article 391 of the General Law of Negotiable Instruments and Credit Operations.

**NINTH. – INSTRUCTIONS:** The TRUSTOR-WIFE, in this act, expresses her consent so that during the lifetime of the TRUSTOR, the latter be the only person who instructs the TRUSTEE, with respect to the TRUST CAPITAL, it being established that upon the decease of the TRUSTOR, after prior notification of said event to the "TRUSTEE", on the terms established in the clause of this TRUST denominated "DESIGNATION OF BENEFICIARIES", the "TRUSTEE" shall invest the TRUST CAPITAL according to the instruction that for said purpose may be issued by the "TRUSTOR-WIFE".

**TENTH. – REPORTS OF THE TRUSTEE:** The TRUSTEE shall remit on a monthly basis to the TRUSTORS to the domicile indicated in the clause denominated DOMICILES in this TRUST, an account statement with respect to the operations executed with the capital held in the present TRUST.





**TURST CONTRACT    4743**

The TRUSTORS shall have a term of 15 (fifteen) calendar days counted from the issuance date of the aforecited account statement, so as to analyze the same and, if applicable, request the clarifications that they deem necessary, it being established that if no observation is made during the time period previously indicated, it shall be understood to have been tacitly approved.

The TRUSTEE shall not be liable if for causes not attributable to it, the TRUSTORS do not receive the respective account statement, it being the responsibility of the latter to request it from the TRUSTEE, with a copy of the corresponding account statement.

**ELEVENTH. – <u>TAXES AND FISCAL OBLIGATIONS</u>:** Sine the TRUSTORS reserve onto themselves the right to repurchase the TRUST CAPITAL, in conformity with the terms of the present TRUST, the same shall not be considered conveyed, on the terms of the provisions of Article 14 (fourteen) of the Federal Tax Code.

All taxes caused by reason of the operations carried out for the fulfillment of the PURPOSES established in the present TRUST for the account and charged to the TRUSTORS, who shall be obligated to carry out directly and without the intervention of the TRUSTEE the pay over and payments of the corresponding taxes, as well as to comply with all of the provisions of a fiscal nature that may be applicable to them in order to fulfill the PURPOSES of the TRUST.

In the same form as the above, legally grounded on article 16 (sixteen) of the Business Flat Tax Rate Law (IETU, due to its initials in Spanish), and since the present TRUST is not considered by the Income Tax Law (ISR, due to its initials in Spanish), as engaged in Business Activity, the TRUSTORS bind themselves to perform, directly and without the intervention of the TRUSTEE, the obligations established in the Business Flat Tax Rate Law; including without limitation, the payment of taxes, contributions and fees that are generated by virtue of the income that, if applicable, they may receive due to the present TRUST, binding themselves to hold harmless and release the TRUSTEE, as well as indemnify it on the terms established in the clause of this TRUST denominated INDEMNITY, in the event that the Trustee is sued or there is an attempt to sue the Trustee for any liability for:  (i) any compliance or non-compliance with the IETU Law incurred by the TRUSTORS, as well as (ii) due to the tax strategies that may be applied by the selfsame TRUSTORS in relation to the capital of this TRUST and the benefits in their favor that result from the same.

In this act, the TRUSTORS undertake any obligation to inform and provide documentation to the tax authorities, withholders of taxes or third parties that due to legal provisions require said information, authorizing the TRUSTEE to provide to the tax, issuer, secretaries of board of directors, public attestors and other corresponding with holders,

EX - DUARTE JAQUEZ - 000378





**TURST CONTRACT  4743**

the Federal Taxpayer Registry Number of the TRUSTORS, or any information related to comply with the required informational obligations, in conformity with the applicable laws and regulations.

**TWELFTH. <u>POWERS OF THE TRUSTEES</u>:** The TRUSTEE shall manage the TRUST CAPITAL with the powers and obligations established in article 391 and other related articles of the General Law of Negotiable Instruments and Credit Operations.

Notwithstanding the preceding, the TRUSTEE shall have with respect to the assets that make up the capital of the TRUST, the broadest powers and authority amongst which there are included without limitation, those specified as follows:

a) General power of attorney for lawsuits and collections, acts of administration and retention of title, with all of the general and, moreover, the special powers that pursuant to law require a special clause, on the terms of the first three paragraphs of article 2554 (two thousand five hundred fifty-four) of the Federal Civil Code and its correlated articles of the Civil codes of the other states that are part of the United Mexican States.

b) General power of attorney to grant and sign negotiable instruments, on the terms of section I of Article 9 (ninth) of the General Law of Negotiable Instruments and Credit Operations, a copy of the present contract serving as the written communication before whomever they may have to exercise said power and;

c) Power to grant general and special powers of attorney and to revoke either ones.

The preceding powers and authorities may be exercised by the TRUSTEE solely and exclusively for the fulfillment of the PURPOSES OF THE TRUST, same which are herein taken as fully reproduced as if they had been literally inserted.

The TRUSTEE shall not be obligated to personally exercise the power of attorney for lawsuits and collections, since should it be necessary to exercise the same its responsibility shall be limited to granting the powers necessary to defend the TRUST CAPITAL, in conformity with the stipulations of the clause denominated DEFENSE OF CAPITAL in this TRUST.

It is established that the TRUSTEE shall at no time be responsible for the performance of the legal representatives, nor shall it be obligated to cover the latter's professional fees or expenses derived from the latter's performance, same which shall be liquidated in accordance to the stipulations of the clause denominated DEFENSE OF CAPITAL in this TRUST.

EX - DUARTE JAQUEZ - 000379





**TURST CONTRACT    4743**

**THIRTEENTH. <u>RESPONSIBILITY OF THE TRUSTEE:</u>**   The Trustee shall not be responsible if it acts in the respective case in compliance with the instructions that it receives from the TRUSTORS, nor for the conduct, acts, non-compliance or omissions of the contracting parties, or of third parties or authorities, prior to or subsequent to this date, nor for the legal acts in which it has not directly intervened or the interpretations of authorities or for changes to the enforceable legislation that make more difficult, control, impede or penalize the performance of its duties or the validity of the TRUST, the TRUSTORS being accountable for all of the legal consequences of the preceding.

The TRUSTEE shall at no time answer with its assets and, without exception, for any claim related to the TRUST, presented by an authority or a third party, for which the ultimately responsible is the TRUST CAPITAL, the TRUSTORS making manifest their consent in this respect.

The TRUSTEE shall not be responsible for any obligations other than those expressly agreed to in this TRUST or pursuant to Law, within which are not included fiscal and employment obligations of any kind.

The TRUSTEE shall record in all acts and contracts that it carries out with the assets of the TRUST, that it do so in fulfillment of the purposes of the TRUST, without it assuming any personal liability for the same.

The TRUSTEE shall incur civil liability for the actual and consequential damages caused by non-performance of the obligations it assumes pursuant to this contract, if it has acted negligently.

If the TRUSTORS act by means of a representative, the TRUSTEE shall comply with all of its previously written instructed obligations issued by the person or persons that according to its files have proven said representation, unless the4
 TRUSTORS have give the TRUSTEE prior written notice with acknowledgement of receipt communicating to the Trustee the extinction of the aforementioned representation and that they have duly proved their new representation.

In the event that there exists any legal proceeding or judicial cause of action against the TRUSTEE, by the TRUSTORS and/or a third party, the expenses which arise due to defending the same shall be charged to the capital of the TRUST, without there being required for this purpose any authorization from the TRUSTORS and/or any third party that may acquire rights charged to the present TRUST. In case that the funds which make up the capital of the TRUST are insufficient, or the TRUST lacks the liquidity necessary to defray the expenses, the TRUSTORS shall be obligated to directly cover, redressing the TRUSTEE should it be the case that the latter disbursed or covered any expense.

EX - DUARTE JAQUEZ - 000380





TURST CONTRACT    4743

**FOURTEENTH. – <u>DEFENSE OF CAPITAL</u>:** The Trustee shall not be liable for the acts, conduct or omissions of the parties or of third parties that impede or make difficult the attainment of the purposes of the TRUST.

Should there arise any conflict related to the assets which make up the TRUST CAPITAL, the TRUSTEE shall not be bound to personally defend the capital of the TRUST, solely being bound to grant the powers necessary in favor of the person or persons so indicated in writing by the TRUSTORS, so that this person may engage in the care, conservation or defense of the TRUST CAPITAL, having to appear the TRUSTORS with a statement of their respective consent.

If the TRUSTEE receives any notification of any legal complaint, formal request from any authority and/or, in general, any notice related to the capital of the present TRUST, this shall be notified in writing to the TRUSTORS, thus ceasing any liability of the TRUSTEE.

The TRUSTORS should immediately instruct in writing the TRUSTEE, so that the latter grants the power or powers of attorney necessary to the person or persons designated in conformity with the stipulations of the second paragraph of this clause.

The TRUSTEE shall be liable for the performance of the legal representatives, nor for the payment of professional fees, expenses, legal fee or of any other expense derived from the respective proceedings, same which, in all events, shall be charged to the TRUSTORS, it being stipulated that the TRUSTORS may instruct the TRUSTEE so that the expenses originated due to the corresponding proceeding, shall be covered by the cash funds that integrate the capital of the TRUST and up to the amount that said funds cover.

In all powers of attorney granted by the TRUSTEE in fulfillment of the purposes and other terms of this TRUST, the contents of the immediately preceding paragraph should be recorded.

**FIFTEENTH. – <u>VALIDITY OF THE OWNERSHIP TITLES</u>:** The TRUSTEE shall purchase for the account and upon the order of the TRUSTORS, the ownership of the SHARES that shall make up the TRUST CAPITAL, based on the negotiable instruments which represent said shares, that in said act will be delivered by the CORPORATIONS, as well as by the entries recorded in the shareholder record book of the CORPORATIONS, the issuers of said SHARES and, consequently, it shall not be responsible in any manner to the TRUSTORS, nor to third parties, including those in whose favor are transmitted part or the total of the TRUST CAPITAL, due to hidden defects or lack of consent in regards to the

EX - DUARTE JAQUEZ - 000381





**TURST CONTRACT   4743**

corresponding ownership titles nor for the challenges that may be presented to the rights granted by the same, a responsibility which in all cases is undertaken by the TRUSTORS.

**SIXTEENTH. – <u>REDRESS IN QUITCLAIM CASES:</u>** The TRUSTORS bind themselves should there be a person with better ownership title to the subject of the trust on the terms of the law applicable to the assets and rights contributed to this TRUST, to redress said circumstances. If the TRUSTEE, in order to fulfill the PURPOSES OF THE TRUST transfers partially or totally the TRUST CAPITAL, the TRUSTORS shall be liable for redress should there be a person with better ownership title to the subject of the trust on the terms of the law, by this act empowering the TRUSTEE to bind them on said terms before individuals or legal entities to whom, pursuant to this TRUST, there is transferred partially or totally the TRUST CAPITAL, and it shall be sufficient to do so to endorse the same in the capacity of owner.

**SEVENTEENTH. – <u>TRUSTEE RESIGNATION OR SUBSTITUTION:</u>** The TRUSTEE may resign from the position designated in the present TRUST due to serious causes in the opinion of a trial court judge located in the jurisdiction which encompasses the domicile of the trust, in conformity to the stipulations of article 91 of the General Law of Negotiable Instruments and Credit Operations.

For purposes of the stipulations in the preceding paragraph, the PARTIES agree that failure to pay the professional fees owed to the TRUSTEE, as established in this TRUST, shall be considered as a serious cause.

The TRUSTORS may, at any time, agree to substitute the TRUSTEE by delivering a notification to the latter 30 (thirty days) business days in advance of the date on which said substitution is intended, so that it may prepare whatever is appropriate to formalize the substitution. The TRUSTEE shall proceed to substitute the trustee, after previously paying the expenses or professional fees that in accordance to this TRUST it has the right to receive.

**EIGHTEENTH. – <u>DOCUMENTARY RECORDS:</u>** – The TRUSTEE is bound to keep a record of the physical files and/or the electronic files for the terms indicated in the applicable laws, regulations and circular letters, the documents in which there are recorded the acts and operations that they may have executed in order to comply with the PURPOSES OF THE TRUST.

**NINETEENTH. – <u>THIRD PARTY OPERATIONS</u>:** The TRUSTEE shall represent themselves as such to individuals or legal entities, with which they execute legal acts, in fulfillment of the PURPOSES OF THE TRUST, without assuming any personal liability for so doing.

EX - DUARTE JAQUEZ - 000382





**TURST CONTRACT    4743**

**TWENTIETH. – LEGAL PROHIBITION:** In compliance with the provisions of Circular Letter 1/2005, issued by the Banco de México and the Securities Market Law, the TRUSTEE informs the TRUSTORS that the following is prohibited:

<u>General Law of Negotiable Instruments and Credit Operations</u>

**Article 332. –** "… A trust constituted in favor of the trustee is null and void, excepting the provisions of the following paragraph and in the applicable remaining legal provisions.

The trustee institution may be a beneficiary of a trust which purpose is to serve as a payment means for breached obligations, in the case of the credits granted by the selfsame institution for the carrying out of business activities. In this event, the parties shall agree to the terms and conditions so as to resolve possible conflicts of interest…"

**Article 394:** There are prohibited:

    I.      Secret trusts;

    II.     Trusts of which the benefit or benefits is granted to successively to different persons which shall substitute each other on the death of the preceding person, excepting those cases in which the substitution is carried out in favor of person that are alive or already conceived, at the time of death of the Trustor; and

    III.    Trusts which duration is more than fifty years, if there is designated as beneficiary a non-public legal entity or a charitable institution, however trust may be constituted for more than fifty years if the purpose of the trust is the upkeep of non-profit scientific or art museums …".

<u>Law of Credit Institution:</u>

    **Article 106. "Credit institutions shall be prohibited from:**

     **XIX.**    In carrying out the operations referred to in section XV of article 46 of this Law:

          a)  Execute operations with the selfsame institution so as to fulfill the objectives of the trust, agencies or commissions. The Banco de Mexico may authorize, by means of generally applicable provisions, the execution of determined operations if they do not imply a conflict of interest.

EX - DUARTE JAQUEZ - 000383





**TURST CONTRACT   4743**

b) Responsible to the trustors, principals or bailors, for the breacn of the debtors due to the credits granted, or of the issuers, for the securities that are acquired, unless it is caused by their recklessness, as provided in the final part of article 391 of the General Law of Negotiable Instruments and Credit Operations, or for guaranteeing the yield of the funds which investment is entrusted to them.

If upon termination of the trust, agency or commission constituted for the granting of credits, the aforesaid have not been liquidated by the debtors, the institution may transfer the same to the trustor or beneficiary, whichever may be the case, or to the principal or the commission principal, refraining from covering the amount.

In trust, agency or commission contract there shall be inserted in an obvious manner the provisions of this subsection and a representation by the trustee stating that it has unequivocally informed its content to the person from whom it has received assets or rights for its allocation into the trust:

c) Act as trustee, agents or commission agents for trust, agencies or commissions, respectively, through which there are raised, directly or indirectly, funds from the public, by means of any act which causes a direct or contingent liability, excepting those trusts constituted by the Federal Government through the Ministry of Finance and Public Credit, and of trusts through which there are issued securities which are registered in the National Securities Registry in conformity with the provision of the Securities Market Law.

d) Fulfill the trusts, agencies and commissions referred to in the second paragraph of article 88 of the Investment Corporation Law;

e) Act in trusts, agencies or commissions used to evade limits or prohibitions contained in the financial laws.

f) Utilize the funds or securities of the trusts, agencies or commissions allocated to the granting of credit, in which the trustee has the discretional power in the granting of the same so as to carry out operations by virtue of which there result or may result as debtors their trustee delegates; the members of the board of directors or directors council, as may correspond, both permanent and alternate members, whether or not they are in office; the employees and officers of the institution; the statutory auditors, both permanent or alternate, whether or not they are in office; the external auditors of the institution; the members of the technical committee of the respective trust; the ascendants and descendants in the first degree or the spouses of the

EX - DUARTE JAQUEZ - 000384





**TURST CONTRACT    4743**

aforecited persons, the corporations in which shareholders meetings said persons or the selfsame institution have a majority, as well as those persons so determined by the Banco de Mexico in generally applicable provisions.

g) Administer rural lands, unless they have received said administration to distribute the capital amongst the heirs, persons entitled to the bequests, partners or debtors, or to pay an obligation or to guarantee their performance with the value of the selfsame rural land or of its proceeds, and in these cases the administration cannot exceed the term of two years, excepting in case of production trusts or guarantee trusts.

Any agreement contrary to the preceding provisions, shall be null and void…"

Article 118. "Excepting all nature of information requested by the National Banking Commission, violation of the secrecy inherent to the operations referred to in section XV of article 46 of this Law, including before the authorities or courts during proceedings or claims that are not those filed by the trustor or beneficiaries, commission principal or principal, against the institution or vice versa, shall entail for the latter civil liability for the actual and consequential damages caused thereby, without prejudice to the appropriate criminal responsibility".

**Circular Letter 1/2005 of Banco de Mexico:**

6.1     In the constitution of trusts, Trustee Institutions shall be prohibited from the following:

a. Charge to the trust capital prices different from those agreed to when contracting the operation in question;

b. Guaranteeing the yield or prices on the funds which investment is entrusted to them, and

c. Carry out operations pursuant to conditions and terms contrary to its internal policies and the sound financial practices.

6.2     Trustee Institutions cannot execute operations with securities, negotiable instruments or any other financial instrument that do not comply with the specifications agreed upon in corresponding trust contract.

6.3     Trustee Institutions cannot constitute trusts that they are not authorized to execute in conformity with the regulatory laws and provisions.

EX - DUARTE JAQUEZ - 000385





**TURST CONTRACT    4743**

6.4    In no case shall trustee institutions cover charged to the trust capital payment of any penalty which may have been imposed on said institutions by any authority.

6.5    In the case of Trust guarantees, bond institutions and Sofoles cannot receive other than assets or rights which purpose is to guarantee the obligations in question.

6.6    Trustee institutions shall observe the provisions of articles 106, section XIX of the Law of Credit Institutions, 103 section IX of the Securities Market Law, 62 section VI of the General Law of Mutual Insurance Institutions and Corporations and 60 section VI Bis of the Federal Bonding Institutions Law, as may correspond to each institution.

**TWENTY-FIRST. – <u>OPERATIONS WITH THE SELFSAME INSTITUTION</u>:** The TRUSTORS agree that in order to avoid conflicts of interest, they authorize and empower the TRUSTEE to execute investment operations with the selfsame institution, provided that the aforementioned institution acts for its own account and acknowledges that there is no hierarchical subordination as between the departments that intervene in said operations.

Excepting the stipulations in this contract, the TRUSTEE shall require express written authorization from the TRUSTORS to execute any contract with the selfsame institution, other than that provided for in this TRUST for the purpose of avoiding conflicts of interest and provided that the carrying out of the acts in question are permitted by Securities Market Law or by provisions that result therefrom.

In addition, by virtue of the fact that the TRUSTEE acts for the account and upon the orders of the third parties, in the operations that it executes with the selfsame institution, it is not applicable "intermingling"/confusion of rights and obligations derived from said contracts, because the TRUSTEE acts in compliance with the PURPOSES OF THE TRUST and in accordance to the instructions of the TRUSTORS.

**TWENTY-SECOND. – <u>EXPENSES AND FEES OF THIRD PARTIES</u>:** All third-party expenses and fees derived from fulfillment of the PURPOSES OF THE TRUST and other terms of the TRUST, shall be charged to the TRUST CAPITAL should the aforesaid have the liquid funds necessary to do so, in the respective case, and charged to the TRUSTORS.

The TRUSTORS in this act authorize the TRUSTEE to charge to the TRUST CAPITAL, third party expenses and fees that may be incurred due to fulfillment of the PURPOSES OF THE TRUST and the other terms of the TRUST.

EX - DUARTE JAQUEZ - 000386





**TURST CONTRACT**   **4743**

Should it be the case that the TRUST CAPITAL is insufficient and lack the liquidity necessary to pay third party expenses and fees that may be incurred due to the fulfillment of the PURPOSES OF THE TRUST, the TRUSTEE is not bound to carry out any act until the TRUSTORS provides to it the full amount of the funds necessary for said purpose.

**TWENTY-THIRD. – ENFORCEABILITY TERM.** The present TRUST shall have the term necessary in order to fulfill its purposes, without exceeding the maximum legal term, and it may cease to exist due to any of the predicates provided for in article 392 (three hundred ninety-two) of the General Law of Negotiable Instruments and Credit Operations.

**TWENTY-FOURTH. – REVOCATION:** The TRUSTORS expressly reserve to themselves the right to revoke the present contract, in which case the TRUSTEE upon the signing of the corresponding extinction agreement, should proceed to return the trust capital, pursuant to the stipulations of the clause denominated "PURPOSES" of this TRUST.

**TWENTY-FIFTH. – TRUST MODIFICATIONS:** The TRUST may be modified, at any time during its enforceability term, by formalizing the corresponding agreement signed by the TRUSTORS and the TRUSTEE, provided that said modifications do not affect the rights of any third party with whom the TRUSTEE had contracted in compliance with the PURPOSES OF THE TRUST.

**TWENTY-SIXTH. – TRUSTEE FEES:** The TRUSTEE shall collect from the TRUSTORS for undertaking the position which is conferred upon it by the TRUST that by means of the present instrument is formalized, the commissions indicated in ATTACHMENT "A" which is an integrated part of the present TRUST.

**TWENTY-SEVENTH. – DOMICILES:** The PARTIES provide as their domiciles, the following:

**TRUSTORS:**

Chihuahua, Postal Code

**TRUSTEE:**

Nuevo Leon, Postal Code

64830

Any notification, formal request or other communication, that is necessary to comply with any provision of the present TRUST shall be recorded writing, in Spanish and shall be sent to the domiciles that are specified above, or by fax and telephonically confirmed. In the last case, the notifications and instructions addressed to the TRUSTEE, shall be sent in original to the previously mentioned domicile, or to the corresponding domicile in the event

EX - DUARTE JAQUEZ - 000387





**TURST CONTRACT    4743**

of a subsequent change, within a term not to exceed 10 (ten) business days, following the confirmation date of the fax sent.

If any of the PARTIES changes their domicile, it shall be obligated to so notify in writing to the others, on the understanding that until said notification is formulated, there shall be deemed valid the last domicile designated before the TRUSTEE.

Notwithstanding the preceding, the PARTIES agree that the TRUSTEE may notify the change of its domicile, by means of a publication that manifests this circumstance in one of the most widely circulated newspapers in the location of the domicile of the TRUSTEE.

**TWENTY-EIGHTH. <u>INDEMNITY</u>:** The TRUSTORS bind themselves to hold harmless the TRUSTEE, the subsidiaries of the TRUSTEE (hereinafter denominated as subsidiaries) and their respective directors, officers, employees, representatives, trustee delegates or advisors, including in this last case, without any limitation, lawyers, accountants, consultants, bankers, financiers and any of the representatives of said advisors (hereinafter denominated as the "Representatives"), should any claim be presented, legal proceeding, trial or complaint against the TRUSTEE and/or any of its respective "Representatives", due to any of the acts carried out by the TRUSTEE (and/or its "Subsidiaries" and /or "Representatives") in relation to the present TRUST, excepting those due to error, negligence or intentional. Therefore, the TRUSTORS bind themselves to pay the TRUSTEE for any expense or disbursement of any nature, including professional fees and legal expenses) which it may incur or any actual or consequential damages incurred due to any claim, trial, legal proceeding or complaint filed in the Mexican Republic or abroad, against the TRUSTEE (and/or its subsidiaries and/or its "Representatives") in relation to any of the acts that the aforesaid may execute pursuant to the terms of this contract, excepting if due to mistake, negligence or intention.

**TWENTY-NINTH. <u>JURISDICTION AND VENUE</u>:** Should any controversy between the PARTIES that intervene in this TRUST arise, related to the interpretation, performance and execution of the present contract, the parties expressly submit themselves to the jurisdictional courts of the city of Monterrey, Nuevo Leon, waiving any other jurisdiction or venue that may correspond to them by virtue of their present or future domicile.

The parties having been informed of the scope and contents of the present contract, they sign the same on June 11, 2013 (two thousand thirteen) in three (three) counterparts, in the city of Chihuahua, Chihuahua, an original remaining in possession of each one of the parties, who agree to accept this instrument as an inventory of the TRUST CAPITAL.

**"TRUSTORS"**

EX - DUARTE JAQUEZ - 000388





**TURST CONTRACT    4743**

_(Illegible Signature)_
Cesar Horacio Duarte Jacquez

_(Illegible Signature)_
Bertha Olga Gomez Fong

**"TRUSTEE"**
**Banco Mercantil del Norte, S.A.,**
**Multiple Banking Institution**
**Banorte Financial Group**

_(Illegible Signature)_
Alejandro Tarin Villamar
Trustee Delegate

_(Illegible Signature)_
Olga Patricia Treviño Loera
Trustee Delegate

EX - DUARTE JAQUEZ - 000389





**TURST CONTRACT    4743**

### ATTACHMENT "A"

### TRUSTEE COMMISSION FEES

The **TRUSTEE** shall charge the TRUSTORS for rendering the services inherent to the position it holds in the TRUST which is formalized by the present instrument, the commission fees that are indicated as follows:

a) For the analysis, drafting of the contract and acceptance of the trustee position, the amount of $20,000 (TWENTY THOUSAND PESOS 00/100 MEXICAN CURRENCY) payable upon the signing of the present TRUST.

b) For the administration of the TRUST, the monthly amount of $10,000.00 (TEN THOUSAND PESOS 00/100 MEXICAN CURRENCY), same that shall be covered by yearly advance payment, charged to the trust capital.

c) For the execution of any contract or agreement, whether public or private, as well for the granting of powers of attorney so as to fulfill the PURPOSES OF THE TRUST, excepting those powers which are required for the representation of the SHARES at shareholders meetings held by the CORPORATIONS, the TRUSTEE shall charge the amount of $5,000.00 (FIVE THOUSAND PESOS) each time said services are required; the preceding amount should be covered at the signing of the corresponding legal document.

d) For modifications to the TRUST, the TRUSTEE shall charge the amount of $10,000 (TEN THOUSAND PESOS 00/100 MEXICAN CURRENCY), each time that it is necessary to modify the TRUST, the preceding amount should be covered upon signing the corresponding modification agreement.

In case that the modifications to the TRUST, imply additional duties and/or responsibilities for the TRUSTEE, the latter reserves to itself the right to increase the fees stipulated in subsection b) preceding, taking into consideration the increase in its duties and responsibilities that were entrusted to it due to the modification agreement that for this purpose is formalized.

e) For the issuance of checks, transfers, SPEIS, as well as for any other trustee service not provided for in the present clause, the TRUSTEE shall charge the commissions that are in force for the Banco Mercantil del Norte S.A., Multiple Banking Institution, Banorte Financial Group, at the time that said services are requested.

The TRUSTEE is empowered to charge to the TRUST CAPITAL the monetary amounts referred to in the present clause.

EX - DUARTE JAQUEZ - 000390





**TURST CONTRACT    4743**

Should it be the case that the TRUST CAPITAL is insufficient and lack the liquidity necessary to cover the fees of the TRUSTEE, then the fees should be directly paid by the TRUSTOR within the 5 (five) business days following the date on which the same are incurred, in the offices of the TRUSTEE which domicile is specified in the clause denominated DOMICILES of this TRUST and without the Trustee needing to present a formal request thereto.

The TRUSTEE reserves to itself the right to annually update its fees in the same proportion as the increase of the National Consumer Price Index published by the Banco de Mexico or that body that substitutes the aforesaid for this purpose.

The fees of the TRUSTEE shall cause Value Added Tax, therefore said tax should be summed to the amounts that under the concept of fees the TRUSTEE is entitled to receive and should be paid at the moment that said fees are covered.

The TRUST capital shall preferentially guarantee the fees of the TRUSTEE, as well as the expenses that the latter has incurred in performing the duties of the position conferred upon it by this TRUST.

Notwithstanding the preceding, should there be a delay in payment of the fees corresponding to the TRUSTEE, it shall the right to collect under the concept of liquidated damages, the amount which results from applying the Average Percentage Cost of Funds plus 4 (four) points, calculated on the amount of the uncovered commission fee when opportune and for the period during which the sum remains unpaid.

In this act, the TRUSTOR authorizes the TRUSTEE to charge to any of its checking accounts that it has opened in Banco Mercantial del Norte, S.A., Multiple Banking Institution, Banorte Financial Group, the amount corresponding to the trustee fees.

The TRUSTEE shall abstain from carrying out any administrative proceeding, as well as proceed to partial or total cancellations of the TRUST, thus incurring liability, while there exists any balance in its favor pending liquidation.

**"TRUSTORS"**

| (Illegible Signature) | (Illegible Signature) |
|---|---|
| Cesar Horacio Duarte Jacquez | Bertha Olga Gomez Fong |

EX - DUARTE JAQUEZ - 000391





**TURST CONTRACT   4743**

**"TRUSTEE"**
**Banco Mercantil del Norte, S.A.,**
**Multiple Banking Institution**
**Banorte Financial Group**

| (Illegible Signature) | (Illegible Signature) |
|---|---|
| Alejandro Tarin Villamar | Olga Patricia Treviño Loera |
| Trustee Delegate | Trustee Delegate |

EX - DUARTE JAQUEZ - 000392