UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22829-MC-LFL

IN THE MATTER OF
THE EXTRADITION OF
CESAR HORACIO DUARTE JAQUEZ
_____/

## MOTION TO SET CONSOLIDATED BRIEFING SCHEDULE

This motion seeks a consolidated briefing schedule for the parties' final extradition filings and Cesar Duarte's motion to dismiss (DE29). Duarte's motion asserts the statute of limitations as a defense to the extradition request. Because the final extradition hearing will afford the Court the opportunity to rule on all defenses to certification, there is no need for separate briefing and/or a separate hearing to resolve the motion to dismiss. Thus, the government requests a briefing schedule permitting 15 days to file a 25-page omnibus response to both the motion to dismiss and Duarte's anticipated opposition to extradition. This schedule best serves judicial economy and avoids piecemeal litigation by preserving the date for the final extradition hearing, presently set for December 10, 2020.

The undersigned has conferred with Duarte's counsel, who opposes the request for a consolidated briefing schedule.

### BACKGROUND

Mexico seeks Duarte's extradition to try him on charges of aggravated embezzlement and aggravated conspiracy, in violation of the criminal laws of the state of Chihuahua, Mexico. A judge in Chihuahua issued a warrant for Duarte's arrest on October 8, 2019. Req. at 115-202.

In July 2020, the United States arrested Duarte in Miami, Florida, and filed an extradition complaint in this District (DE1). This Court denied Duarte release on bond pending the resolution

of this proceeding, and Duarte currently remains in the custody of the U.S. Marshals Service.

The parties already have begun submitting material in anticipation of the final extradition hearing. On August 30, 2020, the government filed its final memorandum in support of extradition (DE23). The Court initially gave Duarte until September 30, 2020 to respond, with an anticipated final extradition hearing date of November 10, 2020 (DE25). Duarte sought, and the government did not oppose, an extension to allow Duarte to submit a motion to dismiss and to have additional time to prepare his response to the extradition request. *See* (DE27). Under the Court's current briefing schedule, Duarte has until October 30, 2020 to respond to the extradition memorandum (two months since the government's filing), the government has 15 days to reply, and the final extradition hearing will occur on December 10, 2020 (DE28).

On September 30, 2020, Duarte moved to dismiss the extradition request on statute of limitations grounds (DE29). Under default rules, the government's response is due on October 14, 2020.

## DISCUSSION

At the final extradition hearing, this Court will consider the requesting country's evidence and determine whether the legal requirements for certification of extraditability—as defined in the applicable extradition treaty, statutes, and case law—have been established. *See Charlton v. Kelly*, 229 U.S. 447, 461 (1913) (analogizing extradition hearing to a preliminary hearing in a criminal case); *Martin v. Warden, Atlanta Penitentiary*, 993 F.2d 824, 828-29 (11th Cir. 1993). Under certain treaties, including the governing treaty here, the statute of limitations is one possible defense. *See*, *e.g.*, *Pajkanovic v. United States*, 353 F. App'x 183 (11th Cir. 2009).

2

It is appropriate for this Court to consider that defense alongside the other arguments that Duarte will make at the final extradition hearing. Indeed, the final extradition hearing is the only hearing contemplated by the governing statute, 18 U.S.C. § 3184. Section 3184 authorizes a magistrate judge to issue an arrest warrant so "that [the fugitive] may be brought before such justice, judge, or magistrate judge, to the end that the evidence of criminality may be heard and considered." *Id*. "If, on such hearing, [the judge] deems the evidence sufficient to sustain the charge under the provisions of the proper treaty," then the Court "shall certify the same . . . to the Secretary of State." *Id*. Thus, the statute does not anticipate that the court will entertain any dispositive motions—such as a motion to dismiss—before the final extradition hearing.

Any other approach would result in piecemeal litigation and would not serve the interests of judicial economy. Many, if not all, of the potential defenses in an extradition proceeding are legal in nature. If a party could raise such defenses before the final extradition hearing by way of a motion to dismiss, it would draw out the matter considerably, prejudicing the interests of the requesting state in a timely resolution of their prosecution of the fugitive.

Duarte likely will contend that the Court should resolve the limitations question first because, if this Court grants him complete relief, it will obviate the need for him to file his extradition response or for a final extradition hearing. Alternatively, he may argue that the elimination of some portion of his illegal conduct based on the statute of limitations would narrow the scope of the final hearing. However, it is notable that Duarte himself concedes that the conspiracy charge is not barred by U.S. law, *see* (DE29:15),[1] and the Mexican judge who issued

---

[1] This page number refers to the CM/ECF header number, not the document's internal pagination.

Duarte's arrest warrant determined that the charges complied with the Mexican statute of limitations, *see* Req. at 196 (explaining that, under Mexican law, the last possible date to bring the conspiracy charge was August 27, 2024). The U.S. will respond more fully to explain why neither the substantive nor conspiracy charges are time-barred and to identify the numerous errors or oversights in Duarte's purported expert analysis. Leaving that aside, at a minimum, the survival of the conspiracy count means that this litigation will proceed to a final extradition hearing. Moreover, contrary to Duarte's view that the statute of limitations could narrow the facts that this Court needs to consider, the parties still will need to address every transaction because the entirety of the embezzlement scheme will be relevant to determining whether there is probable cause on the overarching conspiracy count.

The government initiated this proceeding in July 2020 by filing its extradition complaint. Since then, the parties have had ample time to evaluate the charges and prepare for the final hearing. To honor our country's treaty obligations to Mexico, we should strive to conclude this proceeding in a timely fashion by holding Duarte's extradition hearing in December 2020 as scheduled.

Thus, the government proposes that this Court consolidate the motion to dismiss—which raises one defense available to Duarte under the governing treaty—with the final extradition proceeding where the Court will consider all of his defenses. The proposed consolidation would produce the following deadlines:

**October 30, 2020** – Duarte's response in opposition to extradition

4

**November 16, 2020**[2] – United States' omnibus response to Duarte's motion to dismiss and reply in support of extradition

**December 10, 2020** – Final extradition hearing

The government also respectfully requests that the Court provide it with a 25-page limit for its omnibus response, which will combine the discussion of the statute of limitation issues with any other defenses that Duarte may raise. To the extent that Duarte wishes to reply in support of his motion to dismiss after November 16, there is ample time between that date and December 10.

As noted above, the government conferred with counsel for Duarte and confirmed that Duarte opposes the request for a consolidated briefing schedule.

Dated: October 5, 2020
Respectfully submitted,

Ariana Fajardo Orshan
United States Attorney

By: /s *Jason Wu*
Jason Wu
Assistant United States Attorney
Court ID No. A5502299
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9226
Jason.Wu@usdoj.gov

*/s Christopher J. Smith*
Christopher J. Smith
Associate Director
Office of International Affairs

---

[2] The current schedule provides the government 15 days to reply, and that deadline falls on November 14, a Saturday. Thus, the government has until November 16 to submit its filing. *See* Fed. R. Civ. P. 6(a)(1)(C).

Criminal Division
U.S. Department of Justice
Court ID No. A5502264
1301 New York Avenue NW
Washington, D.C. 20530
(202) 532-4254
Christopher.J.Smith@usdoj.gov

*/s Rebecca A. Haciski*
Rebecca A. Haciski
Trial Attorney
Office of International Affairs
Criminal Division
U.S. Department of Justice
Court ID No. A5502265
1301 New York Avenue NW
Washington, D.C. 20530
(202) 616-2534
Rebecca.Haciski@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was uploaded onto the Court's CM/ECF system and sent via CM/ECF to all counsel of record.

/s *Jason Wu*
Jason Wu
Assistant United States Attorney

7