**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 20-22829-MC-LFL**

**IN THE MATTER OF THE
EXTRADITION OF
CESAR HORACIO DUARTE JAQUEZ**

**RESPODENT CESAR DUARTE'S RESPONSE TO GOVERNMENT'S
MOTION TO SET CONSOLIDATED BRIEFING SCHEDULE**

Respondent César Duarte Horacio Jáquez ("Mr. Duarte"), through the undersigned counsel, responds to the Government's Motion to Set Consolidated Briefing Schedule, ECF No. 31.   For reasons more fully explained below, the Government's motion should be denied.

On September 19, 2020, Mr. Duarte moved for an extension of time to  respond to the Government's extradition memorandum, requesting that he be first allowed to move to dismiss on statute of limitations grounds and have that motion disposed of before responding to the government's extradition memorandum.  *See* Unopposed Motion for Extension Time to Respond to Government's Memorandum in Support of Extradition, ECF No 27.  The motion specifically requested that Mr. Duarte be permitted until October 30, 2020 to file his response to the Government's Extradition Memorandum, or such time as the parties may agree, and/or the such time as the Court requires *after* it rules on the motion to dismiss on statute of limitations grounds. *Id.*  This request made sense, as the Motion to Dismiss—if granted—would obviate the need for the parties to litigate, and the Court to decide, the more complex issues

1

presented in the Extradition Memorandum.  *See* ECF No. 27 at ¶ 6.  The Court granted the motion, permitting Mr. Duarte to move to dismiss on statute of limitations grounds by September 30, 2020 and re-setting the deadline to October 30, 2020 for filing his memorandum in opposition to the government's memorandum in support of extradition, ECF No. 28.  On September 30, 2020, Mr. Duarte moved to dismiss the Extradition Complaint in its entirety on statute of limitations grounds. *See* Mr. Duarte's Motion to Dismiss Extradition Complaint, ECF No. 29.

Before Mr. Duarte filed the Motion for Extension of Time (ECF 27), the parties conferred as required by the Local Rules. In doing so, they discussed that Mr. Duarte would be requesting to first litigate the statute of limitations issues and the government agreed. Hence, the motion was filed as an unopposed motion. It would appear, however, that the government now regrets its agreement and instead wants Mr. Duarte to file his response to the Government's Extradition Memorandum so that it may file an omnibus response (reply) to both the Motion to Dismiss and Mr. Duarte's response to the Government's Extradition Memorandum.  *See generally* Government Motion to Consolidate Briefing, ECF No. 31.  In other words, the government no longer agrees with disposing of the motion dismiss before proceeding to a final extradition hearing. The government even appears to be arguing that 18 U.S.C. § 3184 does not permit the Court to entertain the motion dismiss before the final extradition hearing.  *Id*. at 3.

None of the authorities which the government cites, however, lend any support to its argument that the Court cannot entertain Mr. Duarte's motion to dismiss before

holding the final extradition hearing. *See* ECF No. 31, Pages 2-3 (citing *Charlton v. Kelly*, 229 U.S. 447, 461 (1913), *Martin v. Warden, Atlanta Penitentiary*, 993 F.2d 824, 828-29 (11th Cir. 1993), *Pajikanovic v. United States*, 353 F. App.'x 183 (11th Cir. 2009) and 18 U.S.C. § 1384). *Kelly* involved the Court's refusal to permit the respondent or defendant to present evidence of his insanity. 229 U.S. at 460-462. *Martin* took on the question of whether the respondent had a right to speedy extradition. 993 F.2d at 823-29. The Eleventh Circuit found he did not have any such right. *Id.* And *Pajikovanic* simply involved an appeal addressing, in addition to other issues, how to construe the language dealing with the statute of limitations in the treaty between Bosnia and Herzegovina and the United States. 252 F. App.'x at 186-188. While it is true that extradition hearings are limited in scope by comparison to full blown trials, there is nothing in 18 U.S.C. § 3184 or case law that prevents an extradition court from ruling on Mr. Duarte's motion dismiss before holding a final extradition hearing.

Given that the statute of limitations is a defense specifically provided for in the treaty between the United States and Mexico, *see* Ext. Treaty, art. 7, May 4, 1978, 31 U.S.T. 5059, and that its disposition may result in dismissal of Mexico's extradition request or, alternatively, it may impact the scope of the offenses to be litigated during the hearing, the Court is undoubtedly free to first dispose of the statute of limitations issues before proceeding to a final extradition hearing. For precedent on the matter, the Court need not look any further than an extradition case recently litigated in this district before now Chief Magistrate John O'Sullivan. *See Arias Leiva v. Wilson*, 2018

3

WL 9662551 (S.D. Fla. September 6, 2018).[1]  In that case, the government filed its extradition complaint on behalf of Colombia on August 11, 2016 and Mr. Arias was arrested shortly thereafter on August 24, 2016. *Id.*at *2.  On October 24, 2016, Mr. Arias and his lawyers moved to dismiss the extradition complaint on the grounds that the applicable treaty was invalid and therefore the Court lacked subject matter jurisdiction.  *Id.*  Magistrate Judge O'Sullivan heard the motion to dismiss on November 17, 2016 and thereafter both parties submitted supplemental briefing and the Government submitted additional evidence on the question of the validity of the treaty.  *Id.*  On February 6, 2017, the Judge denied the motion to dismiss.  *Id.* at *3.  The parties then submitted additional memoranda and the Judge held the final extradition hearing on September 28, 2017.  *Id.*at *4.  Hence, as set forth in Mr. Duarte's motion for extension of time (ECF 27), which the Court granted and to which the government offered no objection, first litigating his motion to dismiss and the issues raised therein is an entirely reasonable manner in which to handle this matter.

Moreover, the Government is incorrect that consolidating briefing on Mr. Duarte's Motion to Dismiss and the Government's Memorandum in Support of Extradition is in the interest of judicial economy.  *See* ECF No. 31 at 3.  The Motion to Dismiss seeks to resolve the entire case utilizing a straightforward mathematical calculation.  *See Yapp v. Reno,* 26 F.3d 1562, 1568 (11th Cir. 1994) ("Determining whether a statute of limitations has run requires a mathematical calculation that can

---

[1] *Accord In re Extradition of Nunez*, 2011 WL 281030, at *1 (S.D. Fla. Jan. 26, 2011); *In re Extradition of Hurtado*, 622 F. Supp. 2d 1354, 1354 (S.D. Fla. 2009).

usually be performed simply by referring to the applicable statutory provision."). Thus, resolving it first may eliminate the need for the Court to address the litany of issues raised in the Memorandum in Support of Extradition. The Government, on the other hand, would have Mr. Duarte and the Court expend valuable resources on issues that may be rendered superfluous by the statute of limitations. This is quite the opposite of judicial economy.

Finally, it should not be forgotten that Mr. Duarte is litigating from a jail cell without the same access to his lawyers that he would have had without a global pandemic. While Mexico, for entirely political reasons, may be in a hurry to prosecute Mr. Duarte in Chihuahua, the fact remains that the Government filed its extradition request on behalf of Mexico during an unprecedented pandemic.

WHEREFORE, for the forgoing reasons, Mr. Duarte respectfully requests that the Court *deny* the Government's Motion to Consolidate Briefing, and set a deadline to file his memorandum responding to the government's memorandum in support of extradition (ECF No. 23) after the Court rules on Mr. Duarte's motion to dismiss on statute of limitations grounds (ECF No. 29). If the government needs additional time to file its response to the motion to dismiss on statute of limitations grounds, we have no objection to whatever reasonable period the Court may grant if such a request is made.

5

Dated:  October 9, 2020.           Respectfully submitted,

**BELL ROSQUETE REYES ESTEBAN, PLLC**
999 Ponce De Leon Blvd.
Suite 1120 - Penthouse
Coral Gables, Florida 33134
Telephone: (305) 570-1610
Facsimile: (305) 570-1599

By: ___/S/ Henry P. Bell_____
        HENRY P. BELL
        Florida Bar No. 0090689
        hbell@brresq.com

                -and-

By:  /S/ Armando Rosquete
        ARMANDO ROSQUETE
        Florida Bar No. 648434
        arosquete@brresq.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 9, 2020 a true and correct copy of the

foregoing has been furnished electronically via ECF to all counsel of record.

By: ___/S/ Henry P. Bell_____
        HENRY P. BELL
        Florida Bar No. 0090689
        hbell@brresq.com

6