Exhibit 1

**04123**

La Embajada de México saluda atentamente al Departamento de Estado y se refiere a la **SOLICITUD FORMAL DE EXTRADICIÓN INTERNACIONAL**, contenida en la nota número 06219R del 27 de diciembre de 2019, respecto de **CÉSAR HORACIO DUARTE JÁQUEZ**, a quien las autoridades mexicanas reclaman por su probable responsabilidad en la comisión de los delitos de **PECULADO** y **ASOCIACIÓN DELICTUOSA**, ambos con penalidad agravada.

Sobre el particular, la Embajada solicita al Departamento de Estado ser el amable conducto para hacer llegar a la Oficina de Asuntos Internacionales de la División Criminal del Departamento de Justicia, la información proporcionada por la Fiscalía General de la República a la Secretaría de Relaciones Exteriores (Dirección General de Asuntos Jurídicos), con el propósito de coadyuvar con las autoridades estadounidenses para dar respuesta a los argumentos presentados por la defensa de **DUARTE JÁQUEZ.**

En primer término, el gobierno de México desea reiterar que la Juez de Control del Distrito Judicial Morelos, del Estado de Chihuahua emitió orden de aprehensión en contra de **DUARTE JÁQUEZ** por su probable intervención en los delitos de **peculado** y **asociación delictuosa, ambos con penalidad agravada**.

Las **conductas** desplegadas por **DUARTE JÁQUEZ**, que fueron señaladas en la solicitud de extradición constituyen únicamente 2 delitos, **peculado** y **asociación delictuosa, ambos con penalidad agravada** mismos que se encuentran tipificados y sancionados en el artículo 270, fracción I y en el numeral 248, respectivamente, ambos del Código Penal del Estado de Chihuahua.

La naturaleza jurídica respecto del delito de **peculado** consiste en la disposición o distracción que un servidor público hace de los bienes (dinero, valores, inmuebles o cualquier otra cosa) que por su carácter le han sido confiados. De acuerdo con la ley del Estado de Chihuahua, los elementos constitutivos de delito son:

a) Que el sujeto activo tenga la calidad de servidor público;

1



b) Que exista la acción de distraer de su objeto dinero que hubiere recibido por razón de su encargo, y

c) Que lo distraído exceda en cantidad al equivalente a quinientas veces el salario mínimo.

Estos elementos se encuentran satisfechos en el presente caso, toda vez que durante los años del 2011 al 2014, cuando se desempeñaba como Gobernador Constitucional del Estado de Chihuahua y tenía la obligación de administrar los recursos económicos del Estado, **DUARTE JÁQUEZ**, previo acuerdo con diversos funcionarios y personas ajenas al servicio público, desviaron recursos públicos por la cantidad de $96,685,253.80 pesos mexicanos que fueron extraídos de diversas cuentas pertenecientes a la Secretaría de Hacienda del Estado de Chihuahua, destinados exclusivamente a fines públicos.

Es por las razones que se citarán a continuación que los argumentos de la defensa de **DUARTE JÁQUEZ** sobre la operación de la prescripción no tienen ningún mérito:

**A. EL DELITO DE PECULADO CONSTITUYE UN SOLO CARGO.**

De acuerdo a la legislación penal mexicana, el hecho atribuido a **DUARTE JÁQUEZ** constituye un solo delito, el de peculado con penalidad agravada, lo que traducido en la legislación penal estadounidense constituiría un solo cargo.

La naturaleza jurídica del delito de peculado con penalidad agravada que se le atribuye a **DUARTE JÁQUEZ** resalta que es aplicable a la conducta atribuida a éste, lo dispuesto en el artículo 17, fracción III, del Código Penal del Estado de Chihuahua, donde se estipula lo siguiente:

> *"Articulo 17. Delito instantáneo, continuo y continuado. El delito,* ***atendiendo a su momento de consumación,*** *puede ser:*
>
> *...****Continuado****: cuando con unidad de propósito delictivo, pluralidad de conductas e identidad de sujeto pasivo, se concretan los elementos de un mismo tipo penal..."*

2



Del precepto legal citado se desprende que a **DUARTE JÁQUEZ** se le atribuye el delito de peculado con penalidad agravada, ya que mientras se desempeñaba como gobernador Constitucional del Estado de Chihuahua, entre los años 2011 y 2014, previo acuerdo con diversos funcionarios, desviaron (***unidad de propósito delictivo***) recursos públicos del patrimonio estatal (***un mismo afectado***) que ascendió a la cantidad de $96'685,253.80, lo cual realizaron a través de varios procedimientos que resultaron en el desvío de recursos públicos (***pluralidad de conductas***).

Según la ley penal en México, en un delito continuado, a pesar de que ocurren múltiples conductas que de forma aislada pudieran constituir un delito por sí mismo, dado que se encuentran unidas bajo un solo propósito delictivo y en contra de una sola victima en el transcurso de un determinado tiempo, la conducta desplegada por **DUARTE JÁQUEZ** fue continua y por lo tanto debe ser considerada como un solo delito.

Al ser un solo cargo, resalta lo señalado en el artículo 270 del Código Penal del Estado de Chihuahua que establece que, de ser declarado penalmente responsable del delito de peculado con penalidad agravada, a **DUARTE JÁQUEZ** podría imponérsele una pena de cuatro a doce años de prisión.

Según la legislación penal mexicana, cuando la etapa de juicio contra **DUARTE JÁQUEZ** tenga lugar, el juzgador valorará en conjunto las pruebas que acrediten la conducta que se le atribuye y analizará la participación de éste en los procedimientos para llevar a cabo el desvío de los recursos públicos señalados en la solicitud de extradición. Aun cuando, por ejemplo, uno de los actos no cubriera en última instancia los elementos del tipo penal, la naturaleza del delito no cambia; por lo tanto, una transacción no demostrada no cambia la naturaleza jurídica del delito.

La autoridad jurisdiccional encargada de valorar las pruebas que se presenten en el juicio en contra de **DUARTE JÁQUEZ** podrá valorar si estas son suficientes para atribuir al reclamado el desvío de los recursos por los $96'685, 253.80 pesos mexicanos. Sin embargo, en el hipotético caso de que alguna transacción fraudulenta de las múltiples que conforman el delito continuado de peculado con penalidad agravada a criterio del Juez no se considere probada, esto únicamente impactaría en el monto de la reparación del daño y

subsistirían las restantes que se encuentran unidas por un solo propósito delictivo en contra de un solo afectado.

Finalmente, debe resaltarse que, en la legislación penal mexicana se establece que una vez concluido el proceso penal y de encontrársele culpable a **DUARTE JÁQUEZ**, las autoridades judiciales impondrán la sanción que corresponda, teniendo en cuenta las circunstancias exteriores de ejecución y las peculiares del delincuente, además de considerar la gravedad de la conducta delictiva, así como el grado de culpabilidad del sentenciado.

## B. LINEAMIENTOS EN MATERIA DE PRESCRIPCIÓN APLICABLES A LOS DELITOS DE PECULADO CON PENALIDAD AGRAVADA Y ASOCIACIÓN DELICTUOSA CON PENALIDAD AGRAVADA.

### b.1. Lineamientos generales de la prescripción:

Como ya quedó establecido, el delito atribuido de peculado es un solo delito, por lo que en la orden de aprehensión la Juez de Control del Distrito Judicial Morelos hizo un análisis de la prescripción por cada delito imputado a **DUARTE JÁQUEZ**, es decir, analizó las reglas de prescripción del delito de peculado con penalidad agravada y del delito de asociación delictuosa con penalidad agravada.

El artículo 111 del Código Penal del Estado de Chihuahua establece los delitos que se persiguen de oficio, como lo son el de peculado con penalidad agravada y asociación delictuosa con penalidad agravada atribuidos a **DUARTE JÁQUEZ**. Dicho precepto establece un término de prescripción igual al término medio aritmético de la pena privativa de libertad, la cual se obtiene de sumar la pena mínima y la pena máxima del delito en cuestión, para luego dividir la cantidad restante, pero en ningún caso será de menos de tres años.

Asimismo, el artículo 107 del mismo ordenamiento legal señala que los plazos de prescripción se duplicarán respecto de quienes se encuentren fuera del territorio del Estado, si por esta circunstancia no es posible concluir la investigación, el proceso o la ejecución de la sentencia.

Un punto importante es que en la orden de aprehensión la Juez de Control en su resolución determinó que existían elementos suficientes para presumir que **DUARTE JÁQUEZ** a finales de 2016 abandonó el territorio

4

mexicano, obstaculizando los **procesos penales** iniciados en su contra. Para demostrar este punto se cuenta con la ficha roja emitida en contra de **DUARTE JÁQUEZ,** el 31 de marzo de 2017, por INTERPOL.

Específicamente, el artículo 107 del Código Penal del Estado de Chihuahua dice a la letra:

> *"..Artículo 107. Duplicación de los plazos para la prescripción. Los plazos para que opere la prescripción se duplicarán respecto de quienes se encuentren fuera del territorio del Estado, si por esta circunstancia no es posible concluir la investigación, el proceso o la ejecución de la sentencia..."*

Del análisis del contenido de dicho precepto legal se advierte que los plazos para que opere la prescripción se duplicarán respecto de quienes se encuentren fuera de territorio nacional.

Es importante resaltar que la Juez de Control al momento de emitir la orden de aprehensión, como perito en Derecho mexicano consideró la vigencia de las disposiciones en materia de prescripción aplicables a los hechos atribuidos a **DUARTE JÁQUEZ** y una vez realizado ese análisis, resolvió que los delitos de peculado con penalidad agravada y asociación delictuosa con penalidad agravada se encuentran vigentes y, en razón de ello, determinó emitir el mandamiento judicial que sustenta la solicitud de extradición presentada por el gobierno mexicano al de los Estados Unidos de América de **DUARTE JÁQUEZ.**

### b.2. Prescripción para el delito de Peculado con penalidad agravada:

La Juez de Control, con fundamento en las disposiciones legales vigentes en el momento en que se cometieron los hechos determinó que el delito de peculado con penalidad agravada prescribe en el último minuto del 27 de noviembre de 2030, lo anterior se determinó ajustándose a las reglas de prescripción y considerando la duplicidad aplicada al término dado que **DUARTE JÁQUEZ** se ausentó del país *obstaculizando su procedimiento.*

Sin embargo, a pesar de que la juzgadora realizó un cálculo preciso de los cómputos de prescripción para el delito de peculado con penalidad agravada, también, en apego a los principios internacionales que protegen los

5

derechos de las personas procesadas, realizó un análisis alterno de manera hipotética sobre un panorama que de haber sido, pudiera beneficiar al reclamado; por ello, tomó en consideración que las conductas delictivas imputadas a **DUARTE JÁQUEZ** iniciaron el 17 de junio de 2011, lo que daba como resultado que la prescripción se actualizaría al último minuto del 16 de junio de 2027, situación que sirve para reforzar y aclarar que bajo ninguna circunstancia el delito de peculado con penalidad agravada ha prescrito.

Aun analizando cada uno de los procedimientos fraudulentos de manera aislada, sin conceder que así sea, el más antiguo de ellos tampoco estaría prescrito. La juzgadora en su resolución, de manera tajante señala que no considera que los hechos hayan sido ejecutados de manera aislada.

Específicamente en el delito de peculado con penalidad agravada, previsto en el artículo 270, fracción I, último párrafo atribuido a **DUARTE JÁQUEZ** se señala una pena de cuatro a doce años de prisión, entonces el término medio aritmético seria de ocho años. Al haberse acreditado que el reclamado se encuentra fuera de territorio nacional, esta última cantidad se duplica dando como resultado dieciséis años los que, contados a partir de la última transacción atribuida a **DUARTE JÁQUEZ,** acontecida el 28 de noviembre de 2014, da como resultado, el 27 de noviembre de 2030.

### b.3. Prescripción para el delito de asociación delictuosa con penalidad agravada:

La misma regla de prescripción es aplicada para el delito de asociación delictuosa con penalidad agravada, tipificado y sancionado en los artículos 246 y 248 del Código Penal del Estado de Chihuahua, [respecto del cual] se señala una pena de seis meses a seis años, la que deberá aumentarse en una mitad al agravarse, esto es, considerando que **DUARTE JÁQUEZ** era servidor público al momento de cometer el delito y además deberá duplicarse por haberse sustraído de la acción de la justicia el reclamado.

Por lo que el término medio aritmético será de nueve meses a nueve años, contados a partir de la última transacción atribuida a **DUARTE JÁQUEZ,** acontecida el 28 de noviembre de 2014, lo que da como resultado, el 27 de agosto de 2024.

6

Por lo tanto, los cómputos de prescripción plasmados por la Juez de Control al emitir la orden de aprehensión en contra de **DUARTE JÁQUEZ** por los delitos de asociación delictuosa con penalidad agravada y peculado con penalidad agravada fueron obtenidos bajo el análisis de las mismas disposiciones legales de prescripción contempladas en el Código Penal del Estado de Chihuahua.

## C. LA DECLARACIÓN DE MIGUEL OLMEDO ROBLES LEÓN ES INVERISIMIL Y FALAZ.

Los argumentos presentados por la defensa en representación de **DUARTE JÁQUEZ** para desestimar la demanda de extradición presentada por el gobierno mexicano, no están fundamentados en la legislación mexicana y carecen de todo fundamento legal. Para un mejor análisis, los argumentos se dividirán en dos partes como a continuación se explicará:

### c.1. Argumentos en contra de la aplicación del artículo 107 del Código Penal del Estado de Chihuahua.

Miguel Olmedo Robles León, en el numeral 16 de su declaración, identificada como "Documento probatorio 1", omite señalar el contenido íntegro del artículo 107 del Código Penal del Estado de Chihuahua. En lugar de ello, cita solo un extracto del numeral mencionado, omitiendo señalar que además de la investigación, los plazos se duplicarán si por esta razón no es posible continuar con el proceso: "... *si por esta circunstancia no es posible concluir la investigación, **el proceso o la ejecución de la sentencia...**"*.

Esto quiere decir que Miguel Olmedo Robles León se enfoca en exponer que la duplicidad de tal plazo únicamente se actualizaría cuando no es posible concluir la investigación y *grosso modo* argumenta que tal figura de la duplicidad no aplica en el caso de **DUARTE JÁQUEZ,** porque a su criterio no hay nada que indique que las autoridades del Estado de Chihuahua no pudieron concluir sus múltiples investigaciones en contra de **DUARTE JÁQUEZ,** incluyendo la investigación que llevó a la emisión de la orden de aprehensión.

Contrario a lo señalado por la defensa, la Juez de Control, al emitir el mandamiento judicial en contra de **DUARTE JÁQUEZ** valoró las pruebas aportadas por las autoridades del Estado de Chihuahua, quienes sí pudieron

7

integrar sus investigaciones y así obtener indicios suficientes para creer que el reclamado se encontraba fuera de territorio nacional, razón por la cual el 31 de marzo de 2017 la INTERPOL publicó ficha roja en su contra, a fin de lograr su localización fuera del país.

Además, dentro de la carpeta de investigación señalada con el número 248/2016 del Juzgado de Control del Distrito Judicial Morelos, del Estado de Chihuahua, se desprende que se le citó a comparecer los días 12 y 14 de diciembre de 2016, citación a la cual **DUARTE JÁQUEZ** no acudió. En lugar de ello, el reclamado presentó, a través de sus abogados, documentos privados con los que pretendía acreditar su incomparecencia señalando que por razones médicas se encontraba en Houston, Texas, Estados Unidos de América.

De igual manera, el 23 de junio de 2017 fue citado por el Juez de Distrito Especializado en el Procedimiento Penal, Eduardo Javier Sáenz Torres, a efecto de celebrar audiencia inicial, sin embargo, tampoco compareció ante dicha autoridad y por ello se emitió orden de aprehensión en su contra. Por lo que, sin lugar a duda se acreditó fehacientemente que **DUARTE JÁQUEZ** se encontraba evadido de la justicia.

Con lo anterior, se acredita que la no comparecencia de **DUARTE JÁQUEZ** ante los tribunales mexicanos hasta la fecha ha impedido que se dé inicio y más aún que se *concluya su proceso* ya que, en el proceso penal acusatorio, la presencia del extraditable es indispensable, siendo así evidente la aplicación del artículo 107 del Código Penal del Estado de Chihuahua.

La orden de aprehensión emitida por la Juez de Control tiene como propósito presentarlo a la Audiencia Inicial, que se traduce en la etapa del proceso penal mexicano con la que se da comienzo al proceso como tal, en el cual, una vez desahogado, el Juez decidirá sobre su responsabilidad.

Es importante resaltar que, respecto del cómputo realizado por el delito de asociación delictuosa con penalidad agravada y del análisis de lo plasmado en el párrafo señalado con el número "12" de los argumentos presentados por la defensa de **DUARTE JÁQUEZ**, el supuesto perito en Derecho Miguel Olmedo Robles León cita erróneamente que, bajo las reglas de prescripción, el término medio aritmético seria de nueve meses a siete años y medio y no de nueve meses a nueve años como ya se explicó.

8

### c.2. Argumentos en contra de la acreditación de la agravante del artículo 270 del Código Penal del Estado de Chihuahua.

Finalmente, se desea patentizar que el razonamiento, interpretación y cálculo para determinar el plazo de la prescripción efectuado por el llamado experto Miguel Olmedo Robles León y que expone en los numerales 8 al 11 de su declaración identificada como *"Documento Probatorio 1"*, **es completamente erróneo**.

Miguel Olmedo Robles León cita lo dispuesto en el artículo 270, fracción I, último párrafo del Código Penal del Estado de Chihuahua, vigente a la fecha en que sucedieron los hechos y señala que en éste se establece que el delito de peculado será sancionado con **pena privativa de la libertad de cuatro a doce años** cuando el **monto exceda de quinientas veces el salario mínimo, con prisión de cuatro a doce años.**

Al respecto, Miguel Olmedo Robles León exterioriza que la versión anterior al año 2017 del artículo 270 no indicaba si el salario mínimo que serviría de base para el cálculo establecido era el salario diario, semanal, mensual o anual, por lo que, al tratarse de un estatuto que pudiera impactar en los derechos humanos de una persona deberán interpretarse de una forma en que se maximicen los derechos de la persona.

En consecuencia y en su opinión, se debería interpretar como 500 salarios mínimos anuales y por lo tanto la agravante del artículo 270 antes invocado, se actualiza cuando el monto o valor exceda de quinientas veces el salario mínimo anualizado, atendiendo al principio de interpretación más favorable al imputado, por lo que en todos aquellos casos en los que el monto distraído no supere las quinientas veces el salario mínimo anualizado, se debe hacer el cálculo de la prescripción en base al término medio aritmético de la pena básica, que es de seis meses a cuatro años, y no los de la pena agravada, que es de cuatro a doce años.

En México, la aplicación del salario mínimo se encuentra regulado en el artículo 123, apartado A), fracción VI, de la Constitución Política de los Estados Unidos y su definición la contempla su legislación reglamentaria denominada Ley Federal del Trabajo, en su artículo 90, primer párrafo, como:

> *"Salario mínimo es la cantidad menor que debe recibir en efectivo el trabajador por los servicios prestados en una jornada de trabajo..."*

Ahora bien, para interpretar que el salario mínimo es diario se debe atender a lo dispuesto en el artículo 61 de la Ley Federal del Trabajo, que señala la duración de una jornada de trabajo:

> *"La duración máxima de la jornada será: ocho horas la diurna, siete la nocturna y siete horas y media la mixta."*

Además, la interpretación hecha por el abogado es errónea, dado que no hay disposición a través de la que deba interpretarse que el término *salario mínimo* deba entenderse como el salario mínimo anual, a lo que se agrega que la interpretación realizada es inconsistente con el sentido común y la cultura jurídica mexicana, ya que es un hecho socialmente entendido que el salario mínimo es el pago a un trabajador por un día laborado.

De la interpretación de dichos ordenamientos legales se advierte con claridad que los salarios mínimos a que se refiere el artículo 270 del Código Penal que nos ocupa, se refieren a salarios mínimos diarios y por ende en el particular, el delito de peculado que se le atribuye al reclamado **DUARTE JÁQUEZ** es agravado, al exceder el monto de 500 veces el salario mínimo diario.

En ese orden de ideas, la pena que se debe tomar en consideración para efectos de contabilizar los plazos de la prescripción del delito de peculado es la que corresponde a su agravante, es decir de **cuatro a doce años**, cuyo término medio aritmético es de **ocho años** y debe actualizarse la hipótesis de la duplicidad que contempla el artículo 107 del Código Penal del Estado de Chihuahua, por las razones antes expuestas.

La Embajada de México aprovecha la oportunidad para reiterar al Departamento de Estado las seguridades de su atenta y distinguida consideración.

Washington, D.C., a 14 de octubre de 2020

Al Departamento de Estado
Washington, D.C.

C.c.p.   Dirección General de Asuntos Jurídicos.- En atención a su ASJ-29085 (15/oct/20)