IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-MC-22829

IN THE MATTER OF THE EXTRADITION OF
CESAR HORACIO DUARTE JACQUEZ

_____/

**RESPONDENT'S MOTION TO CONTINUE**
**FINAL EXTRADITION HEARING AND RESET DEADLINES**

Respondent, CESAR DUARTE, moves the Court to continue the Final

Extradition Hearing and reset the briefing deadlines in this matter.  In support, Mr.

Duarte states:

The Court recently entered an order denying the Government's Motion to Set

Consolidated Briefing. Order, ECF No. 35.  In the Order, the Court noted that "the

resolution of [the Motion to Dismiss] will narrow the focus of the [Final Extradition

Hearing] . . . by addressing the statute of limitations defense as to those charges in

advance." *Id.* at 1-2.  The Court also noted that the Final Extradition Hearing was

still scheduled for November 10, 2020 and suggested that the parties confer and file a

motion to continue recommending alternative dates for the hearing.  *Id.* at 2.  The

parties have conferred but were unable to reach agreement on an alternative date for

the Final Extradition Hearing and alternative deadlines for the associated briefing.

Where the parties do otherwise agree on the relief requested in this motion is noted.

In this Motion, Mr. Duarte proposes a schedule for the remaining briefing on the

Motion to Dismiss and the Government's Extradition Memorandum, as well as dates

for the hearing on the Motion to Dismiss and the Final Extradition Hearing.  Mr. Duarte requests a one-week extension of the October 27, 2020 deadline for his Reply in Support of the Motion to Dismiss due to the need to consult with his Mexican law expert to counter the arguments and evidence advanced by the Government.[1] Mr. Duarte therefore requests that the Court set the deadline for him to file his Reply in Support of the Motion to Dismiss on November 3, 2020. After conferring and agreeing with the Government, subject to the Court's schedule and availability, Mr. Duarte further requests that the Court set a hearing on the Motion to Dismiss on November 12, 2020 or November 13, 2020.

Mr. Duarte requests that the Court set the deadline for his response to the Government's Extradition Memorandum *after* the Court decides the Motion to Dismiss: because the Motion to Dismiss seeks to dispose of the *entire* Extradition Complaint, it may obviate the need for further briefing and a Final Extradition Hearing in the first place.[2]

Mr. Duarte further proposes that the Court set the deadline for him to file his Response to the Government's Extradition Memorandum fourteen (14) days following the Court's order on Mr. Duarte's Motion Dismiss.

Mr. Duarte further proposes that the Government be required to file its Reply to Mr. Duarte's Response to the Government's Extradition Memorandum fourteen (14)

---

[1] The government does *not* object to this request.

[2] The Court stated in its opinion that "the statute of limitations is not raised as a bar to all charges pending against Respondent, and Respondent's opposition to the extradition memorandum would not be avoided entirely even if he were to prevail on the Motion to Dismiss." ECF No. 35 at 1. Mr. Duarte, however, respectfully submits that, while an earlier motion referred to a forthcoming motion asserting that 9 of 11 offenses are time-barred, the Court's statement is inaccurate because he moved to dismiss the *entire* Extradition Complaint based on statute of limitations grounds. *See generally* ECF No. 29.

days following the filing of Mr. Duarte's Response to the Government's Extradition Memorandum.[3]

Mr. Duarte proposes that the Court schedule the Final Extradition Hearing on or about ten (10) days following the date on which the United States files its Reply Memorandum to Mr. Duarte's Response to the Government's Extradition Memorandum.

In sum, Mr. Duarte requests to briefly extend the deadline for his Reply in Support of the Motion to Dismiss so that his Mexican law expert has sufficient time to analyze the Government's arguments.  He also requests that the remaining briefing relating to the Government's Extradition Memorandum and the Final Extradition Hearing follow the Court's order on the Motion to Dismiss the Extradition Complaint. The schedule which Mr. Duarte proposes is a reasonable one considering the procedural posture of the case and the circumstances.

WHEREFORE, the Respondent, CESAR DUARTE, respectfully requests that the Court enter an order adopting the above-mentioned schedule and deadlines. A proposed order is attached.

---

[3] Mr. Duarte proposes fourteen (14) days because in conferring on this matter counsel for the Government indicated that he would want to that amount of time to file his reply memorandum.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on October 20, 2020 a true and correct copy of the foregoing has been furnished electronically via CMCEF to all counsel of record.

Respectfully submitted,

**BELL ROSQUETE REYES ESTEBAN, PLLC.**
999 Ponce De Leon Blvd.
Suite 1120 - Penthouse
Coral Gables, Florida 33134
Telephone:   (305) 570-1610
Direct Line: (305) 570-1576
Cellular:     (305) 781-8111
Facsimile:   (305) 570-1599
Email:        hbell@brresq.com

By:___ s/ Henry P. Bell
    HENRY P. BELL
    Fla. Bar No. 0090689